1  Lenore L. Albert, Esq.  SBN 210876
2  LAW OFFICES OF LENORE ALBERT
3  7755 Center Avenue, Suite #1100
   Huntington Beach, CA 92647
4  Telephone (714) 372-2264
5  Facsimile (419) 831-3376
   Email: lenorealbert@msn.com
6  Attorney for Plaintiff, HELEN GALOPE



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR - 1 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

7

8              **UNITED STATES DISTRICT COURT**

9

10             **CENTRAL DISTRICT OF CALIFORNIA**

11 HELEN GALOPE, an individual,        CASE NO. SACV12-00323 CJC (RNBx)

12                    Plaintiffs,      Assigned to the Honorable:

13 vs.

14
   DEUTSCHE BANK NATIONAL TRUST       **COMPLAINT**
15 COMPANY, AS TRUSTEE UNDER
   POOLING AND SERVICING              1. Wrongful Foreclosure
16 AGREEMENT DATED AS OF MAY 1,       2. Declaratory Relief
   2007 SECURITIZED ASSET BACKED      3. Breach/Rescission
17 RECEIVABLES LLC TRUST 2007-BR4;    4. Violation of TILA §1601 et. Seq.
18 WESTERN PROGRESSIVE, LLC; and      5. Violation of Cal B&P Code §17200
19 DOES 1 through 10, inclusive,
20                    Defendants.

21                                     **[DEMAND FOR JURY TRIAL]**

22

23                                     **[TEMPORARY RESTRAINING**
                                       **ORDER REQUESTED  by 3/3/12]**
24
        Plaintiffs HELEN GALOPE (referred to as "plaintiff" or "plaintiffs"), by and
25
26 through their attorney, bring this action against defendants DEUTSCHE BANK

27 NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND

28
                                       1

COMPLAINT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4, ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE, OR ANY CLOUD ON PLAINTIFFS' TITLE THERETO; and DOES 1 through 10, inclusive, inclusive ("Defendants") and alleges the following on information and belief, except as to those allegations which pertain to the Plaintiffs:

## I.   VENUE

1.      The Court has subject matter jurisdiction over this action under 28 USC § 1331 wherein the action arises under the Constitution, laws or treaties of the United States and under 28 USC § 1332 wherein the parties are diverse.

2.      The Court has personal jurisdiction over the defendants in this action by the fact that the Defendants are conducting business in the state of California.

3.      Venue is proper in this Court pursuant to 28 USC § 1392 because the action involves real property located in the Central District of California; and pursuant to 28 USC § 1391(b) and a substantial part of the events or omissions on which the claims are based occurred in this District.

## 4.   PARTIES

5.      At all times mentioned herein, Plaintiff was the title owner and/or legal occupant of that certain premises located at 19117 DELANO STREET, TARZANA,

2

**COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

CALIFORNIA 91335 (hereinafter referred to as "The Premises") which was her

principal residence. The legal description of The Premises is attached as Exhibit A and

incorporated here by reference. The Los Angeles County Assessor's Parcel Number is:

APN 2128-022-022;  plaintiff's grant deed to the property was duly recorded in the Los

Angeles County Recorder's Office, Book 391, pg 40-42

6.      Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS

TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF

MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-

BR4, is a national banking association registered to do business in the State of California

and claims to be the title owner of The Premises, by virtue of a trustee's deed from

defendant Western Progressive, LLC.

7.      Prior to the foreclosure sale alleged herein, DEUTSCHE BANK NATIONAL

TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING

AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED

RECEIVABLES LLC TRUST 2007-BR4 purported to be the beneficiary under the

Promissory Note, Security Agreement and Deed of Trust alleged herein or was acting as

loan servicer and/or debt collector for the actual owner.

8.      Defendant, WESTERN PROGRESSIVE, LLC, Trustee ("WESTERN"), has its

principal place of business in Kennesaw, Georgia, and regularly conducts business in the

State of California, and is authorized to conduct business in the State of California.

3

**COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

9.     At all times mentioned herein, each defendant was acting as an agent for the other.

10.     Plaintiffs do not know the true names and capacities of the defendants DOES 1 through 10, inclusive, and, as such, names said defendants by such fictitious names. Plaintiffs will amend the complaint to state the true name and capacity of the DOE defendant(s) when such information is ascertained.

11.     Plaintiffs are informed and believe, and allege thereon, that each defendant is responsible in some manner for the occurrences alleged in their complaint, and that plaintiffs' damages were proximately caused by the defendants at all times mentioned in the complaint.

12.     Plaintiffs are further informed and believe, and allege thereon, that each defendant was the agent, servant, representative, and/or employee of their co-defendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, representatives, family members and/or employees, and with the permission and consent of their co-defendants.

13.     Additionally, plaintiffs are informed and believe, and allege thereon, that each defendant assisted, aided and abetted, adopted, ratified, approved, or condoned the actions of every other defendant and that each corporate defendant, if any, was acting as the alter ego of the other in the acts alleged herein.

14.     Any applicable statutes of limitations have been tolled by the Defendants continuing, knowing, and active concealment of the facts alleged herein.  Despite

COMPLAINT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

1   exercising reasonable diligence, Plaintiffs could not have discovered, did not discover,

2

3   and were prevented from discovering, the wrongdoing complained of herein.

4                                   II.   **FACTS**

5   15.    On or about September 15, 2004 HELEN GALOPE, a single woman, received a

6

7   grant deed to the property located at 19117 Delano Street, Tarzana, CA 91335 "Subject

8   Property."

9

10  16.    On or about December 16, 2006, for valuable consideration, Ms. Galope, signed

11  a secured loan agreement and promissory note whereby New Century Mortgage

12
    Corporation loaned plaintiff the sum of $522,000.00 secured by the Premises as her
13

14  principal residence.

