FILED

2012 MAR -1 PM 3: 21

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

1  Lenore L. Albert, Esq.   SBN 210876
2  LAW OFFICES OF LENORE ALBERT
   7755 Center Avenue, Suite #1100
3  Huntington Beach, CA 92647
4  Telephone (714) 372-2264
   Facsimile (419) 831-3376
5  Email: lenorealbert@msn.com
6  Attorney for Plaintiff, HELEN GALOPE

7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SACV12-00323 CJC (RNBx)

| | |
|---|---|
| HELEN GALOPE, an individual,<br>                         Plaintiffs,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4; WESTERN PROGRESSIVE, LLC; and DOES 1 through 10, inclusive,<br><br>                         Defendants. | CASE NO.<br><br>Assigned to the Honorable:<br><br>**DECLARATION OF PLAINTIFF HELEN GALOPE IN SUPPORT OF HER APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>DATE: TBD<br>TIME: TBD<br>CTRM: TBD |

## DECLARATION OF HELEN GALOPE

I, HELEN GALOPE, declare:

1.  I am the plaintiff in this action.  I have personal knowledge of the facts contained herein, and if called as a witness I would, and could, competently testify hereto.

1

**DECLARATION OF PLAINTIFF HELEN GALOPE IN SUPPORT OF HER APPLICATION FOR A TEMPORARY RESTRAINING ORDER**
*HELEN GALOPE v DBNTC, OCWEN, et al.*

2.   My have lived at my principal residence located at 19117 Delano Street, Tarzana, California 91335 since 2004.

3.   I was the title owner by way of a grant deed I recorded in 2004.  A true and correct copy of my grant deed is attached to the Complaint as Exhibit A.

4.   A few years later I deed over part of the interest in my property.  A true and correct copy of my grant deed showing my deeded interest is also attached to the Complaint as Exhibit A.

5.   On or about December 16, 2006, I signed a secured loan agreement and promissory note whereby New Century Mortgage Corporation loaned me the sum of $522,000.00 secured by the Premises as my principal residence.

6.   A notice of default was recorded against my residence on March 8, 2011. A true and correct copy of the Notice of Default I found recorded on my property is attached hereto as **Exhibit C.**

7.   An Assignment of Deed of Trust was recorded assigning my loan to DBNTC on April 8, 2012. A true and correct copy of the Assignment of Deed of Trust I found recorded on my property is attached hereto as **Exhibit D.**

8.   A Substitution of Trustee was recorded wherein DBNTC then substituted in WP as the legal trustee. A true and correct copy of the Substitution of Trustee record I found recorded on my property is attached hereto as **Exhibit E.**

2

**DECLARATION OF PLAINTIFF HELEN GALOPE IN SUPPORT OF HER APPLICATION FOR A TEMPORARY RESTRAINING ORDER**
*HELEN GALOPE v DBNTC, OCWEN, et al.*

9. A notice of sale was also recorded on my property so I filed for bankruptcy protection on July 11, 2011.

10. I was representing myself and there was some missing information that the court needed so there was a lapse in the stay from August 17 to August 30, 2011 by Court Order. A true and correct copy of the court order is attached hereto as Exhibit F.

11. Defendants were listed as creditors in my bankruptcy and I gave them notice of that I was protected by the stay on August 30, 2011.

12. On or about September 7, 2011 I discovered WP transferred my home to DBNTC on or about September 1, 2011 by a foreclosure sale.

13. I immediately demanded that they rescind the sale.

14. But they did not rescind the sale.

15. I am an engineer with the California Land Commission.

16. I help support my elderly parents who currently live with me and who are originally from the Phillipines.

17. When I first obtained my refinancing, I dutifully made my monthly mortgage payments.

3

**DECLARATION OF PLAINTIFF HELEN GALOPE IN SUPPORT OF HER APPLICATION FOR A TEMPORARY RESTRAINING ORDER**
*HELEN GALOPE v DBNTC, OCWEN, et al.*

18.   After entering into the Deed of Trust, New Century Mortgage Corporation sent me a notice that the servicing of my loan had been transferred to HomEq and to make my payments there.

