Eric D. Houser (SBN 130079)
Steven S. Son (SBN 265921)
HOUSER & ALLISON
A Professional Corporation
3760 Kilroy Airport Way, Suite 260
Long Beach, CA 90806
Telephone: (949) 679-1111
Facsimile: (949) 679-1112
E-mail: sson@houser-law.com

Attorneys for Defendants,
Deutsche Bank National Trust Company, as trustee under Pooling and Servicing
Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC
Trust 2007-BR4 and Western Progressive, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (SANTA ANA)

| | |
|---|---|
| HELEN GALOPE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4; WESTERN PROGRESSIVE, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 12-cv-00323-CJC-RNB<br><br>Hon. Cormac J. Carney<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER; DECLARATION OF STEVEN S. SON WITH EXHIBITS**<br><br>Action filed: March 1, 2012<br>Trial date: None assigned |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Defendants submit their Response to plaintiff's ex parte application for a temporary restraining order.

///

///

///

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

1

1

## RESPONSE

2      Plaintiff's ex parte request is moot.  Defense counsel has already advised

3 plaintiff's counsel that the September 1, 2011 trustee's sale will be rescinded and

4 that no eviction proceedings based on this sale will occur.   Additionally,

5 plaintiff's ex parte application fails to paint a complete picture surrounding the

6 subject bankruptcy and the trustee's sale.

7      Plaintiff filed for Chapter 13 bankruptcy on July 11, 2011.  This matter was

8 dismissed on August 17, 2011 and the automatic stay vacated because plaintiff

9 failed to file the required documents.  However, plaintiff then filed a motion to

10 vacate the dismissal, which was granted on August 30, 2011, just prior to the

11 September 1, 2011 trustee's sale.  Plaintiff then abandoned her Chapter 13 case

12 which was ultimately dismissed on December 16, 2011.  Plaintiff's Chapter 13

13 petition appears to have been filed just to stop the foreclosure when considering

14 that plaintiff received a Chapter 7 discharge just over a year prior.

15      Plaintiff is the borrower on the mortgage loan and will be approximately

16 thirty-six payments past due and over $100,000 in the arrears after the rescission

17 of the Trustee's Deed Upon Sale recorded on September 8, 2011.

18 Dated:  March 2, 2012          **HOUSER & ALLISON**

19                         A Professional Corporation

20                         /s/ Steven S. Son

21                         Steven S. Son

22                         Attorneys for Defendants,
                           Deutsche Bank National Trust Company, as

23                         trustee under Pooling and Servicing
                           Agreement Dated as of May 1, 2007

24                         Securitized Asset Backed Receivables LLC

25                         Trust 2007-BR4 and Western Progressive,
                           LLC

26

27

28

**DEFENDANTS' RESPONSE TO PLAINTIFF'S EX PARTE
APPLICATION FOR A TEMPORARY RESTRAINING ORDER**
2

## <u>DECLARATION OF STEVEN S. SON</u>

I, Steven S. Son, declare as follows:

1.  I am an attorney licensed to practice before this Court.  I am an attorney with the law firm of Houser & Allison, APC, counsel for defendants Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4 and Western Progressive, LLC.  The following is based on my personal knowledge and if called as witness, I could and would competently testify thereto.

2.  On March 2, 2011, I advised plaintiff's counsel, Lenore Albert, that the September 1, 2011 trustee's sale would be rescinded and that eviction proceedings would not be commenced based on this sale.

3.  Plaintiff filed for Chapter 13 bankruptcy protection on July 11, 2011.  This matter was dismissed on August 17, 2011 and the automatic stay vacated because plaintiff failed to file the required documents.  However, plaintiff then filed a motion to vacate the dismissal, which was granted on August 30, 2011, just prior to the September 1, 2011 trustee's sale.  Plaintiff then abandoned her Chapter 13 case which was ultimately dismissed on December 16, 2011.  Attached hereto as Exhibit 1 are true and correct copies of documents filed in this Chapter 13 bankruptcy case that I obtained from the Public Access to Court Electronic Records ("PACER").

4.  Plaintiff received a Chapter 7 discharge on April 28, 2010.  Attached hereto as Exhibit 2 are true and correct copies of documents filed in this Chapter 7 bankruptcy case that I obtained from PACER.

///

///

///

**DECLARATION OF STEVEN S. SON**

1

1      5.  Plaintiff is the borrower on the mortgage loan.  If the September 1, 2011

2  trustee's sale was rescinded today, plaintiff would be thirty-six payments past due

3  and over $100,000 in the arrears.

4          I declare under penalty of perjury under the laws of the United States of

5  America that the foregoing is true and correct and executed on March 2, 2012 at

6  Long Beach, California.

7

8                                          /s/ Steven S. Son            /
                                           Steven S. Son, Declarant100
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  **DECLARATION OF STEVEN S. SON**
                                    2

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                          ) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3760 Kilroy Airport Way, Suite 260, Long Beach, California 90806.

On March 2, 2012, I served the following document(s):

**DEFENDANTS' RESPONSE TO PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER; DECLARATION OF STEVEN S. SON WITH EXHIBITS**

On the following interested parties in this action described as follows:

Lenore L. Albert, Esq.
Law Offices of Lenore Albert
7755 Center Avenue, Suite 1100
Huntington Beach, CA  92647
Tel.:  714-372-2264
Fax:   419-831-3376
*Attorney for Plaintiff, Helen Galope*

[ ]   **VIA FIRST CLASS MAIL:** Pursuant to FRCP 5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices.   I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Long Beach, California, with postage thereon fully prepaid that same day in the ordinary course of business.

[X]   **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF System to the e-mail addresses listed above.   I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's CM/ECF System, and the transmission was reported as complete without error.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on March 2, 2012, in Long Beach, California.


/s/ Richard Mendizábal
Richard Mendizábal

**PROOF OF SERVICE**
2