Eric D. Houser (SBN 130079)
Steven S. Son (SBN 265921)
HOUSER & ALLISON
A Professional Corporation
3760 Kilroy Airport Way, Suite 260
Long Beach, CA 90806
Telephone: (949) 679-1111
Facsimile: (949) 679-1112
E-mail: sson@houser-law.com

Attorneys for Defendants,
Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4 and Western Progressive, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (SANTA ANA)

| | |
|---|---|
| HELEN GALOPE, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4; WESTERN PROGRESSIVE, LLC; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 12-cv-00323-CJC-RNB<br><br>Hon. Cormac J. Carney<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**<br><br>**[FRCP 12(b)(6)]**<br><br>Date: May 7, 2012<br>Time: 1:30 p.m.<br>Courtroom: 9B<br><br>Action filed: March 1, 2012<br>Trial date: None assigned |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

　　**PLEASE TAKE NOTICE** that on May 7, 2012, at 1:30 p.m., in Courtroom 9B of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, CA 92701, defendants Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007

---

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

1

1  Securitized Asset Backed Receivables LLC Trust 2007-BR4 ("Deutsche Bank")

2  and Western Progressive, LLC ("WPT") (collectively "defendants") will move to

3  dismiss the Complaint filed by plaintiff.

4      This Motion is made and based upon Federal Rules of Civil Procedure

5  12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief

6  may be granted against defendants.  This Motion is based upon this Notice of

7  Motion, the Memorandum of Points and Authorities attached hereto, and upon all

8  pleadings, papers, and documents on file herein, as well as any oral argument that

9  may be presented at the time of the hearing, or any matters of which judicial

10  notice is requested and/or taken.  This Motion is made following the conference

11  of counsel pursuant to L.R. 7-3 which took effect on March 20, 2012.

12  Dated:  March 26, 2012          **HOUSER & ALLISON**

13                                 A Professional Corporation

14                                 /s/ Steven S. Son

15                                 Steven S. Son

16                                 Attorneys for Defendants,
                                   Deutsche Bank National Trust Company, as
17                                 trustee under Pooling and Servicing
                                   Agreement Dated as of May 1, 2007
18                                 Securitized Asset Backed Receivables LLC
                                   Trust 2007-BR4 and Western Progressive,
19                                 LLC

20

21

22

23

24

25

26

27

28  **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................. 1

II.  STATEMENT OF FACTS ................................................................... 2

III.  ARGUMENT ....................................................................................... 5

  A. Plaintiff's First Claim for Wrongful Foreclosure is Moot
    and Relies on Red Herring Theories About Standing ............................. 5

  1. This Claim is Moot Because the September 1, 2011
  Trustee's Sale Has Been Rescinded ........................................................ 5

  2. Plaintiff's Standing Argument Based on California Civil Code Section
  2932.5 Only Applies to Mortgages, Not Deeds of Trust ................................ 5

  B. Plaintiff's Second Claim for Declaratory Relief is Likewise Moot and
    Relies on Red Herring Theories About Standing ...................................... 6

  C. Plaintiff's Third Claim for Breach of Contract/ Rescission Has
    No Merit As Plaintiff Has Not Sustained Resulting Damages ................. 7

  D. Plaintiff's Fourth Claim Against Defendant Deutsche Bank For
    Violation of the Truth in Lending Act ("TILA") is Barred By
    the Statute of Limitations and the Doctrine of Claim Preclusion ............. 9

  1. Plaintiff's TILA Claim is Time-Barred ................................................... 9

  2. Plaintiff's TILA Claim is Barred By Claim Preclusion ......................... 10

  E. Plaintiff's Fifth Claim For Unfair and Unlawful Practices is
    Insufficiently Pled Because It Relies Entirely On Plaintiff's Other
    Barred Claims ..................................................................................... 11

IV.  CONCLUSION .................................................................................. 13

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

1

# TABLE OF AUTHORITIES

2

3

**Cases**

*Allen v. McCurry*, 449 U.S. 90, 94 (1980) .................................................. 10

4

*Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ....................... 5

5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ........................... 11

6

*Calvo v. HSBC Bank USA, N.A.*, 199 Cal.App.4th 118, 120 (2d Dist. 2011)........... 6

