Lenore L. Albert, Esq.   SBN 210876
LAW OFFICES OF LENORE ALBERT
7755 Center Avenue, Suite #1100
Huntington Beach, CA 92647
Telephone (714) 372-2264
Facsimile (419) 831-3376
Email: lenorealbert@msn.com
Attorney for Plaintiff, HELEN GALOPE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN GALOPE, an individual,<br><br>                          Plaintiffs,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, et al,<br>                          Defendants. | CASE NO. SACV 12 00323-CJC (RNBx)<br><br>Assigned to the Hon: Cormac J. Carney<br><br>**PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE ALBERT**<br><br>DATE: June 11, 2012<br>TIME: 1:30PM<br>DEPT: 9B |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

COMES NOW plaintiff Helen Galope and hereby moves this honorable Court for

leave to file a Second Amended Class Action Complaint before the Honorable Cormac J.

Carney in Courtroom 9B of the United States District Court located at 441 West Fourth

PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE
ALBERT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

Street, Ninth Floor, Santa Ana, California on June 11, 2012 at 1:30PM or as soon thereafter as the matter may be heard.

Plaintiff is requesting that this court allow leave for plaintiffs to file their Second Amended Complaint as a Class Action pursuant to FRCP 15a on the grounds that granting plaintiff's motion would be in the furtherance of justice and would not prejudice the defendants. Furthermore, the legal theory has changed in this pleading requiring class allegations.

There is no known prejudice to defendants in granting this motion. No trial date has been set and no answer has been filed.

This motion is made following the OSC set by the Court on May 1, 2012 and an intent to file said motion in part response to the OSC was served on counsel 5 days prior to filing as the equivalent to Local Rule 7-3.

The motion is based on this motion, memorandum of points and authorities, declaration of Lenore Albert, Esq. and proposed pleadings attached thereto, the Court Order of 5/01/12 and any such further evidence or judicially noticeable facts that may be considered at the hearing.

Dated: May 14, 2012                    Respectfully Submitted,
                                       LAW OFFICES OF LENORE ALBERT

                                       /s/ Lenore Albert_____
                                           LENORE L. ALBERT, ESQ.
                                           Attorney for Plaintiff Helen Galope

**2**

**PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

## MEMORANDUM OF POINTS AND AUTHORITIES
## I.  FACTS

On May 1, 2012 this honorable Court issued an OSC re: why this case should not be dismissed after reviewing the pleadings. The motion is being made on the alternative ground, and in the event, the court does not allow plaintiff leave to amend in response to the OSC.

The main thrust of this wrongful foreclosure case is that defendants violated the UCL Bus & Prof Code §17200 statute by violating 11 USC §362, the automatic stay provision, by selling plaintiff's property at foreclosure while the stay was in place.

Part of the dispute has its roots in a loan modification Ms. Galope obtained in 2008 before the financial crises in this nation occurred.

Ms. Galope was in an interest only adjustable rate mortgage under predatory and abusive terms.  She was promised she was receiving a modification on more favorable terms of 5% in 2008, but in fact received a modification where the interest rate range was 8.775% to 15.75% after the interest only period expired.

However, no reasonable person could tell that this was the case because the document was misleading. Defendant purposefully faxed the document to plaintiff and the way it was prepared it appeared a page was missing that contained the favorable terms. One page stopped mid-sentence at 1d and the next page picked up at term number 3.

**1**

**PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

Defendants would not send plaintiff what she thought, was the missing page. But, verbally over the telephone they reassured her over and over again that her modification was on more favorable terms.

It was not until this action was filed that the defendant represented the modification terms reverted to the original terms in the note.  It appears that there was no missing fax page, the document was complete with all terms, making the document and manner it was provided to the borrower an unlawful, unfair, and fraudulent business practice.

The trust allegedly involves $849,044,000.00 in principal of similar loans. Other consumers similarly situated to Ms. Galope may not become aware of the fraud until 2013 or later. The UCL now requires such claims to be pled with class allegations. As such, good cause exists to allow the amendment to include class allegations.

Plaintiff originally alleged claims of breach of contract, wrongful foreclosure and UCL §17200 claims. The court read the pleading and issued an order to show cause on May 1, 2012.  Plaintiff requested additional time to respond and informed the court that plaintiff intended to move for leave to file a new pleading on changed theory of the case.  Plaintiff desires to amend the complaint to a Class Action pleading based on two UCL §17200 violations; one UCL §17500 violation; one aiding and abetting

**PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          *SACV12-323-CJC (RNBx)*

claim for violations under §§17200 and 17500 of the UCL; and one claim for damages for wrongful foreclosure.

