Lenore L. Albert, Esq.   SBN 210876
LAW OFFICES OF LENORE ALBERT
7755 Center Avenue, Suite #1100
Huntington Beach, CA 92647
Telephone (714) 372-2264
Facsimile (419) 831-3376
Email: lenorealbert@msn.com
Attorney for Plaintiff, HELEN GALOPE, on behalf of herself and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN GALOPE, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4; WESTERN PROGRESSIVE, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. SACV 12 00323-CJC (RNBx)<br><br>Assigned to the Hon: Cormac J. Carney<br><br>**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT** |

PLAINTIFF, HELEN GALOPE, on behalf of herself and those similarly situated bring this national class action against defendants for conducting its business practice in an unlawful, unfair and fraudulent manner as alleged herein.

## I.    VENUE

**1**

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al          CASE NO. SACV 12 00323-CJC (RNBx)*

1.      The Court has subject matter jurisdiction over this action under 28 USC § 1332 wherein this is a class action over $5,000,000.00 where at least one plaintiff is diverse from one defendant.  Alternatively, federal question jurisdiction exists under 28 USC §1331 based on the 11 USC §362 violation.

2.      The Court has personal jurisdiction over the defendants in this action by the fact that the Defendants are conducting business in the state of California.

3.      Venue is proper in this Court pursuant to 28 USC § 1392 because the action involves real property located in the Central District of California; and pursuant to 28 USC § 1391(b) because a substantial part of the events or omissions on which the claims are based occurred in this District.

## II. **PARTIES**

4.      At all times mentioned herein, Plaintiff HELEN GALOPE was the title owner by way of a grant deed to the property duly recorded in the Los Angeles County Recorder's Office, Book 391, pg 40-42 more commonly known as 19117 DELANO STREET, TARZANA, CALIFORNIA 91335 (hereinafter referred to as "The Premises") which was her principal residence (APN 2128-022-022).

5.      Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee under pooling and servicing agreement dated as of May 1, 2007 securitized asset backed receivables LLC trust 2007-BR4, has its principal place of business in Santa Ana, California and is registered to do business in the State of California and claimed to be the

2

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al        CASE NO. SACV 12 00323-CJC (RNBx)*

title owner of The Premises, by virtue of a trustee's deed from defendant Western Progressive, LLC at the time this action was originally commenced.

6.      Defendant, WESTERN PROGRESSIVE, LLC, Trustee ("WESTERN"), has its principal place of business in Kennesaw, Georgia, and regularly conducts business in the State of California, and is authorized to conduct business in the State of California.

7.      Plaintiffs do not know the true names and capacities of the defendants DOES 1 through 10, inclusive, and, as such, names said defendants by such fictitious names.  Plaintiffs will amend the complaint to state the true name and capacity of the DOE defendant(s) when such information is ascertained.

8.      Plaintiffs are informed and believe, and allege thereon, that each defendant is responsible in some manner for the occurrences alleged in their complaint, and that plaintiffs' damages were proximately caused by the defendants at all times mentioned in the complaint.

9.      Plaintiff is further informed and believes and alleges thereon that each defendant was the agent, servant, representative, and/or employee of their co-defendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, representatives, and/or employees, and with the permission and consent of their co-defendants.

10.     Additionally, plaintiff is informed and believes and alleges thereon that each defendant assisted, aided and abetted, adopted, ratified, approved, or condoned the

**3**

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al          CASE NO. SACV 12 00323-CJC (RNBx)*

actions of every other defendant and that each corporate defendant, if any, was acting as the alter ego of the other in the acts alleged herein.

11.     Any applicable statutes of limitations have been tolled by the Defendants continuing, knowing, and active concealment of the facts alleged herein.  Despite exercising reasonable diligence, Plaintiffs could not have discovered, did not discover, and were prevented from discovering, the wrongdoing complained of herein.

### III. FACTUAL ALLEGATIONS

12.     Two years after plaintiff acquired the Premises, she signed a secured loan agreement and promissory note whereby New Century Mortgage Corporation loaned plaintiff the sum of $522,000.00 secured by the Premises on or about December 15, 2006.

13.     The terms were abusive and predatory in that the loan was an interest only adjustable rate mortgage where eventually the principal would be amortized at an interest ranging from 8.775% to 15.75% while borrower continued to dutifully make the payments under the terms as expressed in the Note.

