Eric D. Houser (SBN 130079)
Steven S. Son (SBN 265921)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, CA 90806
Telephone: (562) 256-1675
Facsimile: (949) 679-1112
E-mail: sson@houser-law.com

Attorneys for Defendants,
Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4 and Western Progressive, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA (SANTA ANA)**

HELEN GALOPE, an individual,

Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4; WESTERN PROGRESSIVE, LLC; and DOES 1 through 10, inclusive,

Defendants.

Case No. 12-cv-00323-CJC-RNB

Hon. Cormac J. Carney

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THIS COURT'S ORDER TO SHOW RE: WHY THIS MATTER SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO ALLEGE ANY COGNIZABLE CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KAREN L. STACY WITH EXHIBITS; DECLARATION OF STEVEN S. SON WITH EXHIBITS**

Action Filed: March 1, 2012
Trial Date: None Assigned

# TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. STATEMENT OF FACTS ........ 2

A. HomEq Offers Plaintiff A Loan Modification After Plaintiff Defaults On Her Mortgage Loan ........ 2

B. After Plaintiff Defaults On Her Reduced Payments, Plaintiff Files For Bankruptcy And An Adversary Action When Non-Judicial Foreclosure Is Initiated ........ 3

C. Plaintiff Again Files For Bankruptcy After Foreclosure Is Reinitiated But Her Bankruptcy Case Is Dismissed ........ 4

D. Plaintiff Moves To Vacate The Dismissal Of Her Chapter 13 Bankruptcy Case Just Before The Trustee's Sale ........ 4

E. Plaintiff Files Her Third Bankruptcy Petition In Two Years But This Case Is Likewise Dismissed And The September 1, 2011 Trustee's Sale Is Rescinded ........ 4

III. ARGUMENT ........ 5

A. Plaintiff's Wrongful Foreclosure Claim Is Moot And Plaintiff Cannot Plead Damages As A Matter of Law ........ 5

B. Plaintiff's Unfair Competition Law Claim Misconstrues The Terms Of The Complete Written Modification Agreement ........ 6

C. Plaintiff Cannot Treat This Matter As A Class Action Because There Is No Common Issue And Plaintiff Has Not Sustained Actual Injury ........ 8

D. Plaintiff Waived Her Rights To Sue Under The Loan Modification ........ 10

IV. CONCLUSION ........ 11

# TABLE OF AUTHORITIES

**Cases**

*Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ........ 5

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999) ........ 7

*Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) ........ 7

*City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) ........ 5

*General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982) ........ 8, 9

*Lewis v. Casey*, 518 U.S. 343, 349 (1996) ........ 9

*McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008) ........ 7

*Munger v. Moore*, 11 Cal.App.3d 1, 7-8, fn. 6 (1st Dist. 1970) ........ 5

*O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ........ 9

*People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal.App.3d 509, 530 (4th Dist. 1984) ........ 7

*Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal.App.4th 638, 643-644 (4th Dist. 2008) ........ 7

*Sipe v. Countrywide Bank*, 690 F.Supp.2d 1141, 1158 (E.D. Cal. 2010) ........ 7

*Symbersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008) ........ 7

*Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011) ........ 9

*West v. Secretary of Dept. of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000) ........ 5

*Wolin v. Jaguar Land Rover North America, LLC*, 617 F.3d 1168, 1176 (9th Cir. 2010) ........ 9

**Statutes**

*California Business & Professions Code* § 17200 ........ 6

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Defendants Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4 ("Deutsche Bank as Trustee") and Western Progressive, LLC ("WPT") (collectively "defendants") submit their Reply to plaintiff's Opposition to this Court's Order to Show Cause why this matter should not be dismissed for plaintiff's failure to allege any cognizable claim.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On March 1, 2012, plaintiff filed the instant wrongful foreclosure lawsuit. As articulated in defendants' Motion to Dismiss plaintiff's Original Complaint, plaintiff's action is moot because the September 1, 2011 trustee's sale has been rescinded. The subject real property was inadvertently sold at public auction because defendants were under the reasonable impression that plaintiff's Chapter 13 bankruptcy was no longer in effect, as the case had been dismissed and the automatic stay vacated as of August 17, 2011. However, plaintiff in the interim moved to vacate the dismissal and on August 30, 2011, just before the trustee's sale, the bankruptcy court reinstated the case. Unbeknownst to the bankruptcy court at that time, it would ultimately again dismiss plaintiff's Chapter 13 case.

