Lenore L. Albert, Esq.   SBN 210876
LAW OFFICES OF LENORE ALBERT
7755 Center Avenue, Suite #1100
Huntington Beach, CA 92647
Telephone (714) 372-2264
Facsimile (419) 831-3376
Email: lenorealbert@msn.com
Attorney for Plaintiff, HELEN GALOPE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN GALOPE, an individual,<br><br>                Plaintiffs,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, et al,<br>                Defendants. | CASE NO. SACV 12 00323-CJC (RNBx)<br><br>Assigned to the Hon: Cormac J. Carney<br><br>**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**<br><br>[Declaration of Matz and Galope; Request for Judicial Notice; and Statement of Disputed Facts filed concurrently herewith] *Application for Leave to Add Parties and Amend According to Proof to be filed forthwith*<br><br>DATE: July 16, 2012<br>TIME: 1:30PM<br>DEPT: 9B |

i

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*        *SACV12-323-CJC (RNBx)*

TABLE OF CONTENTS

I.      Summary of Argument ............................................................................1

II.     Law    ....................................................................................................2

III.    Legal Argument....................................................................................3

      a.   Plaintiff has sufficient Evidence to Support a Wrongful Foreclosure Claim............3

      b.   The Wrongful Foreclosure was Unlawful, Unfair and/or Fraudulent......................5

      c.   Faxing a 4 page Document Where 2 pages were Legal Size Loan Documents to Ms. Galope Without Warning is Unlawful, Unfair and Fraudulent ....................7

      d.   Barclays Market Manipulation of the LIBOR rate index was an Unlawful, Unfair and Fraudulent Business Practice and Supports Aiding and Abetting Liability and New Causes of Action........................................................11

      e.   These Material Facts Support Denial of Motion for Summary Judgment ...............13

      f.   Plaintiff Has Standing to Bring the UCL Claims ....................................15

      g.   The Market Manipulation of the LIBOR rate and Deceptive Manner the Contract was Presented Were Misleading Advertisements.....................................15

      h.   There is Now Evidence to Add Defendants and Claims to Support the UCL §17200 and §17500 Aiding and Abetting Allegations.............................................16

      i.   The Release Cannot Waive Plaintiff's Rights Because It Would Be Against Public Policy To Do So..............................................................16

      j.   The Plaintiff Requests Leave to Amend to Conform to Proof .................................17

IV.     Conclusion .............................................................................................18

V.      Declaration of Lenore Albert, Esq........................................................19

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

TABLE OF AUTHORITIES

**Cases:**

*Allied Grape Growers v Bronco Wine Co, 203 CalApp3d 432 (1988)* ........................................ *13*

*Anderson v Liberty Lobby, Inc. 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986)* .................... 2

*Boschma v Home Loan Center, Inc*. 198 CalApp4th 230 (2011) ......................................... 10, 11

*British Airways Board v Boeing Company*, 585 F.2d 936, 951 (9th Cir. 1978) ............................ 2

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163 (1999) ........... 5

*Chern v Bank of America*, 15 Cal3d 866 (1976) ................................................................. 16

*City of Santa Barbara v Superior Court* 41 Cal 747 (2007) ................................................. 17

*D'Amico v Bd of Med Examiners* (1974) 11 Cal 3d 1, 21 .................................................... 2

*Gardner, supra*, 180 Cal.App.3d 713 ............................................................................ 17

*Hewlett v. Squaw Valley Ski Corp.*, 54 Cal. App. 4th 499 (1997) ....................................... 5, 6

*Hick v. Thomas,* 90 Cal. 289 (Cal. 1891) ....................................................................... 17

*In re  Davis* 177 BR 907, 911-912 (9th Cir BAP 1995) ...................................................... 4

*In re Dawson*, 390 F3d 1139, 1149 (9th Cir 2004) .......................................................... 6

*In re Kraus*, 889 F2d 773, 775 (8th Cir 1989) ............................................................... 6

*In re Ramirez* 183 BR 583, 589 (9th Cir BAP 1995) ....................................................... 6

*In re Wardrobe*, 559 F3d 932, 934 (9th Cir. 2009) ........................................................ 3

*Klein v Earth Elements, Inc*. 59 CalApp4th 965, 969 (1997) ............................................. 6

*Kwikset Corp. v Sup. Court,* 51 Cal 4th 310 (2011) Id. at 323 .......................................... 15

*Microsoft Corp. v A-Tech Corp.*, 855 F.Supp. 308, 313 (CD Cal 1994) ................................ 13

*Miller v Fenton*, 474 U.S. 104, 114, 106 S.Ct. 445, 451 (1985) ........................................ 2

*Munger v. Moore* (1970) 11 Cal. App. 3d 1, 7 ............................................................... 3

*Peel v Brooks America Mortg Corp*. 788 F.Supp.2d 1149, 1166 (CD Cal 2011) ................ 10, 11

*People v Toomey*, 157 CalApp3d 1 (1985) ..................................................................... 16

*Price v Wells Fargo* (1989) 213 Cal App 3d 465 ............................................................. 2

*Reese v. Wal-Mart Stores, Inc.,* 73 Cal. App. 4th 1225 (1999) ............................................ 5

*Resort Car Rental System, Inc v FTC*, 518   F.2d   962, 964 (9th Cir. 1975) ............................ 15

*Saunders v Sup Ct*, 27 CalApp4th 832 (1994) .............................................................. 8

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

*Scalf v D.B. Log Homes* (2005) 128 Cal App 4th 510 ....................................................3

*Stationers Corp. v Dun & Bradstreet, Inc.* (1965) 62 Cal 2d 412 ................................2

*Stimson v. Carlson* (1992) 11 Cal.App.4th 1201, 1205 [14 Cal.Rptr.2d 670] ............................2

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.,* 17 Cal. 4th 553 (1998)......................5

*Summit Tech., Inc. v. High-Line Med. Instruments Co.,* 933 F. Supp. 918 (C.D. Cal. 1966)  .......5

*Tunkl v Regents Univ. of Cal.*, 60 Cal2d 92 (1963)  ...............................................17

*Walker v. Countrywide Home Loans, Inc.,* 98 Cal. App. 4th 1158 (2002)  ................................5

*Wallace v Geico General Ins. Co.,* 183 CalApp4th 1390 (2010) ...................................7

*Washington Mutual Bank  v Superior Court*, 75 Cal App4th 773(1999).....................................13

