1  Eric D. Houser (SBN 130079)
   Steven S. Son (SBN 265921)
2  HOUSER & ALLISON
   A Professional Corporation
3  3780 Kilroy Airport Way, Suite 130
   Long Beach, CA 90806
4  Telephone: (562) 256-1675
   Facsimile: (949) 679-1112
5  E-mail: sson@houser-law.com

6  Attorneys for Defendants,
   Deutsche Bank National Trust Company, as trustee under Pooling and Servicing
7  Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC
   Trust 2007-BR4 and Western Progressive, LLC

8
                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 HELEN GALOPE, an individual,           Case No. 12-cv-00323-CJC-RNB

                    Plaintiff,             Hon. Cormac J. Carney
12
13        v.

   DEUTSCHE BANK NATIONAL               DEFENDANTS' REPLY TO
14 TRUST COMPANY, AS TRUSTEE            PLAINTIFFS' OPPOSITION TO
   UNDER POOLING AND SERVICING          DEFENDANTS' MOTION FOR
15 AGREEMENT DATED AS OF MAY            SUMMARY JUDGMENT;
   1, 2007 SECURITIZED ASSET           MEMORANDUM OF POINTS AND
16 BACKED RECEIVABLES LLC              AUTHORITIES; SUPPLEMENTAL
   TRUST 2007-BR4; WESTERN             DECLARATION OF STEVEN S.
17 PROGRESSIVE, LLC; and DOES 1         SON
   through 10, inclusive,
18                                     [Defendants' Evidentiary Objections
                    Defendants.        and Defendants' Responses and
19                                     Objections to Plaintiffs' Request for
                                       Judicial Notice Filed Concurrently
20                                     Herewith]

21                                     [Fed. R. Civ. P. 56 & L.R. 56]

22                                     Date: July 16, 2012
                                       Time: 1:30 p.m.
23                                     Courtroom: 9B

24                                     Action Filed: March 1, 2012
                                       Trial Date: None Assigned
25 ///
   ///
26

27
          DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
28    TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1

**TABLE OF CONTENTS**

2

3   I.        INTRODUCTION ................................................................................ 1

4

5   II.       ARGUMENT ...................................................................................... 2

6        A.  Ms. Galope Has No Evidence That Establishes Defendants Knew
            of the Bankruptcy Case Reinstatement Prior to the Sale ........................ 2

7

8        B.  Ms. Galope Has Insufficient Evidence to Recover Damages ................. 3

9        C.  Ms. Galope's Theory Regarding the Exchange of the Modification
            Agreement Is Theoretically Impossible ..................................................... 4

10

11       D.  Ms. Galope Cannot Raise New Issues Beyond the Pleadings To
           Oppose Summary Judgment and These Theories Centered on the

12            LIBOR Index Are Irrelevant .................................................................. 5

13       E.  Ms. Galope Waived All of Her Claims Against Defendants and is
            Estopped From Suing Defendants Because There Is No Fraud ............... 6

14

15       F.  Another Opportunity to Amend is Unwarranted Against Moving
           Defendants Because the "New" Evidence Concerning the LIBOR

16           Index Does Not Apply to Defendants In This Case ................................. 8

17
    IV.       CONCLUSION ................................................................................ 10

18

19

20

21

22

23

24

25

26

27

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
28  TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

i

# TABLE OF AUTHORITIES

**Cases**

*Barnett v. Edwards*, 214 B.R. 613, 620 (9th Cir. BAP 1997) .................................... 3

*Foman v. Davis*, 371 U.S. 178, 182 (1962) ................................................................ 8

*In re Dawson*, 390 F.3d 1139, 1149 (9th Cir. 2004).................................................. 4

*Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).................................................. 8

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538

   (9th Cir. 1989) ...................................................................................................... 8

*Munger v. Moore*, 11 Cal.App.3d 1, 7-8, fn. 6 (1st Dist. 1970) ............................... 3

*National Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 502

   (9th Cir. 1997) ...................................................................................................... 4

*Southern Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888

   (9th Cir. 2003) ...................................................................................................... 5

*Swanson v. United States Forest Service*, 87 F.3d 339, 343

   (9th Cir. 1996) ...................................................................................................... 8

*Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991

   (9th Cir. 2006) ...................................................................................................... 6

**Statutes**

11 U.S.C. § 362 ............................................................................................................ 2

