1 Eric D. Houser (SBN 130079)
  Steven S. Son (SBN 265921)
2 HOUSER & ALLISON
  A Professional Corporation
3 3780 Kilroy Airport Way, Suite 130
  Long Beach, CA 90806
4 Telephone: (562) 256-1675
  Facsimile: (949) 679-1112
5 E-mail: sson@houser-law.com

6 Attorneys for Defendants,
  Deutsche Bank National Trust Company, as trustee under Pooling and Servicing
7 Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC
  Trust 2007-BR4 and Western Progressive, LLC

8

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN GALOPE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4; WESTERN PROGRESSIVE, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 12-cv-00323-CJC-RNB<br><br>Hon. Cormac J. Carney<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE RE: MOTION FOR SUMMARY JUDGMENT**<br><br>**[Defendants' Reply and Defendants' Responses and Objections to Plaintiffs' Request for Judicial Notice Filed Concurrently Herewith]**<br><br>**[Fed. R. Civ. P. 56 & L.R. 56]**<br><br>Date: July 16, 2012<br>Time: 1:30 p.m.<br>Courtroom: 9B<br><br>Action Filed: March 1, 2012<br>Trial Date: None Assigned |

///
///
///

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS'
EVIDENCE RE: MOTION FOR SUMMARY JUDGMENT**

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Defendants Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4 ("Deutsche Bank as Trustee") and Western Progressive, LLC ("WPT") (collectively "defendants") submit their Evidentiary Objections to plaintiffs' Evidence re: Motion for Summary Judgment.

## OBJECTIONS TO DECLARATION OF HELEN GALOPE

**Defendants' Objection No. 1 (To Decl. of Helen Galope, Para. 3):**

Objection. Lack of foundation and irrelevant as to the statement: "[I] challenge the date on my signature line and believe defendants changed the date on my original loan documents." A proper foundation must be established to oppose summary judgment. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002). Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401(a), (b). The pleadings frame the issues for purposes of summary judgment. *Southern Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). Here, Ms. Galope does not lay any factual background in support of this statement. She does not provide what the date should be and where on the loan documents this date was "changed." The statement is irrelevant because Ms. Galope's signatures on the December 2006 loan documents are not at issue in this lawsuit. This lawsuit concerns the April 2008 modification, not the origination of the December 2006 refinance loan that Ms. Galope obtained from non-party and lender New Century Mortgage Corporation. Defendants were not involved in the origination of this December 2006 refinanced loan.

**Court's Ruling on Defendants' Objection No. 1:**

    Sustained: _____

    Overruled: _____

**Defendants' Objection No. 2 (To Decl. of Helen Galope, Para. 5):**

    Objection. This statement is irrelevant. Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401(a), (b). The pleadings frame the issues for purposes of summary judgment. *Southern Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). Here, this lawsuit concerns the April 2008 modification and the foreclosure sale of September 1, 2011. This action does not concern the December 2006 refinanced adjustable rate loan that Ms. Galope obtained from non-party and lender New Century Mortgage Corporation ("Adjustable Rate Loan"). As such, this statement is wholly inapplicable to this action. The April 2008 modification at issue in this action is fixed at a 5.5% interest rate through maturity. Ms. Galope is confusing the two loans with defendants.

**Court's Ruling on Defendants' Objection No. 2:**

    Sustained: _____

    Overruled: _____

**Defendants' Objection No. 3 (To Decl. of Helen Galope, Para. 6, Exh. A):**

    Objection. The alleged Qualified Written Request ("QWR") and Ocwen Loan Servicing, LLC's ("Ocwen") written response is irrelevant. Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401(a), (b). The pleadings frame the issues for purposes of summary judgment. *Southern Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885,

888 (9th Cir. 2003). Here, this lawsuit concerns the April 2008 modification and the foreclosure of the subject real property. Plaintiffs have not raised a Real Estate Settlement Procedures Act claim in the instant action and Ocwen is not a named defendant. Ocwen's written response to the alleged QWR is irrelevant because it is beyond the scope of the issues as framed by the pleadings.

**Court's Ruling on Defendants' Objection No. 3:**

    Sustained: \_\_\_\_

    Overruled: \_\_\_\_

<u>**Defendants' Objection No. 4 (To Decl. of Helen Galope, Para. 7):**</u>

    Objection. This statement is irrelevant. Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401(a), (b). The pleadings frame the issues for purposes of summary judgment. *Southern Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). Here, this lawsuit concerns the April 2008 modification and the foreclosure sale of September 1, 2011. This action does not concern the Adjustable Rate Loan – or "LIBOR" loan, as Ms. Galope coins it – that she obtained from non-party and lender New Century Mortgage Corporation in December 2006. As such, this statement is wholly inapplicable to this action. The April 2008 modification at issue in this action is fixed at a 5.5% interest rate through maturity. Ms. Galope is confusing the refinanced December 2006 Adjustable Rate Loan with the modification in April 2008.

**Court's Ruling on Defendants' Objection No. 4:**

    Sustained: \_\_\_\_

    Overruled: \_\_\_\_

///

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS'
EVIDENCE RE: MOTION FOR SUMMARY JUDGMENT**

3

**Defendants' Objection No. 5 (To Decl. of Helen Galope, Paras. 26-28):**

Objection. The interest that Ms. Galope paid to HomEq Servicing from 2007 to 2009 is irrelevant. Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401(a), (b). The pleadings frame the issues for purposes of summary judgment. *Southern Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). Here, it is undisputed that Ms. Galope stopped making her reduced modified payments to HomEq Servicing in 2009, and that foreclosure was initiated afterwards. The amount of interest paid to HomEq is irrelevant because it makes no difference even assuming the amounts asserted by Ms. Galope are accurate.

