Lenore L. Albert, Esq.   SBN 210876
LAW OFFICES OF LENORE ALBERT
7755 Center Avenue, Suite #1100
Huntington Beach, CA 92647
Telephone (714) 372-2264
Facsimile (419) 831-3376
Email: lenorealbert@msn.com
Attorney for Plaintiff, HELEN GALOPE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN GALOPE, an individual, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, et al,<br>　　　　　　　　　Defendants. | CASE NO. SACV 12 00323-CJC (RNBx)<br><br>Assigned to the Hon: Cormac J. Carney<br><br>**PLAINTIFF'S APPLICATION TO CONTINUE THE HEARING DATE; BE RELIEVED FROM CLASS CERTIFICATION DATE; AND FOR LEAVE TO ADD NEW PARTIES AND CLAIMS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE ALBERT**<br><br><u>**CURRENT HEARING DATE: 7/16/12**</u><br>TIME: 1:30PM<br>DEPT: 9B<br><br><u>**PROPOSED HEARING DATE: 7/30/12**</u><br>TIME: 1:30PM<br>DEPT: 9B |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

i

PLAINTIFFS APPLICATION TO CONTINUE HEARING, ADD PARTIES AND CLAIMS
*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*　　　　　　　*SACV12-323-CJC (RNBx)*

COMES NOW plaintiff Helen Galope and hereby submits an application for an order, *ex parte*, to this honorable Court to:

1. Continue the hearing set for July 16, 2012 at 1:30PM to July 30, 2012 at 1:30PM;

2. Continue the deadline for plaintiff to file her motion for class certification until set by the court by Scheduling Order;

3. Grant plaintiff leave to file a Third Amended Class Action Complaint to add parties and claims; and

4. Extend time and Allow defendant to Reply to the Complaint as amended

This application will be presented to the Honorable Cormac J. Carney in Courtroom 9B of the United States District Court located at 441 West Fourth Street, Ninth Floor, Santa Ana, California for an order, *ex parte*.

Plaintiff is requesting that this court allow leave for plaintiffs to file their Third Amended Complaint to add Barclays defendants and claims and change the theory of legal to letter size transmission pursuant to FRCP 15a on the grounds that granting plaintiff's motion would be in the furtherance of justice and would not prejudice the defendants. Furthermore, the proof supporting wrongdoing has changed in that defendants represented that the terms to the loan were adjustable after 2013 and now they allege they are fixed, an allegation that was not made until plaintiff submitted her Second Amended pleading along with her prior motion for leave to amend to add class allegations.

ii

PLAINTIFFS APPLICATION TO CONTINUE HEARING, ADD PARTIES AND CLAIMS
*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    SACV12-323-CJC (RNBx)

There is no known prejudice to defendants in granting this motion. No trial date has been set and no answer has been filed.

The application is based on the attached memorandum of points and authorities, declaration of Lenore Albert, Esq. and proposed pleadings attached thereto and any such further evidence or judicially noticeable facts that may be considered at the hearing.

Dated: July 10, 2012          Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT

/s/ Lenore Albert_____
LENORE L. ALBERT, ESQ.
Attorney for Plaintiff Helen Galope, on behalf of herself and all others similarly situated.

iii

**PLAINTIFFS APPLICATION TO CONTINUE HEARING, ADD PARTIES AND CLAIMS**
*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*      *SACV12-323-CJC (RNBx)*

# MEMORANDUM OF POINTS AND AUTHORITIES
## I. FACTS

On May 1, 2012 this honorable Court issued an OSC re: why this case should not be dismissed after reviewing the pleadings. Plaintiff moved for leave to amend to add class allegations. The court granted the motion and then issued an OSC re: why judgment should not be found in defendant's favor upon summary judgment.

The court issued a hearing date for July 16, 2012 at 1:30PM.

Plaintiff's counsel had a hearing date for July 16, 2012 at 1:30PM in another matter before the Hon. Steven Wilson of the Central District of California, Los Angeles.

