1  Eric D. Houser (SBN 130079)
   Steven S. Son (SBN 265921)
2  HOUSER & ALLISON
   A Professional Corporation
3  3780 Kilroy Airport Way, Suite 130
   Long Beach, CA 90806
4  Telephone: (562) 256-1675
   Facsimile: (949) 679-1112
5  E-mail: sson@houser-law.com

6  Attorneys for Defendants,
   Deutsche Bank National Trust Company, as trustee under Pooling and Servicing
7  Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC
   Trust 2007-BR4 and Western Progressive, LLC
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN GALOPE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4; WESTERN PROGRESSIVE, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 12-cv-00323-CJC-RNB<br><br>Hon. Cormac J. Carney<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO AMEND NEW PARTIES AND CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: July 16, 2012<br>Time: 1:30 p.m.<br>Courtroom: 9B<br><br>Action Filed: March 1, 2012<br>Trial Date: None Assigned |

///
///
///

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO AMEND**

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Defendants Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4 ("Deutsche Bank as Trustee") and Western Progressive, LLC ("WPT") (collectively "defendants") submit their Opposition to plaintiffs' ex parte application for leave to amend new parties and claims.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Since this action was filed on March 1, 2012, Ms. Galope has filed three different complaints in an attempt to place some blame on defendants concerning her mortgage loan. Now, just one week before defendants' Motion for Summary Judgment is set to be heard, Ms. Galope desires to change her theories once more against defendants even though she has not sustained any harm from the conduct complained of. As addressed in the Motion for Summary Judgment papers filed by the parties, Ms. Galope does not have a viable claim against defendants arising out of the April 2008 modification or the foreclosure. Further, Ms. Galope's new theory concerning the December 2006 refinance loan based on the LIBOR Index likewise fails against defendants.

Ms. Galope's December 2006 refinance loan that she obtained from non-party and lender New Century Mortgage Corporation had an adjustable rate based on the LIBOR Index. However, the interest rate on Ms. Galope's loan did not adjust before she received the fixed rate 5.5% modification in April 2008 because the first date the interest rate could adjust on the refinance loan was January 1, 2009. Put another way, by January 1, 2009, the interest rate had already been

fixed at 5.5% via the April 2008 modification. Ms. Galope's loan has never been affected by the LIBOR Index. Given the futility of another amendment against the summary judgment defendants in this action, Ms. Galope should not be afforded to change her theories once more against these defendants.

## II.  ARGUMENT

### A.  Ms. Galope Has Not Sustained Any Harm From the LIBOR Index Because Her Rate Was Fixed at 5.5% Before the Interest Rate on Her Mortgage Loan Could Be Adjusted

Denial of Ms. Galope's request for leave to amend is proper because she has not sustained any harm due to the LIBOR Index. To grant or deny leave to amend rests in the sound discretion of the trial court and will be reversed only for abuse of discretion. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). Repeated failures to cure deficiencies despite given several opportunities or the futility of an amendment warrant a denial of leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962); see also *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). Where the moving party knew when drafting the operative complaint the facts on which the amendment is based but did not include them in the operative complaint, denial of leave to amend is proper. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).

Here, Ms. Galope's "new" evidence concerning the LIBOR Index and Barclays's role with respect to the same is irrelevant to this action against the summary judgment defendants. As already addressed by defendants in their Motion for Summary Judgment and in their Reply, defendants were not involved with the origination of the December 2006 refinance loan that had an adjustable interest rate based on the LIBOR Index.

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO AMEND**

2

1  Further, Ms. Galope has not sustained any harm arising out of this
2  December 2006 refinance loan because her mortgage loan was modified with a
3  fixed interest rate of 5.5% in April 2008. (*See* Defendants' Motion for Summary
4  Judgment, Decl. of Stacy, Para. 7, Exh. 3, filed as Docket Entry Nos. 42-1 & 42-6
5  in this action). Ms. Galope's interest rate on the December 2006 refinance loan
6  did not adjust before this April 2008 modification because the first date the
7  interest rate could be adjusted was January 1, 2009. (*See* Decl. of Stacy, Para. 3,
8  Exh. 1, No. 4(A), filed as Docket Entry Nos. 42-1 & 42-4 in this action). In sum,
9  Ms. Galope's loan has never been affected by the LIBOR Index thus her theory
10  against the summary judgment defendants on this basis fails.

11  Defendants note that Ms. Galope was placed on notice before the operative
12  complaint was filed that the interest rate on the modified loan is fixed at 5.5%.
13  On May 21, 2012, defendants filed their Reply to plaintiffs' Response to this
14  Court's Order to Show Cause. (*See* Defendants' Reply, filed as Docket Entry No.
15  31 in this action). Plaintiffs Ms. Galope and the putative class filed their Second
16  Amended Class Action Complaint **afterwards** on June 8, 2012. (*See* Second
17  Amended Class Action Complaint, filed as Docket Entry No. 35 in this action).
18  As such, Ms. Galope cannot claim that she believed the interest rate on the
19  modified loan was adjustable at the time her Second Amended Class Action
20  Complaint was filed on June 8, 2012.

21  **III.   CONCLUSION**

22  Ms. Galope seeks to amend her pleading once more. If allowed, this will
23  be Ms. Galope's fourth complaint filed in less than five months. Ms. Galope's
24  apparent predatory lending theories against the summary judgment defendants is
25  misplaced. Further, any amendment would be futile because Ms. Galope has not
26  sustained any harm as a result of the LIBOR Index, as the interest rate on her loan

was fixed at 5.5% before the interest rate could start to adjust. Denial of Ms. Galope's request to amend new claims and parties is accordingly proper.

Dated: July 11, 2012

**HOUSER & ALLISON**
A Professional Corporation

/s/ Steven S. Son
Steven S. Son
Attorneys for Defendants,
Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4 and Western Progressive, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss
COUNTY OF LOS ANGELES )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3780 Kilroy Airport Way, Suite 130, Long Beach, California 90806.

      On July 11, 2012, I served the following document(s):

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO AMEND NEW PARTIES AND CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES**

      On the following interested parties in this action described as follows:

Lenore L. Albert, Esq.
Law Offices of Lenore Albert
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647
Tel.: 714-372-2264
Fax: 419-831-3376
Email: lenorealbert@msn.com
*Attorney for Plaintiff, Helen Galope*

[ ]   **VIA FIRST CLASS MAIL:** Pursuant to FRCP 5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Long Beach, California, with postage thereon fully prepaid that same day in the ordinary course of business.

[X]   **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF System to the e-mail addresses listed above. I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's

---
PROOF OF SERVICE
1

CM/ECF System, and the transmission was reported as complete without error.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on July 11, 2012, in Long Beach, California.

/s/ Richard Mendizábal
Richard Mendizábal

---

**PROOF OF SERVICE**
2