Eric D. Houser (SBN 130079)
Steven S. Son (SBN 265921)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, CA 90806
Telephone: (562) 256-1675
Facsimile: (949) 679-1112
E-mail: sson@houser-law.com

Attorneys for Defendants,
Ocwen Loan Servicing, LLC, Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4, and Western Progressive, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN GALOPE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4; WESTERN PROGRESSIVE, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 12-cv-00323-CJC-RNB<br>Hon. Cormac J. Carney<br>Courtroom 9B<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS OCWEN, DEUTSCHE BANK AS TRUSTEE, AND WESTERN PROGRESSIVE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF KAREN L. STACY, STEPHANIE M. SPURLOCK, AND STEVEN S. SON WITH SUPPORTING EXHIBITS**<br><br>**[[Proposed] Separate Statement of Uncontroverted Facts and Conclusions of Law and [Proposed] Judgment Lodged Concurrently Herewith]**<br><br>**[Fed. R. Civ. P. 56 & L.R. 56]**<br><br>Date: Not Applicable<br>Time: Not Applicable<br>Courtroom: Not Applicable<br><br>Action Filed: March 1, 2012<br>Trial Date: None Assigned |

///

**DEFENDANTS' NOTICE OF MOTION FOR SUMMARY JUDGMENT**

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL**
2  **PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

3      **PLEASE TAKE NOTICE** that defendants Ocwen Loan Servicing, LLC
4  ("Ocwen"), Deutsche Bank National Trust Company, as trustee under Pooling
5  and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed
6  Receivables LLC Trust 2007-BR4 ("Deutsche Bank as Trustee"), and Western
7  Progressive, LLC ("WPT") (collectively "defendants"), by and through their
8  attorneys of record herein, Houser & Allison, A Professional Corporation, will
9  move this honorable Court for the entry of summary judgment in their favor and
10  against plaintiff Helen Galope ("plaintiff").   The Court has ordered that
11  defendants' Motion will be taken under submission and that the Court will notify
12  the parties if the Court determines that a hearing is necessary.  *See* Docket Entry
13  No. 58.
14  ///
15  ///
16  ///
17
18
19
20
21
22
23
24
25
26
27
28  **DEFENDANTS' NOTICE OF MOTION FOR SUMMARY JUDGMENT**
1

1        This Motion is made pursuant to Federal Rule of Civil Procedure 56 on the

2   grounds that there are no genuine issues of material fact and defendants are

3   entitled to summary judgment as a matter of law.  This Motion is based upon this

4   Notice of Motion, the Memorandum of Points and Authorities, the [Proposed]

5   Separate Statement of Uncontroverted Facts and Conclusions of Law lodged

6   concurrently herewith, the Declarations of Karen L. Stacy, Stephanie M.

7   Spurlock, and Steven S. Son and the Exhibits thereto, all pleadings and papers on

8   file herein, all matters of which this Court must or may take judicial notice, and

9   upon such other or further evidence and argument as the Court may deem just and

10   proper.

11   Dated: August 6, 2012

**HOUSER & ALLISON**
A Professional Corporation

/s/ Steven S. Son
Steven S. Son
Attorneys for Defendants,
Ocwen Loan Servicing, LLC, Deutsche
Bank National Trust Company, as trustee
under Pooling and Servicing Agreement
Dated as of May 1, 2007 Securitized Asset
Backed Receivables LLC Trust 2007-BR4,
and Western Progressive, LLC

**DEFENDANTS' NOTICE OF MOTION FOR SUMMARY JUDGMENT**
2

# **TABLE OF CONTENTS**

I.        INTRODUCTION ................................................................................ 1

II.       STATEMENT OF FACTS ................................................................ 2

   A.  HomEq Offers Plaintiff A Loan Modification After She Defaults
       On Her Mortgage Loan ............................................................... 2

   B.  After Plaintiff Defaults On Her Reduced Payments, She Files For
       Bankruptcy And An Adversary Action When Non-Judicial
       Foreclosure Is Initiated ............................................................... 3

   C.  Plaintiff Again Files For Bankruptcy After Foreclosure Is
       Reinitiated But Her Bankruptcy Case Is Dismissed ................... 3

   D.  Plaintiff Moves To Vacate The Dismissal Of Her Chapter 13
       Bankruptcy Case Just Before The Trustee's Sale ....................... 4

   E.  Plaintiff Files Her Third Bankruptcy Petition In Two Years But
       This Case Is Likewise Dismissed And The September 1, 2011
       Trustee's Sale Is Rescinded........................................................ 4

III.      ARGUMENT ................................................................................... 5

   A.  Legal Standard For Summary Judgment....................................... 5

   B.  Defendant Deutsche Bank as Trustee is Entitled to Summary
       Judgment on Plaintiff's First Claim For Violation of the Sherman
       Antitrust Act ................................................................................ 5

       1.  Plaintiff Lacks Article III Standing to Bring An Antitrust Claim
           Because She Has Not Sustained Any Injury-in-Fact.................... 5

       2.  Plaintiff Has No Evidence That Establishes a Conspiracy ......... 6

   C.  Defendant Deutsche Bank as Trustee Is Entitled to Summary
       Judgment On Plaintiff's Multiple UCL Claims Premised on the
       Modification Process and the Alleged LIBOR Manipulation.......... 8

---

**DEFENDANTS' NOTICE OF MOTION FOR SUMMARY JUDGMENT**

i

1.   Plaintiff's UCL Claims Are Contractually and Equitably Barred Against Defendant Deutsche Bank as Trustee ................................ 8

2.   Defendant Deutsche Bank as Trustee Cannot Be Vicariously Liable For Plaintiff's UCL Claims Concerning the Modification and the LIBOR.......................................................................... 9

3.   All Of The Alleged Oral Promises Concerning the Modification Are Barred Because The Written Modification Agreement Is A Fully Integrated Document.......................................................... 12

