Lenore L. Albert, Esq.   SBN 210876
LAW OFFICES OF LENORE ALBERT
7755 Center Avenue, Suite #1100
Huntington Beach, CA 92647
Telephone (714) 372-2264
Facsimile (419) 831-3376
Email: lenorealbert@msn.com
Attorney for Plaintiff, HELEN GALOPE,
*on behalf of herself and all others similarly situated*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN GALOPE, an individual, on behalf of herself and all others similarly situated,<br><br>                    Plaintiffs,<br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, et al,<br><br>                    Defendants. | CASE NO. SACV 12 00323-CJC (RNBx)<br><br>Assigned to the Hon: Cormac J. Carney<br><br>**PLAINTIFF'S EVIDENTIARY OBJECTIONS**<br><br>DATE: To be taken under submission<br>TIME: n/a<br>DEPT: 9B |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

   NOW COMES PLAINTIFF HELEN GALOPE, on her behalf and on behalf of all others, similarly situated, and hereby amends  object to defendant's evidence in support of their motion for summary judgment as follows:

   Much of the purported evidence submitted by defendant in support of their Motion for Summary Judgment "MSJ," including the Request for Judicial Notice, Declaration of Karen L. Stacy, Stephanie M. Spurlock, and Steven Son dealing with a motion to dismiss in federal US Bankruptcy Court, and the unrelated documentation they attempt to introduce, not only lack foundation and are largely irrelevant, but they often directly contradict the authenticated written terms of the Note, and the very Mortgage Backed Securitized trust that Plaintiff is suing. As such, whether or not the plaintiff gave WPT notice of the bankruptcy stay in this case (e.g. has standing) is relevant only if WPT was the designated person for notice on behalf of the Creditor in the bankruptcy proceeding but none of their evidence establish that fact, much less make it undisputed.

1

**PLAINTIFF'S EVIDENTIARY OBJECTIONS**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY                               SACV12-323-CJC (RNBx)*

1  For example, Stephanie M. Spurlock attaches as Exhibit 12 a Trustee's Deed Upon Sale recorded on September 8, 2011 (but no Exhibit 12 was actually filed) clearly stating that Deutsche Bank took the property by transfer on September 1, 2011 on a credit bid as the grantee.

Despite, Defendants contrary declarations that WPT did not receive notice, the evidence they have put forth before the court shows that in fact everyone agreed that Deutsche Bank was the creditor, whom as a matter of law was the entity entitled to notice when the stay was initiated. That notice was given to Deutsche Bank's designated agent, Ocwen who signed up for NEF notice in the bankruptcy case, and in fact received that notice on August 30, 2011 – two days before the unlawful transfer. ( Para 5 of Spurlock Decl)

Likewise their attempt to show that WPT had the right to sell the house at foreclosure by the Substitution of Trustee document does them no good because that again was the legal trustee, (not MBS trustee).

Defendant's sole reliance is that plaintiff purportedly failed to give WPT notice. However, the law is clear – notice goes to the creditor, not the legal trustee. The creditor is then responsible for any transfer that occurs thereafter.

Second, defendants respond that each document, sentence or phrase objected to is inadmissible as follows:

**Objection No. 1: "HomEq's comment history reflects that from April 2008 through July 2009, the Borrower did not contact HomEq to specifically complain that she was only given an incomplete copy of the Modification Agreement."**

Grounds for Objection:  (a) Improper Testimony of a Writing (Evid Code §15323). Testimony is not admissible to prove the content of a writing.  Here, Defendant, in its moving papers, did not attach the Comment Log or call history.  This is hearsay within hearsay. There is no foundation for the comment made and it is not a fact, but a biased opinion at best. There is no personal knowledge that this declarant was the input into the Comment Log, how the declarant acquired this information or what she was reading, if she read anything in preparation of her statement.  Thus, defendant's attempt to testify or make a declaration as to the content of the document, including its conclusory statement that the Borrower did not "specifically complain"  that she was given an "incomplete copy" when we have no idea what the document actually showed is inadmissible and cannot create an undisputable fact; (b) Improper Conclusion of Fact (CL Smith Co, Inc. v Roger Duchame, Inc, 65 CalApp3d 735, 743 (1977). "An issue of fact becomes one of law and loses its triable character for summary judgment

purposes only if the undisputed facts leave no room for a reasonable difference of opinion." *Atlantic Mutual Ins. Co v J. Lamb, Inc*. (2002) 100 Cal App 4th 1017.