15  17.    To secure payment of the principal and interest provided in the note and as part

16
    of this same transaction, plaintiff, as trustor delivered to New Century Mortgage, as
17

18  beneficiary, a deed of trust dated on or about December 28, 2006. By said deed of trust,

19
    plaintiff conveyed legal title to LandAmerica Southland Title as the legal trustee.
20

21  18.    After entering into the Deed of Trust, New Century Mortgage Corporation sent

22
    Ms. Galope a notice that the servicing of her loan had been transferred to HomEq and
23

24  to make her payments there.

25  19.    HomEq continued to service Ms. Galope's loan and Ms. Galope continued to

26
    dutifully make her monthly mortgage payments.
27

28

COMPLAINT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

20.     On April 7, 2008 defendant HomEq Servicing offered Ms. Galope a permanent modification to said Note.

21.     HomEq represented it had the authority to change the terms of the Note in the Modification Agreement and the agreement expressly stated

This Modification Agreement ("Agreement") is made and entered into as of this 7th day of April, 2008 by and between HomEq Servicing.

22.     The modification agreement had a letter attached to it that clearly explained:

In accordance with the Agreement, your new monthly payment will be due 05/01/2008, in the amount of $3,027.02.  This payment includes $2,465.61 for the new principal and interest payment and $561.41 for the estimated impound/escrow payment." (Exhibit B)

23.     The letter further explained:

To make the Agreement effective, the following must be received within ten (10) days of the date of their letter: The Agreement, signed and initialed; Attachment A, signed and; A copy of your most recent property tax bill(s); A copy of your current homeowner's (and win, if applicable) insurance policy (declaration's page only); A copy of your current flood insurance policy (declarations page only).

24.     Ms. Galope timely did as instructed and signed and initialed Attachment A, signed and initialed the Agreement, and provided a copy of her most recent property tax bill, a copy of her current homeowner's insurance policy, and a copy of her current flood insurance policy, and mailed the rest via overnight to HomEq.

6

**COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

25.     After the modification agreement had been entered into by Ms. Galope, Ms. Galope started making the modified payments in May 2008 which defendant HomEq accepted and cashed.

26.     Later, Ms. Galope noticed that the modification terms stopped at March 1, 2013. Paragraph 1(d) at the bottom of page one of the agreement did not pick up again at page 2. It simply read:

> 1.NOTE MODIFICATIONS:
> ...
> "d.The period in which Borrower's monthly principal and interest payment will consist of interest only is extended until 04/01/2013 (the "Interest Only Period"). Upon expiration of the Interest Only Period, Borrower's monthly principal and interest payment will be increased to an"

29.     At that point it just stopped. When she flipped the modification agreement to begin reading the top of the next page, the modification agreement started out with:

> 3. RELEASE:
>
> Borrower releases HomEq, its subsidiaries, affiliates, agents, officers and employees, from any and all claims, damages or liabilities of any kind existing on the date of this Agreement, which are in any way connected with the origination and/or servicing of the Loan, and/or events which resulted in Borrower entering into this Agreement. (Exhibit B)

30.     Uncertain as to what terms were missing, including but not limited to the terms of her payments after April 1, 2013, Ms. Contacted her servicer HomEq and pointed out the flaw requesting the missing term/terms or page to her modification.

7

31.     She explained that the term was material to the contract as it failed to explain what her payments would be after 04/01/2013.

32.     HomEq did not send the missing page in response to her request, supply the missing term(s) of the agreement to her, correct the agreement or amend it to fill in the gap or put in writing what her payment obligation would be after April 1, 2013 so she sought legal counsel, a Mr. Laverty.

33.     After she started making her monthly payments through legal counsel, Mr. Laverty, at some point she was advised to stop making payments due to defendant's material breach.

34.     On July 31, 2009 Regional Service Corporation purported it was the duly appointed Trustee to the Deed of Trust and recorded a Notice of Default on Ms. Galope's property for some unnamed beneficiary.

35.     Angry, distraught and frustrated at defendants breach of modification and the Note, Ms. Galope sought bankruptcy protection on January 5, 2010 and then sent a Notice of Rescission of the loan to Deutsche Bank and Barclays d/b/a HomEq on February 17, 2010.

36.     5/11/10: a Notice of Rescission of Notice of Default and Election to Sell Under Deed of Trust was recorded by Regional Service Corporation as trustee for a still unnamed beneficiary (lender).

8

37.     8/11/10: HomEq sent Ms. Galope a letter informing her that the servicing rights had transferred to Ocwen and to start paying Ocwen effective August 31, 3010.

38.     Although Ocwen was now servicing the loan, the missing terms to the modified note still had not been resolved.

39.     3/8/11: a Notice of Default was recorded against the Premises on behalf of beneficiary Deutsche Bank National Trust Company, as trustee under pooling and servicing agreement dated as of May 1, 2007 securitized asset-backed receivables LLC Trust 2007-BR4 Mortgage Passthrough Certificates, Series 2007-BR4 (aka "DBNTC").

40.     4/12/11: Thereafter, an Assignment of Deed of Trust California was recorded on April 12, 2011 purporting "Deutsche Bank National Trust Company, as trustee under pooling and servicing agreement dated as of May 1, 2007 securitized asset-backed receivables LLC Trust 2007-BR4 Mortgage Passthrough Certificates, Series 2007-BR4, whose address is c/o Ocwen Loan Servicing, LLC. 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 ("Assignor") to Deutsche Bank National Trust Company, as Trustee for the Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4 whose address is c/o Ocwen Loan Servicing, LLC 1661 Worthington Road Suite 100, West Palm Beach, Fl 33409. (Exhibit C)

COMPLAINT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

41.   6/17/11: On or about June 17, 2011 Mortgage Electronic Systems, Inc. as nominee for Deutsche Bank National Trust Company, as Trustee for the Pooling and Servicing Agreement Dated as of May 1, 2007 <u>Securitized Asset Backed Receivables LLC Trust 2007-BR4</u> recorded a Substitution of Trustee in favor of Western Progressive, LLC.