19.   HomEq continued to service my loan and I continued to dutifully make my monthly mortgage payments.

20.   On April 7, 2008 HomEq Servicing offered me a permanent modification. The modification agreement had a letter attached to it that clearly explained "In accordance with the Agreement, your new monthly payment will be due 05/01/2008, in the amount of $3,027.02.  This payment includes $2,465.61 for the new principal and interest payment and $561.41 for the estimated impound/escrow payment."

21.   A true and correct copy of the modification I received from HomEq is attached to the Complaint as Exhibit B.

22.   The letter further explained:

   a.   "This Modification Agreement ("Agreement") is made and entered into as of this 7[th] day of April, 2008 by and between HomEq Servicing;" and

   b.   "To make the Agreement effective, the following must be received within ten (10) days of the date of their letter: The Agreement, signed and initialed; Attachment A, signed and; A copy of your most recent property tax bill(s);

4

**DECLARATION OF PLAINTIFF HELEN GALOPE IN SUPPORT OF HER APPLICATION FOR A TEMPORARY RESTRAINING ORDER**
*HELEN GALOPE v DBNTC, OCWEN, et al.*

A copy of your current homeowner's (and win, if applicable) insurance policy (declaration's page only); A copy of your current flood insurance policy (declarations page only)."

23. I signed and initialed the document and returned it as instructed to HomEq, with all additionally requested documentation.

24. On April 14, 2008 HomEq Servicing sent the Agreement to me requesting that to Initial Section 3 and sign Section 6 of the contract; sign and date Attachment A; and send $3,027.02 via cashier's check, western union or money gram, and mail the rest via overnight to HomEq.

25. I initialed Section 3 and signed Section 6 of the contract; signed and dated Attachment A; sent $3,027.02 via cashier's check, western union or money gram; and mailed the rest via overnight to HomEq.

26. I continued to make the modified payments which HomEq accepted and cashed.

27. When reviewing my documents, realized that the paperwork returned to me was missing a page and the terms were not as agreed to.

28. The terms were stated in incomplete sentences and I noted that it said: "d. The period in which Borrower's monthly principal and interest payment will consist of interest only is extended until 04/01/2013 (the "Interest Only Period"). Upon

**DECLARATION OF PLAINTIFF HELEN GALOPE IN SUPPORT OF HER APPLICATION FOR A TEMPORARY RESTRAINING ORDER**
*HELEN GALOPE v DBNTC, OCWEN, et al.*

expiration of the Interest Only Period, Borrower's monthly principal and interest payment will be increased to an"

29. I contacted HomeEq requesting for them to explain what the payments would be after 04/01/2013.

30. HomeEq refused to put it in writing and I was now unclear of my payment obligations.

31. I sought legal counsel of Mr. Laverty.

32. I was advised to stop making my payments due to their breach.

33. On July 31, 2009 Regional Service Corporation purported that it was appointed the Trustee to the Deed of Trust. Regional Service Corporation recorded a Notice of Default on my property for some unnamed beneficiary.

34. I was angry and distraught at the Servicer for their breach if modification.

35. I sought bankruptcy protection on January 5, 2010.

36. I sent a Notice of Rescission of the loan to Deutsche Bank and Barclays d/b/a HomEq on February 17, 2010.

37. On April 2, 2010 the Court granted DBNTC relief form the automatic stay but the Court did not find that my bankruptcy filing was in bad faith et cetra.  A true and correct copy of the Court's April 2, 201 order is attached hereto as **Exhibit F.**

38. My bankruptcy case was then discharged.

6

**DECLARATION OF PLAINTIFF HELEN GALOPE IN SUPPORT OF HER APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

*HELEN GALOPE v DBNTC, OCWEN, et al.*

39. After the discharge, on May 11, 2010, a Notice of Rescission of Notice of Default and Election to Sell Under Deed of Trust was recorded by Regional Service Corporation as trustee for a still unnamed beneficiary (lender).

40. On August 11, 2010, HomEq sent me a letter informing me that the servicing rights had transferred to Ocwen and to start paying Ocwen effective August 31, 3010.