7

*City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)........................................ 5

8

*Cook v. Peter Kiewt Sons Co.*, 775 F.2d 1030, 1035 (1985) ............................... 10

9

*Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1367 (4th Dist. 2010)............ 7

10

*Frank v. United Airlines*, 216 F.3d 845, 850 (2000)........................................... 10

11

*Hoffman v. Bank of America, N.A.*, 2010 WL 2635773, at *5

12

    (N.D. Cal., June 30, 2010) ....................................................................... 8

13

*Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619

14

    (2d Dist. 1993) ...................................................................................... 11

15

*Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal.App.4th 638, 643-644

16

    (4th Dist. 2008) ...................................................................................... 11

17

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ................. 12

18

*Tahoe Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*,

19

    322 F.3d 1064, 1077 (9th Cir. 2003) ....................................................... 10

20

*West v. Secretary of Dept. of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000) ............. 5

21

**Statutes**

22

15 U.S.C. § 1635(f) ................................................................................ 9

23

15 U.S.C. § 1640(e)................................................................................ 9

24

California Business & Professions Code §§ 17200 ............................................. 11

25

California Civil Code § 2932.5 ................................................................... 5

26

27

28

---

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's wrongful foreclosure action is moot because the September 1, 2011 trustee's sale has rescinded. The subject real property was inadvertently sold at public auction on September 1, 2011 because defendants were under the impression that plaintiff's Chapter 13 bankruptcy was no longer in effect, as the matter was dismissed and the automatic stay vacated on August 17, 2011 for plaintiff's failure to file the required documents. However, plaintiff in the interim moved to vacate the dismissal and on August 30, 2011, just before the trustee's sale, the bankruptcy court reinstated the case. Unbeknownst to the bankruptcy court at that time, it would ultimately again dismiss plaintiff's Chapter 13 case.

Plaintiff is the borrower on the subject mortgage loan who claims to have unilaterally rescinded the loan modification offered by HomEq, the prior servicer of the loan, because she was confused with the terms. As such, plaintiff not only requests the rescission of the loan modification but also requests this Court to declare that the entire original loan obligation be extinguished. Plaintiff does not understand that even if the loan modification was rescinded, plaintiff would then be obligated to make her monthly mortgage payments under the original contractual terms of the loan.

Instead of resuming the mortgage payments under her original contractual obligations, plaintiff has filed three bankruptcies in a span of just two years to stop the foreclosure even though her default is not in question. To divert this Court's attention away from the fact that plaintiff was at all relevant times in default, plaintiff raises red herring arguments about standing that have been soundly rejected by California law. At the present, plaintiff is twenty-four payments past-due on her mortgage payments. Now that the September 1, 2011

---

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

1

sale has rescinded, defendant WPT, the foreclosure trustee, is entitled to recommence the foreclosure.  Defendant Deutsche Bank is the current lienholder.

## II.   **STATEMENT OF FACTS**

On December 16, 2006, plaintiff borrowed $522,000.00 from lender New Century Mortgage Corporation.  (Complaint, Para. 16).  This mortgage loan was secured by an executed Deed of Trust recorded against the subject real property on December 28, 2006.  (Complaint, Para. 17; Request for Judicial Notice, Exhibit 1).  HomEq began to service the subject mortgage loan sometime thereafter. (Complaint, Para. 18).

On April 7, 2008, HomEq offered plaintiff a permanent loan modification. (Complaint, Para. 20).  According to the modification, plaintiff was to begin making reduced modified mortgage payments in the amount of $3,027.02 beginning May 1, 2008.  (Complaint, Paras. 21-23, Exhibit B).  At the time, plaintiff was $15,951.62 in the arrears and her original monthly mortgage payment was in the amount of $3,817.13.  (Complaint, Exhibit B, Attachment A, "Amounts Past Due" section).  Plaintiff accepted the loan modification offer and began to make the reduced payments.  (Complaint, Paras. 24-25).