## II.   LAW

Federal Rules of Civil Procedure, Rule 15 allow a party the ability to seek leave to amend the pleading. Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

"Given the liberal standards mandated by Rule 15, the *non*moving party bears the burden of demonstrating why leave to amend should *not* be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986)(emphasis added). In the absence of an "apparent reason," such as undue delay, bad faith, dilatory motive, prejudice to defendants, futility of the amendments, or repeated failure to cure deficiencies in the Complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend . . . . Consideration of prejudice to the opposing party "carries the greatest weight." *Advanced Thermal* at 3 (internal citations omitted)(quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), and citing *Foman v. Davis*, 371 U.S. 178, 182 (1962), and *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a ***presumption*** under Rule 15(a) in favor of granting leave to amend." *Moore*, 885 F.2d at 538 (emphasis in original); *see United States v. Webb*, 655

**3**

PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE ALBERT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*            *SACV12-323-CJC (RNBx)*

F.2d 977, 979 (9th Cir. 1981)(courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities").

## III.   ARGUMENT

### A. <u>Leave To Amend Should be Granted</u>

A business that commits fraud, gains when the fraud goes unchecked and loses nothing if the fraud is found out and redressed. However, there is something cockeyed about the notion that plaintiff has no damages based on the fraud because she still had an outstanding mortgage.  Plaintiff has changed the legal theory of the complaint. Plaintiff proposes to attack the conduct alleged using the UCL.

California's unfair competition law prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." (Cal. Bus. & Prof. Code § 17200.) And under this law, a practice can be prohibited as unfair or deceptive even if not *unlawful*, and vice versa. (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163 (1999).) For example, a plaintiff's allegations that a defendant used incomplete and misleading illustrations to sell universal life insurance policies may be actionable under the unfair competition law absent any claim that such conduct violated any regulation or statute. (*Wilner v. Sunset Life Ins. Co.,* 78 Cal. App. 4th 952 (2000).)

**4**

PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE ALBERT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

An *unlawful* business practice can be "anything that can properly be called a business practice and that at the same time is forbidden by law." (*Summit Tech., Inc. v. High-Line Med. Instruments Co.,* 933 F. Supp. 918 (C.D. Cal. 1966)

This prong of the unfair competition law allows a plaintiff to enforce a broad array of state and federal statutes, including consumer-protection statutes (*Walker v. Countrywide Home Loans, Inc.,* 98 Cal. App. 4th 1158 (2002) (Cal. Civ. Code § 2954.4); antidiscrimination statutes (*Reese v. Wal-Mart Stores, Inc.,* 73 Cal. App. 4th 1225 (1999), (Unruh Civil Rights Act, Cal. Civ. Code §§ 51-51.4)); criminal statutes (*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.,* 17 Cal. 4th 553 (1998), (Cal. Penal Code § 308); and environmental statutes (*Hewlett v. Squaw Valley Ski Corp.*, 54 Cal. App. 4th 499 (1997), (Cal. Pub. Res. Code § 4511).)

1. **Standing for the UCL Claims:** After the 2004 amendments to the UCL, plaintiffs are required to plead class allegations. Plaintiff added FRCP 23 class allegations to the proposed pleading and converted the pleading to a class action.

This case is one where the affected borrowers are disbursed throughout the United States but the defendant DBNTC is a California business and the UCL is a California law. A sum of these borrowers may not even know yet that they have been duped as the readjustment in their loans will not begin to happen until 2013.  As such, the forum for this litigation should be here, in California. FRCP 23(b)(3).

**PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          *SACV12-323-CJC (RNBx)*

There is no reason why this court could not maintain a nationwide class for violation of the UCL because the defendant is located here in California. The government has an interest in ensuring businesses like defendant comply with the laws of this jurisdiction. See e.g., *Bruno v Eckhart Corporation*, Case No. SACV11-0173 DOC, 2012 U.S. Dist Lexis 30873 (CD Cal filed Mar. 26, 2012)

Injury in fact to have standing to bring this claim was outlined in *Kwikset Corp. v Sup. Court,* 51 Cal 4th 310 (2011) where the California Supreme Court reaffirmed "economic injury from unfair competition may be shown: A plaintiff may (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a congnizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary." Id. at 323.

Here, defendants transferred plaintiff's property in violation of a stay thereby depriving her title to her property and diminished (wiped out) her present property interest for Class A members.

And the plaintiff and Class members of group B acquired in a transaction (the modification) less than they otherwise would have if they had not entered the transaction

**6**

**PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*        *SACV12-323-CJC (RNBx)*

at all after being misled by the defendant that the modification was based on more favorable terms than their original notes.

Consequently, standing and injury in fact exist in this case.