14.     HomEq became the servicer on this loan.

15.     Ms. Galope continued to dutifully make her monthly mortgage payments through 2008 until she became hospitalized when she nominally fell behind on her interest mortgage payments.

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*          *CASE NO. SACV 12 00323-CJC (RNBx)*

16.     With the assistance of an organization referred to as HOPE, plaintiff sought and believed she obtained a loan modification.

17.     She believed her loan was modified to more favorable terms.

18.     On April 7, 2008 HomEq employee, Taheera Franklin, represented to plaintiff on the phone that:

a.     HomEq would add $7,634.26 she owed to her principal balance in order to cure her arrearages,

b.     HomEq modified the interest only adjustable rate mortgage to a fixed 5% interest rate modification,

c.     Her monthly payment would be reduced from $3,817.13 to $2,465.61, and

d.     Her lender was giving her more favorable terms by way of this modification.

19.     Taheera Franklin then faxed a document dated April 7, 2008 titled "Modification Agreement" to plaintiff on or about April 10, 2008.

20.     Attachment A recited that the $7,634.26 was being added to the principal of the loan; that the existing payment of $3,817.13 was being reduced to $2,465.61 plus impound of $561.41 making her new payment $3,027.02 and that the remaining term on her new loan was 345 months at an interest rate of 5.5%. A true and correct copy of the cover letter, modification and Attachment A plaintiff received by fax are attached hereto as Exhibit A.

5

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al          CASE NO. SACV 12 00323-CJC (RNBx)*

21.     Taheera Franklin instructed plaintiff to sign it and fax it back.

22.     Plaintiff believed the document contained the terms as represented by Taheera Franklin on the telephone so she signed the document and faxed it back to Taheera Franklin as instructed.

23.     Plaintiff's reliance was reasonable on the grounds that Attachment A had the same monthly payment figures as discussed on the phone and the first page of the document clearly stated:

> This Modification Agreement ("Agreement") is made and entered into as of this 7th day of April, 2008 by and between HomEq Servicing.

24.     The modification agreement also had a letter attached that matched Attachment A and represented:

> In accordance with the Agreement, your new monthly payment will be due 05/01/2008, in the amount of $3,027.02.  This payment includes $2,465.61 for the new principal and interest payment and $561.41 for the estimated impound/escrow payment." (Exhibit A)

25.     Plaintiff complied with all conditions contained in the document, signed and started making the modified payments under the belief she received the modification as represented by defendant's representative on the telephone.

26.     Defendant HomEq accepted and cashed plaintiff's payments of $3,027.02.

27.     Later, Ms. Galope noticed that the description of her modified terms stopped at March 1, 2013.  Paragraph 1(d) at the bottom of page one of the agreement did not pick up again at page 2.  It simply read:

6

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al          CASE NO. SACV 12 00323-CJC (RNBx)*

**1.NOTE MODIFICATIONS:**

**…**

**"d. The period in which Borrower's monthly principal and interest payment will consist of interest only is extended until 04/01/2013 (the "Interest Only Period"). Upon expiration of the Interest Only Period, Borrower's monthly principal and interest payment will be increased to an"**

29.     *At that point it just stopped in mid-sentence.* When she flipped the modification agreement to begin reading the top of the next page, the modification agreement continued with:

**3. RELEASE:**

**Borrower releases HomEq, its subsidiaries, affiliates, agents, officers and employees, from any and all claims, damages or liabilities of any kind existing on the date of this Agreement, which are in any way connected with the origination and/or servicing of the Loan, and/or events which resulted in Borrower entering into this Agreement.**

30.     Plaintiff was shocked and concerned that her modification payments may change on April 1, 2013 contrary to what she was promised in her phone conversations with Taheera Franklin.

31.     The fax was misleading in that it stopped at "1.d" and then the next page started at "3" making it appear that a page was missing from the fax transmission that contained the missing terms of 1.d and 2 as originally represented by Taheera Franklin over the telephone.

32.     However, this was in fact, the entire document which intentionally was faxed and mismatched and skipped numbers and had the effect of keeping plaintiff in

7

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*          *CASE NO. SACV 12 00323-CJC (RNBx)*

the predatory and abusive terms of the original loan. The only thing it truly did was extend out plaintiff's interest only payments that would not be applied to pay down any principal on her loan, meaning her modification resulted in *less favorable terms* than her original note.