Instead of opposing defendants' Motion to Dismiss, plaintiff filed a First Amended Complaint on April 16, 2012. However, this Court reviewed plaintiff's First Amended Complaint and on May 1, 2012, *sua sponte*, ordered plaintiff to show cause "why this case should not be dismissed for failure to allege any cognizable claim" because "[plaintiff's] claims are inadequately pled and/or based on theories of liability that are not viable." (*See* Minute Order, Document

No. 24). In her Response, plaintiff now unreasonably attempts to treat this matter as a class action even though she has not sustained any actual injury.

Plaintiff's remaining claims have no merit. The September 1, 2011 trustee's sale has been rescinded and plaintiff cannot plead damages as a matter of law for her wrongful foreclosure claim because there was no equity in the property. Careful review of the *complete* Modification Agreement, instead of having to rely solely on plaintiff's incomplete version attached to the Original Complaint, shows that plaintiff's unlawful, unfair, or deceptive acts claim lacks merit because plaintiff was given what she was promised. Plaintiff cannot treat this matter as a class action because the pleading requirements cannot be satisfied. Plaintiff has abandoned her declaratory relief, breach of contract, rescission, and Truth in Lending Act claims.

In just two years, plaintiff has filed three bankruptcies to stop the foreclosure even though her default on the loan is not in question. At the present, plaintiff is twenty-six payments past-due on her mortgage payments. Now that the September 1, 2011 sale has been rescinded, defendant WPT, the foreclosure trustee, is entitled to recommence the foreclosure. Defendant Deutsche Bank is the beneficiary of the Deed of Trust.

## II. STATEMENT OF FACTS

### A. HomEq Offers Plaintiff A Loan Modification After Plaintiff Defaults On Her Mortgage Loan

On December 16, 2006, plaintiff borrowed $522,000.00 from lender New Century Mortgage Corporation. (Decl. of Stacy, Para. 3, Exh. 1). Plaintiff's monthly mortgage payment was $3,817.13. (Decl. of Stacy, Para. 3, Exh. 1). The loan was secured by a Deed of Trust recorded against the subject real property on

December 28, 2006. (Decl. of Stacy, Para. 4, Exh. 2). In April 2007, HomEq began to service the loan. (Decl. of Stacy, Para. 5).

By April 2008, plaintiff was $15,951.62 in the arrears on the loan. (Decl. of Stacy, Para. 6). In April 2008, HomEq offered plaintiff a loan modification, which plaintiff accepted. This agreement was memorialized in writing. (Decl. of Stacy, Para. 7, Exh. 3). Under the complete Modification Agreement, plaintiff's total monthly mortgage payment was reduced by roughly $800.00 to $3,027.02 per month, including escrow, and the interest rate was fixed at 5.5% to maturity. The Modification Agreement also provides that plaintiff's monthly payment will increase beginning May 1, 2013 to ensure the entire debt is paid at maturity. (Decl. of Stacy, Para. 7, Exh. 3, Attachment A).

**B. After Plaintiff Defaults On Her Reduced Payments, Plaintiff Files For Bankruptcy And An Adversary Action When Non-Judicial Foreclosure Is Initiated**

On April 8, 2009, plaintiff made her last modified payment. This only brought the loan contractually current through March 1, 2009 because plaintiff had only made three out of the four required payments from January 1, 2009 through April 8, 2009. (Decl. of Stacy, Para. 8, Exh. 4). Given the continued default, non-judicial foreclosure was initiated on July 31, 2009. (Decl. of Stacy, Para. 10, Exh. 5). From April 2008 through July 2009, plaintiff did not call HomEq to complain that she was given an incomplete copy of the Modification Agreement. (Decl. of Stacy, Para. 9).

On January 5, 2010, plaintiff filed for Chapter 7 bankruptcy. (Decl. of Son, Para. 2, Exh. A). On February 25, 2010, plaintiff also filed a bankruptcy adversary action against Deutsche Bank and HomEq. (Decl. of Son, Para. 3, Exh. B). This adversary action was dismissed on April 14, 2010. (Decl. of Son, Para.