*Wilner v. Sunset Life Ins. Co.,* 78 Cal. App. 4th 952 (2000)  .......................................7

*Wilson v. County of San Diego* (2001) 91 Cal.App.4th 974.......................................2

**Statutes:**

Cal. Bus. & Prof. Code § 17200 ..............................................................passim

Cal. Bus. & Prof. Code §17500  .............................................................passim

Cal Civ Code §1623 ...........................................................................passim

Civil Code section 1668 ......................................................................passim

Cal. Civ. Code § 2954.4 ......................................................................passim

Cal. Penal Code § 308 ........................................................................passim

Cal. Pub. Res. Code § 4511 ...................................................................passim

Commodity Exchange Act Sections 6(c), 6(d) and 9(a)(2).....................................12-13

Unruh Civil Rights Act, Cal. Civ. Code §§ 51-51.4 ..........................................passim

7 USC §9 .....................................................................................12-13

7 USC §9(a)(1)................................................................................12-13

7 USC§12(a)(2)................................................................................12-13

7 USC§13(a)(2)................................................................................12-13

7 USC§13(b)...................................................................................12-13

11 USC §362 ...............................................................................3, 4, 5, 7

**Secondary Authority:**

4 Witkin, Sum. Of Cal. Law (10th ed. 2005)  ...............................................3

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

1

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   Summary of Argument

Moving Defendant, DBNTC has summarized the plaintiffs' complaint by essentially stating that the plaintiffs have filed a frivolous complaint and engaged in myriad of legal maneuvers designed to delay the "inevitable foreclosure" on their home.  Defendant further surmises without any support, that plaintiff "waived her right to sue defendants with respect to her unlawful, unfair, or fraudulent acts claims" because Galope signed a document that contained a release. Defendant implies plaintiff is attempting to ignore her contractual obligations and she, like all borrowers not employed by banks, are abusing the court system by filing for bankruptcy protection or suing for legal redress when they question the lawfulness of the bank's actions.   Accordingly, defendant argues that they are entitled to judgment as a matter of law.  Defendant has failed however, to set forth, or address the allegations that support plaintiffs' claims and defendant's narrowly tailored declarations fail to defeat plaintiff's assertions that defendants and each of them, have violated laws in attempting to foreclose on plaintiffs' property.

Plaintiffs have filed a 31 page 99 paragraph complaint outlining the various acts engaged in by defendants, and four causes of action arising out of those acts surrounding a LIBOR interest only loan made to Helen Galope and the fraudulent presentation of a modification by HomeEq that failed to inform the borrower all material terms of the modified loan.

On June 27, 2012 the CFTC imposed the largest civil penalty ever against Barclays (d/b/a HomeEq) for unlawfully manipulating the LIBOR market rate during the time Galope was given her loan based on LIBOR and modification thereon. Barclays was fined $454 million dollars for its conduct of market manipulation.

Defendants have not answered the Second Amended Complaint, yet Defendants improvidently request that the court now find judgment in their favor as a matter of law which is improper and contradicted by the evidence submitted.

**1**

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

## II.  Law

Summary judgment is a drastic remedy and therefore should be granted cautiously.  "Neither do we suggest that the trial courts should act other than with caution in granting summary judgment…" *Anderson v Liberty Lobby, Inc*. 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986)

The "burden of establishing that there is no genuine issue of material fact lies initially with the moving party and resolution of all doubt should be in favor of the party opposing the motion." *British Airways Board v Boeing Company*, 585 F.2d 936, 951 (9th Cir. 1978)

"Ultimate facts" may be decided by the court on summary judgment only so long as the underlying facts are undisputed. Where "the issue falls somewhere between a pristine legal standard and a simple historical fact, the fact/law distinction at times has turned on a determination that, as a matter of the sound administration of justice, one judicial actor is better positioned than another to decide the issues in question." *Miller v Fenton*, 474 U.S. 104, 114, 106 S.Ct. 445, 451 (1985).

Although federal procedure and California state procedure do differ, they share in common the following legal concepts when ruling upon a motion for summary judgment.

"The aim of the [summary judgment] procedure is to discover, through the media of affidavits, whether the parties possess evidence requiring the weighing procedures of a trial." *Stationers Corp. v Dun & Bradstreet, Inc.* (1965) 62 Cal 2d 412, 417.

The court must "strictly construe the moving party's papers and liberally construe those of the opposing party to determine if they raise a triable issue of material fact." (*Stimson v. Carlson* (1992) <u>11 Cal.App.4th 1201</u>, 1205 [14 Cal.Rptr.2d 670].) *Wilson v. County of San Diego* (2001) 91 Cal.App.4th 974, 979.

"When a defendant can establish his defense with the plaintiff's admissions sufficient to pass the strict construction test imposed on the moving party…, the credibility of the admissions are valued so highly that the controverting affidavits may be disregarded." *D'Amico v Bd of Med Examiners* (1974) 11 Cal 3d 1, 21-22.  But, this principle, "[p]roperly applied, [] is limited to instances where "credible [discovery] admissions… [are] contradicted *only* by self serving declarations of a party." *Price v Wells*

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

*Fargo* (1989) 213 Cal App 3d 465, 482.  *Followed and cited with approval in Scalf v D.B. Log Homes* (2005) 128 Cal App 4th 510. [emphasis added]

### III. Legal Argument

**A.  <u>Plaintiff has Sufficient Evidence to Support a Wrongful Foreclosure Claim:</u>**

The elements of a common-law cause of action for damages for wrongful foreclosure are: (1) Trustee or mortgagee caused an illegal, fraudulent or willfully oppressive sale of real property; (2) pursuant to a power of sale contained in a mortgage or deed of trust; and (3) the Trustor or mortgagor sustained damages. (*Munger v. Moore* (1970) 11 Cal. App. 3d 1, 7; see 4 Witkin, Sum. Of Cal. Law (10th ed. 2005) Secured Transactions in Real Property, §168.)

Defendants unlawfully, fraudulently or unfairly transferred her property in violation of 11 USC §362 on September 1, 2011 at the nonjudicial foreclosure (pursuant to a power of sale) and that plaintiff sustained damages while plaintiff was protected by an automatic stay in bankruptcy.

The Ninth Circuit follows the majority view that acts in violation of the automatic stay are void and not merely voidable. *In re Wardrobe*, 559 F3d 932, 934 (9th Cir. 2009).