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ii

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

Defendants Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4 ("Deutsche Bank as Trustee") and Western Progressive, LLC ("WPT") (collectively "defendants") submit their Reply to plaintiffs' Opposition to defendants' Motion for Summary Judgment.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

In the Opposition, plaintiffs fail to create a triable issue for summary judgment.  The Court effectively converted defendants' Motion to Dismiss into one for Summary Judgment because plaintiffs' claims did not appear to be viable. The two main issues raised in the operative complaint are: (1) the property sold after the subject bankruptcy case was reinstated and (2) HomEq, the prior loan servicer, did not provide Ms. Galope a full copy of the April 2008 Modification Agreement.  However, the wrongful foreclosure claim is moot because the sale has been rescinded and Ms. Galope has not sustained any recoverable damages. Also, plaintiffs' claims concerning the two version of the Modification Agreement have no merit.  Ms. Galope's own declaration confirms she was given a complete copy of the Modification Agreement because no complete version of the Modification Agreement would exist if Ms. Galope had only been given an incomplete version to sign.  Defendants are being penalized for giving Ms. Galope a fixed-rate loan modification in April 2008 despite having no obligation to do so, which was to her benefit because it reduced her monthly payments by $800.00 and effectively cured her default at the time.

---

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

1

1    In the Opposition, plaintiffs now try to turn this lawsuit into a putative class

2    action concerning the LIBOR Index and Barclays's influence with respect to the

3    same.   Plaintiffs cannot create a triable issue in this case by going beyond the

4    issues as framed by the pleadings.   Further, the evidence confirms that Ms.

5    Galope received a **fixed** 5.5% interest rate modification, thus the LIBOR Index

6    and Barclays's role is irrelevant to this case.   The instant action does not involve

7    an adjustable rate modification based on the LIBOR Index.   Plaintiff has not

8    presented any evidence that defendants were involved in the origination of the

9    December 2006 refinance loan.   The only admissible evidence on summary

10   judgment confirms the Court's premonition, as plaintiffs' claims are contractually

11   and equitably barred, and have no merit.   Plaintiffs' request for another

12   opportunity to amend the complaint to again change their theories against moving

13   defendants is unwarranted.

14   **II.   ARGUMENT**

15       **A.    Ms. Galope Has No Evidence That Establishes Defendants Knew**

16           **of the Bankruptcy Case Reinstatement Prior to the Sale**

17   In order for Ms. Galope to recover on her wrongful foreclosure based on

18   the fact that the property sold after the subject bankruptcy case was reinstated,

19   Ms. Galope must establish that defendants "willfully" proceeded with the

20   September 1, 2011 sale despite knowledge of the bankruptcy reinstatement on

21   August 30, 2011. Plaintiffs have not provided sufficient evidence to establish this

22   condition precedent.   An individual injured by a **willful** violation of the automatic

23   stay shall recover actual damages including costs and attorney's fees and, in

24   appropriate circumstances, punitive damages. 11 U.S.C. § 362(k)(1). A violation

25   of the automatic stay is "willful" if the entity knew of the automatic stay and

26

27

28

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

2

1  intentionally performed the actions that violated the stay. *Barnett v. Edwards*,
2  214 B.R. 613, 620 (9th Cir. BAP 1997).

3      Here, Ms. Galope claims that defendants were placed on notice of the
4  reinstatement of her bankruptcy case on August 30, 2011 because of the
5  bankruptcy court's electronic notice system. (*See* Opposition, 3:21-27, 4:1-9, &
6  5:21-27).   However, plaintiffs' own Request for Judicial Notice confirms
7  otherwise.  The Request for Courtesy Notification of Electronic Filing was filed
8  by non-party Ocwen Loan Servicing, LLC via the Law Offices of Les Zieve.
9  (*See* Plaintiffs' RJN, Exh. 12).  The Order granting Ms. Galope's motion to
10  vacate the dismissal was not electronically served on moving defendants based on
11  the Service List. (*See* Plaintiffs' RJN, Exh. 13).  Ms. Galope did not advise
12  defendant WPT, the foreclosure trustee, of the reinstatement **before** the sale. (*See*
13  Decl. of Spurlock, Para. 6 & Decl. of Galope, Paras. 1-42).  Given there is no
14  evidence of a willful violation of the automatic stay by moving defendants with
15  respect to the sale of September 1, 2011, Ms. Galope cannot recover damages,
16  fees, or costs.  Punitive damages are likewise inappropriate because there was no
17  willful violation.