**Court's Ruling on Defendants' Objection No. 5:**

Sustained: \_\_\_\_

Overruled: \_\_\_\_

**Defendants' Objection No. 6 (To Decl. of Helen Galope, Para. 30):**

Objection. The declaration that Ms. Galope got "ripped off" is conclusory statement, not an evidentiary fact. Evidentiary facts are required to oppose a motion for summary judgment, as conclusory statements are not sufficient. *Marshall on Behalf of Marshall v. East Carroll Parish Hosp. Service Dist.*, 134 F.3d 319, 324 (5th Cir. 1998); see also *National Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 502 (9th Cir. 1997). Here, Ms. Galope's statement she got "ripped off" is a conclusory statement, not an evidentiary fact, and is improper for consideration on summary judgment.

**Court's Ruling on Defendants' Objection No. 6:**

Sustained: \_\_\_\_

Overruled: \_\_\_\_

**Defendants' Objection No. 7 (To Decl. of Helen Galope, Paras. 31 & 40):**

Objection. Lack of foundation and irrelevant. A proper foundation must be established to oppose summary judgment. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002). Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401(a), (b). Here, Ms. Galope has not laid any foundation for these statements. Ms. Galope has filed three bankruptcies and has not identified which case she is referring to. Ms. Galope has likewise not explained how defendants asked one of the three bankruptcy courts to find her filings to be in "bad faith" and why or how one of the courts "refused" to do so. Finally, these statements are irrelevant because whether or not this occurred has no bearing on the ultimate facts in this case.

**Court's Ruling on Defendants' Objection No. 7:**

Sustained: \_\_\_\_

Overruled: \_\_\_\_

**Defendants' Objection No. 8 (To Decl. of Helen Galope, Para. 33):**

Objection. Lack of foundation and irrelevant. A proper foundation must be established to oppose summary judgment. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002). Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401(a), (b). Here, Ms. Galope has not laid any foundation for this statement because none of the required underlying facts are provided. Further, this statement is irrelevant because it is undisputed that Ms. Galope stopped making her reduced modified payments in 2009. The specific total amount paid by Ms. Galope is irrelevant.

///

**Court's Ruling on Defendants' Objection No. 8:**

Sustained: _____

Overruled: _____

## OBJECTION TO DECLARATION OF WILLIAM MATZ

**Defendants' Objection No. 9 (To Decl. of William Matz, Paras. 1-14):**

Objection. The entire Declaration of William Matz ("Matz Declaration"), proffered as "expert" evidence, is irrelevant. Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401(a), (b). The pleadings frame the issues for purposes of summary judgment. *Southern Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). Here, the Matz Declaration opines that the refinanced Adjustable Rate Loan – or the "LIBOR Loan", as Ms. Galope coins it – which she obtained in December 2006 is unconscionable because of Barclays's alleged role with respect to the LIBOR Index. However, this is irrelevant to this case because this action concerns the April 2008 modification by defendants, not the December 2006 refinanced loan. Ms. Galope cannot go beyond the pleadings and make this case one about the origination of the December 2006 "LIBOR Loan," which defendants were not involved with because non-party New Century Mortgage Corporation was the lender. Under the terms of the April 2008 modification, Ms. Galope's interest is fixed at 5.5% through maturity, not based on the LIBOR Index. The Matz Declaration is wholly misplaced and irrelevant. Whether or not Ms. Galope would have refinanced the loan in December 2006 if she knew beforehand that the LIBOR Index may have been "manipulated" is immaterial to the issues raised in this case. (*See* Decl. of Matz, Para. 14).

///

1 | **Court's Ruling on Defendants' Objection No. 9:**
2 |     Sustained: _____
3 |     Overruled: _____
4 | Dated: July 9, 2012      **HOUSER & ALLISON**
    A Professional Corporation

/s/ Steven S. Son
Steven S. Son
Attorneys for Defendants,
Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4 and Western Progressive, LLC

---

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE RE: MOTION FOR SUMMARY JUDGMENT**
7

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3780 Kilroy Airport Way, Suite 130, Long Beach, California 90806.

On July 9, 2012, I served the following document(s):

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE RE: MOTION FOR SUMMARY JUDGMENT**

On the following interested parties in this action described as follows:

Lenore L. Albert, Esq.
Law Offices of Lenore Albert
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647
Tel.: 714-372-2264
Fax: 419-831-3376
Email: lenorealbert@msn.com
*Attorney for Plaintiff, Helen Galope*

[ ]   **VIA FIRST CLASS MAIL:** Pursuant to FRCP 5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Long Beach, California, with postage thereon fully prepaid that same day in the ordinary course of business.

[X]   **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mailor by electronic filing through the CM/ECF System to the e-mail addresses listed above. I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's CM/ECF System, and the transmission was reported as complete without error.

PROOF OF SERVICE
1

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on July 9, 2012, in Long Beach, California.

                                                /s/ Richard Mendizábal
                                                Richard Mendizábal