Defense counsel agreed to stipulate to continue the hearing date to July 30, 2012 but refused to stipulate to allow plaintiff to add any parties, claims or amend the same according to proof.

Defense counsel also refused extra time to reply based on the new proof and the amended pleadings.

Helen Galope's loan was originally serviced by Barclays. While preparing her opposition for summary judgment a landmark deal was struck by three (3) different governmental agencies and Barclays because it was discovered Barclays was manipulating and/or attempting to manipulate the LIBOR market rate. Galope's loan was based on the LIBOR market rate.

1

Galope is the quintessential LIBOR market rate victim. Her loan was being serviced by Barclays, it was allegedly placed in a trust where Barclays was the depositor, servicer and the Swap and Cap provider of the loan. A trust that closed.

Barclays was the master servicer over HomEq who provided Galope with their deceptive and fraudulent loan modification and now the master servicer over Ocwen who foreclosed.

Defendant Deutsche Bank was the trustee of the trust and always administered the trust in conjunction with Barclays.

After plaintiff filed her proposed amended complaint, defendants changed their representation as to the quality and nature of Galope's modification. Initially defendants represented the future terms which were missing from Galope's modification papers were based on LIBOR and were adjustable.

Then after plaintiff submitted her proposed pleading to the Court, defendants represented that the future terms were not based on an adjustable LIBOR rate and were merely fluctuating payments based on a fixed interest rate. After the proposed pleading was filed, defendants filed *their version* of the modification.

It is easily identified that defendants photo shopped or cut and paste the signature page together as there are different markings on the version that is legal size. All the court has to do is compare the pages, side by side in photo shop or even Adobe and then

2

PLAINTIFFS APPLICATION TO CONTINUE HEARING, ADD PARTIES AND CLAIMS
*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*        SACV12-323-CJC *(RNBx)*

increase the page size to 800%. The difference becomes strikingly apparent and it does not require an expert to see that fact.

The fact that Barclays was doing business as HomEq does not exculpate Barclay's from liability.

The fact that Barclays then transferred its servicing of the loan to Ocwen does not shield it or Deutsche Bank from liability for having the property sold during the bankruptcy automatic stay. There is no proof that these defendants have not assumed the liability jointly and severally and have been acting as the agents for each other.

Both counsel in both cases stated that they would stipulate to continue the hearing in the matters.

However, it appears to me that it would be judicially economical to continue this one for the reasons set forth above as there are independent grounds beyond a calendar conflict in this case.

The settlement on the Barclay's scandal was not made known until June 27, 2012.

Furthermore, no reasonable person could tell that Taheera Franklin of HomEq faxed over a legal size document that was then received and signed on a letter size paper, it seemed more probable that a page was missing in the fax.

Defense counsel was not forthright with plaintiff's counsel or with the court as to the true nature and contents of the modification.

3

**PLAINTIFFS APPLICATION TO CONTINUE HEARING, ADD PARTIES AND CLAIMS**
*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          *SACV12-323-CJC (RNBx)*

The trust allegedly involves $849,044,000.00 in principal of similar loans. Other consumers similarly situated to Ms. Galope may not become aware of the fraud until 2013 or later.

To state the initial default and modification is not connected to the market manipulation of the LIBOR rate, the rate being used to set Ms. Galope's monthly mortgage payments is simply too far a stretch to make.

## II.  LAW

Federal Rules of Civil Procedure, Rule 15 allow a party the ability to seek leave to amend the pleading. Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

"Given the liberal standards mandated by Rule 15, the **non**moving party bears the burden of demonstrating why leave to amend should **not** be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986)(emphasis added). In the absence of an "apparent reason," such as undue delay, bad faith, dilatory motive, prejudice to defendants, futility of the amendments, or repeated failure to cure deficiencies in the Complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend . . . . Consideration of prejudice to the opposing party "carries the greatest weight." *Advanced Thermal* at 3 (internal citations omitted)(quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), and citing *Foman v. Davis*, 371 U.S. 178, 182 (1962), and *Moore v. Kayport Package Express, Inc.*, 885 F.2d

4

PLAINTIFFS APPLICATION TO CONTINUE HEARING, ADD PARTIES AND CLAIMS
*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                     *SACV12-323-CJC (RNBx)*

531, 538 (9th Cir. 1989). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a **presumption** under Rule 15(a) in favor of granting leave to amend." *Moore*, 885 F.2d at 538 (emphasis in original); *see United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)(courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities").