4.   Plaintiff is Not Entitled to Restitution Under the UCL.......................... 13

5.   Plaintiff Has No Damages For Any UCL Claim Premised on Fraud .................................................................... 14

D.   Defendants Ocwen, Deutsche Bank as Trustee, and WPT are Entitled to Summary Judgment on Plaintiff's Wrongful Foreclosure and UCL Claims Premised on the Trustee's Sale ................................................. 15

1.   Plaintiff's Wrongful Foreclosure Claim is Moot and Plaintiff Has No Damages Because There Was No Equity in the Property .............. 15

2.   Plaintiff is Precluded From Restitution For Her UCL Claim Premised on the Trustee's Sale.................................................. 17

3.   Plaintiff Did Not Give Any Notice to Defendant WPT, the Foreclosure Trustee, of Her Bankruptcy Reinstatement Prior to the Trustee's Sale.................................................................... 17

E.   Defendants Ocwen, Deutsche Bank as Trustee, and WPT are Entitled to Summary Judgment on Plaintiff's Eighth Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing.................................................................... 18

IV.   CONCLUSION ........................................................................ 20

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Wright*, 468 U.S. 737, 750 (1984) ................................................. 5

*Amarel v. Connell*, 102 F.3d 1494, 1507 (9th Cir. 1996). ........................... 6

*American Tobacco Co. v. U.S.*, 328 U.S. 781, 810 (1946). ......................... 7

*Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ........................ 15

*Bradstreet v. Wong*, 161 Cal.App.4th 1440, 1460-61 (1st Dist. 2008) ............ 14, 17

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*,

  20 Cal.4th 163, 180 (1999) ........................................................ 10

*Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048

  (9th Cir. 2000) ......................................................................... 10

*City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) ............................. 16

*City of Hope Nat. Medical Center v. Genentech Inc.*,

  43 Cal.4th 375, 395 (2008) .......................................................... 8

*Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482, n. 3

  (9th Cir. 1984) ......................................................................... 7

*Emery v. Visa Int'l Serv. Ass'n*, 95 Cal.App.4th 952, 950 (3d Dist. 2002) ............ 11

*F.T.C. v. Neovi, Inc.*, 604 F.3d 1150, 1159 (9th Cir. 2010) ................... 7, 11, 12, 18

*Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 683-84 (1998) ............................ 19

*FPI Development, Inc. v. Nakashima*, 231 Cal.App.3d 367, 388

  (3d Dist. 1991) ......................................................................... 12

*Gerlinger v. Amazon.com Inc.*, 526 F.3d 1253, 1255-56 (9th Cir. 2008) ................ 6

*Guz v. Bechtel Nat. Inc.*, 24 Cal.4th 317, 349 (2000) ............................... 18

*Harmsen v. Smith*, 693 F.2d 932, 943 (9th Cir. 1982) ............................. 7

*Kim v. Regents of the University of California*, 80 Cal.App.4th 160, 164

  (1st Dist. 2000) ......................................................................... 18

1   *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003). ........ 14

2   *Kraus v. Trinity Mgmt. Servs.*, 23 Cal.4th 116, 126-27 (2000) ........................ 13, 17

3   *Masterson v. Sine*, 68 Cal.2d 222, 225 (1968).......................................................... 12

4   *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008) ...................... 10

5   *Metoyer v. Chassman*, 504 F.3d 919, 935-37 (9th Cir. 2007) ............................... 12

6   *Munger v. Moore*, 11 Cal.App.3d 1, 7-8, fn. 6 (1st Dist. 1970) ............................ 16

7   *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) ........................................ 14

8   *Orloff v. Metro Trust Co.*, 17 Cal.2d 484, 488 (1941)................................................ 7

9   *People v.  Toomey*, 157 Cal.App.3d 1, 14 (1st Dist. 1984). .......................... 10, 18

10  *People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal.App.3d 509,

11      530 (4th Dist. 1984)........................................................................................ 10

12  *Perfect 10, Inc. v. Visa Intern. Service Ass'n*, 494 F.3d 788, 808-809 (9th Cir.

13      2007) ............................................................................................................... 11

14  *Pollyana Homes, Inc. v. Berney*, 56 Cal.2d 676, 679-80 (1961) ........................... 12

15  *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal.App.4th 638, 643-644

16      (4th Dist. 2008)............................................................................................... 10

17  *Salehi v. Surfside III Condominium Owners' Assn.*, 200 Cal.App.4th 1146,

18      1159-60 (2d Dist. 2011)...................................................................................... 8

19  *Sipe v. Countrywide Bank*, 690 F.Supp.2d 1141, 1158 (E.D. Cal. 2010)............... 10

20  *Small v. Fritz Companies, Inc.*, 30 Cal.4th 167, 173 (2003) ................................... 14

21  *Southern Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888

22      (9th Cir. 2003) .................................................................................................... 5

23  *Symbersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152

24      (9th Cir. 2008) .................................................................................................. 10

25  *Tozzi v. Lincoln Nat. Life Ins. Co.*, 103 F.2d 46, 52 (9th Cir. 1939) ....................... 8

26  *Walker v. Truck Ins. Exchange, Inc.*, 11 Cal.4tj 1, 36 (1995)................................. 18

27  *West v. Secretary of Dept. of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000)............. 16

28

**DEFENDANTS' NOTICE OF MOTION FOR SUMMARY JUDGMENT**

iv

**Statutes**

Cal. Bus. & Prof. Code § 17200 .................................................................... 10

Fed. R. Civ. P. 9 .................................................................................................. 14

---

**DEFENDANTS' NOTICE OF MOTION FOR SUMMARY JUDGMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The gist of plaintiff's operative complaint is now threefold: (1) plaintiff was harmed because she received an adjustable rate mortgage loan based on the London Interbank Offered Rate ("LIBOR"), (2) plaintiff was harmed because she did not receive a full copy of the loan modification agreement, and (3) plaintiff was harmed because her real property was foreclosed.  However, the indisputable evidence establishes that plaintiff has not sustained any actual injury.  The LIBOR did not affect plaintiff's contractual obligations on the loan because she received a fixed rate loan modification in April 2008 and her interest rate preceding this modification did not change.  The foreclosure of the subject property has been rescinded and plaintiff has no damages regardless because there was no equity in the property.