The document speaks for itself. "When used in a declaration filed in opposition [or in support of] a motion for summary judgment, conclusions are insufficient." A declaration attesting to a legal conclusion, without any evidentiary facts to support it, has not evidentiary weight. See in re United Parcel Service Wage and Hour Cases, 190 CalApp4th 1001, 1018 (2010) (declaration consisting of only a recitation of legal conclusions and ultimate facts, without any evidentiary facts, was insufficient to establish a triable issue of fact.) (c) Lacks Foundation. The proponent of the proffered evidence has the burden of producing evidence as to the existence of the preliminary fact. Plaintiff fails to proffer any evidence at all. (d) Irrelevant. No evidence is admissible unless it is relevant. Relevant evidence is any evidence "having a tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (e) Speculation, Lack of Personal Knowledge. The testimony of a witness concerning a particular matter is inadmissible unless she/he had personal knowledge of the matter. Karen Stacy has no personal knowledge of these events. See Brown v Ransweiler, 171 CalApp4th 516, 530 (2009) ("to defeat summary adjudication, defendants cannot rely on assertions that are 'conclusory, argumentative or based on conjecture and speculation,' but rather are required to 'make an independent showing by a proper declaration or by reference to a deposition or another discovery product that there is sufficient proof of the matters alleged to raise a triable question of fact[.]"); McIvor v Savage, 200 CalApp2d 128 (1963) (A plaintiff's expression of its personal opinion to which it could not competently testify is not sufficient to raise a triable issue of fact.) (FRE 401, 403, 602, 801, 803, 901, 902).

Objection No. 2: Exhibit 3:

There is no evidence that Galope received this document in this form. It contradicts the form Galope has provided with the bottom cut off. It is not explained how Galope could fax back a letter size page and the signature lines could magically appear on Exhibit 3 for the Servicing Co. to sign. (FRE 401, 403). It does not establish any undisputable fact.

**Objection No. 2: Exhibit 7:**

The US Bankruptcy Petition filed by Ms. Galope is not relevant. It is only being used to prejudice or conjure up bias. It has no relation to the case. (FRE 401, 403).

**Objection No. 4: Exhibit 8:**

**PLAINTIFF'S EVIDENTIARY OBJECTIONS**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                          *SACV12-323-CJC (RNBx)*

The Adversary Petition filed by Ms. Galope is not relevant. It was dismissed at the pleading stage in a limited jurisdiction and without prejudice. It has no relevance to this motion. (FRE 401, 403).

**Objection No. 5: Spurlock Decl Para 5:**

For the reasons stated in the introduction.

Dated:  August 13, 2012                                  Respectfully Submitted,
                                                         LAW OFFICES OF LENORE ALBERT

                                                         /s/ Lenore Albert
                                                         LENORE L. ALBERT, ESQ.
                                                         Attorney for Plaintiff Helen Galope, *on behalf of herself and all others similarly situated*

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE:
 I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 7755 Center Avenue Suite #1100,Huntington Beach, CA  92647.
On August 13, 2012, I served a copy of the following document(s) described as:

**PLAINTIFF'S EVIDENTIARY OBJECTIONS**

On the interested parties in this action as follows:

See attached Mail List

**[x] BY CM/ECF –** I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth pursuant to FRCP 5(d)(1).
**[ ] BY EMAIL –** I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth herein.
**[ ] BY FAX –** I caused such document(s) to be transmitted facsimile from the offices located in Westminster, California this business day to the aforementioned recipients.
       I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: August 13, 2012

                                        s/ Lenore Albert_____
                                        Lenore Albert

**PLAINTIFF'S EVIDENTIARY OBJECTIONS**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*

Mailing List

For Defendant Western Progressive, LLC and
Defendant Deutsche Bank National Trust Company:

Eric D. Hauser, Esq.
Steven S. Son, Esq.
HOUSER & ALLISON
3760 Kilroy Airport Way, Suite 260
Long Beach, CA 90806
Telephone: (949) 679-1111
Fax: (949) 679-1112
Email: sson@houser-law.com

Ford Defendant BARCLAYS CAPITAL REAL ESTATE INC. d/b/a HOMEQ SERVICING:
Scott H. Jacobs (SBN 81980)
shjacobs@reedsmith.com
Brandon W. Corbridge (SBN 244934)
bcorbridge@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:     213.457.8000
Facsimile:      213.457.8080

**PLAINTIFF'S EVIDENTIARY OBJECTIONS**

*GALOPE v DEUTSCHE BANK NATIONAL TRUST COMPANY*                    *SACV12-323-CJC (RNBx)*