42.   The Notice of Trustee's Sale with a foreclosure auction date of July 14, 2011 was recorded that same day by Western Progressive, LLC.

43.   7/11/11: Ms. Galope sought bankruptcy protection under Chapter 13 on July 11, 2011 through self-representation.

44.   The automatic stay during bankruptcy was in effect prohibiting the foreclosure sale of the Premises on September 1, 2011.

45.   Although, Western Progressive, LLC received all notices from the US Bankruptcy court regarding the bankruptcy stay, Western Progressive, LLC unlawfully transferred Ms. Galope's home at foreclosure auction on September 1, 2011 to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4 at the direction of or for the benefit of defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT

10

COMPLAINT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

1   DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES

2   LLC TRUST 2007-BR4.

3

4   46.   9/7/11: On or about September 7, 2011, plaintiff, through counsel, sent a letter to

5   defendants informing them of the stay violation and demanding  rescission of the

6   foreclosure sale explaining an automatic stay on the sale was in effect at the time.

7

8   47.   9/8/11: On or about September 8, 2011 defendants caused a Trustee's Deed

9   Upon Sale to be recorded at the Los Angeles County Recorder's Office.

10

11  48.   As of the filing of this complaint, defendants failed and refused to rescind the

12  trustee's deed.

13

14                              **IV. CLAIMS**

15                     **FIRST CAUSE OF ACTION**
16                     **FOR WRONGFUL FORECLOSURE**

17              **(Against All Defendants and Does 1 through 10)**

18  49.   Plaintiff hereby realleges each of the preceding paragraphs of this Complaint as

19  though fully set forth at length herein.

20

21  50.   **First Count:** The trustee's sale alleged herein was illegal and the Trustee's Deed

22  Upon Sale was wrongfully executed, delivered and recorded in that the sale occurred in

23  violation of an injunction provided by the automatic stay under the Bankruptcy Code.

24

25

26

27

28

                                        11

**COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

51.     Specifically, on July 11, 2011 defendants, and each of them, were informed plaintiff sought bankruptcy protection when she initiated her action in pro per by notice sent out directly to all creditors.

52.     That said defendants were listed as a creditor upon filing said bankruptcy protection.

53.     That on August 30, 2011 an order was entered by the Trustee in plaintiff's bankruptcy case reinstituting the automatic stay protection of her bankruptcy.

54.     That plaintiff gave defendants notice of the re-institution of the stay on August 30, 2011.

**55.**     That defendant WESTERN PROGRESSIVE, LLC nevertheless proceeded by holding a foreclosure sale on the Premises on September 1, 2011 and then transferred the Premises to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4 by delivering a Trustees Deed Upon Sale to them.

**56.**     As a result of defendant's violation, defendant prematurely foreclosed on the plaintiffs and those similarly situated to their damage.

57.     As a result of the foregoing, Plaintiff has suffered loss and damage in that she has been unlawfully deprived of legal title in The Premises by foreclosure and has suffered damage to her credit reputation.

12

**COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

58.     Plaintiff seeks rescission/cancellation of the Trustee's Deed upon Sale, injunctive relief, damages, attorney fees, costs.

**59.**    Furthermore, said unlawful conduct justifies an award of punitive damages as allowed under federal law.

60.     After notice of said sale, plaintiff demanded rescission citing that said sale was in violation of the stay but to date, defendants have willfully refused to do so.

61.     The aforementioned conduct of defendant(s) was an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant(s) with the intention on the part of the defendant(s) of thereby depriving plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected plaintiff to a cruel and unjust hardship in conscious disregard of plaintiff's rights, so as to justify an award of exemplary and punitive damages.

62.     **Second Count:** The trustee's sale alleged herein was void and the Trustee's Deed Upon Sale was wrongfully executed, delivered and recorded in that the sale occurred on the behalf of DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4 who had no standing to initiate the nonjudicial foreclosure process in violation of Cal Civ Code §2932.5 in that said nonjudicial foreclosure was prematurely initiated on 3/8/11 in that DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER

13

POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007

SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4 did not

record its assignment until 6/14/11 which was a required prerequisite to taking the

Premises by way of power of sale under the DOT pursuant to Cal Civ Code §2932.5.

**63.**     As a result of defendant's violation, defendant prematurely foreclosed on the

plaintiffs and those similarly situated to their damage.

64.     As a result of the foregoing, Plaintiff has suffered loss and damage in that she has

been unlawfully deprived of legal title in The Premises by foreclosure and has suffered

damage to his credit reputations.

65.     Plaintiff seeks rescission/cancellation of the offending land records and sale;

injunctive relief, damages, attorney fees, costs.

66.     **Third Count:** The trustee's sale alleged herein was void and the Trustee's Deed

Upon Sale was wrongfully executed, delivered and recorded in that the sale occurred on

the behalf of DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE

UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007

SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4 who had

no standing to initiate the nonjudicial foreclosure process in violation of Cal Civ Code

§2924 et seq.

67.     Specifically, the Deed of Trust named New Century Mortgage as the beneficiary.

COMPLAINT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

68.     After New Century Mortgage filed for bankruptcy protection, HomEq offered plaintiff a written modification to her Note on the same loan specifically stating that "HomEq is the holder or servicing agent of the holder."