41. I informed Ocwen that I was still waiting for HomEq to cure their breach and supply the missing terms to the modification.

42. Ocwen did not respond.

43. On March 8, 2011, a Notice of Default was once again recorded against my home.

44. On April 14, 2011, an Assignment of Deed of Trust California was recorded on my property stating Deutsche Bank National Trust Company, as trustee.

45. A few days later, on or about June 17, 2011 Mortgage Electronic Systems, Inc. as nominee for Deutsche Bank National Trust Company, as Trustee for the Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4 recorded a Substitution of Trustee in favor of Western Progressive, LLC.

7

**DECLARATION OF PLAINTIFF HELEN GALOPE IN SUPPORT OF HER APPLICATION FOR A TEMPORARY RESTRAINING ORDER**
*HELEN GALOPE v DBNTC, OCWEN, et al.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed this 1st day of March, 2012, at Huntington Beach, California.

HELEN GALOPE

9

**DECLARATION OF PLAINTIFF HELEN GALOPE IN SUPPORT OF HER APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

*HELEN GALOPE v DBNTC, OCWEN, et al.*

# EXHIBIT C



**This page is part of your document - DO NOT DISCARD**



# 20110350514

Pages:
0004

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**03/08/11 AT 08:00AM**

| | |
|---|---:|
| FEES: | 24.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 24.00 |



**L E A D S H E E T**



201103080140006

00003854010



003197947

**SEQ:**
**15**

**DAR - Title Company (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

T35

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:



03/08/2011

*20110350514*

**Western Progressive, LLC**
P.O. Box 100029
Kennesaw, GA 30156

---

Loan No.: 706214657                                      TS No.: 2011-09623

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER
## DEED OF TRUST

### IMPORTANT NOTICE
**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is ___$85,002.71___ as of ___3/7/2011___, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

**To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:**

**Ocwen Loan Servicing, LLC DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for the POOLING AND SERVICING AGREEMENT Dated as of May 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4, Ocwen Loan Servicing, LLC its attorney in fact.**
C/O Western Progressive, LLC
P.O. Box 100029
Kennesaw, GA 30156
**Beneficiary Phone: 877-596-8580**



Loan No.: 706214657                          TS No. 2011-09623

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure. **Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

NOTICE IS HEREBY GIVEN: That **Western Progressive, LLC** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 12/16/2006, executed by **LYDIA DIZON, A SINGLE WOMAN AND HELEN GALOPE, A SINGLE WOMAN, AS TENANTS IN COMMON**, as Trustor, to secure certain obligations in favor of **NEW CENTURY MORTGAGE CORPORATION A CORPORATION, AS LENDER,** Mortgage Electronic Registration Systems, Inc., recorded 12/28/2006, as Instrument No. 06 2881367, in Book —, Page —, and rerecorded on — as — of Official Records in the Office of the Recorder of **Los Angeles County, California** describing land therein as: **As more particularly described on said Deed of Trust.**

The subject obligation includes **ONE NOTE(S) FOR THE ORIGINAL** sum of $522,000.00. A breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of the following:

Installment of interest only payments which became due on 4/1/2009 plus late charges if any, and all subsequent interest, advances, late charges and foreclosure fees and costs that become payable. You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to, foreclosure trustee fees and costs, advances and late charges.
Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance.
Nothing in this notice of default should be construed as a waiver of any fees owing to the beneficiary under the deed of trust, pursuant to the terms and provisions of the loan documents.

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

WE ARE ASSISTING THE BENEFICIARY TO COLLECT A DEBT AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THE PURPOSE BY EITHER OURSELVES OR THE BENEFICIARY, WHETHER RECEIVED ORALLY OR IN WRITING. YOU MAY DISPUTE THE DEBT OR A PORTION THEREOF WITHIN THIRTY (30) DAYS. THEREAFTER WE WILL OBTAIN AND FORWARD TO YOU WRITTEN VERIFICATION THEREOF. SHOULD YOU NOT DO
SO, THE DEBT WILL BE CONSIDERED VALID. IN ADDITION, YOU MAY REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT ONE.