Afterwards, plaintiff allegedly became confused as to how the interest rate would change beginning April 1, 2013 and how her monthly mortgage payment would change beginning May 1, 2013.  (Complaint, Paras. 26-32, Exhibit B, Attachment A, Nos. 1(b) and 1(d)).  Plaintiff thereafter stopped making any mortgage payments and gave notice of her unilateral rescission of the permanent loan modification. (Complaint, Paras. 33, 35).  Due to the continued default, non-judicial foreclosure was commenced on July 31, 2009.  (Complaint, Para. 34; Request for Judicial Notice, Exhibit 2).  However, this foreclosure was ultimately rescinded.  (Complaint, Para. 36; Request for Judicial Notice, Exhibit 2).

1         Plaintiff filed for Chapter 7 bankruptcy on January 5, 2010 and received
2    her discharge on April 28, 2010.  (Complaint, Para. 35; Request for Judicial
3    Notice, Exhibit 3).   Relief from the automatic stay was obtained during the
4    pendency of this bankruptcy. (Request for Judicial Notice, Exhibit 3).  Plaintiff
5    also filed an adversary action on February 25, 2010 against Deutsche Bank and
6    HomEq, raising numerous red herring "standing" arguments as well as an express
7    claim for alleged violations of the Truth in Lending Act.  (Request for Judicial
8    Notice, Exhibit 4).  On April 14, 2010, the bankruptcy court granted the Motion
9    to Dismiss by Deutsche Bank and HomEq and the adversary proceeding was
10   dismissed. (Request for Judicial Notice, Exhibit 4).

11        On August 11, 2010, HomEq informed plaintiff that the servicing of her
12   mortgage loan was being assigned to Ocwen.  Plaintiff claims that the confusion
13   concerning the interest rate and monthly mortgage payment changes "had still not
14   resolved" at this time, but plaintiff also claims she had already rescinded
15   HomEq's permanent loan modification offer on February 17, 2010.  (Complaint,
16   Paras. 35, 38).

17        Plaintiff did not resume making her monthly mortgage payments, either the
18   reduced amount of $3,027.02 under the modification terms or the full amount of
19   $3,817.13 under plaintiff's original contractual obligations.  (Complaint, Paras.
20   35-121).  As such, non-judicial foreclosure was again commenced on March 8,
21   2011 when the operative Notice of Default and Election to Sell Under Deed of
22   Trust was recorded.  (Complaint, Para. 39; Request for Judicial Notice, Exhibit
23   5).

24        On June 14, 2011, the assignment of the beneficial interest under the
25   operative Deed of Trust to defendant Deutsche Bank was recorded.  (Request for
26   Judicial Notice, Exhibit 6).   This assignment followed two prior proper
27

28   **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**
     3

1  assignments of the beneficial interest under the Deed of Trust.  (Request for
2  Judicial Notice, Exhibit 6).  On June 17, 2011, defendant WPT was substituted in
3  as the new trustee under the Deed of Trust and the trustee's sale was scheduled
4  for July 14, 2011.  (Complaint, Paras. 41-42; Request for Judicial Notice, Exhibit
5  7).

6      In response, plaintiff filed for Chapter 13 bankruptcy on July 11, 2011.
7  (Complaint, Para. 43; Request for Judicial Notice, Exhibit 8).  Plaintiff's Chapter
8  13 case was dismissed and the automatic stay vacated on August 17, 2011
9  because plaintiff failed to file the required documents.  (Request for Judicial
10  Notice, Exhibit 8).

11      However, on August 30, 2011, just before the trustee's sale, the bankruptcy
12  court reinstated the case after plaintiff moved to vacate the dismissal.  (Request
13  for Judicial Notice, Exhibit 8).  The real property sold at public auction on
14  September 1, 2011, just after the Chapter 13 case was reinstated.  (Request for
15  Judicial Notice, Exhibit 9).  Plaintiff's Chapter 13 was ultimately again dismissed
16  on December 16, 2011.  (Request for Judicial Notice, Exhibit 8).