2.   **UCL §17200 – Claim 1:**  In order to plead a UCL claim is unlawful, plaintiff must allege (1) the law that is being borrowed and (2) some level of specificity or particularity of the facts supporting the violation. *Microsoft Corp. v A-Tech Corp.*, 855 F.Supp. 308, 313 (CD Cal 1994).  However, the absence of a private cause of action conferred in a federal law being 'borrowed' as a violation is not a barrier to state a UCL claim. *Washington Mutual Bank*

*v Superior Court*, 75 Cal App4th 773, 783 (1999).

It is unlawful to transfer property while there is a bankruptcy stay prohibiting any transfers. 11 USC §362.

Plaintiff alleged that defendants violated 11 USC §362 by transferring her property while the automatic stay under 11 USC §362 was in place.

Violations of existing TRO orders are akin to automatic stays and are actionable claims under the UCL. In *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4[th] 499 (1997), the plaintiffs complaint alleged the defendants violated Cal Business & Professions Code §17200 by cutting down trees in violation of an existing TRO.  The court noted that had the defendants waited just a short time, it could have lawfully cut the trees down.

PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE ALBERT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*               *SACV12-323-CJC (RNBx)*

However, since it did not wait, a viable claim for violating Cal Business & Professions Code §17200 was made.

The UCL statute was amended in 1992 to include past, one-time acts as a prohibited business practice. *Klein v Earth Elements, Inc*. 59 CalApp4th 965, 969 (1997) As such, the past one-time conduct such as the September 1, 2011 transfer of plaintiff's property in violation of the stay is actionable conduct.

Third, the fact that defendant rescinded the transfer after this action commenced does not moot the claim. Defendant cannot pick off the plaintiff by what would amount to an involuntary settlement. *See, Wallace v Geico General Ins. Co.,* 183 CalApp4th 1390 (2010).

3.    **UCL §17200 Cause of Action No. 2:**  In *Peel v Brooks America Mortg Corp*. 788 F.Supp.2d 1149, 1166 (CD Cal 2011) the court found that a lender who put in a teaser rate on a mortgage loan which resulted in a negative amortization stated an unfair business practice.

Likewise, in *Boschma v Home Loan Center, Inc*. 198 CalApp4th 230, 253 (2011) the court found that presenting a lawful contract in a deceptive manner is a fraudulent business practice under UCL.

The facts alleged in this case is a mixture of both *Peel* and *Boschma*.  Here, plaintiff alleged defendant presented a modification document by fax making it appear a

**8**

**PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                *SACV12-323-CJC (RNBx)*

page was missing by ending one page at 1.d. in mid-sentence then starting the next page at item 3. Plaintiff alleged that the fax was deceptive in leading plaintiff to believe the more favorable terms of an interest rate of 5% in the modified loan were merely missing from her fax copy when in fact no page was missing from the document at all, meaning the true interest rate was 8.775% to 15.75% and not the 5% as promised on the phone.

Consequently, Plaintiff's allegations that the fraudulent and misleading faxes which appeared to the borrower to be a modification on more favorable terms when in fact it was a modification on less favorable terms and still continued to employ negative amortization adequately alleges a claim of an unfair business practice, too.

4.      **UCL §17500 – Claim 3:**  The rule is that advertising that can be interpreted in a misleading way should be construed against the advertiser. *Resort Car Rental System, Inc v FTC*, 518   F.2d   962, 964 (9th Cir. 1975).

Advertising includes a banks misquote of interest rate over the telephone to a potential borrower. It does not have to be put in the public media. *Chern v Bank of America*, 15 Cal3d 866, 870 (1976).

The complaint alleges defendant misquoted the terms of the modified loan over the telephone to plaintiff.  The phone conversations coupled with the Attachment to the modification document that was faxed and appeared to have a page missing was

**9**

**PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

misleading.  This conduct was potentially deceptive to the borrowers who were the audience that these representations were aimed at.

Consequently, plaintiff can and did allege a claim for violation under section 17500 of the UCL.

5.   **UCL §17200 and §17500 – Aiding and Abetting:**  A defendant need not know that the conduct was unlawful, but the defendant who has knowledge of the conduct and assists by aiding and abetting can be held liable, such as individual corporate officers or majority stockholders. *People v Toomey*, 157 CalApp3d 1 (1985).

This claim has been pled against Doe defendants, whose identities are not yet known.