33.     But it lulled plaintiff and those similarly situated into believing a page of the fax was missing, thereby inducing the borrowers into believing they were receiving more favorable terms so they continued to pay on the modified note without seeking other sources for refinancing.

34.     Defendant fraudulently misled plaintiff into believing HomEq merely failed to fax over the missing page containing the rest of the terms of her loan modification.

35.     When plaintiff telephoned HomEq, she was directed to and communicated with Taheera Franklin.

36.     Taheera Franklin never disclosed or explained to plaintiff that the terms under her modified loan were less favorable than promised in that her interest rate would increase from 5.5% to anywhere between 8.775% and 15.775% on April 1, 2013.

37.     Whether Ms. Galope had to pay back her loan at a 5% interest promised or at an interest that varied from 8.775% to 15.775% was material to the agreement.

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*        *CASE NO. SACV 12 00323-CJC (RNBx)*

38.     Taheera Franklin continued to orally represent to plaintiff that the more favorable terms as discussed previously were part of the document but failed to fax over what appeared to be the missing page of the document.

39.     Plaintiff followed up with several more phone calls and the same answer was given, nothing more and nothing less.

40.     Then one day she was told by Taheera Franklin that the rates could go up or down, but nothing more.

41.     Ms. Galope, still not comprehending the scam, continued making her payments but became concerned and hired an attorney Mr. Laverty for $5,600.00 in an attempt to resolve this issue. However, these scams were not known in 2009 or discoverable.

42.     Defendant responded by causing a Notice of Default to be recorded on the Premises on July 31, 2009.

43.     Plaintiff then sought bankruptcy protection in the hopes to work out this dispute on or about January 15, 2010.

44.     The notice of default was rescinded and another notice of default was thereafter recorded on March 8, 2011 by defendant Western Progressive, LLC on behalf of beneficiary Deutsche Bank National Trust Company, as trustee under pooling and servicing agreement dated as of May 1, 2007 securitized asset-backed receivables

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al        CASE NO. SACV 12 00323-CJC (RNBx)*

LLC Trust 2007-BR4 <u>Mortgage Passthrough Certificates, Series 2007-BR4</u> (aka "DBNTC").

45.     So, Plaintiff sought bankruptcy protection in July 2011 under Chapter 13.

46.     Although the Premises was protected from foreclosure sale by an automatic stay, defendant WESTERN PROGRESSIVE, LLC transferred the property out of plaintiff's name on September 1, 2011 and recorded a trustee's deed upon sale in favor of defendant DBNTC on September 8, 2011 at the Los Angeles County Recorder's Office divesting plaintiff of her property interest to the Premises.

47.     Plaintiff immediately informed both defendant WESTERN PROGRESSIVE, LLC and defendant DBNTC that there was an automatic stay pursuant to 11 USC §362 forbidding the transfer of her property on September 1, 2011.

48.     Plaintiff also demanded the defendants rescind the transfer and to restore title to the property back in plaintiff's name.

49.     Both defendant WESTERN PROGRESSIVE, LLC and defendant DBNTC failed and refused to rescind the TDUS up to and including the date that this action was commenced.

### IV. CLASS ALLEGATIONS

50.     <u>Class Definition</u>: Plaintiff  brings this suit as a class action pursuant to Business & Professions Code section 17203 on behalf of herself and all other similarly situated persons as a member of a Class defined as follows:

10

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*          *CASE NO. SACV 12 00323-CJC (RNBx)*

Class A:  All persons who reside in the United States and whose real property was held by DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee under pooling and servicing agreement dated as of May 1, 2007 securitized asset backed receivables LLC trust 2007-BR4 and sold at foreclosure while an automatic stay under 11 USC §362 was in effect within the past 4 years.

Class B:  All persons who reside in the United States and whose real property was held by DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee under pooling and servicing agreement dated as of May 1, 2007 securitized asset backed receivables LLC trust 2007-BR4 and who entered into a modification agreement of their loan within the past 4 years that was faxed to the borrower and appeared to have a missing page like the one plaintiff received in this case.

51.     Excluded from the Class are the Court, defendants, and their affiliates, subsidiaries, current or former employees, officers, directors, agents, representatives, and their family members.

52.     Numerosity:  The persons who comprise the Plaintiff Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court.  Class members are so numerous and are dispersed throughout the United States that joinder of all Class members is impracticable. The initial principal aggregated under this trust agreement

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*          *CASE NO. SACV 12 00323-CJC (RNBx)*

was $849,044,000.00.  Class members can be identified, *inter alia*, through records maintained by the Defendants.