4, Exh. C). On April 28, 2010, plaintiff received her discharge in the Chapter 7 bankruptcy. (Decl. of Son, Para. 5, Exh. D). The foreclosure initiated on July 31, 2009 was rescinded on May 11, 2010. (Decl. of Stacy, Para. 11, Exh. 6).

**C. Plaintiff Again Files For Bankruptcy After Foreclosure Is Reinitiated But Her Bankruptcy Case Is Dismissed**

Given that plaintiff had not made a modified payment since April 2009, non-judicial foreclosure was reinitiated on March 8, 2011. (Decl. of Son, Para. 6, Exh. E). In response, plaintiff filed for Chapter 13 bankruptcy on July 11, 2011. (Decl. of Son, Para. 7, Exh. F). However, plaintiff's Chapter 13 bankruptcy was dismissed and the automatic stay vacated on August 17, 2011 because plaintiff failed to file the required documents. (Decl. of Son, Para. 8, Exh. G).

**D. Plaintiff Moves To Vacate The Dismissal Of Her Chapter 13 Bankruptcy Case Just Before The Trustee's Sale**

On September 1, 2011, the property sold at trustee's sale. (Decl. of Son, Para. 10, Exh. I). However, on August 30, 2011, just before the trustee's sale, the bankruptcy court reinstated plaintiff's Chapter 13 case after plaintiff moved to vacate the dismissal. (Decl. of Son, Para. 9, Exh. H). Plaintiff's Chapter 13 bankruptcy was ultimately again dismissed on December 16, 2011. (Decl. of Son, Para. 11, Exh. J).

**E. Plaintiff Files Her Third Bankruptcy Petition In Two Years But This Case Is Likewise Dismissed And The September 1, 2011 Trustee's Sale Is Rescinded**

Plaintiff again filed for Chapter 7 on January 17, 2012, her third bankruptcy petition in a span of two years. (Decl. of Son, Para. 12, Exh. K). However, plaintiff's attempt to convert this Chapter 7 to a Chapter 13 was denied and this bankruptcy was dismissed on March 13, 2012. (Decl. of Son, Para. 13,

Exh. L). On March 23, 2012, the September 1, 2011 trustee's sale was rescinded. (Decl. of Son, Para. 14, Exh. M).

## III. ARGUMENT

### A. Plaintiff's Wrongful Foreclosure Claim Is Moot And Plaintiff Cannot Plead Damages As A Matter of Law

Plaintiff's wrongful foreclosure claim is moot and plaintiff cannot plead damages in any event because there was no equity in the property. "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). "[T]he question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be any effective relief." *West v. Secretary of Dept. of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000). Unless the prevailing party can obtain effective relief, any opinion as to the legality of the challenged action would be merely advisory. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). The measure of damages when the power of sale is invoked under a deed of trust is the "fair market value at the time of sale less outstanding encumbrances and/or taxes due at such time." *Munger v. Moore*, 11 Cal.App.3d 1, 7-8, fn. 6 (1st Dist. 1970).

Here, plaintiff's wrongful foreclosure claim is moot because the September 1, 2011 trustee's sale has been rescinded. (Decl. of Son, Para. 14, Exh. M). As such, the foreclosure commenced on March 8, 2011 is no longer at issue and any opinion on the same would be merely advisory. Further, plaintiff cannot plead any damages as a matter of law because there was no equity in the property. In the January 5, 2010 bankruptcy filing, plaintiff declares under the penalty of perjury in her Schedules that the fair market value of the property is $373,000.00 and the outstanding debt is $537,951.00. (Decl. of Son, Para. 2, Exh. A, Pgs. 11

& 27 of 53). In the January 17, 2012 bankruptcy filing, plaintiff declares under the penalty of perjury in her Schedules that the fair market value of the property is $350,000.00 and the outstanding debt is $522,000.00. (Decl. of Son, Para. 12, Exh. K, Pgs. 12, 19, & 24 of 45). In sum, at the time of the trustee's sale, the fair market value of the property was between $350,000.00 and $373,000.00 whereas the outstanding debt was between $522,000.00 and $537,951.00. Accordingly, the property was under water by $150,000.00 or more and plaintiff cannot plead damages for a wrongful foreclosure claim because there was no equity in the property.