To support her claim, plaintiff has Defendant's requesting notice of any such orders from the Court (7/28/11), the Court giving notice of the Order to Defendant (Tues. 8/30/11), and the transfer as memorialized in the Trustee's Deed Upon Sale (Thurs. 9/01/11). To support damages plaintiff has her own declaration, declaration of counsel, the events in this Case, and the Rescission (occurring in March 2012). (RJN)

Defendants merely provided a narrowly tailored self serving declaration stating that they did not receive notice from Ms. Galope prior to the transfer. However, the defendant waived their right to notice from Ms. Galope when they signed up for electronic notice with the court on 7/28/11.

The defendants filed a Notice of REQUEST FOR COURTESY NOTICE OF ELECTRONIC FILING on July 28, 2011 in the Galope bankruptcy matter. (RJN Ex 12).

That notice clearly stated:

**3**

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                *SACV12-323-CJC (RNBx)*

I further understand this request DOES NOT impose any obligation on the Court, the debtors or any other party in the case to deliver courtesy copies of any orders, pleadings, or other documents entered on the docket by mail, telephone, facsimile, or any other means of electronic transmission.

Thereafter, the case was dismissed and plaintiff filed a motion to vacate the dismissal on August 23, 2011. At that time, defendants were on notice of this motion and did not know whether or not the court would rule that the stay remained in place during the time of the dismissal or not.

In any event, the Order vacating the dismissal was entered on PACER on August 30, 2011 and service was made by the Court. Consequently, the defendants had notice of the stay by ECF on 8/30/11, which was two days before transferring the property in September yet did it anyway.

Furthermore, defendants wrongfully retained the title to the property for nine more months.  On October 14, 2011 Les Zieve filed an objection on behalf of defendant Deutsche Bank National Trust Company to the Chapter 13 plan, as such, defendants knew the stay was in effect, knew they were still in possession of the title to the property that was not supposed to be transferred out of the estate and were objecting to the plan based on lack Plan payments. Coupled with the fact, that rescission was demanded by plaintiff and rescission did not actually occur until defendants were faced with a federal action against them where a TRO was being sought – which took the debtor almost nine months (9 months) later to come up with the attorney's fees and costs to prosecute.

These events, taken in their totality, demonstrate a willful retention of the property in violation of the stay warranting punitive damages.

11 USC §362(k) allows for damages, attorney's fees and punitive damages for taking the property in violation of the stay in addition to rescinding the sale. As such, there is nothing moot about this claim.

Damages are mandatory. The statute states that the court "shall" award "actual damages" including costs and attorney fees and "the court may award punitive damages." 11 USC §362(k).

Furthermore the right to damages in violation of the stay survives bankruptcy dismissal so this is not "moot." *In re Davis* 177 BR 907, 911-912 (9th Cir BAP 1995).

**4**

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          *SACV12-323-CJC (RNBx)*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### B.  The Wrongful Foreclosure was Unlawful, Unfair and/or Fraudulent

Points and Authorities in section A above, are fully incorporated herein.

It is unlawful to transfer property while there is a bankruptcy stay prohibiting any transfers. 11 USC §362.  Defendants violated 11 USC §362 by transferring plaintiff's property while the automatic stay under 11 USC §362 was in place.

California's unfair competition law prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." (Cal. Bus. & Prof. Code § 17200.) And under this law, a practice can be prohibited as unfair or deceptive even if not *unlawful*, and vice versa. (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163 (1999).)

An *unlawful* business practice can be "anything that can properly be called a business practice and that at the same time is forbidden by law." (*Summit Tech., Inc. v. High-Line Med. Instruments Co.,* 933 F. Supp. 918 (C.D. Cal. 1966)

This prong of the unfair competition law allows a plaintiff to enforce a broad array of state and federal statutes, including consumer-protection statutes (*Walker v. Countrywide Home Loans, Inc.,* 98 Cal. App. 4th 1158 (2002) (Cal. Civ. Code § 2954.4); antidiscrimination statutes (*Reese v. Wal-Mart Stores, Inc.,* 73 Cal. App. 4th 1225 (1999), (Unruh Civil Rights Act, Cal. Civ. Code §§ 51-51.4)); criminal statutes (*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.,* 17 Cal. 4th 553 (1998), (Cal. Penal Code § 308); and environmental statutes (*Hewlett v. Squaw Valley Ski Corp.,* 54 Cal. App. 4th 499 (1997), (Cal. Pub. Res. Code § 4511).)

Defendants very narrowly declare that they did not receive any notice from "Ms. Galope" that there was a stay on September 1, 2011 when her property was transferred to defendant DBNTC by credit bid. That fact is not material to the outcome because **the Court gave defendants notice** with regard to the Automatic Stay on **Tuesday August 30, 2011** which defendant's attorney received through the ECF system. (RJN).  Yet, defendant still took the home on two days later on **Thursday September 1, 2011** by way of a Trustee's Deed Upon Sale. (TDUS date)

PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                              *SACV12-323-CJC (RNBx)*

Case law is clear that defendants only needed notice of the petition and it does not even have to be formal. *In re Kraus*, 889 F2d 773, 775 (8th Cir 1989) creditor's failure to return property after bankruptcy notice and demand from debtor constituted willful violation of stay.

Furthermore, they were given notice by plaintiff's counsel and a demand to rescind the sale in September 2011. Yet, it took the defendants nine month (9 months) and a lawsuit costing Galope attorney fees and other expenses to get the defendants to rescind the sale after they were aware of the stay that they violated. (TDUS Rescission date)

Violations of existing TRO orders are akin to automatic stays and are actionable claims under the UCL. Defendants claims that the cause is now moot. Case law is contrary. In *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4[th] 499 (1997), the plaintiffs complaint alleged the defendants violated Cal Business & Professions Code §17200 by cutting down trees in violation of an existing TRO.  The court noted that had the defendants waited just a short time, it could have lawfully cut the trees down. However, since it did not wait, a viable claim for violating Cal Business & Professions Code §17200 was made.

Actual damage are mandatory. *In re Ramirez* 183 BR 583, 589 (9th Cir BAP 1995).

Damages include attorney fees, costs and emotional distress. *In re Dawson*, 390 F3d 1139, 1149 (9th Cir 2004). Here, it is uncontroverted that Ms. Galope was placed in distress over the transfer for nine months – that duration of distress warrants substantial emotional distress damages. (Decl of Galope)

The UCL statute was amended in 1992 to include past, one-time acts as a prohibited business practice. *Klein v Earth Elements, Inc*. 59 CalApp4th 965, 969 (1997) As such, the past one-time conduct such as the September 1, 2011 transfer of plaintiff's property in violation of the stay is actionable conduct.