18      **B.**    **Ms. Galope Has Insufficient Evidence to Recover Damages**

19      Ms. Galope has not sustained any pecuniary loss because of when the
20  rescission of the sale was recorded. (*See* Decl. of Galope, Paras. 1-42, Exhs. A-
21  D).  As articulated in the moving papers, there is no equity in the property, the
22  standard for damages in California on wrongful foreclosure claims. *Munger v.*
23  *Moore*, 11 Cal.App.3d 1, 7-8, fn. 6 (1st Dist. 1970).  Defendants note that Ms.
24  Galope's bankruptcy case, while reinstated on August 30, 2011, was ultimately
25  again dismissed on December 16, 2011. (*See* Decl. of Son, Para. 9, Exh. 17).  As
26  such, plaintiffs' claim that defendants "violated" the automatic stay for "nine

27
28  **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION**
    **TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

months" is meritless because the record confirms otherwise. The sale was rescinded and plaintiffs have not offered any evidence that defendants tried to obtain possession post-sale and pre-rescission.

Further, Ms. Galope has insufficient evidence for emotional distress damages. To obtain emotional distress damages under a violation of the automatic stay, "an individual must (1) suffer significant harm, (2) clearly establish the significant harm, and (3) demonstrate a causal connection between the significant harm and the violation of the automatic stay (as distinct, for instance, from the anxiety and pressures inherent in the bankruptcy process)." *In re Dawson*, 390 F.3d 1139, 1149 (9th Cir. 2004). "Fleeting or trivial anxiety or distress does not suffice to support an award; instead, an individual must suffer significant emotional harm." *Id.* "It must be clear that the individual suffered significant emotional harm" which can be established by corroborating medical evidence or non-expert testimony regarding the "manifestations of mental anguish" and "significant emotional harm." *Id.* at 1149-50. Here, Ms. Galope does not come close to meeting her burden of establishing the elements for a viable emotional distress claim. (*See* Decl. of Galope, Paras. 1-42, Exhs. A-D). There is no other evidence that supports a claim for emotional distress, as the "facts" raised by plaintiffs' counsel through legal memoranda are inadmissible, having no evidentiary support. *National Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 502 (9th Cir. 1997).

### C.   Ms. Galope's Theory Regarding the Exchange of the Modification Agreement Is Theoretically Impossible

The Declaration of Helen Galope confirms that her theory of never receiving the full Modification Agreement is impossible. Ms. Galope declares that a true and correct copy of the Modification Agreement that **she faxed to**

HomEq Servicing on April 14, 2008 is attached to her Opposition.  (*See* Decl. of Galope, Paras. 8-12, Exh. B).   Ms. Galope's version of the Modification Agreement cuts off at the bottom of Paragraph 1(d) after "will be increased to an".   (*See* Decl. of Galope, Para. 12, Exh. B).   However, defendants have presented into evidence a full copy of the Modification Agreement, with the full provision of Paragraphs 1(d) & 2.  (*See* Decl. of Stacy, Para. 7, Exh. 3).  A close look at the identifying information across both versions confirms they are the same document exchanged at the same time period.  At the top of both versions, it is identified that both documents were faxed on April 14, 2008 at 7:43 a.m.  (*See* Decl. of Galope, Para. 12, Exh. B & Decl. of Stacy, Para. 7, Exh. 3).   Ms. Galope's theory that she faxed her "incomplete" version of the Modification Agreement to HomEq on April 14, 2008, because she never received a complete copy, is theoretically impossible.  If this were true, then defendants would not have been able to present into evidence the exact same document with the full text of Paragraphs 1(d) & 2.  If this were true, defendants would only be able to present an incomplete copy of the Modification Agreement because this would have been the only version sent to HomEq by Ms. Galope.  Ms. Galope's theory regarding the facsimile exchange with HomEq is impossible based on basic logic.

**D.    Ms. Galope Cannot Raise New Issues Beyond the Pleadings To Oppose Summary Judgment and These Theories Centered on the LIBOR Index Are Irrelevant**

In the Opposition, plaintiffs now raise various new theories based on the "letter versus legal-size" of the documents in the Modification Agreement and concerning the LIBOR Index and Barclays's role with respect to the same. However, the pleadings frame the issues for purposes of summary judgment. *Southern Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

A party cannot oppose summary judgment by raising grounds not in issue under the pleadings. *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006). Here, the operative compliant does not identify the "size" of the documents concerning the modification as an issue, and is accordingly inadmissible to defeat summary judgment. Further, the relevance of plaintiffs' point is vague, ambiguous, if not unintelligible as pled. (*See* Opposition, Pgs. 7-11). The connection or relevance between "legal" or "letter-sized" paper with the facts at issue in the instant action is unclear.