### III. ARGUMENT

#### A. Leave To Amend Should be Granted

After the court issued its OSC on facts, that could not be discovered surfaced in this case:

1. The defendants faxed over 4 pages, 2 of the 4 pages were actually on legal size paper, not on letter size paper.
2. Barclays has made factual admissions of manipulating the LIBOR rate during the applicable time period in this case, a rate Ms. Galope's loan was based on.

California's unfair competition law prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." (Cal. Bus. & Prof. Code § 17200.) And under this law, a practice can be prohibited as unfair or deceptive even if not *unlawful*, and vice versa. (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163 (1999).) For example, a plaintiff's allegations that a defendant used incomplete and misleading illustrations to sell universal life insurance policies may be actionable under the unfair competition law absent any claim
5

**PLAINTIFFS APPLICATION TO CONTINUE HEARING, ADD PARTIES AND CLAIMS**
*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*        SACV12-323-CJC (RNBx)

that such conduct violated any regulation or statute. (*Wilner v. Sunset Life Ins. Co.,* 78 Cal. App. 4th 952 (2000).)

An *unlawful* business practice can be "anything that can properly be called a business practice and that at the same time is forbidden by law." (*Summit Tech., Inc. v. High-Line Med. Instruments Co.,* 933 F. Supp. 918 (C.D. Cal. 1966)

This prong of the unfair competition law allows a plaintiff to enforce a broad array of state and federal statutes, including consumer-protection statutes (*Walker v. Countrywide Home Loans, Inc.,* 98 Cal. App. 4th 1158 (2002) (Cal. Civ. Code § 2954.4); antidiscrimination statutes (*Reese v. Wal-Mart Stores, Inc.,* 73 Cal. App. 4th 1225 (1999), (Unruh Civil Rights Act, Cal. Civ. Code §§ 51-51.4)); criminal statutes (*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.,* 17 Cal. 4th 553 (1998), (Cal. Penal Code § 308); and environmental statutes (*Hewlett v. Squaw Valley Ski Corp.*, 54 Cal. App. 4th 499 (1997), (Cal. Pub. Res. Code § 4511).)

1. **Standing for the UCL Claims:**  After the 2004 amendments to the UCL, plaintiffs are required to plead class allegations. Plaintiff added FRCP 23 class allegations to the proposed pleading and converted the pleading to a class action.

This case is one where the affected borrowers are disbursed throughout the United States but the defendant DBNTC is a California business and the UCL is a California law. A sum of these borrowers may not even know yet that they have been duped as the

readjustment in their loans will not begin to happen until 2013. As such, the forum for this litigation should be here, in California. FRCP 23(b)(3).

There is no reason why this court could not maintain a nationwide class for violation of the UCL because the defendant is located here in California. The government has an interest in ensuring businesses like defendant comply with the laws of this jurisdiction. See e.g., *Bruno v Eckhart Corporation*, Case No. SACV11-0173 DOC, 2012 U.S. Dist. Lexis 30873 (CD Cal filed Mar. 26, 2012)

Injury in fact to have standing to bring this claim was outlined in *Kwikset Corp. v Sup. Court,* 51 Cal 4th 310 (2011) where the California Supreme Court reaffirmed "economic injury from unfair competition may be shown: A plaintiff may (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary." Id. at 323.

Here, defendants manipulated plaintiff's interest rate on her payments, sent her a deceiving modification after defaulting her, then transferred plaintiff's property in violation of a stay thereby depriving her title to her property and diminished (wiped out) her present property interest.