Plaintiff's various California Unfair Competition Law ("UCL") claims concerning the LIBOR and the circumstances surrounding the modification of her loan are improper against moving defendants.  Under the statute, vicarious liability cannot apply and plaintiff has no evidence that moving defendants manipulated the LIBOR or personally participated in the servicing related to the modification.  Further, plaintiff released her right to sue any of the defendants in this action concerning the origination or the servicing of the loan because she signed an express release provision in return for receiving the modification in April 2008.  It is indisputable that plaintiff has used the bankruptcy process to delay the foreclosure, having filed three bankruptcies over just two years even though her default on the modified loan since April 2009 is not in question.  Plaintiff has insufficient evidence for her unsupported theories against moving defendants and summary judgment is accordingly proper.

1    **II.    STATEMENT OF FACTS**

2    **A.    HomEq Offers Plaintiff A Loan Modification After She Defaults**

3    **On Her Mortgage Loan**

4    On December 16, 2006, plaintiff borrowed $522,000.00 from lender New

5    Century Mortgage Corporation.  (Decl. of Stacy, Para. 3, Exh. 1).  Under the

6    terms of the loan, plaintiff's monthly mortgage payment was $3,817.13 and her

7    interest rate of 8.775% could change beginning in January 2009 based on a

8    calculation involving the LIBOR.  (Decl. of Stacy, Para. 3, Exh. 1, Nos. 2-4).

9    The loan was secured by a Deed of Trust recorded against the subject real

10   property on December 28, 2006.  (Decl. of Stacy, Para. 4, Exh. 2).  In April 2007,

11   HomEq began to service the loan.  (Decl. of Stacy, Para. 5).

12   By April 2008, plaintiff was $15,951.62 in the arrears on the loan.  (Decl.

13   of Stacy, Para. 6).  In April 2008, HomEq offered plaintiff a loan modification,

14   which she accepted, and this agreement was memorialized in writing

15   ("Modification Agreement").  (Decl. of Stacy, Para. 7, Exh. 3).  Under the terms

16   of the Modification Agreement, the total monthly mortgage payment was reduced

17   by roughly $800.00 to $3,027.02 per month for a period of five years, including

18   escrow, and the interest rate was fixed at 5.5% to maturity.  (Decl. of Stacy, Para.

19   7, Exh. 3, Attachment A).    The Modification Agreement provides that the

20   monthly payment will increase beginning May 1, 2013 to ensure the entire debt is

21   paid at maturity.  (Decl. of Stacy, Para. 7, Exh. 3, No. 1(d) & Attachment A).

22   The Modification Agreement includes a release and integration clause.  (Decl. of

23   Stacy, Para. 7, Exh. 3, Nos. 3 & 5).

24   ///

25   ///

26   ///

27

28   **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**B.    After Plaintiff Defaults On Her Reduced Payments, She Files For Bankruptcy And An Adversary Action When Non-Judicial Foreclosure Is Initiated**

On April 8, 2009, plaintiff made her last modified payment. (Decl. of Stacy, Para. 8, Exh. 4). This only brought the loan contractually current through March 1, 2009 because plaintiff had only made three out of the four required payments from January 1, 2009 through April 8, 2009. (Decl. of Stacy, Para. 8, Exh. 4). Given the continued default, non-judicial foreclosure was initiated on July 31, 2009. (Decl. of Stacy, Para. 10, Exh. 5). From April 2008 through July 2009, plaintiff did not contact HomEq to specifically complain that she was only given an incomplete copy of the Modification Agreement. (Decl. of Stacy, Para. 9).

On January 5, 2010, plaintiff filed for Chapter 7 bankruptcy. (Decl. of Son, Para. 2, Exh. 7). On February 25, 2010, plaintiff also filed a bankruptcy adversary action against Deutsche Bank and HomEq. (Decl. of Son, Para. 3, Exh. 8). This adversary action was dismissed on April 14, 2010. (Decl. of Son, Para. 4, Exh. 9). On April 28, 2010, plaintiff received her discharge in the Chapter 7 bankruptcy. (Decl. of Son, Para. 5, Exh. 10). The foreclosure initiated on July 31, 2009 was rescinded on May 11, 2010. (Decl. of Stacy, Para. 11, Exh. 6).

**C.    Plaintiff Again Files For Bankruptcy After Foreclosure Is Reinitiated But Her Bankruptcy Case Is Dismissed**

Given that plaintiff had not made a modified payment since April 2009, non-judicial foreclosure was reinitiated on March 8, 2011. (Decl. of Spurlock, Para. 4, Exh. 11; *see also* Decl. of Stacy, Para. 8, Exh. 4). In response, plaintiff filed for Chapter 13 bankruptcy on July 11, 2011. (Decl. of Son, Para. 6, Exh. 14). However, this Chapter 13 bankruptcy was dismissed and the automatic stay

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

3

1  vacated on August 17, 2011 because plaintiff failed to file the required
2  documents. (Decl. of Son, Para. 7, Exh. 15).

3      **D.**    **Plaintiff Moves To Vacate The Dismissal Of Her Chapter 13**
4             **Bankruptcy Case Just Before The Trustee's Sale**

5      On September 1, 2011, the property sold at trustee's sale to defendant
6  Deutsche Bank as Trustee. (Decl. of Spurlock, Para. 5, Exh. 12).  However, on
7  August 30, 2011, just before the trustee's sale, the bankruptcy court reinstated
8  plaintiff's Chapter 13 case after she moved to vacate the dismissal. (Decl. of Son,
9  Para. 8, Exh. 16).  Plaintiff did not give any notice to WPT, the foreclosure
10  trustee, that her bankruptcy case had been reinstated. (Decl. of Spurlock, Para. 6).
11  The Chapter 13 bankruptcy was ultimately again dismissed on December 16,
12  2011. (Decl. of Son, Para. 9, Exh. 17).