69.     That there was no mention of DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4.

70.     That on May 9, 2009 15 USC §1641g required creditors and assignees to give notice when a loan is transferred within 30 days thereof.

71.     That it was not until on or about June 11, 2011 that an Assignment of Deed of Trust was recorded purporting DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4 became the new beneficiary.

72.     That no notice in compliance with 15 USC §1641g was ever received by plaintiff to confirm said transfer.

73.     That the trust stopped reporting in 2008, three years before said purported transfer.

74.     That said trust's pooling and servicing agreement forbid any transfer into the pool after the cutoff date.

15

**COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

75.     That said defendants attempted, if at all, to transfer said Note into the pool after the cutoff date.

76.     As a result, defendants, and each of them, have foreclosed or attempted to foreclose without standing to do so.

77.     As a result of the foregoing, Plaintiff has suffered loss and damage in that she has been unlawfully deprived of legal title in The Premises by foreclosure and has suffered damage to her credit reputation.

78.     Plaintiff seeks, rescission/cancellation of the offending above described land records, injunctive relief, damages, attorney fees, costs.

### SECOND CAUSE OF ACTION
### FOR DECLARATORY RELIEF AGAINST ALL DEFENDANTS

### (Against All Defendants and Does 1 through 10)

79.     Plaintiff hereby realleges each of the preceding paragraphs of this Complaint as though fully set forth at length herein.

80.     **Preliminary Matter to Be Determined**: An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights and duties, and their interest in and to the Subject Property in that Plaintiffs allege that the trustee's sale of 9/1/11 referenced above to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES

16

COMPLAINT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

LLC TRUST 2007-BR4 was and should be null and void in that said sale was unfairly and improperly conducted and is/was a violation of federal law (*In re Dyer*, 322 F3d 1147, 1151-1152 (9th Cir. 2003) – creditor had affirmative duty to take steps to undo post-petition trust deed recordation that violated stay) in that said transfer occurred while a stay enjoining said sale by the US Bankruptcy court was in place.

81.     A judicial determination is necessary and appropriate at this time under the circumstances to verify and determine the respective rights and duties of the parties with respect to the Subject Property.  Specifically, Plaintiffs seek a judicial determination that:

    a.  The Trustee's Deed upon Sale is void and ineffective to convey any interest in and to the Subject Property;

    b.  Plaintiffs are entitled to an Order of this Court canceling the Trustee's Deed Upon Sale; and

82.     Such a declaration is necessary and appropriate at this time in order that Plaintiffs may ascertain their rights in and to the Subject Property.

83.     **Second Matter to Be Determined**: An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights and duties, and their interest in and to the Subject Property in that Plaintiffs allege that the trustee's sale of 9/1/11 referenced above to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES

17

COMPLAINT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

LLC TRUST 2007-BR4 was and should be null and void in that said sale was void on the grounds DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4 did not have standing to initiate the power of sale or request WESTERN PROGRESSIVE, LLC to do so as more particularly alleged in the cause of action for wrongful foreclosure.

84.     A judicial determination is necessary and appropriate at this time under the circumstances to verify and determine the respective rights and duties of the parties with respect to the Subject Property.  Specifically, Plaintiffs seek a judicial determination that:

> a.  Said Trustee's Deed Upon Sale is void;
>
> b.  Said Notice of Default (3/8/11), Assignment of Deed of Trust (6/14/11), and Notice of Sale (6/17/11) are void;

85.     Furthermore, if the Court should find that the Trustee's Deed Upon Sale is void; then the validity and terms of the Note as modified by the written modification agreement dated April 7, 2008 to wit:

86.     **Third Matter to Be Determined**: An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights and duties, and their interest in and to the Subject Property in that the material terms of the

18

**COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

modified Note are missing the end of term 1 labeled "NOTE MODIFICATIONS" and all of the term 2.  These missing terms are material to the contract and contain what the payments and such will be after 04/01/13.

87.   Plaintiffs allege that the Note referenced above that DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4 is enforcing against plaintiff was and should be supplied with the material terms in order to fill the gaps to a reasonable amount; or alternatively the Note should be rescinded and null and void in that defendants continued failure to supply said material terms resulted in a violation of 15 USC §1601 et seq. - creditor had affirmative duty to take steps to disclose material terms of contract.

88.   A judicial determination is necessary and appropriate at this time under the circumstances to verify and determine the respective rights and duties of the parties with respect to the Subject Property.  Specifically, Plaintiffs seek a judicial determination that:

a. Plaintiff's written notice of rescission to defendants was timely and effective and if not so that by filing of this Complaint, said Notice of Rescission is timely; and the Note and Deed of Trust securing the Note are rescinded due to defendants ongoing failure to disclose the material terms of the modified Note; and

COMPLAINT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

b. Plaintiff is entitled to an Order of this Court cancelling the Modified Note and rescinding the underlying Deed of Trust; or

c. A declaration of the terms to fill in the gaps of the remaining terms to the Note in order to make it fair; and

89. Such a declaration is necessary and appropriate at this time in order that Plaintiffs may ascertain their rights in and to the Subject Property.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT/ RESCISSION

## (Against All Defendants and Does 1 through 10)

90. Plaintiff hereby realleges each of the preceding paragraphs of this Complaint as though fully set forth at length herein.

91. That the Note as Modified should be rescinded on the grounds plaintiff's consent by signing the Modification Agreement on or about 4/17/2008 was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the defendants as to whom plaintiff rescinds, or of any other party to the contract jointly interested with defendant to wit:

92. The modification failed to contain all materials terms and stopped at 1(d) and then went to 3 without disclosing the remaining terms to Section 1 or any of the terms of Section 2 as more particularly described above.