The mortgagee, beneficiary, or authorized agent has fulfilled its obligation under California Civil Code Section 2923.5(a) by contacting the borrower either in person or by telephone to assess the

borrower's financial situation and explore options to avoid foreclosure prior to 30 days of filing the Notice of Default.  The borrower was advised of their right to a subsequent meeting within 14 days of the initial contact.  In addition, the borrower was provided with the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency.

Dated: 3/7/2011

Western Progressive, LLC, as agent for beneficiary

Marco Marquez

By LSI Title Company, As Agent

**EXHIBIT D**

**This page is part of your document - DO NOT DISCARD**



## 20110823889



Pages:
0003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**06/17/11 AT 08:00AM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |



**LEADSHEET**

201106170140001

00004281414

003353943

**SEQ:**
**03**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

T35



RECORDING REQUESTED BY:
LSI Title Agency - FIS Default Solutions

AND WHEN RECORDED MAIL TO:

Western Progressive, LLC
P.O. Box 100029
Kennesaw, GA 30156



06/17/2011

*20110823889*

11006 9530

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TS No.: 2011-09623      5570621465744

## SUBSTITUTION OF TRUSTEE

WHEREAS, **LYDIA DIZON, A SINGLE WOMAN AND HELEN GALOPE, A SINGLE WOMAN, AS TENANTS IN COMMON** was the original Trustor, **LANDAMERICA SOUTHLAND TITLE** was the original Trustee, and **NEW CENTURY MORTGAGE CORPORATION, A CORPORATION, AS LENDER**, Mortgage Electronic Registration Systems, Inc. was the original Beneficiary under that certain Deed of Trust dated **12/16/2006** and recorded on **12/28/2006** as Instrument No. **06 2881367**, in book ---, page --- **and rerecorded on --- as ---** of Official Records of **Los Angeles** County, California, and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW, THEREFORE, the undersigned hereby substitutes **Western Progressive, LLC, P.O. Box 100029 Kennesaw, GA 30156** as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated:  3 /15/11

Mortgage Electronic Registration Systems, Inc as nominee for
**DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for the
POOLING AND SERVICING AGREEMENT Dated as of May 1, 2007
SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-
BR4**

_____
**Christina Carter, Vice President**

State of Florida          } ss.
County of Palm Beach    }

On  3.15.11  before me, _____**Rashad Blanchard**_____ personally appeared **Christina Carter** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of Florida that the foregoing paragraph is true and correct.

WITNESS my hand and official seal. (seal)

_____
Signature       **Rashad Blanchard**



Notary Public State of Florida
Rashad Blanchard
My Commission EE 027468
Expires 09/19/2014

# AFFIDAVIT OF MAILING
# FOR SUBSTITUTION OF TRUSTEE BY CODE

$\big\backslash$

---

TS No.: 2011-09623

Trustor: **LYDIA DIZON, A SINGLE WOMAN AND HELEN GALOPE, A SINGLE WOMAN, AS TENANTS IN COMMON**

**I, Robin Pape, Trustee Sale Assistant,** declare: That I am an officer, agent or employee of Western Progressive, LLC whose business address is:

2002 Summit Blvd, Suite 600
Atlanta, GA 30319

I am over the age of eighteen years; On **06/15/2011,** I caused by Certified and First Class mail, enclosed in a sealed envelope with postage fully prepaid, to be deposited in the United States Mail, a copy of the attached Substitution of Trustee to the trustee of record under the Deed of Trust described in said Substitution, and;

A copy of the attached Substitution has been mailed prior to the recording thereof, in the manner provided in Section 2924(b) of the Civil Code of the State of California to all persons to whom a copy of the Notice of Default would be required to be mailed by the provisions of said section.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 06/15/2011

**Robin Pape, Trustee Sale Assistant**

**EXHIBIT E**



**This page is part of your document - DO NOT DISCARD**



## 20110527436



**Pages:
0003**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**04/12/11 AT 08:00AM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |



**L E A D S H E E T**



201104120130004

00004015966



003257357

**SEQ:
11**

**DAR - Title Company (Hard Copy)**

**THIS FORM IS NOT TO BE DUPLICATED**

T79

04/12/2011

*20110527436*

Prepared by: Cory Messer
Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, Florida, 33409
Phone Number: 561-682-8835
6470621465782
Attorney Code: 24110

2011 -10829

2110209

## ASSIGNMENT OF DEED OF TRUST
## CALIFORNIA

This **ASSIGNMENT OF DEED OF TRUST** is made and entered into as of the 1ST day of SEPTEMBER 2010, from **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET-BACKED RECEIVABLES LLC TRUST 2007-BR4 MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2007-BR4.**, whose address is c/o Ocwen Loan Servicing, LLC. 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 ("Assignor") to **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4** whose address is c/o Ocwen Loan Servicing, LLC. 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 ("Assignee").

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Assignor does by these presents hereby grant, bargain, sell, transfer and set over unto the Assignee, its successors, transferees and assigns forever, in trust, all of the right, title and interest of said Assignor in and to the following deed of trust describing land therein, duly recorded in the Office of the County Recorder of **LOS ANGELES** County, State of **CALIFORNIA**, as follows:

Trustor: LYDIA DIZON AND HELEN GALOPE
Trustee: LANDAMERICA SOUTHLAND TITLE
Beneficiary: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR NEW CENTURY MORTGAGE CORPORATION
Document Date: DECEMBER 16, 2006
Amount: $ 522,000.00
Date Recorded: DECEMBER 28, 2006
Document/Instrument/Entry Number:20062881367
Property Address: 19117 DELANO STREET TARZANA AREA, LOS ANGELES, CA

*Property more particularly described in the above referenced recorded Deed of Trust*

This Assignment is made without recourse, representation or warranty.

DATED: MARCH 15, 2011.

# EXHIBIT F

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY

Ja Vonne M. Phillips, Esq. SBN 187474
Christelle N. Ramseyer, Esq. SBN 265571
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (619) 685-4800
Fax (619) 685-4810

☐ *Individual appearing without counsel*
☒ *Attorney for:* Deutsche Bank National Trust Company, as Trustee under
Pooling and Servicing Agreement dated as of May 1, 2007 Securitized
Asset-Backed Receivables LLC Trust 2007-BR4  Mortgage Pass-Through
Certificates, Series 2007-BR4, its assignees and/or successors and the
servicing agent Barclays Capital Real Estate Inc. dba HomEq Servicing

APR 02 2010

williams

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

Helen A. Galope,

Debtor.

CHAPTER: 7
CASE NO.: 1:10-bk-10107-MT
DATE: 2/25/2010
TIME: 9:30AM
CTRM: 302
FLOOR: 3rd

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (Real Property)
**(MOVANT:  Deutsche Bank National Trust Company, as Trustee under Pooling and Servicing Agreement dated as of May 1, 2007 Securitized Asset-Backed Receivables LLC Trust 2007-BR4 Mortgage Pass-Through Certificates, Series 2007-BR4, its assignees and/or successors and the servicing agent Barclays Capital Real Estate Inc. dba HomEq Servicing)**

1.   The Motion was: ☒ Contested ☒ Uncontested ☐ Settled by stipulation

2.   The Motion affects the following real property (the "Property"):

   *Street Address:* 19117 Delano Street
   *Apartment/Suite No.:*
   *City, State, Zip Code:* Tarzana Area, CA 91335

   Legal description or document recording number (including county of recording): 06 2881367, Los Angeles County, California

   ☒ See attached page

3.   The Motion is granted under:   ☒ 11 U.S.C. § 362(d)(1) ☒ 11 U.S.C. § 362(d)(2) ☐ 11 U.S.C. § 362(d)(3)
                                     ☐ 11 U.S.C. § 362(d)(4)

4.   As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:

   a.   ☒   Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.

   b.   ☐   Annulled retroactively to the date of the bankruptcy petition filing.

   c.   ☐   Modified or conditioned as set forth in Exhibit  to this Order.