17      Plaintiff again filed for Chapter 7 on January 17, 2012, her third
18  bankruptcy petition in a span of just two years.  Plaintiff's attempt to convert this
19  Chapter 7 to a Chapter 13 was denied and this bankruptcy was dismissed on
20  March 13, 2012.  (Request for Judicial Notice, Exhibit 10).  On March 23, 2012,
21  the rescission of the September 1, 2011 trustee's sale was sent for recording.
22  ///
23  ///
24  ///
25  ///
26  ///
27
28  **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

1

III.   **ARGUMENT**

2

    A.   <u>**Plaintiff's First Claim for Wrongful Foreclosure is Moot and**</u>

3

        <u>**Relies on Red Herring Theories About Standing**</u>

4

          1.   <u>**This Claim is Moot Because the September 1, 2011**</u>

5

             <u>**Trustee's Sale Has Been Rescinded**</u>

6

    Plaintiff's wrongful foreclosure claim is moot.  "[A]n actual controversy

7

must be extant at all stages of review, not merely at the time the complaint is

8

filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). "[T]he

9

question is not whether the precise relief sought at the time the application for an

10

injunction was filed is still available.  The question is whether there can be any

11

effective relief." *West v. Secretary of Dept. of Transp.*, 206 F.3d 920, 925 (9th

12

Cir. 2000).  Unless the prevailing party can obtain effective relief, any opinion as

13

to the legality of the challenged action would be merely advisory. *City of Erie v.*

14

*Pap's A.M.*, 529 U.S. 277, 287 (2000).  Here, plaintiff's wrongful foreclosure

15

claim is moot because the September 1, 2011 trustee's sale rescinded.  As such,

16

the foreclosure commenced on March 8, 2011 is no longer at issue and any

17

opinion on the same would be merely advisory.  Dismissal of this claim is

18

accordingly appropriate.

19

          2.   <u>**Plaintiff's Standing Argument Based on California Civil**</u>

20

             <u>**Code Section 2932.5 Only Applies to Mortgages, Not Deeds**</u>

21

             <u>**of Trust**</u>

22

    Plaintiff claims that the foreclosure commenced on March 8, 2011 is

23

unlawful because defendant Deutsche Bank had not been assigned the beneficial

24

interest under the Deed of Trust until June 3, 2011. (Complaint, Paras. 62-63, 66-

25

69, 71, 76).  However, this standing argument based on *California Civil Code* §

26

2932.5 has been expressly rejected.  The requirement under this statute that an

27

28

        **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

1  "assignee of a *mortgagee* to record an assignment before exercising a power to

2  sell property…does not apply when the power of sale is conferred in a deed of

3  trust rather than a mortgage." *Calvo v. HSBC Bank USA, N.A.*, 199 Cal.App.4th

4  118, 120 (2d Dist. 2011) (*petition for review denied*).   Here, the fact that the

5  March 8, 2011 foreclosure was initiated before the assignment of the beneficial

6  interest under the Deed of Trust to defendant Deutsche Bank was recorded is of

7  no relevance.   This operative action concerns the Deed of Trust executed by

8  plaintiff on December 16, 2006 and recorded on December 28, 2006.  (Request

9  for Judicial Notice, Exhibit 1).   There is no "mortgage" at issue in this case.

10  Additionally, the successive assignments to defendant Deutsche Bank are proper

11  and plaintiff has not sufficiently alleged otherwise.  (Request for Judicial Notice,

12  Exhibit 6).  Plaintiff's red herring standing argument is erroneous on its face.

13  **B.    Plaintiff's Second Claim for Declaratory Relief is Likewise Moot
and Relies on Red Herring Theories About Standing**

14

15       Plaintiff's declaratory relief claim is moot because the September 1, 2011

16  trustee's sale has rescinded as discussed above.   This claim also relies on red

17  herring standing arguments regarding the assignments of the beneficial interest

18  under the Deed of Trust that fail as likewise discussed above.

19       Plaintiff quizzically appears to request this Court to not only invalidate the

20  loan modification but also declare that the original contractual obligations are no

21  longer in effect, thereby giving plaintiff a free home.  (Complaint, Paras. 87-88).

22  However, plaintiff is contractually barred from unilaterally rescinding the loan

23  modification agreement and from suing defendants based on the same pursuant to

24  the express release provisions that plaintiff freely and voluntarily entered into.

25  (Complaint, Exhibit B, Modification Agreement, Nos. 3-4).