6.   **Damages for Wrongful Foreclosure – 5th Claim:**  The elements of a common-law cause of action for damages for wrongful foreclosure are: (1) Trustee or mortgagee caused an illegal, fraudulent or willfully oppressive sale of real property; (2) pursuant to a power of sale contained in a mortgage or deed of trust; and (3) the Trustor or mortgagor sustained damages. (*Munger v. Moore* (1970) 11 Cal. App. 3d 1, 7; see 4 Witkin, Sum. Of Cal. Law (10th ed. 2005) Secured Transactions in Real Property, §168.)

Plaintiff alleged that defendants unlawfully, fraudulently or unfairly transferred her property in violation of 11 USC §362 on September 1, 2011 at the nonjudicial foreclosure (pursuant to a power of sale) and that plaintiff sustained damages.

PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE
ALBERT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          *SACV12-323-CJC (RNBx)*

Consequently, the court should allow plaintiff leave to plead this claim.

**B.  There Would Be No Prejudice To Defendants**

Second, the defendants will not be prejudiced. No scheduling order or trial date has issued in this case. This is not being sought to delay the action.

**IV CONCLUSION**

Wherefore plaintiffs respectfully request that this court give plaintiff leave to file the Second Amended Class Action Complaint that is attached hereto.

Dated:  May 14, 2012                        Respectfully Submitted,
                                            LAW OFFICES OF LENORE ALBERT


                                            /s/ Lenore Albert_____
                                            LENORE L. ALBERT, ESQ.
                                            Attorney for Plaintiff Helen Galope

**11**

PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE
ALBERT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          *SACV12-323-CJC (RNBx)*

## DECLARATION OF LENORE ALBERT, ESQ.

I, Lenore Albert, Esq. am the attorney of record for the plaintiffs in the above captioned action and am licensed to practice before all courts in the State of California and before the United States District Court for the Central District of California, the Ninth Circuit, and the Supreme Court of the United States of America.  If called as a witness I would and could competently testify as follows:

1.      Attached hereto and fully incorporated herein as Exhibit A is a true and correct copy of proposed Second Amended Class Action Complaint.

2.      No trial date, meeting of counsel with 26f disclosures has been made in this case so I know of no prejudice to defendant in allowing this amended pleading.

3.      I personally reviewed the law and the pleadings to make sure the elements for a §17200, §17500 and common claim for damages for wrongful foreclosure were pled.

4.      I personally reviewed the material facts that would support a viable claim in this case and made sure they were pled.

5.      These theories allow for the appropriate injunctive and monetary damages to be alleged and recovered in this case.

**PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

6.      It was not until after this suit was brought that the defendants asserted the modification document as faxed and attached to the prior pleading was complete in itself.

7.      I have no doubt that is a proper basis for a UCL claim.

8.      Cal Civ Code §1623 fits in this scenario for fraudulent inducement in the execution of this modification document in order to avoid the Statute of Frauds defense.

9.      UCL claims are properly pled with class allegations because any injunctive relief would not only be on behalf of Ms. Galope but also on the other members of the public.

10.      In this case, it is properly pled as a nationwide class action on the grounds that defendant Deutsche Bank National Trust Company is located in California and the California UCL would apply to the defendant's conduct no matter where the consumer is located.

11.      Furthermore, there is subject matter jurisdiction on the grounds that the federal court has jurisdiction over claims for damages for violation of 11 USC §362. The forum is not limited to the US Bankruptcy court, but to any US District Court, including the US Bankruptcy court.

**13**

PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE
ALBERT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

I declare under penalty of perjury according to the laws of the State of California that the foregoing is true and correct.  Executed on May 14, 2012 at Huntington Beach, California.

/s/ Lenore Albert_____
LENORE L. ALBERT, ESQ.

**14**

**PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 7755 Center Avenue Suite #1100,Huntington Beach, CA  92647.

On May 14, 2012, I served a copy of the following document(s) described as:

**PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE ALBERT**

On the interested parties in this action as follows:

<u>See attached Mail List</u>

**[x] BY CM/ECF** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth pursuant to FRCP 5(d)(1).

**[ ] BY EMAIL** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth herein.

**[ ] BY FAX** – I caused such document(s) to be transmitted facsimile from the offices located in Westminster, California this business day to the aforementioned recipients.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: May 14, 2012

s/ Lenore Albert
Lenore Albert

**15**

PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE ALBERT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          *SACV12-323-CJC (RNBx)*

1

Mailing List

2

3 <u>For Defendant Western Progressive, LLC and</u>
<u>Defendant Deutsche Bank National Trust Company:</u>

4

5 Eric D. Hauser, Esq.
Steven S. Son, Esq.

6 HOUSER & ALLISON

7 3760 Kilroy Airport Way, Suite 260
Long Beach, CA 90806

8 Telephone: (949) 679-1111
Fax: (949) 679-1112

9 Email: sson@houser-law.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**16**

**PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*