53.     <u>Common Questions of Fact and Law</u>:  Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the Plaintiff Class and will apply uniformly to every member of the Plaintiff Class;

    a.   Whether Defendant violated Cal Bus & Prof Code §17500;

    b.   Whether Defendant's practice was "unfair" within the meaning of the UCL;

    c.   Whether Defendant's statements were likely to mislead within the meaning of the UCL and the FAL; and

    d.   Whether Class members lost money or property as a result of Defendant's violations of section 17200 or 17500.

54.     The representative Plaintiff(s) will fairly and adequately represent and protect the interest of the Plaintiff Class, and have retained counsel who is competent and experienced in Class Action and foreclosure claims.  There are no material conflicts between the claims of the representative plaintiff and the members of the plaintiff class that would make class certification inappropriate.  Counsel for the plaintiff class will vigorously assert the claims of all members of the plaintiff class.

55.     Defendants have acted or refused to act on grounds generally applicable to the class.

12

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*          *CASE NO. SACV 12 00323-CJC (RNBx)*

56.      A class action is superior to other methods for the fast and efficient adjudication of this controversy and to avoid the risk of disparate and inconsistent rulings in different courts.  A class action regarding the issues in this case does not create any problems of manageability.

57.      The putative class action meets the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3).

58.      The nature of notice to the proposed class required and/or contemplated is the best practicable method possible and the contemplated defendant's list, when disclosed, would most likely be notice through media outlets, mailing, the internet and other general notices are contemplated to ensure notice.

## V. CLAIMS

### FIRST CAUSE OF ACTION
### UCL §17200 VIOLATION
### (Against DBNTC and Western Progressive, LLC)

59.      Plaintiff incorporates in this cause of action all of the allegations in paragraphs 1 through 57 and paragraphs 95 through 98 of this Complaint as though set forth in full herein.

60.      Plaintiff brings this claim on behalf of herself and members of the Class in Class A.

61.      Business & Professions Code §17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*          *CASE NO. SACV 12 00323-CJC (RNBx)*

advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business & Professions Code" and reaches past and one-time acts.

62.     At all times mentioned herein, defendant Western Progressive, LLC was acting as defendant DBNTC'S agent, servant, representative, and/or employee of DBNTC, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, representatives and/or employees, and with the permission, authorization and consent of DBNTC or DBNTC ratified, acquiesced or adopted Western Progressive, LLC's actions.

63.     Beginning at an exact date unknown to plaintiff  but at least in the past 4 years, (in the case of plaintiff since September 1, 2011), Western Progressive, LLC has committed acts of unfair competition, as defined by Business & Professions Code §17200, by engaging in the following practices:

   a.  Western Progressive's policy/practice of selling property at foreclosure during an automatic bankruptcy stay violated 11 USC §362. Plaintiff was facing a foreclosure auction date of July 14, 2011 so she sought bankruptcy protection under Chapter 13 on July 11, 2011 which invoked 11 USC §362, the automatic stay rule, prohibiting the foreclosure sale of the Premises.  Although, DBNTC and Western Progressive, LLC received all notices from the US Bankruptcy court regarding the bankruptcy stay, Western Progressive, LLC unlawfully transferred

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al        CASE NO. SACV 12 00323-CJC (RNBx)*

the Premises at foreclosure auction on September 1, 2011 to defendant DBNTC in violation of 11 USC §362. Plaintiff notified defendants of the stay violation and demanded rescission on September 7, 2011 but defendants ignored plaintiff's request and recorded a Trustee's Deed Upon Sale and as of the date plaintiff filed suit, Defendants continued to wrongfully retain plaintiff's property by refusing to rescind the sale, and consequently, constitutes an unlawful business act or practice *within* the meaning of Business & Professions Code §17200. *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4[th] 499 (1997)

b.  The harm to plaintiff and to members of the general public outweighs the utility of defendant's policy/practice, and consequently, defendant DBNTC and Western Progressive, LLC's practice of foreclosing in violation of 11 USC §362, the US Bankruptcy Court's automatic stay, constitutes an unfair business act or practice within the meaning of Business & Professions Code §17200.

c.  Defendant DBNTC and Western Progressive, LLC's policy/practice of foreclosing in violation of 11 USC §362, the US Bankruptcy Court's automatic stay, is likely to mislead the general public, and consequently, constitutes a fraudulent business act or practice within the meaning of  Business & Professions Code §17200.

d.  DBNTC's acts of untrue and misleading advertising, as more fully set forth in paragraphs 82 through 88, are incorporated herein by this reference and are, by

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al          CASE NO. SACV 12 00323-CJC (RNBx)*

definition, a violation of Business & Professions Code §17200. (e.g. the document was misleading by way of making it appear a page being faxed was missing, and the oral representations that this was a modification on more favorable terms when in fact it was a modification on less favorable terms).