The full record also shows that the September 1, 2011 trustee's sale went forward as plaintiff's bankruptcy had been dismissed and the automatic stay vacated. (Decl. of Son, Para. 8, Exh. G). While plaintiff reinstated the Chapter 13 bankruptcy case on August 30, 2011, just before the trustee's sale, the bankruptcy court ultimately dismissed plaintiff's case once more. (Decl. of Son, Paras. 9 & 11, Exhs. H & J). Plaintiff's attempt to make the September 1, 2011 trustee's sale some sort of nefarious situation is not provided for by the record. The property inadvertently sold at public auction because defendants had a reasonable impression that the automatic stay had been vacated.

### B. Plaintiff's Unfair Competition Law Claim Misconstrues The Terms Of The Complete Written Modification Agreement

Plaintiff's claim for violation of *California Business & Professions Code* §§ 17200, *et seq.*, also known as California's Unfair Competition Law ("UCL"), has no merit because the complete Modification Agreement shows the interest rate was fixed at 5.5% to maturity. The UCL prohibits unfair competition including "any unlawful, unfair or fraudulent business act or practice." *Cal. Bus. & Prof. Code* § 17200. Given the statute is written in the disjunctive, each of the

three prongs is a separate and distinct theory of liability. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). The UCL does not proscribe specific activities, but broadly prohibits any (1) unlawful, (2) unfair, or (3) fraudulent business act or practice. *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal.App.4th 638, 643-644 (4th Dist. 2008).

"As to the unlawful prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law." *Sipe v. Countrywide Bank*, 690 F.Supp.2d 1141, 1158 (E.D. Cal. 2010) (citing *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000)). "An unfair business practice is one that either 'offends an established public policy' or is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.' " *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008) (quoting *People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal.App.3d 509, 530 (4th Dist. 1984)). "Finally, fraudulent acts are ones where members of the public are likely to be deceived." *Symbersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008).

In this case, the evidence shows that there is no unlawful, unfair, or fraudulent act. The gist of plaintiff's UCL claim is that she was not given a fixed interest rate under the loan modification as promised over the phone. (*See* Response, 1:19-25, 8:18-25, & 9:12-20). However, a careful review of the *complete* Modification Agreement, not just plaintiff's incomplete version attached to the Original Complaint, shows the interest rate is in fact fixed at 5.5% to maturity. The complete Loan Modification Agreement also shows that the monthly payment would increase beginning May 1, 2013 not because of a change in the interest rate but instead to ensure the entire debt is paid in full at maturity.

The "Attachment A" to the Modification Agreement clearly provides the interest rate is set at 5.5% for the following 345 months and that plaintiff's interest-only payments will change beginning May 1, 2013. (Decl. of Stacy, Para. 7, Exh. 3, Attachment A). The Modification Agreement also provides that plaintiff's interest-only period is good through the April 1, 2013 payment upon which time plaintiff's payment will be increased to ensure the loan is paid in full at the time of maturity. (Decl. of Stacy, Para. 7, Exh. 3, Sec. 1(d)). The evidence shows that there is no unlawful, unfair, or fraudulent act because plaintiff got the interest rate she was promised and the complete Modification Agreement explains why plaintiff's payments will increase beginning May 1, 2013. Further, one begs the question of how a complete Modification Agreement exists – with all signatures – when plaintiff claims she was only provided an incomplete version before signing and returning that incomplete version to HomEq. Plaintiff's UCL claim lacks merit.

### C. Plaintiff Cannot Treat This Matter As A Class Action Because There Is No Common Issue And Plaintiff Has Not Sustained Actual Injury

Plaintiff cannot satisfy the procedural requirements of (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation, to treat this lawsuit as a class action. FRCP 23(a)(1)-(4). "Commonality" requires questions of law or fact common to the class. FRCP 23(a)(2). To justify class action treatment, there must be issues "common to the class as a whole" and the relief must "turn on questions of law applicable in the same manner to each member of the class." *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982). In other words, there must exist a "comment contention" that is of such a nature

that it is capable of class-wide resolution in "one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011).