Defendant also contends that there is no injury. However, the defendant deprived plaintiff of rightful title to the property for nine months (9 months) and plaintiff incurred anxiety, distress, attorney

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          *SACV12-323-CJC (RNBx)*

fees and costs in order to get the transfer rescinded.  As such, there is injury and plaintiff has standing to sue under Cal Bus & Prof Code §17200.

Third, Defendant cannot moot the claim and pick off the plaintiff by what would amount to an involuntary settlement. *See, Wallace v Geico General Ins. Co.,* 183 CalApp4th 1390 (2010). 11 USC §362 specifically provides that a defendant who transfers property during a bankruptcy stay, must pay for all damages caused, including attorney fees, costs and even punitive damages if warranted.

Punitive damages are warranted here because it took nine months (9 months) to get the sale rescinded. Even if the court were to accept it was a mistake on September 1, 2011 to make the transfer, it was willful and knowing conduct to keep the property until such time the plaintiff procured the funds to file a federal action and retain counsel to obtain judicial relief in that regard – in this case nine months (9 months) later.

**C.  <u>Faxing a 4 page document Where 2 Pages Were Legal Size Loan Documents to Ms. Galope Without Warning Is Unlawful, Unfair and Fraudulent.</u>**

Plaintiff incorporates the points and authorities above in this section.

A plaintiff's allegations that a defendant used incomplete and misleading illustrations to sell universal life insurance policies may be actionable under the unfair competition law absent any claim that such conduct violated any regulation or statute. (*Wilner v. Sunset Life Ins. Co.,* 78 Cal. App. 4th 952 (2000).)

Like *Wilner,* Defendants conduct of *faxing* a legal size document that contained material terms without warning that the fax needed to be printed on legal size paper in order to see all of the terms was unlawful, unfair and fraudulent.

A genuine issue of material fact exists when looking at the two versions of the modification – the one presented by defendants and the one presented by the plaintiff.

Here, defendants finally turned over their version of the modification. The pages where the terms of repayment were located at the bottom were cut off below the standard page size. The entire

**7**

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

package faxed to Ms. Galope included a cover letter on letter size paper, the document placed on legal size paper and then the last page of the document on letter size paper.

Because, there was no warning that any of the papers were legal size and the signature line remained on the second page, there was no reason for Galope to know that the document could not be printed on standard letter size paper. Defendants did not shrink down the document before faxing it to Galope, as it did for this Court in support of the motion. As such the payments terms were cut off because they were contained in the bottom 3 inches of the page.

Regulation Z promulgated by the Federal Reserve Board under the Truth in Lending Act (12 CFR §226 et seq) required defendants to give plaintiff these material terms. Their practice of faxing these documents to borrowers like Galope resulted in a violation of that regulation because they received the documents without the terms.

Defendant did not offer any expert testimony to prove that this was not a violation, consequently summary judgment should not be granted. (*Saunders v Sup Ct*, 27 CalApp4th 832 (1994) expert testimony can be used to prove whether a statute is violated).

Defendant only proffered a self serving narrowly tailored declaration that the interest rate did not change in 2013 but the monthly payment changed at that time.

However, plaintiff amended the pleading with regard to the missing future terms solely based on defendants representations on March 26, 2012 as Document No. 16 in this Case (Galope v DBNTC Case No. 12-cv-00323) where defendant represented "Based on these express terms [of the modified loan], *the interest rate would change on April 1, 2013 pursuant to the provisions of the Adjustable Rate Rider*, an addendum to the original Deed of Trust." (RJN 1 at pg 8).

*Relying* on defendant's representation as true, Plaintiff amended her complaint and alleged, she was promised she was receiving a modification on more favorable terms of 5% in 2008, but in fact received a modification where the interest rate range was 8.775% to 15.75% after the interest only period expired.

**8**

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          *SACV12-323-CJC (RNBx)*

After plaintiff amended, Karen L. Stacy, a Barclay's paralegal, filed a declaration contradicting defendant's earlier representations to this court that the modified loan reverted to the original terms and she provides a shrunken version of the modification that was apparently written on "legal-size" paper wherein the modification states that the "*payments*" would change.

Defendant's  cannot make a material misrepresentation as to the facts, inducing the plaintiff to rely on those facts, then bring forth the true facts in order to get the case dismissed. That is impermissibly manipulating the proceedings and gaming the system.

Hopscotching from a change in the interest rate to a change in the monthly payment, makes little difference to the borrower whose main concern is what the monthly obligation will be.

The important material fact here is that defendant faxed over a document that they knew did not spell out what the terms of the monthly loan amount would be after 2013.  Moreover, those terms were placed within the last few inches at the bottom of the document that was typed on legal-sized paper so putting the fax on letter size paper like Galope did, omitted the terms altogether.

Barclays knew or had reason to know Galope only received the portions of the documents that could be printed out on a letter size page.

Barclays does not refute that they received only Galope's letter size partially cut off modification document signed by Helen Galope.  Barclays also does not refute that Helen Galope repeatedly attempted to get the rest of the terms from Taheera Franklin, without result. Barclays does not even refute that they faxed over a legal size document without also mailing it or placing a warning that it was a document printed on legal-size paper.

What Barclays did was unfair and fraudulent. A legal size document is  8 ½" by 14" long.  A letter size document is 8 1/2" by 11" long. As a result, there were over three inches of modification terms missing from Ms. Galope's document.

With material missing information from Ms. Galope's document, there was no meeting of the minds as to what Ms. Galope was signing. In fact, she had no idea nor could she know what she was signing – making a defense of fraud in the execution.

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          *SACV12-323-CJC (RNBx)*

Barclays knowingly faxed over the document that was typed on legal-size paper without warning Galope and others that the document was on legal-size paper and that in order to see all of the terms they had to receive the fax and print it out on legal-size paper.

Barclays signature line for Galope and others was within the letter-size portion of the document so as not to warn Galope that there was a bottom portion missing to the document. The worksheet on the back page and the cover letter were both letter size documents so there was no indicia of a document page size differential between the modification document's first two pages that were sandwiched in between the fax that Galope received.