Plaintiffs' focus on the LIBOR Index and Barclays's involvement with the same is wholly misguided. (*See* Opposition, Pgs. 11-16). As the evidence shows, defendants were not involved in the origination of the December 2006 refinanced loan. Non-party New Century Mortgage Corporation originated the loan, which had an adjustable interest rate affected by the LIBOR. (*See* Decl. of Stacy, Para. 3, Exh. 1). The April 2008 modification fixed the interest rate at 5.5% through maturity, thus had no relation or connection to the LIBOR. (*See* Decl. of Stacy, Para. 7, Exh. 3). The LIBOR Index has nothing to do with the issues raised in this action and is therefore wholly irrelevant, including the purported "expert" testimony of William Matz. (*See* Defendants' Evidentiary Objections and Defendants' Responses and Objections to Plaintiffs' Request for Judicial Notice). The only admissible evidence on summary judgment confirms that Ms. Galope's loan has a fixed interest rate at 5.5% through maturity. (Decl. of Stacy, Para. 7, Exh. 3).

**E.     Ms. Galope Waived All of Her Claims Against Defendants and is Estopped From Suing Defendants Because There Is No Fraud**

In the Opposition, plaintiffs contend that the release contained in the Modification Agreement should not apply because it is against public policy.

However, as discussed above and as articulated in defendants' moving papers, there was no fraud concerning the facsimile exchange of the Modification Agreement.   Ms. Galope's theories of how the exchange went down are theoretically impossible because HomEq could not have a complete copy of the Modification Agreement if Ms. Galope only faxed to HomEq the incomplete version on April 14, 2008.  (*See* Decl. of Galope, Paras. 8-12, Exh. B).  Further, plaintiffs' theories surrounding the LIBOR Index are wholly irrelevant because Ms. Galope received a fixed interest rate of 5.5% through maturity via the April 2008 modification.  (*See* Decl. of Stacy, Para. 7, Exh. 3).  Whatever Barclays's role was concerning the LIBOR Index is immaterial to the issues raised in the instant action because the April 2008 modification was not an adjustable rate loan and because moving defendants were not involved with the refinanced December 2006 loan, the only loan at issue concerning Ms. Galope with an adjustable interest rate.  (*See* Decl. of Stacy, Para. 3, Exh. 1).

Given that plaintiffs have presented insufficient evidence to support all of the elements of a fraud claim, the release language in the Modification Agreement applies because the language is plain, unambiguous, and applies to moving defendants.  (*See* Decl. of Stacy, Para. 7, Exh. 3).  Further, plaintiffs have presented no evidence why they are not estopped by contract from suing defendants for their UCL claims.  As discussed in defendants' moving papers, Ms. Galope's $15,951.62 in arrearages was effectively cured in April 2008 via the modification, which set the interest rate at 5.5% fixed to maturity and reduced her monthly payments by roughly $800.00 per month.  (*See* Decl. of Stacy, Paras. 3 & 6-7, Exhs. 1 & 3).  In return for the modification, Ms. Galope waived all of her claims concerning the modification.  (*See* Decl. of Stacy, Para. 7, Exh. 3).  Ms. Galope is barred from now asserting her UCL claims, inconsistent with her prior

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

7

1   release, to the detriment of defendants because Ms. Galope benefitted from

2   modification and because foreclosure was not initiated in April 2008. All of Ms.

3   Galope's UCL claims are barred under quasi-estoppel.

4     **F.**   **Another Opportunity to Amend is Unwarranted Against Moving**

5       **Defendants Because the "New" Evidence Concerning the LIBOR**

6       **Index Does Not Apply to Defendants In This Case**

7      In the Opposition, plaintiffs request the Court for another opportunity to

8   amend the complaint in order to "add parties and claims consistent with the new

9   evidence discovered" which refers to the LIBOR Index and Barclays's role with

10  respect to the same. (*See* Opposition, 18:1-2, 11-13). However, another

11  opportunity to amend the claims is unwarranted because the LIBOR Index is

12  irrelevant to the instant action. To grant or deny leave to amend rests in the sound

13  discretion of the trial court and will be reversed only for abuse of discretion.