Consequently, standing and injury in fact exist in this case.

7

2. **UCL §17200 Cause of Action No. 2:** In *Peel v Brooks America Mortg Corp.* 788 F.Supp.2d 1149, 1166 (CD Cal 2011) the court found that a lender who put in a teaser rate on a mortgage loan which resulted in a negative amortization stated an unfair business practice.

Likewise, in *Boschma v Home Loan Center, Inc.* 198 CalApp4th 230, 253 (2011) the court found that presenting a lawful contract in a deceptive manner is a fraudulent business practice under UCL.

Defendants want judgment because they did not fail to fax over a missing page, they faxed over 2 pages in a 4 page document that were on legal size paper without warning anyone that it did so. The pages contained the material future terms on the bottom 3 inches where the fax cut off at the letter size length.

Just because Galope was led to believe that the page was missing and the terms were adjustable and not a fixed interest rate does not mean the defendants should obtain judgment based on their deception (which still is unexplained how a fixed interest rate would make the monthly payments after 2013 change periodically).

The facts alleged in this case is still a mixture of both *Peel* and *Boschma*.

Consequently, Plaintiff's allegations that the fraudulent and misleading faxes constituted unlawful, unfair and fraudulent business practices/acts should remain but leave to amend to conform to proof should be allowed.

8

PLAINTIFFS APPLICATION TO CONTINUE HEARING, ADD PARTIES AND CLAIMS
*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                                *SACV12-323-CJC (RNBx)*

3. **UCL §17500 – Claim 3:** The rule is that advertising that can be interpreted in a misleading way should be construed against the advertiser. *Resort Car Rental System, Inc v FTC*, 518 F.2d 962, 964 (9th Cir. 1975).

Advertising includes a banks misquote of interest rate over the telephone to a potential borrower. It does not have to be put in the public media. *Chern v Bank of America*, 15 Cal3d 866, 870 (1976).

Here, Barclays misquoted the LIBOR rate over and over again in the Wall Street Journal and elsewhere. It was fixed.

This was not only unfair and fraudulent it was unlawful under 7 USC §§ 9, 13b and 12(a)(2).

The complaint alleges Galope had a LIBOR rate adjustable loan. Here, Barclays controlled her interest rate, the amount of payments she was required to make every six months, and the SWAP if she were to default. This is the essence of fraud and price fixing and a result of profiteering by betting against Galope and having the control and ability to ensure she could not make her payments.

Consequently, plaintiff can and did allege a claim for violation under section 17500 of the UCL.

4. **UCL §17200 and §17500 – Aiding and Abetting:** A defendant need not know that the conduct was unlawful, but the defendant who has knowledge of the

9

**PLAINTIFFS APPLICATION TO CONTINUE HEARING, ADD PARTIES AND CLAIMS**
*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*          SACV12-323-CJC (RNBx)

conduct and assists by aiding and abetting can be held liable, such as individual corporate officers or majority stockholders. *People v Toomey*, 157 CalApp3d 1 (1985).

This claim that was originally pled against Doe defendants, whose identities were not yet known are now know – Barclay's defendants.

### B. There Would Be No Prejudice To Defendants

Finally, defendants refused to stipulate to extend the time for plaintiff to file a motion for class certification in this case. Local Rules require said motion to be filed within 90 days. Here, there is no trial date, the pleadings are not set and there is no Answer. Thus far we have identified 5,072 plaintiffs in the putative class. But new facts are being discovered and plaintiff's are still adding defendants like Barclays. As such, it would be more prudent to have the class certification motion heard after the Scheduling Order issues in this case and the case is at issue.

### C. There Would Be No Prejudice To Defendants

Deutsche Bank is the trustee of the trust with Barclays. There are 16 more financial institutions that are going to be implicated in the LIBOR scandal. It would be imprudent for this Court to distance Deutsche Bank from Barclays at this time. Second, the defendants will not be prejudiced. No scheduling order or trial date has issued in this case. This is not being sought to delay the action.