13      **E.**    **Plaintiff Files Her Third Bankruptcy Petition In Two Years But**
14             **This Case Is Likewise Dismissed And The September 1, 2011**
15             **Trustee's Sale Is Rescinded**

16      Plaintiff again filed for Chapter 7 on January 17, 2012, her third
17  bankruptcy petition in a span of two years. (Decl. of Son, Para. 10, Exh. 18).
18  However, plaintiff's attempt to convert this Chapter 7 to a Chapter 13 was denied
19  and this bankruptcy case was dismissed on March 13, 2012. (Decl. of Son, Para.
20  11, Exh. 19).  On March 27, 2012, the rescission of the September 1, 2011
21  trustee's sale was recorded. (Decl. of Spurlock, Para. 7, Exh. 13).

22  ///
23  ///
24  ///

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
4

1  | III.   **ARGUMENT**

2  |     A.   **Legal Standard For Summary Judgment**

3  |     "The court shall grant summary judgment if the movant shows that there is

4  | no genuine dispute as to any material fact and the movant is entitled to judgment

5  | as a matter of law."  FRCP 56(a).  "[T]he plain language of Rule 56(c) mandates

6  | the entry of summary judgment…against a party who fails to make a showing

7  | sufficient to establish the existence of an element essential to the party's case, and

8  | on which that party will bear the burden of proof at trial.  In such a situation, there

9  | can be 'no genuine issue as to any material fact,' since a complete failure of proof

10 | concerning an element of the nonmoving party's case necessarily renders all other

11 | facts immaterial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The

12 | pleadings frame the issues for purposes of summary judgment.  *Southern Calif.*

13 | *Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).  As discussed in

14 | turn below, there is no genuine dispute as to any material fact regarding plaintiff's

15 | stated claims against moving defendants.  Defendants are entitled to summary

16 | judgment as a matter of law because plaintiff has insufficient evidence to support

17 | the required elements for her claims.

18 |     B.   **Defendant Deutsche Bank as Trustee is Entitled to Summary**

19 |         **Judgment on Plaintiff's First Claim For Violation of the**

20 |         **Sherman Antitrust Act**

21 |         1.   **Plaintiff Lacks Article III Standing to Bring An Antitrust**

22 |             **Claim Because She Has Not Sustained Any Injury-in-Fact**

23 |     Plaintiff has no evidence to establish she sustained any injury-in-fact.

24 | Article III standing requires proof of injury-in-fact and causation.  *Allen v.*

25 | *Wright*, 468 U.S. 737, 750 (1984).  For Article III purposes, an antitrust plaintiff

26 | establishes injury-in-fact when she "has suffered an injury which bears a causal

27 |

28 | **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

connection to the alleged antitrust violation." *Amarel v. Connell*, 102 F.3d 1494, 1507 (9th Cir. 1996). Where an injury-in-fact cannot be established, summary judgment of the plaintiff's antitrust claim based on Article III grounds is proper. *Gerlinger v. Amazon.com Inc.*, 526 F.3d 1253, 1255-56 (9th Cir. 2008).

Here, plaintiff has no evidence that establishes she sustained an injury-in-fact as a result of Barclays's alleged manipulation of the LIBOR because the interest rate on her mortgage loan was not affected by the LIBOR. Under the terms of the original loan obtained in December 2006, plaintiff's interest rate of 8.775% could change beginning in January 2009 based on a calculation involving the LIBOR. (Decl. of Stacy, Para. 3, Exh. 1, Nos. 2-4). However, **before** the interest rate could change based on a calculation involving the LIBOR, plaintiff received a fixed 5.5% interest rate loan modification in April 2008 from HomEq. (Decl. of Stacy, Para. 7, Exh. 3). As such, plaintiff has not sustained any injury-in-fact as a result of the alleged LIBOR manipulation because the interest rate on her specific mortgage loan was fixed before it could ever be adjusted based on a calculation involving the LIBOR. Plaintiff lacks Article III standing because she has no measurable damages related to the conduct complained of. It is indisputable that the LIBOR had no effect on plaintiff's payment obligations on her specific mortgage loan and summary judgment of plaintiff's antitrust claim is proper.

### 2.    Plaintiff Has No Evidence That Establishes a Conspiracy

Plaintiff has no evidence to support her conspiracy theory against defendant Deutsche Bank as Trustee regarding the alleged LIBOR manipulation. For a civil conspiracy claim, the plaintiff must establish that the alleged conspirators "had a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement." *American Tobacco Co. v. U.S.*,

---

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

6

328 U.S. 781, 810 (1946).  A civil conspiracy is "a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482, n. 3 (9th Cir. 1984).  The plaintiff must establish the formation and operation of the alleged conspiracy and the damage resulting from the acts or acts done in furtherance of the plan.  *Orloff v. Metro Trust Co.*, 17 Cal.2d 484, 488 (1941).  In order to find liability for aiding and abetting, there must be (1) the existence of an independent primary wrong, (2) actual knowledge by the alleged aider and abettor of the wrong and his or her role in furthering it, and (3) substantial assistance in the wrong.  *Harmsen v. Smith*, 693 F.2d 932, 943 (9th Cir. 1982).  The district court need not find a genuine issue of fact if a declaration is uncorroborated and self-serving.  *F.T.C. v. Neovi, Inc.*, 604 F.3d 1150, 1159 (9th Cir. 2010).