93. These terms were material in that it failed to disclose the payments after April 1, 2013.

**COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

94.     That said failure to disclose the terms of payment after April 1, 2013 were unlawful but Plaintiff mistakenly did not notice that the terms were not contained in 1d et seq to term number 3 in the document.

95.     That said document was merely mailed to plaintiff to read, sign and return.

96.     That plaintiff notified defendants and their authorized agents when she discovered the mistake but defendants and their authorized agents refused to amend, correct or supply the missing terms.

97.     Plaintiff is informed and believes that Ocwen's agent and/or representative made fraudulent statements with respect to the Modification offer and concealed that fraud by failing to include a material page or material term to the modified contract after plaintiff, through mistake did not realize it was not there when she signed the document;

98.     That said failure to provide these material terms were a violation of the Federal Consumer Protection Act TILA 15 USC §1601 et seq and/or Cal Civ Code §1689b.

99.     Defendant was informed of the omission and never tendered the missing terms to plaintiff.

100.    Plaintiff was mistaken and never would have signed the document if she had known that all of the terms were not contained in it.

101.    As a result of this conduct, Plaintiff hereby rescinds the Modified Note document, no consideration ever being received.  Plaintiff further requests this court

21

COMPLAINT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

enjoin defendant from foreclosing, instituting proceedings to evict or lock out plaintiff or anytime thereafter based on said document.

## FOURTH CAUSE OF ACTION
### Violation of TILA 15 USC §1601 et seq.

### (Against Defendant DBNTC)

102.   Plaintiff incorporates the allegations above as though fully set forth herein.

103.   Plaintiff's Note was secured by her dwelling as defined under the statute;

104.   On or about April 17, 2008, within the past 4 years, plaintiff signed the offered modification to the Note but as described above, it failed to contain the material terms in violation of 15 USC §1637a, including but not limited to:

105.   Failing to provide a "description of the manner in which such (variable interest) rate will be computed, any negative amortization and interest rate carryover, if any, the timing after March 1, 2013 of any such changes, the index to be used, a table, based on $10,000 extension of credit showing how the annual percentage rate and minimum periodic payment would have been affected during the preceding 15 year period, any other fees being imposed, statement of right of refusal if certain terms change or risk of loss of dwelling, repayment options, examples, balloon payments if any, et cetra.

106.   Because defendants refused to disclose the rest of Section 1 and the entirety of Section 2 which modified the Note, the terms are concealed and hidden and material to the contract.

COMPLAINT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

107.   As another example, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4 failed to give notice of the transfer and assignment of the loan to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4 and the date of said transfer, which was memorialized in the ADOT recorded on or about 4/12/11 in violation of 15 USC §1641g.

108.   As a result of defendants violations, plaintiff is entitled to statutory damages, actual damages, attorney fees (civil liability codified at 15 USC §1640), costs and rescission as applicable.

**FIFTH CAUSE OF ACTION**
**UNFAIR AND UNLAWFUL PRACTICES**

**(Against All defendants and Does 1 through 10)**

109.   Plaintiffs incorporate in this cause of action all of the allegations above as though set forth in full herein.

110.   California's Unfair Competition Law (UCL) defines unfair competition to include any "unlawful, unfair, or fraudulent" business act or practice. Cal Bus & Prof Code 17200 et seq.

23

**COMMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

111.   Defendants as laid out above engaged in unfair, fraudulent and "unlawful" business practices under the UCL based on the violation of the 11 USC §362 automatic stay provisions of the US Bankruptcy Code; the Federal Consumer Protection Act 15 USC §1601 et seq., including but not limited to 15 USC §§ 1637, 1639 et seq, 1640, and 1641g; Cal Civ Code §2924 et seq, and Cal Civ Code §2932.5.

112.   Said acts are more particularly described above.

113.   The acts concerning the modification agreement were conducted by an employee identified as "HomEq Servicing CA3507" on 4/7/08 by way of letter and written modification agreement which is attached hereto as Exhibit B.

114.   HomEq, at all times mentioned herein was acting as the authorized agent of DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4.

115.   The acts concerning the violation of the US Bankruptcy stay were conducted by way of the recording of the Trustees Deed Upon Sale executed by Stephanie Spurlock, employee of Western Progressive, LLC as trustee on 9/06/11 and notarized in Georgia by Tunisha Jennings on 9/6/11 and recorded in the Los Angeles County Recorder's office on 9/08/11 in favor of DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS

24

COMPLAINT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4 as the grantee and foreclosing beneficiary for $285,000.00 credit bid.

116.   The acts concerning the initiation of the nonjudicial foreclosure prior to assignment of the deed of trust being recorded in violation of Cal Civ Code §2932.5 are as follows:

  i.   NOD recorded on 3/8/11 executed by Marco Marquez employee of WESTERN PROGRESSIVE, LLC, as agent for beneficiary;

  ii.   ADOT recorded on 4/12/11 by Christina Carter, Account Management, Manager for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4, by its attorney-in-fact Ocwen Loan Servicing, LLC.

  iii.   For additional failure to comply with Cal Civ Code §2933 and record said power of attorney of Ocwen Loan Servicing, LLC to so act.

  iv.   NOS recorded on date unknown, execution date of 6/14/11 unsigned by Robin Pope, Trustee Sale Assistant employee of Western Progressive, LLC as Trustee c/o 18377 Beach Blvd. Suite 210, Huntington Beach, CA 92648.

117.   Plaintiffs are further informed and believe and allege thereon that each of these defendants' unlawful, unfair and fraudulent business practices are likely to deceive the public and are likely to continue to induce members of the public into relying to their detriment on statements and agreements made or not made as the case may be.