5.   ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

(Continued on next page)

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*

**F 4001-10.RP**

Order on Motion for Relief from Stay (Real Property) – Page 2 of 6                    **F 4001-1O.RP**

| In re<br>Helen A. Galope, | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
|  | Debtor. | CASE NUMBER.: 1:10-bk-10107-MT |

6.  ☒ Movant shall not conduct a foreclosure sale before the following date *(specify)*: March 29, 2010.

7.  ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8.  ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9.  ☐ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either:

   ☐ transfer of all or part of ownership of, or interest in, the Property without the consent of the secured creditor or court approval.

   ☐ multiple bankruptcy filings affecting the property.

   If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10.  This Court orders as follows:

   a.  ☒  This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

   b.  ☐  The 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

   c.  ☐  The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-1O.ER).*

   d.  ☒  See attached continuation page for additional provisions.

DATED: April 2, 2010                    _____

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                 **F 4001-10.RP**

Order on Motion for Relief from Stay (Real Property) – Page 3 of 6                   **F 4001-1O.RF**

| In re<br>Helen A. Galope, | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor. | CASE NUMBER.: 1:10-bk-10107-MT |

Legal Description

Lot(s)  71  of Tract No. 16762, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 391 Page(s) 40 to 42 inclusive of Maps, in the office of the County Recorder of said County.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                 **F 4001-10.RP**

Order on Motion for Relief from Stay (Real Property) — Page 4 of 6          **F 4001-1O.RP**

| In re<br>Helen A. Galope, | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor. | CASE NUMBER.: 1:10-bk-10107-MT |

**Continuation Page For Additional Provisions Pursuant To 10 (d) Of Attached Order**

The Moving Party, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

BY VIRTUE OF THE ENTRY OF THIS ORDER, THE BORROWERS' BANKRUPTCY PROCEEDINGS HAVE NOW BEEN FINALIZED WITH REGARD TO THE SUBJECT PROPERTY WITHIN THE MEANING OF CALIFORNIA CIVIL CODE SECTION 2923.5(h) (3).

---

*December 2009*                                                                                       **F 4001-10.RP**

Motion for Relief From Stay (Real Property) – *Page 5 of 6*

| In re | | CHAPTER: 7 |
|---|---|---|
| Helen A. Galope, | *(SHORT TITLE)* | |
| | Debtor. | CASE NO.: 1:10-bk-10107-MT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1770 Fourth Avenue
San Diego, CA 92101

A true and correct copy of the foregoing document described as <u>NOTICE OF MOTION and MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations)</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 4/1/10 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

UNITED STATES TRUSTEE
ustpregion16.wh.ecf@usdoj.gov

TRUSTEE
stern@lbbslaw.com

DEBTOR ATTORNEY
sblever@leverlaw.com

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate *method for* each person or entity served)**:**
On 4/1/10 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

DEBTOR - Helen A. Galope, 19117 Delano Street, Reseda, CA 91335
JUDGE'S COPY - The Honorable Judge, Maureen Tighe, 21041 Burbank Blvd, Suite 325, Woodland Hills, CA 91367

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| M_MailDate | M MailStaff | /s/ M_MailStaff |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2009*

**F 4001-10.RP**

Motion for Relief From Stay (Real Property) – *Page 6 of 6*

| In re | | CHAPTER: 7 |
|---|---|---|
| Helen A. Galope, | (SHORT TITLE) | |
| | Debtor. | CASE NO.: 1:10-bk-10107-MT |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER GRANTING MOTION FOR RELIEF FFROM THE AUTOMATIC STAY** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.   SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **4/1/10**_____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

UNITED STATES TRUSTEE                    TRUSTEE                                 COUNSEL FOR DEBTOR
ustpregion16.wh.ecf@usdoj.gov      stem@lbbslaw.com            sblever@leverlaw.com

**McCarthy & Holthus, LLP**
bknotice@mccarthyholthus.com

☐ Service information continued on attached page

**II.   SERVED BY THE COURT VIA U.S. MAIL:**
A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

DEBTOR - Helen A. Galope, 19117 Delano Street,  Reseda, CA 91335

☐ Service information continued on attached page

**III.   TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2009*

**F 4001-10.RP**