26

27

28  **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

1       Moreover, this request is irrational because the loan modification is to

2   plaintiff's benefit, as it reduced her mortgage payments by roughly $800.00 per

3   month for over five years.  Accordingly, in the event that the loan modification is

4   ultimately rescinded, plaintiff's default would be even higher than it currently is

5   at the present time.   If this Court determines that the loan modification is no

6   longer effective, then plaintiff's loan obligations revert to the original terms of the

7   December 16, 2006 loan.    Plaintiff is not entitled to a free home as she

8   interestingly requests.  Finally, plaintiff's claim that she was confused about the

9   terms of the loan modification is of little merit which will be discussed infra.

10  Based on the foregoing, dismissal of plaintiff's declaratory relief claim is

11  appropriate.

12      **C.**    **<u>Plaintiff's Third Claim for Breach of Contract/ Rescission Has</u>**

13            **<u>No Merit As Plaintiff Has Not Sustained Resulting Damages</u>**

14      Plaintiff's breach of contract/ rescission claim fails.  In order to recover

15  damages for breach of contract, the following elements must exist: (1) the

16  contract, (2) plaintiff's performance or excuse for non-performance, (3)

17  defendant's breach, and (4) the resulting damages to plaintiff.  *Durell v. Sharp*

18  *Healthcare*, 183 Cal.App.4th 1350, 1367 (4th Dist. 2010).  In this case, plaintiff's

19  breach of contract/ rescission cause of action first fails because plaintiff is

20  contractually precluded from suing defendants based on the permanent loan

21  modification as discussed above.   (Complaint, Exhibit B, Modification

22  Agreement, Nos. 3-4).

23      Plaintiff has also not sustained any resulting damages.   The loan

24  modification reduced plaintiff's mortgage payments by roughly $800.00 per

25  month for over five years.  In the event that the loan modification is ultimately

26  rescinded, plaintiff would be obligated to meet her original contractual

27

28      **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

1   obligations under the terms of the December 16, 2006 loan.  Put another way, the

2   loan modification is actually to plaintiff's benefit, not to her detriment.   If the

3   loan modification is declared to be void, plaintiff will have to pay back an even

4   higher default amount.   The September 1, 2011 trustee's sale has rescinded and

5   plaintiff is back on title.  Plaintiff cannot as a matter of law plead any resulting

6   damages, especially considering that defendants are not obligated to give plaintiff

7   another loan modification, even if she qualified under the federal guidelines.

8   *Hoffman v. Bank of America, N.A.,* 2010 WL 2635773, at *5 (N.D. Cal., June 30,

9   2010).

10      Plaintiff further claims that the change in the interest rate and monthly

11  payment under the loan modification was not provided.  However, a closer look at

12  the loan modification and the original loan documents provides otherwise.  Under

13  the loan modification, plaintiff's reduced monthly mortgage payment of

14  $3,027.02 was to change beginning May 1, 2013, and plaintiff's reduced interest

15  rate of 5.5% was to change beginning April 1, 2013.  (Complaint, Exhibit B,

16  Modification Agreement, Nos. 1(a) and 1(c)).  What plaintiff fails to address in

17  the Complaint is that the original Note and Deed of Trust control all other

18  conditions, and that the maturity date on the modified loan clearly indicates

19  January 1, 2037.   (Complaint, Exhibit B, Modification Agreement, No. 4,

20  Attachment A, "Modification Terms" section).

21      Based on these express terms, the interest rate would change on April 1,

22  2013 pursuant to the provisions of the Adjustable Rate Rider, an addendum to the

23  original Deed of Trust. (Request for Judicial Notice, Exhibit A, Adjustable Rate

24  Rider).  Put another way, plaintiff's interest change beginning April 1, 2013 is not

25  a set fixed amount but rather an adjustable rate based on the present LIBOR Index

26  pursuant to the Deed of Trust.  (Request for Judicial Notice, Exhibit A,

27

28  **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

8

1   Adjustable Rate Rider, No. 4(B)).   Accordingly, the change in the monthly

2   mortgage payment beginning May 1, 2013 is also not set in stone.  This change in

3   the mortgage payment will depend on the operative interest rate on May 1, 2013

4   and calculated to ensure that the entire modified loan obligation is paid in full by

5   the maturity date of January 1, 2037.  In sum, there are no "set" interest rates or

6   mortgage payments beginning April 1, 2013 and May 1, 2013, respectively,

7   because these figures on conditioned on various factors as expressly laid out in

8   the loan modification.