64.     The unlawful, unfair, and fraudulent business practices of transferring property in violation of 11 USC §362, as described above, present a continuing threat to members of the public in that plaintiffs and members of the public are lulled into a false sense of security that it gives a false reassurance to a reasonable person in foreclosure that defendants will not transfer the foreclosed property while the automatic stay is in effect in their US Bankruptcy case.

65.     Plaintiff and other members of the general public have no other adequate remedy at law in that real property is deemed unique.

66.     As a result of the aforementioned acts, plaintiff and Class members lost money or property and suffered injury in fact.  DBNTC and Western Progressive, LLC deprived plaintiff of title to her property and diminished her present property interest in the Premises on September 1, 2011 when defendants transferred her property and continued to hold said interest up to the date of filing this action. Such actions and failure to act also caused further credit damage upon the act of the transfer and clouding of title to the property.

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*          *CASE NO. SACV 12 00323-CJC (RNBx)*

67.     Defendants conduct was intentional, willful, fraudulent, despicable and/or malicious warranting punitive damages.

68.     Defendant DBNTC and Western Progressive, LLC's unfair business practices entitles plaintiff and the plaintiff class to seek preliminary and permanent injunctive relief, as well as costs, damages, punitive damages per 11 USC §362, and reasonable attorney fees.

Wherefore plaintiff demands judgment against defendants as set forth below.

## SECOND CAUSE OF ACTION
## UCL §17200 VIOLATION
## (Against DBNTC)

69.     Plaintiff incorporates in this cause of action all of the allegations in paragraphs 1 through 67 as though set forth in full herein.

70.     Plaintiff brings this claim on her behalf and all Class members of Class B.

71.     At all times mentioned herein, Taheera Franklin was acting as HomEq's employee, authorized agent or representative and acting within her scope of said employment or agency.

72.     At all times mentioned herein, HomEq was acting as defendant DBNTC'S agent, servant, representative, and/or employee of DBNTC, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, representatives and/or employees, and with the permission, authorization and consent of DBNTC or DBNTC ratified, acquiesced or adopted HomEq's actions.

17

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*          *CASE NO. SACV 12 00323-CJC (RNBx)*

73.     Business & Professions Code §17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business & Professions Code" and reaches past and one-time acts.

74.     Beginning at an exact date unknown to plaintiff  but at least since April 7, 2008, DBNTC has committed acts of unfair competition, as defined by Business & Professions Code §17200, by engaging in the following practices:

a.   DBNTC's policy/practice of orally assuring a modification of a note was made granting terms more favorable than under the original note, then faxing over said document that appeared to have a page missing which then misled plaintiff into believing that terms more favorable than her original note were contained in the missing page when in fact there was no missing page so the actual terms were less favorable than promised (e.g. 8.775% to 15.75% interest rate instead of the 5% interest rate promised), constitutes an unfair or fraudulent business act or practice within the meaning of Business & Professions Code §17200.

b.   DBNTC's policy/practice of fraudulently promising that they had modified plaintiff's loan wherein all of the terms were more favorable under the modified note when the terms were less favorable, and then faxing the document over making it appear one page containing the more favorable terms was mistakenly

18

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al          CASE NO. SACV 12 00323-CJC (RNBx)*

missing is likely to mislead the general public, and consequently, constitutes a fraudulent business act or practice within the meaning of  Business & Professions Code §17200.

c.   The harm to plaintiff and to members of the general public outweighs the utility of defendant's policy/practice, and consequently, DBNTC's practice of fraudulently promising to modify the loan and/or misleading borrowers to believe more favorable terms under the modified note exist constitutes an unfair business act or practice within the meaning of Business & Professions Code §17200.

d.   DBNTC's acts of untrue and misleading advertising, as more fully set forth in the next cause of action below, are incorporated herein by this reference and are, by definition, a violation of Business & Professions Code section 17200.

e.   DBNTC's policy/practice of orally promising more favorable terms then faxing over the document and making it appear a page is missing, but the agreement as represented in the initial phone call exists, is likely to mislead the general public, and consequently, constitutes a fraudulent business act or practice within the meaning of  Business & Professions Code §17200.