"Typicality" requires the claims or defenses of the class representative be typical to the claims or defenses of the class. FRCP 23(a)(3). The class representative "must be part of the class and possess the same interest and suffer the same injury as the class members." *General Tel. Co. of Southwest*, *supra*, at 156; see also *Wolin v. Jaguar Land Rover North America, LLC*, 617 F.3d 1168, 1176 (9th Cir. 2010). Accordingly, the party purporting to represent the class must be able to prove her own actual injury. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). The fact that the action is brought as a class action does not avoid the basic requirement of plaintiff's Article III standing to sue, as it is not enough for a class representative to show injuries to other unidentified members of a class she purports to represent. *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

In this case, there is no "commonality" of the issues and relief to the purported class cannot be obtained under the same law. Plaintiff's wild theory that defendants have "tricked" other borrowers by providing "incomplete" documents is so overbroad that the class cannot be properly identified and relief cannot be obtained under the same law. Further, there are no "issues" as plaintiff was provided the loan modification she was promised as discussed above. Plaintiff's attempt to bring in a class is wholly speculative and the commonality requirement cannot be viably identified.

Plaintiff also lacks standing to represent the purported class because she has not sustained any actual injury. The September 1, 2011 trustee's sale has been rescinded. (Decl. of Son, Para. 14, Exh. M). Plaintiff's wrongful foreclosure claim is moot and plaintiff has no damages in any event because there was no equity in the property at the time of sale. The complete Modification

Agreement proves the interest rate was fixed at 5.5% to maturity, with the payments to increase beginning May 1, 2013 to ensure the entire debt was paid in full at maturity. (Decl. of Stacy, Para. 7, Exh. 3, Sec. 1(d) and Attachment A). The evidence shows that plaintiff got what she was promised. Given that plaintiff has no actual injury, she is precluded from trying to treat this matter as a class action because the typicality requirement cannot be met.

**D. Plaintiff Waived Her Rights To Sue Under The Loan Modification**

Plaintiff is contractually barred from suing defendants regarding the loan modification. The specific release provision within the complete Modification Agreement provides as follows:

> "Borrower releases HomEq, its subsidiaries, affiliates, agents, officers and employees, from any and all claims, damages or liabilities of any kind existing on the date of this Agreement, which are in any way connected with the origination and/or servicing of the Loan, and/or events which resulted in Borrower entering into this Agreement. Borrower waives any rights which Borrower may have under federal or state statute or common law principle which may provide that a general release does not extend to claims which are not know to exist at the time of execution, including without limitation (if applicable), California Civil Code Sec. 1542." (Decl. of Stacy, Para. 7, Exh. 3, Sec. 3).

In this case, plaintiff is contractually barred from suing defendants pursuant to the release provision within the complete Modification Agreement that plaintiff executed. The release language covers any and all claims, damages, or liabilities *of any kind*, whether known at the time of execution or not. The release provision accordingly applies to this lawsuit. Given that plaintiff was given what was promised regarding the loan modification, this is further evidence of why

plaintiff's lawsuit should be dismissed.

## IV. CONCLUSION

Based on the foregoing, defendants respectfully request this Court to dismiss this action with prejudice as plaintiff's claims are based on theories of liability that are not viable.

Dated: May 19, 2012

**HOUSER & ALLISON**
A Professional Corporation

/s/ Steven S. Son
Steven S. Son
Attorneys for Defendants,
Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4 and Western Progressive, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3760 Kilroy Airport Way, Suite 260, Long Beach, California 90806.

On May 21, 2012, I served the following document(s):

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THIS COURT'S ORDER TO SHOW RE: WHY THIS MATTER SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO ALLEGE ANY COGNIZABLE CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KAREN L. STACY WITH EXHIBITS; DECLARATION OF STEVEN S. SON WITH EXHIBITS**

On the following interested parties in this action described as follows:

Lenore L. Albert, Esq.
Law Offices of Lenore Albert
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647
Tel.: 714-372-2264
Fax: 419-831-3376
Email: lenorealbert@msn.com
*Attorney for Plaintiff, Helen Galope*

[ ] **VIA FIRST CLASS MAIL:** Pursuant to FRCP 5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Long Beach, California, with postage thereon fully prepaid that same day in the ordinary course of business.

[X] **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF System to the e-mail addresses listed above. I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's CM/ECF System, and the transmission was reported as complete without error.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on May 21, 2012, in Long Beach, California.

/s/ Richard Mendizábal
Richard Mendizábal