Barclays never returned their signed version of the document to Galope so that she could see the missing terms on the bottom of the page. Galope had no reason to believe that Barclays even had a signature line which would have alerted her to the fact that she should even receive a completed signed document in the mail because that signature line was also within the last three inches of the legal sized document faxed over.

Furthermore, Barclays kept the modification terms hidden for over three years, from the Court and Galope.

Barclays filed for several motions for relief from stay attaching the Note to the Declaration but never the Modified version of the Note although it was their obligation and duty to prove up the amount owed in their motion before the US Bankruptcy court.

Barclays went so far as to refuse sending her another copy of the document by mail when she called to question the missing terms.

In *Peel v Brooks America Mortg Corp*. 788 F.Supp.2d 1149, 1166 (CD Cal 2011) the court found that a lender who put in a teaser rate on a mortgage loan which resulted in a negative amortization stated an unfair business practice.

In *Boschma v Home Loan Center, Inc*. 198 CalApp4th 230, 253 (2011) the court found that presenting a lawful contract in a deceptive manner is a fraudulent business practice under UCL. Here,

10

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          *SACV12-323-CJC (RNBx)*

the evidence supports a showing that the contract was presented to Galope in a deceptive manner. The facts in this case is a mixture of both *Peel* and *Boschma*.

Cal Civ Code §1623 fits in this scenario for fraudulent inducement in the execution of this modification document in order to avoid the Statute of Frauds defense.

It was not until **June 25, 2012** that Barclays furnished their version of the modification of Galope's LIBOR IO ARM loan by filing it in support of their motion.

It appears that there was no missing fax page, the document was complete with all terms, making the document and manner it was provided to the borrower an unlawful, unfair, and fraudulent business practice.

**D.  Barclays Market Manipulation of the LIBOR rate index was an Unlawful, Unfair and Fraudulent Business Practice and Supports Aiding and Abetting Liability and New Causes of Action**

Plaintiff incorporates the points and authorities above in this section.

Two days after Barclays furnished the entire agreement to Galope and this Court, on or about **June 27, 2012** Barclays PLC, Barclays Bank PLC and Barclays Capital Inc. settled with the Commodities Futures Trading Commission ("CFTC") and the US Dept. of Justice for manipulating the LIBOR rates from 2005 through 2009 for $453 million dollars. (RJN)

An examination of the Exhibits to defendant's MSJ reveals: Galope received an Interest Only Adjustable Rate Mortgage based on LIBOR on December 15, 2006. The interest rate was based on 6 month LIBOR that changed every 2 years. Barclay's was making loans based on an index that it and its co-conspirators knew they were manipulating. (RJN)

As such, Galope's loan and monthly obligations were not based on an independent index.  The depositor's administrator, Barclays, who was also the servicer and Swap trader of her loan was manipulating the price she had to pay on her monthly obligations by fixing the interest rate.

**11**

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          *SACV12-323-CJC (RNBx)*

No one would knowingly enter into a loan in which they knew the lender could manipulate the rate. (Decl of Matz, Decl of Galope)  The fact that the actual rate may have gone down or up is irrelevant; what matters is that the rate was not independently determined.

There were 5,072 loans placed in this trust. LIBOR loans are indentified 3,232 times in the FWP. (RJN).

The CFTC found that Barclays manipulated the LIBOR and as a result violated Sections 6(c), 6(d) and 9(a)(2) of the Commodity Exchange Act, 7 USC §§ 9, 13b and 12(a)(2).

7 USC §9 prohibits manipulation of the market.

Unlawful manipulation for purposes of this paragraph shall include, but not be limited to, delivering, or causing to be delivered for transmission through the mails or interstate commerce, by any means of communication whatsoever, a false or misleading or inaccurate report concerning crop or market information or conditions that affect or tend to affect the price of any commodity in interstate commerce, knowing, or acting in reckless disregard of the fact that such report is false, misleading or inaccurate. 7 USC §9(a)(1)

7 USC §13b makes such conduct a felony:

It shall be a felony punishable by a fine of not more than $1,000,000 or imprisonment for not more than 10 years, or both, together with the costs of prosecution, for: (a)…
**2)**Any person to manipulate or attempt to manipulate the price of any commodity in interstate commerce, or for future delivery on or subject to the rules of any registered entity, or of any swap, or to corner or attempt to corner any such commodity or knowingly to deliver or cause to be delivered for transmission through the mails or interstate commerce by telegraph, telephone, wireless, or other means of communication false or misleading or knowingly inaccurate reports concerning crop or market information... 7 USC §13(a)(2).

Barclays repeatedly attempted to manipulate the market and made false, misleading or knowingly inaccurate submissions concerning LIBOR.

"From at least mid-2005 through the fall of 2007, and sporadically thereafter into 2009, Barclays, through the acts of its swaps traders and submitters, attempted to manipulate US Dollar LIBOR.." (RJN Ex 7 pg 7-8)

**12**

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*               *SACV12-323-CJC (RNBx)*

"The swap traders made the requests in person, via email, and through electronic "chats" over an instant messaging system." (RJN Ex 7 pg 8)

The swap traders, included internal swap traders and they requested that the LIBOR be placed higher or lower depending on their position.

There were messages fixing the LIBOR rate days during the time period Galope received her loan as demonstrated by the US DOJ's office. (RJN).

This is akin to the case of Allied Grape Growers v Bronco Wine Co, 203 CalApp3d 432 (1988) wherein defendant's practice of downgrading grapes which occurred over a one-month time period was a "practice" even though it was done with respect to a single contract, since the contract was with a cooperative having many members.

Here, Galope's initial interest rate based on the Fixed LIBOR rate only affected Galope's contract. However, there were thousands of other borrowers during this time period in her same MBS Trust that were having their loans fixed too by a manipulated LIBOR market rate. Due to the rates being fixed on a substantial group of borrower's loans in the trust, each borrower in that trust was affected. Even the non LIBOR borrowers were affected to the extent that Barclays could then call in the Swap in 2008-2009 time period.

**E.   These Material Facts Support Denial of Motion for Summary Judgment.**

Plaintiff incorporates the points and authorities above in this section.

In order to prove a UCL claim is unlawful, plaintiff must allege (1) the law that is being borrowed and (2) some level of specificity or particularity of the facts supporting the violation. *Microsoft Corp. v A-Tech Corp.*, 855 F.Supp. 308, 313 (CD Cal 1994). However, the absence of a private cause of action conferred in a federal law being 'borrowed' as a violation is not a barrier to state a UCL claim. *Washington Mutual Bank v Superior Court*, 75 Cal App4th 773, 783 (1999).