14  *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996).

15  Repeated failures to cure deficiencies despite given several opportunities or the

16  futility of an amendment warrant a denial of leave to amend. *Foman v. Davis*,

17  371 U.S. 178, 182 (1962); see also *Moore v. Kayport Package Express, Inc.*, 885

18  F.2d 531, 538 (9th Cir. 1989). Where the moving party knew when drafting the

19  operative complaint the facts on which the amendment is based but did not

20  include them in the operative complaint, denial of leave to amend is proper.

21  *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).

22     Here, the "new" evidence concerning the LIBOR Index and Barclays's role

23  with respect to the same is wholly irrelevant to this action. As discussed above in

24  detail, defendants were not involved in the origination of the December 2006

25  refinanced loan with an adjustable interest rate that Ms. Galope obtained from

26  non-party and lender New Century Mortgage Corporation. The April 2008

27

28  **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION**
  **TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

modification has a fixed interest rate of 5.5% through maturity, thus has no connection to the LIBOR Index. This "new" evidence is wholly inapplicable and irrelevant to the claims raised by plaintiffs against moving defendants Deutsche Bank as Trustee, the beneficiary of the Deed of Trust, and WPT, the foreclosure trustee. Ms. Galope is trying to steer this lawsuit in another direction once more because she has insufficient evidence against moving defendants on her current claims, but this attempt is misplaced. Any amendment against moving defendants is futile and denial of leave to amend is accordingly proper. Ms. Galope may bring a separate lawsuit against different entities based on these predatory lending theories, but this has no application to moving defendants.

Ms. Galope filed the instant action on March 1, 2012 and has been given the opportunity to file a total of three complaints in the past four-plus months, the latest of which is a putative class action. Ms. Galope cannot claim defendants did not give her notice that the interest rate on the modified loan is fixed, not adjustable, prior to the filing of the operative complaint. After obtaining a full copy of the Modification Agreement, defendants presented into evidence on May 21, 2012 that the modification has a fixed interest rate. (*See* Suppl. Decl. of Son, Paras. 2-3). The operative complaint was not filed until two weeks later on June 8, 2012. (*See* Suppl. Decl. of Son, Para. 4). Ms. Galope cannot claim prejudice and denial of leave to amend is proper because Ms. Galope had knowledge that the modification had a fixed interest rate before the operative complaint was filed.

///

///

///

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

9

1

## IV.     <u>CONCLUSION</u>

2

As articulated in the moving papers and based on the foregoing, defendants

3
respectfully request this Court to grant summary judgment in defendants' favor

4
and against plaintiffs Helen Galope and the putative class.

5
Dated: July 9, 2012                          **HOUSER & ALLISON**

6
                                             A Professional Corporation

7
                                             /s/ Steven S. Son

8
                                             Steven S. Son
                                             Attorneys for Defendants,

9
                                             Deutsche Bank National Trust Company, as

10
                                             trustee under Pooling and Servicing
                                             Agreement Dated as of May 1, 2007

11
                                             Securitized Asset Backed Receivables LLC

12
                                             Trust 2007-BR4 and Western Progressive,
                                             LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
10

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                       ) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3780 Kilroy Airport Way, Suite 130, Long Beach, California 90806.

On July 9, 2012, I served the following document(s):

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPLEMENTAL DECLARATION OF STEVEN S. SON**

On the following interested parties in this action described as follows:

Lenore L. Albert, Esq.
Law Offices of Lenore Albert
7755 Center Avenue, Suite 1100
Huntington Beach, CA  92647
Tel.:  714-372-2264
Fax:  419-831-3376
Email: lenorealbert@msn.com
*Attorney for Plaintiff, Helen Galope*

[ ]    **VIA FIRST CLASS MAIL:** Pursuant to FRCP 5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices.  I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Long Beach, California, with postage thereon fully prepaid that same day in the ordinary course of business.

[X]    **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mailor by electronic filing through the CM/ECF System to the e-mail addresses listed above.  I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's

1    CM/ECF System, and the transmission was reported as complete without error.

2

3    I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

4    Executed on July 9, 2012, in Long Beach, California.

5

6

7                                                    /s/ Richard Mendizábal
                                                     Richard Mendizábal
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28