### IV CONCLUSION

Wherefore plaintiffs respectfully request that this court give plaintiff leave to file the Third Amended Class Action Complaint that is attached hereto; to allow Defendant Deutsche Bank to file a Supplemental Reply based on the new allegations; and to continue to the hearing to July 30, 2012, at 1:3PM or as soon thereafter as the court may hear the matter.

Dated: July 10, 2012

Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT

/s/ Lenore Albert_____
LENORE L. ALBERT, ESQ.
Attorney for Plaintiff Helen Galope, and those similarly situated

11

PLAINTIFFS APPLICATION TO CONTINUE HEARING, ADD PARTIES AND CLAIMS
*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

# DECLARATION OF LENORE ALBERT, ESQ.

I, Lenore Albert, Esq. am the attorney of record for the plaintiffs in the above captioned action and am licensed to practice before all courts in the State of California and before the United States District Court for the Central District of California, the Ninth Circuit, and the Supreme Court of the United States of America. If called as a witness I would and could competently testify as follows:

1. Attached hereto and fully incorporated herein as Exhibit A is a true and correct copy of proposed Third Amended Class Action Complaint.

2. No trial date, meeting of counsel with 26f disclosures has been made in this case so I know of no prejudice to defendant in allowing this amended pleading.

3. I spoke to counsel and he does not oppose continuing the hearing date to July 30, 2012 at 1:30PM but does not want the amended pleading, addition of parties or the opportunity to file a reply if the court should grant the application for leave.

4. I have court in another matter on July 16, 2012 at 1:30PM located in downtown Los Angeles.

5. I personally reviewed the material facts that would support a viable claim in this case and made sure they were pled.

6. These theories allow for the appropriate injunctive and monetary damages to be alleged and recovered in this case.

12

PLAINTIFFS APPLICATION TO CONTINUE HEARING, ADD PARTIES AND CLAIMS
*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*         SACV12-323-CJC (RNBx)

7. It was not until after plaintiff submitted her Second Amended Complaint, that defendants supplied their version of the document or asserted that the interest rate was not adjustable after 2013.

8. It was not until June 27, 2012 that the Barclay's admissions to fixing the LIBOR rate came forth in a string of agreements I outlined in the Request for Judicial Notice in Opposition to Ms. Galope's motion for summary judgment.

9. I have no doubt that is a proper basis for fraud and a UCL claim.

I declare under penalty of perjury according to the laws of the State of California that the foregoing is true and correct. Executed on July 10, 2012 at Huntington Beach, California.

                                        /s/ Lenore Albert_____
                                        LENORE L. ALBERT, ESQ.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 7755 Center Avenue Suite #1100, Huntington Beach, CA 92647.

On July 11, 2012, I served a copy of the following document(s) described as:

**PLAINTIFF'S APPLICATION TO CONTINUE THE HEARING DATE; BE RELIEVED FROM CLASS CERTIFICATION DATE; AND FOR LEAVE TO ADD NEW PARTIES AND CLAIMS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF LENORE ALBERT**

On the interested parties in this action as follows:

See attached Mail List

[x] **BY CM/ECF** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth pursuant to FRCP 5(d)(1).

[ ] **BY EMAIL** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth herein.

[ ] **BY FAX** – I caused such document(s) to be transmitted facsimile from the offices located in Westminster, California this business day to the aforementioned recipients.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: July 11, 2012

                                              s/ Lenore Albert_____
                                                 Lenore Albert

Mailing List

For Defendant Western Progressive, LLC and
Defendant Deutsche Bank National Trust Company:

Eric D. Hauser, Esq.
Steven S. Son, Esq.
HOUSER & ALLISON
3760 Kilroy Airport Way, Suite 260
Long Beach, CA 90806
Telephone: (949) 679-1111
Fax: (949) 679-1112
Email: sson@houser-law.com