Here, plaintiff has no evidence that establishes defendant Deutsche Bank as Trustee had a meeting of the minds with Barclays regarding the alleged manipulation of the LIBOR.  Plaintiff has no evidence that establishes any formation or operation of a conspiracy between these parties.  Further, plaintiff has no evidence that defendant Deutsche Bank as Trustee had actual knowledge of the alleged wrong and substantially assisted in the alleged wrong.  Plaintiff's purported "evidence" merely consists of uncorroborated and self-serving conclusions.  Just because defendant Deutsche Bank as Trustee in its corporate capacity is one of sixteen institutions that participate in submission of index rates does not mean this defendant "manipulated" the LIBOR with Barclays.  (*See* Third Amended Class Action Complaint, Paras. 28 & 122).  Plaintiff's conspirator liability theory against defendant Deutsche Bank as Trustee is wholly unsupported and cannot be the foundation for finding liability.

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

7

**C.**   **Defendant Deutsche Bank as Trustee Is Entitled to Summary Judgment On Plaintiff's Multiple UCL Claims Premised on the Modification Process and the Alleged LIBOR Manipulation**

**1.**   **Plaintiff's UCL Claims Are Contractually and Equitably Barred Against Defendant Deutsche Bank as Trustee**

In return for receiving the loan modification in April 2008, plaintiff released all of her UCL claims related to the origination and the servicing of the loan. The interpretation of the preclusive effect of a release in a contract is a legal question for the court if there is no conflicting competent extrinsic evidence as to the parties' intent. *City of Hope Nat. Medical Center v. Genentech Inc.*, 43 Cal.4th 375, 395 (2008); see also *Salehi v. Surfside III Condominium Owners' Assn.*, 200 Cal.App.4th 1146, 1159-60 (2d Dist. 2011). Under California's law of quasi-estoppel, a person may not act in a manner inconsistent with her prior position to the injury of another if that person gained some advantage for herself to the disadvantage of the other. *Tozzi v. Lincoln Nat. Life Ins. Co.*, 103 F.2d 46, 52 (9th Cir. 1939).

In this case, plaintiff is contractually barred from suing defendant Deutsche Bank as Trustee concerning the origination and servicing of the loan because the release provision in the Modification Agreement provides as follows:

> "Borrower releases HomEq, its subsidiaries, affiliates, agents, officers and employees, from any and all claims, damages or liabilities of any kind existing on the date of this Agreement, which are in any way connected with the origination and/or servicing of the Loan, and/or events which resulted in Borrower entering into this Agreement. Borrower waives any rights which Borrower may have under federal or state statute or common law principle which may provide that a general release does not extend to claims which are not know to exist at the time of execution, including without limitation (if applicable), California Civil Code Sec. 1542." (Decl. of Stacy, Para. 7, Exh. 3, No. 3).

---

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

8

HomEq serviced the subject mortgage loan for defendant Deutsche Bank as Trustee.   (Decl. of Stacy, Para. 1).   As such, the release provision in the Modification Agreement precludes plaintiff's UCL claims against defendant Deutsche Bank as Trustee concerning the origination or the servicing of the loan. The release language covers any and all claims, damages, or liabilities *of any kind*, whether known at the time of execution of or not, related to the origination and the servicing of the loan.   The meaning of the release language is plain and unambiguous.   Plaintiff received the fixed interest rate loan modification and in return signed the release, thus is contractually barred from suing defendant Deutsche Bank as Trustee in the instant action.

Further, estoppel by contract, i.e. quasi-estoppel, bars all of plaintiff's UCL claims concerning the origination or servicing of the loan.   When plaintiff was given the loan modification in April 2008, she was $15,951.62 in the arrears. (Decl. of Stacy, Paras. 6-7).   The modification effectively cured the default on the loan and allowed plaintiff to make reduced mortgage payments, thereby preventing foreclosure.   In return for the modification, plaintiff released all of her claims concerning the origination and servicing of the loan.   (Decl. of Stacy, Para. 7, Exh. 3, No. 3).   Plaintiff is barred from now asserting her UCL claims because she benefitted from the modification and because foreclosure was not initiated in April 2008 as a result of the modification.

**2.    Defendant Deutsche Bank as Trustee Cannot Be Vicariously Liable For Plaintiff's UCL Claims Concerning the Modification and the LIBOR**

Plaintiff has no evidence that defendant Deutsche Bank as Trustee personally committed any unlawful, unfair, or fraudulent acts under the UCL concerning the modification and the alleged LIBOR manipulation, and said

---

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

9

defendant cannot be vicariously liable under the statute.   California's Unfair Competition Law ("UCL"), codified in *Cal. Bus. & Prof. Code* §§ 17200, *et seq.*, prohibits unfair competition including "any unlawful, unfair or fraudulent business act or practice." *Cal. Bus. & Prof. Code* § 17200.  Given the statute is written in the disjunctive, each of the three prongs is a separate and distinct theory of liability. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999).  The UCL does not proscribe specific activities, but broadly prohibits any (1) unlawful, (2) unfair, or (3) fraudulent business act or practice. *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal.App.4th 638, 643-644 (4th Dist. 2008).

"As to the unlawful prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law." *Sipe v. Countrywide Bank*, 690 F.Supp.2d 1141, 1158 (E.D. Cal. 2010) (citing *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000)).   "An unfair business practice is one that either 'offends an established public policy' or is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.' " *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008) (quoting *People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal.App.3d 509, 530 (4th Dist. 1984)).   "Finally, fraudulent acts are ones where members of the public are likely to be deceived." *Symbersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008).

"The concept of vicarious liability has no application to actions brought under the unfair business practices act." *People v.  Toomey*, 157 Cal.App.3d 1, 14 (1st Dist. 1984).   "A defendant's liability must be based on his personal 'participation in the unlawful practices' and 'unbridled control' over the practices that are found to violate section 17200." *Emery v. Visa Int'l Serv. Ass'n*, 95

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
10

Cal.App.4th 952, 961 (3d Dist. 2002).   A defendant cannot be "secondarily liable" liable under the UCL.   *Perfect 10, Inc. v. Visa Intern. Service Ass'n*, 494 F.3d 788, 808-809 (9th Cir. 2007).