118.   Defendants' acts, and each of them, violate the unfair competition laws of the state of California and specifically California Business and Professions Code §§ 17200, et seq. as indicated above.

25

119.   As a proximate result of defendants' conduct, and each them, plaintiff was injured financially and/or to her property rights.  Said conduct as set forth herein resulted in general and special damages.

120.   Plaintiff is entitled to injunctive relief.

121.   Plaintiff also seeks damages, disgorgement of profits, injunctive relief, correction of their damaged credit, and any other equitable relief that the court deems appropriate.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiffs pray for judgment** against defendants, and each of them, as follows:

A.      Declaratory and injunctive relief as appropriate;

B.      Void, vacate and set aside the Sale;

C.      Rescind/cancel the following instruments (NOD, NOS, ADOT, and Trustee's Deed Upon Sale;

D.      Rescind the Modified Note and reform the contract or nullify it;

E.      A full accounting;

F. Pursuant to Business and Professions Code § 17203, that all Defendants, their successors, agents, representatives, employees, and all persons who act in concert with them be permanently enjoined from committing any acts of unfair competition in violation of § 17200, including, but not limited to, the violations alleged herein.

G. Actual, Special and General Damages as proven at trial;

H. Statutory damages and civil penalties;

I.  Rescission and Disgorgement of profits;

26

COMPLAINT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

J.  Costs, including the fees and costs of experts;

K.  Attorneys' fees;

L.  Prejudgment interest at the statutory rate;

M. Post-judgment interest;

N.  Exemplary and Punitive Damages; and

O.  Such other and further relief as the Court finds necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

Dated:  February 29, 2012         Respectfully Submitted,
                                  LAW OFFICES OF LENORE ALBERT


                                  /s/ Lenore Albert
                                        LENORE L. ALBERT, ESQ.
                                        Attorney for Plaintiff, HELEN GALOPE

27

**COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*

# EXHIBIT A

**This page is part of your document - DO NOT DISCARD**



04 2370078

**RECORDED/FILED IN OFFICIAL RECORDS**
**RECORDER'S OFFICE**
**LOS ANGELES COUNTY**
**CALIFORNIA**
**09/15/04 AT 08:00am**

**TITLE(S) :**      **DEED**



L E A D     S H E E T

**FEE**     FEE $7 RR

D.T.T
500.50



**CODE 20**

**CODE 19**

**CODE 9____**

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**     **Number of AIN's Shown**

2128 - 022 - 022     001



**THIS FORM NOT TO BE DUPLICATED**

9/15/04

FIDELITY-VAN NUYS

04 2370078

RECORDING REQUESTED BY:
Fidelity National Title

AND WHEN RECORDED MAIL TO:

MISS HELEN GALOPE
19117 DELANO STREET
TARZANA, CA 91356

THIS SPACE FOR RECORDER'S USE ONLY:

| Title Order No.: 19360814 | Escrow No.: 001606 |
|---|---|

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is $500.50   CITY TRANSFER TAX $2,047.50**
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of LOS ANGELES **AND**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**TROY T. SNIDER and EMILY M. SNIDER, Husband and Wife as Joint Tenants**

hereby GRANT(s) to:

**HELEN GALOPE, a Single Woman**

the real property in the City of LOS ANGELES, County of Los Angeles, State of California, described as:
Lot 71 of Tract No. 16762 as per Map recorded in Book 391, Pages 40 to 42 inclusive of Maps, in the Office of
the County Recorder of Los Angeles County, California
Also Known as: 19117 DELANO STREET, TARZANA, CA 91356
AP#: 2128-022-022

**DATED August 12, 2004**
STATE OF CALIFORNIA
COUNTY OF Los Angeles
On August 18, 2004
Before me, Golnaz Ghazanfary
A Notary Public in and for said State, personally appeared
Troy T. Snider
Emily M. Snider

TROY T. SNIDER

EMILY M. SNIDER

personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

GOLNAZ GHAZANFARY
COMM. 1425811
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires July 19, 2007

Signature _____

(This area for official notarial seal)

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:




**This page is part of your document - DO NOT DISCARD**

**06 0560825**

**RECORDED/FILED IN OFFICIAL RECORDS**
**RECORDER'S OFFICE**
**LOS ANGELES COUNTY**
**CALIFORNIA**
**03/16/06 AT 08:00am**

**TITLE(S) :**  **DEED**



**L E A D   S H E E T**

**FEE**    

FEE
$7
AA

**D.T.T.**

NOTIFICATION SENT-$4

**CODE**
**20**

**CODE**
**19**

**CODE**
**9____**

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**

**Number of AIN's Shown**

2128 · 022 · 022                    001



**THIS FORM IS NOT TO BE DUPLICATED**

3/16/06

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO

06  0560825

NAME  HELEN GALOPE

ADDRESS  19117 DELANO STREET

CITY   RESEDA
STATE & ZIP  CA, 91335

TITLE ORDER NO _____     ESCROW NO _____     APN NO 2128-022-022

# GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
DOCUMENTARY TRANSFER TAX is $  0 00      CITY TAX $ 00      SIGNATURE OF DECLARANT OR AGENT DETERMINING TAX FIRM NAME
computed on full value of property conveyed, or  computed on full value less value of liens or encumbrances remaining at time of sale,
Unincorporated area   City of  LOS ANGELES , and
FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

So chi

HELEN GALOPE, A single woman

hereby GRANT(s) to  LYDIA DIZON,  A single woman and HELEN GALOPE, A single woman as tenancy in common

19117 DELANO STREET, RESEDA, CA 91335

the following described real property in the County of      LOS ANGELES        State of California

TRACT # 16762  530  Page Grid Old 14-B5  Page Grid New 503-G7

This is a bonafide gift and the grantor did not received anything in return, R and T 1191