9   **D.**   **Plaintiff's Fourth Claim Against Defendant Deutsche Bank For**
      **Violation of the Truth in Lending Act ("TILA") is Barred By the**
10     **Statute of Limitations and the Doctrine of Claim Preclusion**

11

12   **1.**   **Plaintiff's TILA Claim is Time-Barred**

13   Plaintiff's TILA claim is barred as a matter of law.  For TILA claims, the

14   statute of limitations for actions for damages runs one year after the loan

15   origination. 15 U.S.C. § 1640(e).  For actions seeking rescission under TILA, the

16   statute of limitations runs three years from loan origination. 15 U.S.C. § 1635(f).

17   Here, the loan modification was entered into on April 7, 2008 and the first

18   payment was due May 1, 2008.  (Complaint, Para. 104, Exhibit B).  As such,

19   plaintiff's claim for damages under TILA is time-barred because plaintiff must

20   have brought this TILA claim by on or around May 1, 2009.  Plaintiff's claim for

21   rescission under TILA is also time-barred because the statute for rescission ran on

22   or around May 1, 2011.  The instant lawsuit was not filed until March 1, 2012,

23   well after the statute of limitations ran for both damages and rescission.

24   Plaintiff's TILA claim must be dismissed as a matter of law.

25   ///

26   ///

27

28   **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

1

2.    **Plaintiff's TILA Claim is Barred By Claim Preclusion**

2          Plaintiff's TILA claim is also barred under the doctrine of claim preclusion.

3    Res judicata bars claims where (1) the prior and present lawsuits involve an

4    identity of claims, (2) there was a final judgment on the merits of the first lawsuit,

5    and (3) there is privity between the parties in both lawsuits.    *Tahoe Sierra*

6    *Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064,

7    1077 (9th Cir. 2003).    A "final judgment" is an adjudication of the case, and

8    includes orders granting dismissals for failure to state a claim.    *Cook v. Peter*

9    *Kiewt Sons Co.*, 775 F.2d 1030, 1035 (1985).    Res judicata "relieve[s] the parties

10   of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and,

11   by preventing inconsistent decisions, encourage[s] reliance on adjudication."

12   *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

13         The "[c]entral criterion in determining whether there is identity of claims

14   between first and second adjudications for preclusion purposes is whether two suits

15   arise out of the same transactional nucleus of facts." *Frank v. United Airlines*, 216

16   F.3d 845, 850 (2000).    "Under res judicata, a final judgment on the merits of an

17   action precludes the parties or their privies from relitigating issues that were or

18   *could* have been raised in that action."    *Allen, supra*, at 94.    "It is immaterial

19   whether the claims asserted subsequent to the judgment were actually pursued in

20   the action that led to the judgment; rather, the relevant inquiry is whether they

21   *could* have been brought." *Id.*

22         Here, plaintiff's TILA claim against defendant Deutsche Bank is barred

23   because plaintiff has already had the TILA claim adjudicated on the merits in her

24   prior bankruptcy adversary action.    On February 25, 2010, plaintiff filed an

25   adversary action against Deutsche Bank, which included an express claim for

26   purported TILA violations.    (Request for Judicial Notice, Exhibit 4).    The

27

28        **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

1   bankruptcy court dismissed the adversary action on April 14, 2010 following a

2   Motion to Dismiss brought on behalf of multiple defendants, including Deutsche

3   Bank. (Request for Judicial Notice, Exhibit 4). As such, this TILA claim is barred

4   by claim preclusion as a matter of law. In the event that plaintiff is relying on

5   additional facts in the current lawsuit that were not previously raised in the prior

6   adversary action, claim preclusion still applies. At issue in our current matter is

7   the loan modification which was executed on April 7, 2008. Given that plaintiff

8   brought the adversary action well afterwards on February 25, 2010, plaintiff *could*

9   have litigated all issues related to the loan modification in this prior adversary

10   proceeding. Plaintiff's TILA claim fails on its face.