75.   The unlawful, unfair, and fraudulent business practices and false and misleading representations of DBNTC, as described above, present a continuing threat to members of the public in that it gives a false reassurance to a reasonable person that there are more favorable terms under the modified note so the borrower stops searching

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*          *CASE NO. SACV 12 00323-CJC (RNBx)*

for more favorable terms from other financial institutions or exploring other alternatives at the time the document is faxed over and signed.

76.    Furthermore, the modified terms do not change until long after the modification is signed so a payment change would not be discovered until years afterwards, in plaintiff's case – not until April 1, 2013.

77.    Plaintiff and other members of the general public have no other adequate remedy at law in that defendant and its agents are not deemed debt collectors under the FDCPA so as to evade laws designed to protect consumers from these abusive, unfair and misleading business practices.

78.    As a result of the aforementioned acts, plaintiff and Class members have lost money or property and suffered injury in fact.  Plaintiff entered into the modification in reliance on DBNTC's deceptive representations concerning the lowered interest rate and fixed payments for the remainder of the loan period believing she was getting out of a high interest rate loan requiring 8.775% to 15.75% interest and obtaining a loan at approximately 5% interest rate when in fact, DBNTC was not changing the certainty that plaintiff would suffer from that high interest rate in the future.

79.    Defendants conduct was intentional, willful, fraudulent, despicable and/or malicious warranting punitive damages.

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*          *CASE NO. SACV 12 00323-CJC (RNBx)*

80.      Defendant DBNTC's unfair business practices entitles plaintiff and the plaintiff class to seek injunctive relief, as well as costs, damages, punitive damages, and reasonable attorney fees.

Wherefore plaintiff demands judgment against defendants as set forth below.

### THIRD CAUSE OF ACTION
### FAL Violation of §17500
### (Against DBNTC)

81.      Plaintiff incorporates in this cause of action all of the allegations in paragraphs 1 through 79 as though set forth in full herein.

82.      Plaintiff brings this claim on her own behalf and on behalf of each member of Class B described above.

83.      California's Bus & Prof Code §17500 statute provides: "It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or

21

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al          CASE NO. SACV 12 00323-CJC (RNBx)*

concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised. Any violation of the provisions of this section is a misdemeanor punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both that imprisonment and fine." *Id.*

84.  Beginning at an exact date unknown to plaintiff but at least since April 7, 2008, DBNTC has committed acts of untrue and misleading advertising, as defined by Bus & Prof Code §17500, by engaging in the following acts and practices with the intent to induce members into signing new modification agreements which members falsely believed were terms more favorable than their original loan terms.

85.  Plaintiff would have sought refinancing elsewhere and would not have entered into the modification if she knew the interest rate would revert back to the 8.775% to 15.75% interest rate range on her loan.

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al          CASE NO. SACV 12 00323-CJC (RNBx)*

86.   The letter and agreement attached as Exhibit A which stated that it was a modification of plaintiff's note was an advertisement as that term is defined by Bus & Prof Code §17500.

87.   The acts of untrue and misleading advertising by DBNTC described in this complaint present a continuing threat to members of the public in that these missing page faxes lead consumers to believe that they are getting a loan modification on more favorable terms only to find out years later that is not true.

88.   As a result, plaintiff and those similarly situated are entitled to restitution pursuant to Cal Bus & Prof Code §17535 as necessary "to restore to any person in interest any money or property, real or personal, which may have been acquired by means of any practice in this chapter declared to be unlawful."

89.   As a further result, plaintiff and those similarly situated are entitled to $2,500.00 for each violation, costs and attorney fees, and injunctive relief as deemed just.

Wherefore plaintiff demands judgment against defendants as set forth below.

### FOURTH CAUSE OF ACTION
### Aiding and Abetting Violation of §17200
### (Against Does 1 through 10)

90.   Plaintiff incorporates in this cause of action all of the allegations in paragraphs 1 through 88 as though set forth in full herein.

91.   Plaintiff brings this claim on her own behalf and on behalf of each member of the Class B described above.

23

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*          *CASE NO. SACV 12 00323-CJC (RNBx)*

92.     Defendants Doe 1 through 10 knew and were aware of DBNTC's unlawful, unfair or deceptive business practices and untrue and misleading advertising alleged above by virtue of selecting those borrowers for DBNTC to target in this "missing" fax page scheme.