Here, we have violations of 7 USC §§ 9, 13b and 12(a)(2) by Barclays LIBOR rate manipulation in the market that directly affected Ms. Galope and those similarly situated because their loans were based on the LIBOR rate.

**13**

PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          *SACV12-323-CJC (RNBx)*

Barclays Bank PLC was the "administrator of the sponsor" for the MBS trust. (RJN Ex 10 pg s-7)

Baclays Bank PLC was the owners of the wholly-owned subsidiary who was the depositor of the MBS trust. (RJN Ex 10 pg s-7)

Barclays Capital Real Estate Inc. d/b/a HomEq Servicing was the Servicer of the MBS trust (RJN Ex 10    pg    s-7).

Deutsche Bank National Trust Company was the trustee of the MBS Trust (RJN Ex 10 pg s-8)

Barclays Bank PLC was the "Swap and Cap Provider" for the MBS Trust (RJN Ex 10 pg s-8).

The manipulation of the LIBOR rates for the Swap traders profit on their positions as outlined in the text messages and emails by the US DOJ are admissions against interest to support plaintiff's claim of unlawful, unfair, and fraudulent conduct with regard to this trust in this lawsuit.

This MBS trust stopped reporting in 2008 during the time period that these manipulations were occurring showing a strong direct tie between the manipulation of plaintiff's monthly interest rate obligations and the profits made by the Swap agreement in place in the MBS trust. (RJN)

Ms. Galope would have walked away from this loan if she had known that the interest rates she would have been forced to pay were based on manipulation and not independent market factors. (Decl of Galope)

The modification agreement, initially was represented by the Defendants to be based on these same LIBOR figures. Then on June 25, 2012, a day before Barclays settled with the CFTC, USDOJ and others, Defendants came into this court asserting the modification agreement was based on a change in the monthly payment not the interest rate.

Discovery needs to be conducted to determine all of the potential injury this market manipulation caused.

There is no explanation of how a monthly payment change could not be quantified past 2013 in compliance with Regulation Z if the interest rate remained constant. Since there is no explanation of what a borrower is supposed to expect over the remaining 14 to 15 years of the life of that LIBOR loan,

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          *SACV12-323-CJC (RNBx)*

even if the change was based on the payment, it still failed to comply with Regulation Z of the Truth In Lending Act.

Between the TILA violations of nondisclosure and the CEA violations of market manipulation, other consumers similarly situated to Ms. Galope may not become aware of the fraud until 2013 or later.

**F.   <u>Plaintiff Has Standing to Bring the UCL Claims</u>:**

Injury in fact to have standing to bring this claim was outlined in *Kwikset Corp. v Sup. Court,* 51 Cal 4th 310 (2011) where the California Supreme Court reaffirmed "economic injury from unfair competition may be shown: A plaintiff may (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a congnizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary." Id. at 323.

Here, defendants transferred plaintiff's property in violation of a stay thereby depriving her title to her property and diminished (wiped out) her present property interest for Class A members.

Galope declared she also suffered emotional distress and incurred costs.

And the plaintiff and Class members of group B acquired in a transaction (the modification) less than they otherwise would have if they had not entered the transaction at all after being misled by the defendant that the modification was based on more favorable terms than their original notes.

The entire market that created the rate for the interest only payments being paid by the borrowers like Galope was manipulated by these defendants.

Consequently, standing and injury in fact exist in this case.

**G.  The Market Manipulation of the LIBOR rate and Deceptive Manner the Contract Was Presented Were Misleading Advertisements**

The rule is that advertising that can be interpreted in a misleading way should be construed against the advertiser. *Resort Car Rental System, Inc v FTC,* 518  F.2d  962, 964 (9th Cir. 1975).

**15**

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY          SACV12-323-CJC (RNBx)*

Advertising includes a banks misquote of interest rate over the telephone to a potential borrower. It does not have to be put in the public media. *Chern v Bank of America*, 15 Cal3d 866, 870 (1976).

The complaint alleges defendant misquoted the terms of the modified loan over the telephone to plaintiff.  The phone conversations coupled with the Attachment to the modification document that was faxed and appeared to have a page missing was misleading.  This conduct was potentially deceptive to the borrowers who were the audience that these representations were aimed at. Statute of frauds is not required to be met on a §17500 claim.

It has also been discovered that Barclays manipulated the LIBOR rate and published it in the Wall Street Journal and was used on the borrower's loans to determine how much they owed.

Consequently, plaintiff can and did allege a claim for violation under section 17500 of the UCL.

**H.      There is Now Evidence To Add Defendants and Claims To Support the UCL §17200 and §17500 Aiding and Abetting Allegations:**

Plaintiff incorporates the points and authorities above in this section.

A defendant need not know that the conduct was unlawful, but the defendant who has knowledge of the conduct and assists by aiding and abetting can be held liable, such as individual corporate officers or majority stockholders. *People v Toomey*, 157 CalApp3d 1 (1985).

This claim now applies to both Barclays and to Deutsche Bank. Defendants did not provide any evidence to refute these allegations. Summary judgment would be improvidently granted under the circumstances.

**I.      The Release Cannot Waive Plaintiff's Rights Because It Would Be Against Public Policy To Do So.**

Whether or not a release would waive a certain claim, is an affirmative defense. A motion for summary judgment is based on the pleadings. In this case, there is no answer and as such, a motion for summary judgment based on the affirmative defense of waiver due to a release is premature.

**16**

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          *SACV12-323-CJC (RNBx)*

Even, if there were an Answer on file, the defense is not available as any release based on UCL claims and fraud is void against public policy and will not be enforceable. *Hick v. Thomas,* 90 Cal. 289 (Cal. 1891), *See also, Tunkl v Regents Univ. of Cal.*, 60 Cal2d 92 (1963).

The Release defendant placed in plaintiff's modification contract cannot stand because it is void against public policy. Releases for intentional conduct such as fraud are void and have been for a very long time as codified in Cal Civ Code §1668.