Here, plaintiff has no evidence that defendant Deutsche Bank as Trustee committed any unlawful, unfair, or fraudulent acts.   The conduct complained of concerning the circumstances surrounding the April 2008 modification only concerned HomEq, who serviced the loan for defendant Deutsche Bank as Trustee.   (Decl. of Stacy, Para. 1).   Plaintiff has no evidence that defendant Deutsche Bank as Trustee personally and directly serviced plaintiff's loan, and vicarious or secondary liability is expressly prohibited under the UCL.   Plaintiff likewise has no evidence that defendant Deutsche Bank as Trustee manipulated the LIBOR.    Plaintiff cannot hold defendant Deutsche Bank as Trustee vicariously or secondarily liable for the alleged manipulation of the LIBOR by Barclays.   The two are distinct and separate entities and the UCL does not allow for any relief against defendant Deutsche Bank as Trustee vicariously.   Plaintiff's uncorroborated and self-serving conclusions are insufficient to survive summary judgment.   *Neovi*, *supra*, at 1159.

Further, plaintiff's position that she only received an "incomplete" copy of the Modification Agreement from HomEq has no merit.   The evidence shows that plaintiff did not contact HomEq from April 2008 through July 2009 to specifically complain that her fax-received copy of the Modification Agreement was incomplete. (Decl. of Stacy, Para. 9). Further, logic dictates that a **complete** version of the Modification Agreement, with all signatures, **could not exist** *if* plaintiff was only provided an **incomplete** copy to sign.   If plaintiff was only provided an incomplete copy to sign and return to HomEq, only an incomplete copy with the signatures would be available.   However, defendants have

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

11

presented into evidence a copy of the complete Modification Agreement, with all signatures, that contains the full text of Paragraphs 1(d) and 2.  (Decl. of Stacy, Para. 7, Exh. 3).  Plaintiff has insufficient evidence to support her uncorroborated and self-serving allegations in this regard.  *Neovi*, *supra*, at 1159.

### 3. All Of The Alleged Oral Promises Concerning the Modification Are Barred Because The Written Modification Agreement Is A Fully Integrated Document

The Modification Agreement is a fully integrated document that precludes all of the alleged oral promises made by HomEq concerning the subject loan modification.   When the parties to a written contract have agreed to it as an "integration" – a complete and final embodiment of the terms of an agreement – parol evidence cannot be used to add or to vary its terms.  *Pollyana Homes, Inc. v. Berney*, 56 Cal.2d 676, 679-80 (1961).  "The crucial issue in determining whether there has been an integration is whether the parties intended their writing to serve as the exclusive embodiment of their agreement."  *Masterson v. Sine*, 68 Cal.2d 222, 225 (1968).   Although the court may consider evidence of surrounding circumstances, a collateral oral agreement must be one that would have been made as a separate contract because it cannot embrace the same subject in the written contract but require different results.  *Metoyer v. Chassman*, 504 F.3d 919, 935-37 (9th Cir. 2007).  This rule is "grounded on the notion that a writing constitutes a jural *act*, conduct which alters the voluntary legal relations of the parties."  *FPI Development, Inc. v. Nakashima*, 231 Cal.App.3d 367, 388 (3d Dist. 1991).

Here, the April 2008 Modification Agreement in pertinent part provides verbatim as follows:

///

---

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

12

"This Agreement constitutes the entire Agreement between the parties regarding the subject matter hereof.  Except as otherwise provided herein, this Agreement supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, whether written or oral, of the parties hereto, relating to the Note and Security Instrument." (Decl. of Stacy, Para. 7, Exh. 3, No. 5).

The foregoing integration clause in the Modification Agreement precludes all of the alleged oral promises by HomEq concerning the subject loan modification.  The plain and clear language of the integration clause provides that the writing is intended by the parties as the final expression of their agreement regarding the terms of the loan modification, thus plaintiff cannot introduce parol evidence to contradict the express terms therein.   The integration clause supersedes all prior and contemporaneous discussions regarding the loan modification, whether written or oral, relating to plaintiff's obligation to pay back her mortgage loan.  HomEq's alleged oral promises would not have been reduced into a separate contract separate from the Modification Agreement because the subject matter is the same.   It is accordingly proper for the Court to wholly disregard plaintiff's allegations regarding HomEq's alleged oral promises.

### 4.    Plaintiff is Not Entitled to Restitution Under the UCL

Plaintiff is not entitled to restitution under the UCL for moneys paid.  In California, an order for restitution under the UCL is one "compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken." *Kraus v. Trinity Mgmt. Servs.*, 23 Cal.4th 116, 126-27 (2000).  However, restitution to an alleged victim under the UCL requires "that the offending party must have obtained something to which it was not entitled *and* the victim must have given up something which [she] was entitled to keep." *Bradstreet v. Wong*, 161 Cal.App.4th 1440, 1460-61

---

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
13

1  (1st Dist. 2008).   An unfair competition claim is equitable in nature, and the
2  remedies are generally limited to injunctive relief and restitution, and damages
3  cannot be recovered.   *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th
4  1134, 1144 (2003).

5  In this case, plaintiff is not entitled to restitution of the modified payments
6  made to HomEq because she was obligated to make her mortgage payments in
7  order to keep the property.  (Decl. of Stacy, Paras. 3, 4, & 7, Exhs. 1-3).  If the
8  mortgage loan was not modified in April 2008, the outstanding arrearages would
9  be even higher at the present time because the modification reduced the amount
10  of the monthly mortgage payments by roughly $800.00.  (Decl. of Stacy, Paras. 3
11  & 4, Exhs. 1 & 3).  The evidence conclusively shows that plaintiff is not entitled
12  to restitution as a matter of law.  Plaintiff is not entitled to take out a mortgage
13  loan, not make her payments, and continue to keep the property.