Dated  February 28, 2006                    Helen Galope

## ACCOMMODATION ONLY

STATE OF CALIFORNIA,
COUNTY OF  Los Angeles _____ ) S S

On February 28, 2006 _____ before   me   Maria   Victoria   Abel   Vargas   Notary   Public,   personally   appeared
HELEN GALOPE _____ personally known to me on the basis of satisfactory evidence to be the person  whose name is subscribed to the
within instrument and acknowledged to me that she  executed the same in her authorized capacity, and that by her signature on the instrument the
person, executed the instrument

WITNESS my hand and official seal

Signature _____



MARIA VICTORIA ABEL VARGAS
Commission # 1515125
Notary Public - California
Los Angeles County
My Comm. Expires Sep 24, 2008

DOCUMENT PROVIDED BY AMERICAN TITLE

# EXHIBIT B

# HomEq Servicing

04/07/2008

HELEN  GALOPE

19117 DELANO ST TARZANA ARE
LOS ANGELES, CA 91335

HomEq Servicing CA3507
4837 Watt Avenue Suite 100
North Highlands, Ca 95660

Re:           Loan Number:   0000326300969
Property:     19117 DELANO ST TARZANA AR
              LOS ANGELES , CA 91335

Dear Borrower(s):

In response to your request for assistance, the terms of your loan will be adjusted to assist you during this time of financial difficulty.

The attached Agreement has been prepared for your initials and signature(s).  Please read the agreement carefully.  You may want to review it with a financial advisor before signing.  The Agreement includes the following changes being made to your loan:

Unpaid principal balance
Total principal and interest monthly payment
Escrow monthly payment amount
Next Payment Due Date
Interest rate
Remaining term

In accordance with the Agreement, your new monthly payment will be due 05/01/2008, in the amount of $3,027.02.  This payment includ $2,465.61 for the new principal and interest payment and $561.41 for the estimated impound/escrow payment.

To make the Agreement effective, the following must be received within ten (10) days of the date of this letter:
The Agreement, signed and initialed
Attachment A, signed and
A copy of your most recent property tax bill(s)
A copy of your current homeowner's (and wind, if applicable) insurance policy (declaration's page only)
A copy of your current flood insurance policy (declarations page only)

Please return the Agreement and cashier's check to:

HomEq Servicing CA3507
4837 Watt Avenue Suite 100
North Highlands, CA 95660

If you have any questions regarding the Agreement, please contact me at (800) 795-5125.

Sincerely,

HomEq Servicing

HomEq Servicing Modification Agreement Cover Letter

Prepared by and return to:                          Account Number: 0000326300969
HomEq Servicing
Attn: Mod Imaging-CA3507
4837 Watt Avenue
North Highlands, CA 95660

## Modification Agreement

This Modification Agreement ("Agreement") is made and entered into as of this 7th day of April, 2008 by and between HomEq Servicing ("HomEq") and HELEN GALOPE ("Borrower")

Whereas, HomEq is the holder or servicing agent of the holder of that certain Promissory Note ("Note") dated as of 12/27/2006, executed by Borrower or Borrower's predecessor-in-interest in the original principal amount of $522,000.00.

WHEREAS, the Note evidences a loan ("Loan") to Borrower or Borrower's predecessor-in-interest and is secured by either a deed of trust or mortgage ("Security Instrument") dated as of 12/27/2006. The Security Instrument encumbers certain real property ("Property") owned by Borrower (and is more specifically described in the Security Instrument).

WHEREAS, due to adverse economic circumstances, Borrower has requested that HomEq adjust the terms of the Note to permit Borrower to meet Borrower's Loan obligations in a full and in a timely manner.

WHEREAS, the requested adjustment will benefit all parties to the Loan and any junior lien holder by providing the Borrower an opportunity to meet the Loan obligations in a manner intended to help the Borrower avoid default on the Loan and the necessity of foreclosure on the Property.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.    **NOTE MODIFICATIONS:**
(a)    **Outstanding Debt:** Borrower agrees that the unpaid principal balance due on the Note of $522,000.00 shall be adjusted to $537,951.62 ("New Balance"), to reflect the amount of unpaid interest, late charges, fees and costs, advances for unpaid property taxes and/or insurance premiums (if applicable), less any amounts forgiven, as reflected on Attachment 'A'.

Borrower agrees to pay the New Balance to HomEq and has no defenses, claims or offsets with respect thereto. Interest will accrue on the New Balance at the interest rates, whether adjustable, variable or fixed, provided in the Note, unless modified by this Agreement.

(b)    **New Monthly Payments; Payment Adjustments:** Effective with Borrower's monthly payment due 05/01/2008, Borrower's monthly Loan payment will be $2,465.61. This payment amount does not include additional amounts which may also be due for the payment of taxes and insurance premiums. The taxes and insurance payment amount will be due monthly, together with Borrower's scheduled Loan payment. Borrower agrees that a full payment hereunder and with respect to the Loan shall only be deemed to have been made when funds remitted include the required scheduled Loan payment and monthly portion of taxes and insurance premiums. The date on which the New Monthly Payment change is next scheduled to occur is hereby changed to  05/01/2013 .

(c)    **New Interest Rate:** Effective on 04/01/2008, Borrower's rate of interest will be 5.500%. The date on which the interest rate change is next scheduled to occur is hereby changed to 04/01/2013 .