11       **E.**    **Plaintiff's Fifth Claim For Unfair and Unlawful Practices is Insufficiently Pled Because It Relies Entirely On Plaintiff's Other Barred Claims**

13       Plaintiff's claim for violation of *California Business & Professions Code* §§

14   17200, *et seq.*, also known as California's Unfair Competition Law ("UCL"), fails

15   because it is premised on plaintiff's other barred claims. The UCL does not

16   proscribe specific activities, but broadly prohibits any (1) unfair, (2) unlawful, or

17   (3) fraudulent business act or practice. *Puentes v. Wells Fargo Home Mortg., Inc.,*

18   160 Cal.App.4th 638, 643-644 (4th Dist. 2008). "A plaintiff alleging unfair

19   business practices under these statutes must with reasonable particularity the facts

20   supporting the statutory elements of the violation." *Khoury v. Maly's of*

21   *California, Inc.*, 14 Cal.App.4th 612, 619 (2d Dist. 1993).

22       "Factual allegations must be enough to raise a right of relief above the

23   speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

24   "[A] plaintiff's obligation to provide grounds of his entitlement to relief requires

25   more than labels and conclusions." *Id.* Defendant must be given not only fair

26   notice of the nature of the claim, but the grounds upon which it rests. *Id.* at 556.

28   **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

1  When considering a motion to dismiss, the court does not accept as true plaintiff's
2  unreasonable inferences or conclusory allegations cast in the form of factual
3  allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

4      Here, as discussed above, the September 1, 2011 trustee's sale inadvertently
5  went forward but the sale has since rescinded.  Plaintiff's standing claims based on
6  the assignments of the beneficial interest under the Deed of Trust are red herring
7  arguments as likewise discussed above.  Finally, plaintiff's TILA claims are time-
8  barred and claim preclusion applies for the reasons set forth above as well.
9  Otherwise, plaintiff's UCL claim is insufficiently pled because it is unclear what
10 other basis this claim is being brought under.  (Complaint, Paras. 109-121).
11 Plaintiff merely concludes that there was some unfair, unlawful, or fraudulent
12 activity but the ultimate facts are not pled aside from plaintiff's other four claims
13 which are barred for the reasons explained above.  Dismissal of this claim is
14 accordingly proper.
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27
28 **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**
   12

## IV.    CONCLUSION

Plaintiff's attempt to make the September 1, 2011 trustee's sale some sort of nefarious situation is not provided for by the record.  The subject real property inadvertently sold at public auction on this date because defendants were under the impression that the Chapter 13 bankruptcy was dismissed and the automatic stay vacated.  Plaintiff admits she was in default at all relevant times and the facts surrounding her latest two bankruptcy petitions creates the reasonable inference that plaintiff has improperly used the judicial process to stop the foreclosure. Plaintiff's wrongful foreclosure lawsuit is moot because the September 1, 2011 sale has rescinded.   Defendants respectfully request this Court to accordingly dismiss this action based on all of the mitigating factors in play.

Dated:  March 26, 2012

**HOUSER & ALLISON**
A Professional Corporation

/s/ Steven S. Son
Steven S. Son
Attorneys for Defendants,
Deutsche Bank National Trust Company, as
trustee under Pooling and Servicing
Agreement Dated as of May 1, 2007
Securitized Asset Backed Receivables LLC
Trust 2007-BR4 and Western Progressive,
LLC

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**
13

# PROOF OF SERVICE

STATE OF CALIFORNIA            )
                               ) ss
COUNTY OF LOS ANGELES )

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3760 Kilroy Airport Way, Suite 260, Long Beach, California 90806.

    On March 26, 2012, I served the following document(s):

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**

    On the following interested parties in this action described as follows:

Lenore L. Albert, Esq.
Law Offices of Lenore Albert
7755 Center Avenue, Suite 1100
Huntington Beach, CA  92647
Tel.:  714-372-2264
Fax:   419-831-3376
Email: lenorealbert@msn.com
*Attorney for Plaintiff, Helen Galope*

[ ]    **VIA FIRST CLASS MAIL:** Pursuant to FRCP 5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices.  I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Long Beach, California, with postage thereon fully prepaid that same day in the ordinary course of business.

[X]    **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF System to the e-mail addresses listed above.  I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's

1   CM/ECF System, and the transmission was reported as complete without error.

2

3       I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

4       Executed on March 26, 2012, in Long Beach, California.

5

6

7                         /s/ Richard Mendizábal

8                         Richard Mendizábal

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28