93.     Defendants Doe 1 through 10 aided and abetted/induced these violations by DBNTC in that they selected those borrowers for DBNTC to target.

Wherefore, plaintiff prays for relief as set forth hereinafter.

## FIFTH CAUSE OF ACTION
## FOR WRONGFUL FORECLOSURE

### (Against Defendants DBNTC and Western Progressive, LLC)

94.     Plaintiff hereby incorporates all allegations in paragraphs 1 through 92 of this Complaint as though fully set forth at length herein.

95.     Defendant conducted an illegal, fraudulent or oppressive foreclosure sale on September 1, 2011 as more fully alleged above.

96.     Plaintiff sought bankruptcy protection on or about July 11, 2011 and an automatic stay was issued.

97.     Defendant WESTERN PROGRESSIVE, LLC nevertheless proceeded by holding a nonjudicial foreclosure sale pursuant to the power of sale clause under the Deed of Trust on the Premises on September 1, 2011 and fraudulently transferred the Premises to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007

PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al        CASE NO. SACV 12 00323-CJC (RNBx)*

SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4 by delivering a Trustees Deed Upon Sale to them.

98.     Defendant's conduct of transferring her property on September 2, 2011 while she was protected from such transfers pursuant to 11 USC §362; and then refusing to rescind the transfer up to the time of filing this complaint was illegal, fraudulent or oppressive which resulted in the wrongful foreclosure of plaintiff's Premises.

99.     As a result of defendant's conduct, plaintiff sustained damages, credit damage, was unable to procure financing elsewhere, and has also caused plaintiff to incur costs and attorney fees in an amount to be proven at trial.

## VI. PRAYER FOR RELIEF

**WHEREFORE, Plaintiffs pray for judgment** against defendants, and each of them, as follows:

**A.** Pursuant to Business and Professions Code sections § 17203 and §17535, and pursuant to the equitable powers of this Court, plaintiff prays that the defendants be preliminarily and permanently enjoined from committing any acts of unfair competition in violation of § 17200, including, but not limited to, the violations alleged herein.

**B.** Pursuant to Business and Professions Code sections § 17203 and §17535, and pursuant to the equitable powers of this Court, plaintiff prays that the defendants are ordered to restore to the general public all funds or property acquired by means of any act or practice declared by this Court to be unlawful or fraudulent or to constitute unfair competition under Business & Professions Code §17200 et seq., or untrue or misleading advertising under §17500 et seq.

25

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al          CASE NO. SACV 12 00323-CJC (RNBx)*

**C.** Actual, Special and General Damages as proven at trial;

**D.** Statutory damages and civil penalties;

**E.** Costs of this action, including the fees and costs of experts;

**F.** Attorneys' fees;

**G.** Exemplary and Punitive Damages; and

**H.** Such other and further relief as this Court finds necessary and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial.

Dated: May 14, 2012          LAW OFFICES OF LENORE ALBERT

By: s/Lenore L. Albert_____
LENORE L. ALBERT, ESQ.
Attorney for plaintiff, Helen Galope and all others
similarly situated

26

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*          *CASE NO. SACV 12 00323-CJC (RNBx)*

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:
 I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 7755 Center Avenue Suite #1100,Huntington Beach, CA  92647.
On May 14, 2012, I served a copy of the following document(s) described as:

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

On the interested parties in this action as follows:
<u>For Defendant Western Progressive, LLC and</u>
<u>Defendant Deutsche Bank National Trust Company:</u>
Eric D. Hauser, Esq.
Steven S. Son, Esq.
HOUSER & ALLISON
3760 Kilroy Airport Way, Suite 260
Long Beach, CA 90806
Telephone: (949) 679-1111
Fax: (949) 679-1112
Email: sson@houser-law.com
 [x] BY CM/ECF – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth pursuant to FRCP 5(d)(1).
[ ] **BY EMAIL** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth herein.
[ ] **BY FAX** – I caused such document(s) to be transmitted facsimile from the offices located in Westminster, California this business day to the aforementioned recipients.
       I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: May 14, 2012

s/ Lenore Albert
                    Lenore Albert

**27**

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY, et al*        *CASE NO. SACV 12 00323-CJC (RNBx)*