As the California Supreme Court explained:

"The traditional skepticism concerning agreements designed to release liability for future torts, reflected in *Gardner, supra,* 180 Cal.App.3d 713, and many other cases, long has been expressed in Civil Code section 1668 (hereafter cited as section 1668), which (unchanged since its adoption in 1872) provides: "All contracts which have for their object, directly or indirectly, to exempt any one from responsibility for his [or her] **own fraud**, or willful injury to the person or property of another, **or violation of law**, whether willful or negligent, **are against the policy of the law**." *City of Santa Barbara v Superior Court* 41 Cal 747 (2007). *See also, Tunkl v Regents Univ. of Cal.*, 60 Cal2d 92 (1963). [emphasis added]

Defendant manipulated the LIBOR rate for financial gain in violation of a myriad of laws making such conduct fraudulent. Defendant also faxed over 2 legal size pages as part of the modification agreement to plaintiff so the bottom of the pages containing material terms about repayment were cut off when the fax transmission was received on letter size paper which was also unfair and fraudulent.

None of these actions can be released by agreement. These are acts of fraud.

Defendants also argue the Adversary Proceeding prohibits this action cannot go forward. However, the Adversary Proceeding was dismissed without prejudice and not due to the merits of any claim. As such, this cannot form a basis for the type of relief defendants now seek in this case.

**J.** **The Plaintiff Requests Leave To Amend to Conform to Proof.**

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          *SACV12-323-CJC (RNBx)*

The LIBOR market manipulation just occurred and it is a new relevant fact that puts the pieces of the puzzle together in this lawsuit.

Second, defendant misrepresented the terms of the modification and it was not until June 25, 2012 that they provided the true terms of the modification agreement or showing that it was not a missing page, but it was the bottom part of the page that was cut off. Defendant previously represented there was no missing page or terms and that it merely reverted back to the same interest rate. Now with their document in hand, it appears that the missing term was the payment and the interest rate was not what was originally represented.

Amending pleadings to conform to the actual proof in the case are liberally granted, even orally during trial.

## IV CONCLUSION

Wherefore plaintiffs respectfully request that this court deny plaintiff's motion for summary judgment, allow discovery to proceed and grant plaintiff's application for leave to add parties and claims consistent with the new evidence discovered and used in this opposition.

Dated:  July 2, 2012                              Respectfully Submitted,
                                                  LAW OFFICES OF LENORE ALBERT


                                                  /s/ Lenore Albert_____
                                                  LENORE L. ALBERT, ESQ.
                                                  Attorney for Plaintiff Helen Galope

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

### DECLARATION OF LENORE ALBERT, ESQ.

I, Lenore Albert, Esq. am the attorney of record for the plaintiffs in the above captioned action and am licensed to practice before all courts in the State of California and before the United States District Court for the Central District of California, the Ninth Circuit, and the Supreme Court of the United States of America.  If called as a witness I would and could competently testify as follows:

1.     I sent a letter in September 2011 notifying the defendants of the sale of Galopes property in violation of the Stay and demanded rescission of the sale.

2.     Defendants did not respond to my request.

3.     I then referred her to bankruptcy attorney Jacob Chang.

4.     No meeting of counsel with 26f disclosures has been made in this case.

5.     I immediately requested to take a 30b6 deposition of the defendant, Deutsche Bank National Trust Company after receiving the OSC re: motion for summary judgment but defense counsel represented that the soonest a deposition could be procured was the date my Opposition to the motion for summary judgment was due, July 2, 2012.

6.     I was neither notified of the actual missing terms nor provided with the legal size document memorializing the modification agreement from defense counsel until I saw it attached to the motion for summary judgment papers.

7.     Prior to that time, opposing counsel represented to me that the terms reverted to the original terms in the Note after 2013 in his moving papers for motion to dismiss.

8.     Furthermore, the Settlement reached by Barclays on fixing the LIBOR rates on these loans just occurred last week.

9.     This was a LIBOR Loan placed in a trust directly affected by the rate fixing.

**19**

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

10.     I reviewed the Securities Agreements in this case which are voluminous and there are 5,072 loans in this mortgage backed securities trust.

11.     There are eleven tables contained in the FWP (Free Writing Prospectus) that contains the identity of each loan transferred to this trust.

12.     When performing a word search for the term "LIBOR" it shows up 3,232 times in the FWP.

13.     Harvey Pitt called the Settlement and revelation of the market manipulation the "Proverbial tip of the iceberg."

14.     This was the largest Civil Penalty ever imposed by the CFTC and is referred to as the attempted manipulation of the market.

15.     The Chinese Walls were down between the banks and the traders as has been long suspected when the banks were allowed to start betting against their own borrowers through Swap Agreements.

16.     Betting against the borrowers was a crux of the complaint I pleaded on behalf of the Yau's and those similarly situated in Yau v Deutsche Bank National Trust Company et al, SACV11-0006-JVS (RNBx) wherein Gregg Lipmann distributed TShirts touting "I short your house" as a trader for Deutsche. That case is now on appeal before the Ninth Circuit as to Aurora only as we did not have any evidence of actual market manipulation on the interest they paid on their loan to give the Yau's standing. Deutsche bank was dismissed at the pleading stage.

17.     Unlike, Yau, we have a Barclays Trust with admissions that Barclays manipulated the LIBOR rate for Swap traders – the very rate used to determine Galope's payments on her Loan with Barclays that was placed in a trust where Barclays was also the Swap provider of the Trust.

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

18.     A rule 15 report was filed in 2008 on this trust. This can mean the trust closed on that date or did not have to report because the number of investors was below nine.

19.     In either case, the non reportability means that John and Jane Doe along with a multitude of others are not the investors of this trust.

20.     In most cases, the investors are the depositors/Swap agents of the trust (e.g. the defendants in this action).

21.     This could explain why the defendants presented this court with a version of the Note without the Allonge to the trust on it in support of their motion.

22.     This cannot change the facts that Barclays was the administrator for the Depositor, Servicer and Swap provider of this trust which can be found in the prospectus Rule 424b5 report.

23.     Deutsche Bank National Trust Company was the trustee.

24.     HomeEq is a d/b/a of Barclays.

25.     The Complaint alleged that Deutsche Bank was responsible for the acts of HomeEq (Barclays) in the Complaint.

26.     That allegation was not refuted in the motion for summary judgment and no Answer has been filed denying that allegation in this case.

27.     When I prepared the operative complaint, I did not contemplate that there would be hard evidence Barclays manipulated the market LIBOR rate.

28.     With these new facts, I am filing an application to add Barclays as a separate defendant at this time and to allege the 17200/17500 claims based on the market manipulation. I will also be asking the court leave to file a claim based on breach of good faith/fair dealing and fraud, too.

29.     I will not have an amended pleading ready to be filed with this Opposition because I do not have time due to the recent nature of these unfolding events.

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

30.    I will have the Application on file with the proposed pleading by July 11, 2012 so it can be heard on July 16, 2012 also.

31.    Attached to the Request for Judicial Notice are the following documents being relied upon to support the adjudicative facts in plaintiff's favor that were not provided by defendant in their moving papers:

- Defendant's Notice of Motion and Motion to Dismiss Complaint filed on March 26, 2012 as Document No. 16 in this Case (Galope v DBNTC Case No. 12-cv-00323) page 8 "What plaintiff fails to address in the Complaint is that the original Note and Deed of Trust control all other conditions, and that the maturity date on the modified loan clearly indicates January 2, 2037. [] Based on these express terms, the interest rate would change on April 1, 2013 pursuant to the provisions of the Adjustable Rate Rider, an addendum to the original Deed of Trust" a true and correct copy  of which is already in the case file.

- Declaration of Karen Stacy executed on September 15, 2010 and filed on September 16, 2010 in Lee v Equifirst Corp., United States District Court Case No. 3:10-cv-00809 for the Middle District of Tennessee, a true and correct copy of which is attached hereto as Exhibit 1.

- Declaration of Karen Stacy executed on April 11, 2012 and filed on April 11, 2012 in Osborne v Equifirst Corporation, Case No. 3:12-cv-00172 for the Eastern District of Tennessee, a true and correct copy of which is attached hereto as Exhibit 2.

- LinkedIn public profile for Karen Stacy noting her employment as "Senior Paralegal at Barclays Capital" as of June 30, 2012, a true and correct copy of which is attached hereto as Exhibit 3   and is a public document which can be found at linkedin.com.

- The Note of $522,000.00 indebting plaintiff Helen Galope with Allonge made out to Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement

**22**

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          *SACV12-323-CJC (RNBx)*

dated as of May 1, 2007 Securitized Asset-Backed Receivables LLC Trust 207-BR4 Mortgage Pass-Through Certificates, Series 2007-BR4, a true and correct copy of which is attached to Helen Galope's Declaration filed concurrently herewith.

- News story from Reuters.com dates June 27, 2012 by Alexandra Alper and Kirsten Ridley captioned "Barclays paying $453 million to settle Libor probe" a true and correct copy of which is attached hereto as Exhibit 4.

- June 27, 2012 press release from the United States Department of Justice announcing "Barclays Bank PLC Admits Misconduct Related to Submissions for the London Interbank Offered Rate and the Euro Interbank Offered Rate and Agrees to Pay $160 Million Penalty, a true and correct copy of which is attached hereto as Exhibit 5.

- June 26, 2012 Appendix A to the Non-Prosecution Agreement, dated June 26, 2012, between the United States Department of Justice, Criminal Division, Fraud Section, and Barclays Bank PLC, a true and correct copy of which is attached hereto as Exhibit 6.

- June 27, 2012 Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, as Amended, Making Findings and Imposing Remedial Sanctions, before the Commodity Futures Trading Commission in the Matter of: Barclays PLC, Barclays Bank PLC and Barclays Capital Inc., CFTC Docket No. 12-25, a true and correct copy of which is attached hereto as Exhibit 7.

- LIBOR Rates History as of June 30, 2012 as published on fedprimerate.com, a true and correct copy of which is attached hereto as Exhibit 8.

- Securitized Asset Backed Receivables LLC Trust 2007-BR4 15 SEC Filings from 6/12/07 to 3/28/08, a true and correct copy of which is attached   hereto as Exhibit 9 and can be found as a public record at secinfo.com.

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*           *SACV12-323-CJC (RNBx)*

• Securitized Asset Backed Receivables LLC Trust 2007-BR4 424B5 filed on 6/14/07, a true and correct copy of which is attached hereto as Exhibit 10 and can be found as a public record at secinfo.com.

• Securitized Asset Backed Receivables LLC Trust 2007-BR4 FWP (Free Writing Prospectus) – Securitized Asset Backed Receivables LL Trust 2007-BR4 on 6/14/07, a true and correct copy of which is attached hereto as Exhibit 11 and can be found as a public record at secinfo.com.

• Request for Courtesy Notice of Electronic Filing (NEF) by Attorney Les Zieve on behalf of the Ocwen Loan Servicing, LLC the sub-servicer of plaintiff's loan filed on July 28, 2011 in the Matter of Galope, Case No. 11-bk-18339-MT Chapter 13, which was a few weeks before the debtor moved to vacate the dismissal and over a month before the Court order initiating the automatic stay in this case was filed. This is being offered to show that defendants received notice from the Court of the stay before defendants transferred the property out of the bankruptcy estate and onto their books on September 1, 2011, a true and correct copy of which is attached hereto as Exhibit 12 and can be found as a public record at pacer.gov.

• Court Order vacating the dismissal and reinstituting the automatic stay on August 30, 2011 in the Matter of Galope, Case No. 11-bk-18339-MT Chapter 13, two days before the sale according to the TDUS defendants filed in support of their motion, a true and correct copy of which is attached hereto as Exhibit 13 and can be found as a public record at pacer.gov.


I declare under penalty of perjury according to the laws of the State of California that the foregoing is true and correct.  Executed on July 1, 2012 at Huntington Beach, California.

/s/ Lenore Albert_____
LENORE L. ALBERT, ESQ.

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          *SACV12-323-CJC (RNBx)*

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE:
 I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 7755 Center Avenue Suite #1100, Huntington Beach, CA 92647.
On July 2, 2012, I served a copy of the following document(s) described as:

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

On the interested parties in this action as follows:

See attached Mail List

**[x] BY CM/ECF –** I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth pursuant to FRCP 5(d)(1).
**[ ] BY EMAIL –** I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth herein.
**[ ] BY FAX –** I caused such document(s) to be transmitted facsimile from the offices located in Westminster, California this business day to the aforementioned recipients.
          I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: July 2, 2012

                                                  s/ Lenore Albert
                                                  Lenore Albert

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

Mailing List

For Defendant Western Progressive, LLC and
Defendant Deutsche Bank National Trust Company:

Eric D. Hauser, Esq.
Steven S. Son, Esq.
HOUSER & ALLISON
3760 Kilroy Airport Way, Suite 260
Long Beach, CA 90806
Telephone: (949) 679-1111
Fax: (949) 679-1112
Email: sson@houser-law.com

26

**PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LENORE ALBERT**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          *SACV12-323-CJC (RNBx)*