14  **5.    Plaintiff Has No Damages For Any UCL Claim Premised**
15  **on Fraud**

16  To the extent plaintiff's multiple UCL claims against defendant Deutsche
17  Bank as Trustee are premised on fraud, these claims fail because plaintiff has no
18  evidence to support any of the required elements.  The elements of a fraud claim
19  in California are (1) a misrepresentation, (2) knowledge of falsity, (3) intent to
20  defraud, (4) justifiable reliance, and (5) damages. *Small v. Fritz Companies, Inc.*,
21  30 Cal.4th 167, 173 (2003).   The plaintiff must state with particularity the
22  circumstances surrounding the fraud.  Fed. R. Civ. P. 9(b).  "The particularity
23  requirement of Rule 9(b) is designed to give defendants notice of the particular
24  misconduct which is alleged to constitute the fraud charged." *Neubronner v.*
25  *Milken*, 6 F.3d 666, 671 (9th Cir. 1993).

26

27

28  **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

As discussed above, plaintiff has no evidence that defendant Deutsche Bank as Trustee personally participated in the circumstances surrounding the modification or that this defendant manipulated the LIBOR. Further, plaintiff has no evidence of damages. The September 1, 2011 trustee's sale has been rescinded and there was no equity in the property at the time of the sale as briefed below. (Decl. of Spurlock, Para. 7, Exh. 13). The loan modification benefitted plaintiff because it effectively cured the $15,951.62 in arrearages on the subject loan, and reduced the interest rate to a fixed 5.5% in contrast to the adjustable rate between 8.775% and 15.775% under the original terms of the loan. (Decl. of Stacy, Para. 3, Exh. 1, Para. 4(D); *see also* Decl. of Stacy, Para. 7, Exh. 3, Attachment A). To the extent plaintiff's UCL claims against defendant Deutsche Bank as Trustee are premised on fraud, summary judgment is appropriate because plaintiff has no evidence of damages.

### D. Defendants Ocwen, Deutsche Bank as Trustee, and WPT are Entitled to Summary Judgment on Plaintiff's Wrongful Foreclosure and UCL Claims Premised on the Trustee's Sale

#### 1. Plaintiff's Wrongful Foreclosure Claim is Moot and Plaintiff Has No Damages Because There Was No Equity in the Property

Plaintiff's wrongful foreclosure claim is moot because the September 1, 2011 trustee's sale has been rescinded. Further, plaintiff has no damages because there was no equity in the property at the time of the sale. "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). "[T]he question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether

---

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
15

there can be any effective relief." *West v. Secretary of Dept. of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000). Unless the prevailing party can obtain effective relief, any opinion as to the legality of the challenged action would be merely advisory. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). The measure of damages when the power of sale is invoked under a deed of trust is the "fair market value at the time of sale less outstanding encumbrances and/or taxes due at such time." *Munger v. Moore*, 11 Cal.App.3d 1, 7-8, n. 6 (1st Dist. 1970).

Here, plaintiff's wrongful foreclosure claim is moot because the September 1, 2011 trustee's sale has been rescinded. (Decl. of Spurlock, Para. 7, Exh. 13). As such, the foreclosure commenced on March 8, 2011 is no longer at issue and any opinion on the same would be merely advisory. Defendants are entitled to summary judgment on Ms. Galope's wrongful foreclosure claim because plaintiff cannot obtain any relief on this claim as a matter of law.

Further, plaintiff has no damages because there was no equity in the property at the time of the sale. In the January 5, 2010 bankruptcy filing, Ms. Galope declares under the penalty of perjury that the fair market value of the property is $373,000.00 and the outstanding debt is $537,951.00. (Decl. of Son, Para. 2, Exh. 7, Pgs. 11 & 27 of 53). In the January 17, 2012 bankruptcy filing, Ms. Galope declares under the penalty of perjury that the fair market value of the property is $350,000.00 and the outstanding debt is $522,000.00. (Decl. of Son, Para. 10, Exh. 18, Pgs. 12, 19, & 24 of 45). In sum, at the time of the trustee's sale, the fair market value of the property was between $350,000.00 and $373,000.00 whereas the outstanding debt was between $522,000.00 and $537,951.00. Accordingly, the property was under water by $150,000.00 or more and plaintiff has no damages for her wrongful foreclosure claim because there was no equity in the property at the time of the sale.

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

16

### 2. Plaintiff is Precluded From Restitution For Her UCL Claim Premised on the Trustee's Sale

Plaintiff's third stated claim against defendants Ocwen, Deutsche Bank as Trustee, and WPT is for an alleged violation of the UCL premised on the circumstances surrounding the September 1, 2011 trustee's sale. (*See* Third Amended Class Action Complaint, Paras. 143-155). However, as discussed above, plaintiff is not entitled to restitution under the UCL for moneys paid because she was not entitled to keep the property without making her payments. *Kraus*, *supra*, at 126-27. "[T]he offending party must have obtained something to which it was not entitled *and* the victim must have given up something which [she] was entitled to keep." *Bradstreet*, *supra*, at 1460-61. Here, plaintiff is not entitled to restitution because she is obligated to make her mortgage payments to keep the property. (Decl. of Stacy, Paras. 3, 4, & 7, Exhs. 1-3). It is undisputed that plaintiff is in default on the modified loan, as her last payment was made in April 2009. (Decl. of Stacy, Para. 8, Exh. 4). Defendants are entitled to foreclose pursuant to the power of sale as authorized by the December 2006 Deed of Trust. (Decl. of Stacy, Para. 4, Exh. 2). Plaintiff is not entitled to keep the property without making her mortgage payments, and plaintiff is not entitled to restitution for her UCL claim premised on the trustee's sale as a matter of law.

### 3. Plaintiff Did Not Give Any Notice to Defendant WPT, the Foreclosure Trustee, of Her Bankruptcy Reinstatement Prior to the Trustee's Sale

The record shows that the September 1, 2011 trustee's sale went forward as plaintiff's bankruptcy had been dismissed and the automatic stay vacated on August 17, 2011. (Decl. of Son, Para. 7, Exh. 15). While plaintiff reinstated the Chapter 13 bankruptcy case on August 30, 2011, just before the trustee's sale, the

---

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

17

1  bankruptcy court ultimately dismissed this case once more.  (Decl. of Son, Paras.
2  8-9, Exhs. 16-17).  Plaintiff did not give defendant WPT, the foreclosure trustee,
3  any notice that the bankruptcy case was reinstated prior to the subject sale.  (Decl.
4  of Spurlock, Para. 6).   Defendant WPT was in charge of conducting the
5  foreclosure of the property.  (Decl. of Spurlock, Paras. 1-7).  Plaintiff's attempt to
6  make the trustee's sale some sort of nefarious situation is contradicted by the
7  record.   The only "evidence" plaintiff presents for her position that she gave
8  defendant WPT notice of the reinstatement are uncorroborated self-serving
9  statements, and disregard of such statements is proper.  *Neovi, supra*, at 1159.
10 Vicarious liability under the UCL is expressly barred, thus plaintiff cannot obtain
11 any relief under the UCL for the circumstances surrounding the subject trustee's
12 sale because defendant WPT was not given notice of the bankruptcy
13 reinstatement.  *Toomey, supra*, at 14.

14      **E.     Defendants Ocwen, Deutsche Bank as Trustee, and WPT are**
15              **Entitled to Summary Judgment on Plaintiff's Eighth Claim for**
16              **Breach of the Implied Covenant of Good Faith and Fair Dealing**
17         Plaintiff has no evidence to support this claim against moving defendants.
18 "The covenant of good faith and fair dealing, implied by law in every contract,
19 exists merely to prevent one contracting party from unfairly frustrating the other
20 party's right to receive the benefits of the agreement actually made."   *Guz v.*
21 *Bechtel Nat. Inc.*, 24 Cal.4th 317, 349 (2000).  The covenant thus "should not be
22 endowed with an existence independent of its contractual underpinnings."
23 *Walker v. Truck Ins. Exchange, Inc.*, 11 Cal.4tj 1, 36 (1995).  As such, any relief
24 to be obtained must be incorporated in the specific terms of the agreement.  *Kim*
25 *v. Regents of the University of California*, 80 Cal.App.4th 160, 164 (1st Dist.
26 2000).    The implied covenant rests upon the existence of some specific

27
28

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
18

contractual obligation.  *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 683-84 (1998).   The implied covenant is read into contracts to protect the express covenants or promises of the contract, not to protect some general public policy interest that is not directly tied to the contract's purpose.  *Id.* at 690.

Here, the only contracts of relevance are the December 2006 Note and Deed of Trust, and the April 2008 Modification Agreement.  (Decl. of Stacy, Paras. 2, 3, & 7, Exhs. 1-3).  Plaintiff has no evidence that moving defendants "unfairly frustrated" plaintiff's right to receive the benefits under the Deed of Trust or the Modification Agreement.  Plaintiff's last payment on the modified loan was made in April 2009, and defendants were authorized under the power of sale provision in the Deed of Trust to initiate foreclosure based on the default. Plaintiff has no evidence that establishes that moving defendants specifically interfered with plaintiff's performance under the contracts or that moving defendants failed to cooperate with plaintiff concerning the specific contractual terms in the Note, Deed of Trust, and Modification Agreement.  Plaintiff cannot rely on theories independent and outside the scope of the terms of the subject contracts in order to place blame on moving defendants.  Moreover, plaintiff has no damages as briefed above thus plaintiff cannot obtain any relief regardless.

///

///

///

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
19

## IV.   CONCLUSION

Plaintiff is a borrower who defaulted on her original loan obligations, and then defaulted once more after she was given a loan modification.  Over a two-year period, plaintiff delayed the foreclosure by filing three bankruptcies even though her last mortgage payment was made in April 2009.  In the past five months since this action was filed, plaintiff has changed her story time and time again in a quizzical attempt to place some blame on defendants for giving her a loan modification when she could not afford her mortgage loan.  As briefed above, plaintiff has insufficient evidence to support the elements of her claims to obtain any relief against moving defendants.   For the foregoing reasons, defendant Ocwen, Deutsche Bank as Trustee, and WPT respectfully request the Court to grant summary judgment in their favor and against plaintiff.

Dated: August 6, 2012

**HOUSER & ALLISON**
A Professional Corporation


/s/ Steven S. Son
Steven S. Son
Attorneys for Defendants,
Ocwen Loan Servicing, LLC, Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4, and Western Progressive, LLC

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
20

## PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss
COUNTY OF LOS ANGELES )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3780 Kilroy Airport Way, Suite 130, Long Beach, California 90806.

     On August 6, 2012, I served the following document(s):

**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS OCWEN, DEUTSCHE BANK AS TRUSTEE, AND WESTERN PROGRESSIVE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF KAREN L. STACY, STEPHANIE M. SPURLOCK, AND STEVEN S. SON WITH SUPPORTING EXHIBITS**

     On the following interested parties in this action described as follows:

Lenore L. Albert, Esq.
Law Offices of Lenore Albert
7755 Center Avenue, Suite 1100
Huntington Beach, CA  92647
Tel.:  714-372-2264
Fax:  419-831-3376
Email: lenorealbert@msn.com
*Attorney for Plaintiff, Helen Galope*

[ ]     **VIA FIRST CLASS MAIL:** Pursuant to FRCP 5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices.  I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Long Beach, California, with postage thereon fully prepaid that same day in the ordinary course of business.

[X]     **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mailor by electronic filing through the CM/ECF System to the e-mail addresses listed above.  I am readily familiar with

Microsoft Outlook's e-mail system and the United States District Court's CM/ECF System, and the transmission was reported as complete without error.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on August 6, 2012, in Long Beach, California.


/s/ Richard Mendizábal
Richard Mendizábal