(d)    **Interest Only Period:** The period in which Borrower's monthly principal and interest payment will consist of interest only is extended until 04/01/2013 (the "Interest Only Period"). Upon expiration of the Interest Only Period, Borrower's monthly principal and interest payment will be increased to an

Account Number:0000326300969

**3.**   **RELEASE:**

Borrower releases HomEq, its subsidiaries, affiliates, agents, officers and employees, from any and all claims, damages or liabilities of any kind existing on the date of this Agreement, which are in any way connected with the origination and/or servicing of the Loan, and/or events which resulted in Borrower entering into this Agreement. Borrower waives any rights which Borrower may have under federal or state statute or common law principle which may provide that a general release does not extend to claims which are not known to exist at the time of execution, including without limitation (if applicable), California Civil Code Sec. 1542, which provides as follows: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Borrower's Initial _____

Borrower's Initial _____

**4.**   **NO OTHER CHANGES:**

Except as expressly adjusted by this Agreement, all of the covenants, agreements, stipulations and conditions in the Note and the Security Instrument remain unmodified and in full force and effect without any defense, counterclaim, right or claim of set-off. None of Borrower's obligations or liabilities under the Security Instrument shall be diminished or released by any provisions herein, nor shall this Agreement in any way impair, diminish, or affect any of the Borrower's rights or remedies in the Security Instrument, whether such rights or remedies arise herein or by operation of law.

**5.**   **ENTIRE AGREEMENT:**

This Agreement constitutes the entire Agreement between the parties regarding the subject matter hereof. Except as otherwise provided herein, this Agreement supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, whether written or oral, of the parties hereto, relating to the Note and Security Instrument.

**6.**   **VOLUNTARY EXECUTION:**

Borrower is encouraged to review this Agreement with his/her legal advisor prior to signing it, but by signing below Borrower acknowledges and agrees that Borrower has voluntarily signed this Agreement.

IN WITNESS WHEREOF, the undersigned have executed this Modification Agreement as of the date first above written.

BORROWER

Signature: _____

Name: _____HELEN A. GAUPE_____

BORROWER

Signature: _____

**ATTACHMENT 'A'**                                                    Loan #   0000326300969

| AMOUNTS PAST DUE - CAPITALIZED | | LOAN INFORMATION | |
|---|---|---|---|
| Delinquent Interest | $7,634.26 | Borrower Name: | |
| Late Charges | $381.72 | | GALOPE, HELEN |
| NSF Fees | $0.00 | | |
| Negative Escrow Balance | $7,935.64 | | |
| Corporate Advances | $0.00 | Prop Address: | |
| | | | 19117 DELANO ST TARZANA |
| Mortgage Insurance Premium | $0.00 | | AR |
| Modification Fee | $0.00 | | LOS ANGELES, CA 91335 |
| Other Fees | $0.00 | | |
| Other _____ | $0.00 | | |
| | $15,951.62 | Note Date: | 12/27/2006 |
| | | Orig Amt: | $522,000.00 |
| | | MTG/Deed Date: | 12/27/2006 |

| BORROWER CREDITS (-) | |
|---|---|
| Contribution Amt | $0.00 |
| Suspense Bal | $0.00 |
| Other Credit | $0.00 |
| | $0.00 |

| AMOUNTS PAST DUE - FORGIVEN | |
|---|---|
| Unpaid Principal | $0.00 |
| Delinquent Interest | $0.00 |
| Late Charges | $0.00 |
| Foreclosure Fees & Costs | $0.00 |
| Bankruptcy Fees & Costs | $0.00 |
| Negative Escrow Balance | $0.00 |
| Other Corporate Advances | $0.00 |
| Other Fees | $0.00 |
| | $0.00 |

| NET PRINCIPAL CAPITALIZATION (DECREASE) | $15,951.62 |
|---|---|

**MODIFICATION TERMS:**

| MODIFIED TERMS: | NEW TERMS: | EXISTING TERMS: |
|---|---|---|
| Principal Balance | $537,951.62 | $522,000.00 |
| P&I Payment | $2,465.61 | $3,817.13 |
| Escrow Payment | $561.41 | $0.00 |
| Total Payment | $3,027.02 | $3,817.13 |
| Due Date | 05/01/2008 | 03/01/2008 |
| Interest Rate | 5.500% | 8.775% |
| Rate Type | Interest Only | I/O ARM |
| Remaining Term | 345 | 347 |
| Maturity Date | 01/01/2037 | 01/01/2037 |
| Interest Only Expiration Date | 05/01/2013 | 02/01/2012 |
| Other _____ | N/A | N/A |

| REPAYMENT PLAN | |
|---|---|
| Begin Date | N/A |
| End Date | N/A |
| P&I Payment | N/A |
| Escrow Payment | N/A |
| Total Payment | N/A |

_____                          Date:   04/17/08
Borrower Acknowledgment


_____                          Date:   _____
Borrower Acknowledgment

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV12- 323 CJC (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Lenore L. Albert, Esq.
Law Offices of Lenore Albert
7755 Center Avenue, Suite # 1100
Huntington Beach, CA 92647

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Helen Galope, an individual, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | SACV12-00323 CJC (RNBx) |
| v. | |
| Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4, (See attached) | SUMMONS |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Lenore Albert_____, whose address is _7755 Center Avenue #1100, Huntington Beach, CA 92647_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated: ___MAR 1 — 2012___     Clerk, U.S. District Court

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                                    SUMMONS

## SUMMONS ATTACHMENT

## ADDITIONAL DEFENDANTS:

WESTERN PROGRESSIVE, LLC; and DOES 1 through 10, inclusive,

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Helen Galope

**DEFENDANTS**
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007- BR4, WESTERN PROGRESSIVE, LLC and DOES 1 through 10, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Law Offices of Lenore Albert
7755 Center Avenue Suite # 1100
Huntington Beach, CA 92647 Phone (714) 372- 2264

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No        ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | IMMIGRATION | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

~~SACV12-00323 CJC (RNBx)~~

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | Georgia |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange<br>Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 3-1-12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |