1  Eric D. Houser (SBN 130079)
   Steven S. Son (SBN 265921)
2  HOUSER & ALLISON
   A Professional Corporation
3  3780 Kilroy Airport Way, Suite 130
   Long Beach, CA 90806
4  Telephone: (562) 256-1675
   Facsimile: (949) 679-1112
5  E-mail: sson@houser-law.com

6  Attorneys for Defendants,
   Ocwen Loan Servicing, LLC, Deutsche Bank National Trust Company, as trustee
7  under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized
   Asset Backed Receivables LLC Trust 2007-BR4, and Western Progressive, LLC
8
                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA

10
    HELEN GALOPE, an individual,          Case No. 12-cv-00323-CJC-RNB
11                                         Hon. Cormac J. Carney
                    Plaintiff,            Courtroom 9B
12
            v.
13
    DEUTSCHE BANK NATIONAL               REPLY TO PLAINTIFF'S
14  TRUST COMPANY, AS TRUSTEE            OPPOSITION TO MOTION FOR
    UNDER POOLING AND SERVICING          SUMMARY JUDGMENT BY
15  AGREEMENT DATED AS OF MAY            DEFENDANTS OCWEN,
    1, 2007 SECURITIZED ASSET            DEUTSCHE BANK AS TRUSTEE,
16  BACKED RECEIVABLES LLC               AND WESTERN PROGRESSIVE;
    TRUST 2007-BR4; WESTERN              MEMORANDUM OF POINTS AND
17  PROGRESSIVE, LLC; and DOES 1         AUTHORITIES; EXHIBIT NO. 20
    through 10, inclusive,
18                                        [Objections and Responses to
                    Defendants.          Plaintiff's Request for Judicial Notice
19                                        and Evidentiary Objections Filed
                                          Concurrently Herewith]
20
                                          [Fed. R. Civ. P. 56 & L.R. 56]
21
                                          Date: Not Applicable
22                                        Time: Not Applicable
                                          Courtroom: Not Applicable
23
                                          Action Filed: March 1, 2012
24 ///                                    Trial Date: June 18, 2013

25

26

27  ─────────────────────────────────────────────────────
        DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
28      DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1 TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL
2 PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

3     Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Deutsche Bank
4 National Trust Company, as trustee under Pooling and Servicing Agreement
5 Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-
6 BR4 ("Deutsche Bank as Trustee"), and Western Progressive, LLC ("WPT")
7 (collectively "defendants") submit their Reply to plaintiff's Opposition to
8 defendants' Motion for Summary Judgment.

9     **MEMORANDUM OF POINTS AND AUTHORITIES**
10 **I.**    **INTRODUCTION**

11     In the Opposition, plaintiff fails to create a triable issue for summary
12 judgment. Over the history of this case, the Court has converted defendants' prior
13 Motion to Dismiss into one for summary judgment because plaintiff's claims
14 have not appeared viable. (*See* Docket Entry Nos. 24, 33, & 58). The lack of
15 evidence against moving defendants confirms that defendants are entitled to
16 summary judgment. Plaintiff has sustained no injury-in-fact for her antitrust
17 claim and has insufficient evidence to support her fundamentally unsound theory
18 of antitrust conspiracy. Plaintiff has no evidence that defendant Deutsche Bank
19 as Trustee was directly and personally involved in the servicing of the April 2008
20 modification, thus all of plaintiff's UCL claims premised on the communications
21 related to the modification are barred because vicarious liability cannot apply
22 under the statute. Plaintiff is not entitled to damages for her wrongful foreclosure
23 claim because there was no equity in the property, and plaintiff is not entitled to
24 restitution or injunctive relief under the UCL premised on a technical violation of
25 the automatic stay. Plaintiff has insufficient evidence to obtain any relief under

27
28 **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
1

any of her stated claims against moving defendants and summary judgment is accordingly appropriate.

## II.   ARGUMENT

### A.   Defendant Deutsche Bank as Trustee is Entitled to Summary Judgment on Plaintiff's Antitrust Claim

#### 1.   Plaintiff Proffers No Evidence of Article III Standing

In the Opposition, plaintiff contends that she need not establish Article III standing because "agreements to fix prices are unlawful per se." (*See* Opposition, 4:6-13, 22-28 & 5:1-5). This is not so. The injury-in-fact requirement is mandatory, not optional, for a private plaintiff to bring an antitrust claim. *Amarel v. Connell*, 102 F.3d 1494, 1507 (9th Cir. 1996); see also *Gerlinger v. Amazon.com Inc.*, 526 F.3d 1253, 1255-56 (9th Cir. 2008). The essential elements of a price fixing claim under the Sherman Act are: (1) violation of antitrust law, (2) injury or impact resulting from the violation, and (3) measurable damages. *In re Aftermarket Automotive Lighting Products Antitrust Litigation*, 276 F.R.D. 364, 368 (C.D. Cal. 2011). As articulated in the moving papers, plaintiff has not sustained any injury-in-fact because the interest rate on her loan mortgage loan was fixed before the rate could change based on the LIBOR. (*See* Decl. of Stacy, Para. 7, Exh. 3). Plaintiff lacks standing to prosecute a Sherman Act antitrust claim against any of the named defendants because she has no measurable damages related to the conduct complained of.

///

///

///

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

2

2.    **Plaintiff Has Insufficient Evidence That Establishes a**
**Price Fixing Conspiracy Involving Defendant Deutsche**
**Bank as Trustee**

In the Opposition, plaintiff claims that defendant Deutsche Bank as Trustee "admitted" it had "agreements" with other banks such as Barclays to fix LIBOR interest rates.   (*See* Opposition, 3:6-28 & 4:1-6).   However, plaintiff has insufficient evidence to support this position.   For a civil conspiracy claim, the plaintiff must establish that the alleged conspirators "had a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement." *American Tobacco Co. v. U.S.*, 328 U.S. 781, 810 (1946).   "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).   "The opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsuhisa Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Here, summary judgment should be had because plaintiff has not presented sufficient evidence of a meeting of the minds involving defendant Deutsche Bank as Trustee and another bank to support her conspiracy theory.   (*See* Plaintiff's Request for Judicial Notice, Exhs. 1-19).   Plaintiff merely offers a few press releases involving Deutsche Bank A.G. (a German bank that is a legally distinct entity from defendant Deutsche Bank as Trustee) that merely note a few staff – without board or management approval – had some unspecified involvement with the LIBOR. (*See* Plaintiff's Request for Judicial Notice, Exhs. 16-18).   However, plaintiff has offered no evidence showing (1) defendant Deutsche Bank as Trustee did anything concerning the LIBOR or (2) that anything anyone at Deutsche Bank

1   A.G. or Barclays did with respect to the LIBOR had any connection at all with the

2   interest rates paid by plaintiff.[1]

3         **B.**     **Defendant Deutsche Bank as Trustee is Entitled to Summary**

4                  **Judgment on Plaintiff's UCL Claims Concerning the**

5                  **Modification and the LIBOR**

6           **1.**     **Defendant Deutsche Bank as Trustee Cannot Be**

7                      **Vicariously Liable For Plaintiff's "Missing Fax Page**

8                      **Scheme" UCL Claim**

9         In the Opposition, plaintiff raises arguments concerning her "missing fax

10   page scheme" claim.  (*See* Opposition, Pgs. 17-27).  However, these arguments

11   are misplaced against moving defendant Deutsche Bank as Trustee.  As

12   articulated in the moving papers, vicarious liability has no application under the

13   UCL.  *Perfect 10, Inc. v. Visa Intern. Service Ass'n*, 494 F.3d 788, 808-809 (9th

14   Cir. 2007); *People v. Toomey*, 157 Cal.App.3d 1, 14 (1st Dist. 1984); see also

15   *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal.App.4th 952, 961 (3d Dist. 2002).  "Facts"

16   raised by counsel through legal memoranda are inadmissible, having no

17   evidentiary support.  *National Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496,

18   502 (9th Cir. 1997).

19         Here, plaintiff has no evidence that defendant Deutsche Bank as Trustee

20   directly and personally participated in the purported "missing fax page scheme."

21

---

22   [1] Plaintiff has also failed to show how her allegations concerning the LIBOR constitute a violation of the antitrust
23   laws.  That issue is pending in numerous cases raising antitrust claims concerning alleged LIBOR manipulation that
     have been consolidated by the Judicial Panel on Multidistrict Litigation in the United States District Court for the
     Southern District of New York under the caption, *In re LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST*
24   *LITIGATION*, MDL No. 2262.  The question of whether alleged LIBOR manipulation constitutes a violation of the
     antitrust laws is the subject of a Motion to Dismiss filed in that court on June 30, 2012.  A copy of the moving brief
25   is attached hereto as Exhibit No. 20.  We believe this Court does not need to reach those issues on this Motion since,
     as noted above, plaintiff has failed to produce evidence showing how she was affected by the LIBOR.  Should the
26   Court believe it needs to decide this issue, defendants' respectfully request that it hold the issue in abeyance pending
     resolution of the pending motion in the multidistrict litigation.

27

1  (*See* Decl. of Galope, Paras. 1-42 & Plaintiff's Request for Judicial Notice).
2  Further, plaintiff could not present any evidence in this regard because her
3  arguments concerning the alleged scheme only involve Barclays and/or HomEq,
4  notwithstanding her counsel's assertion of the "facts" are inadmissible, having no
5  evidentiary support. (*See* Opposition, Pgs. 17-27).  Given that vicarious liability
6  is expressly barred under the UCL, plaintiff's opposition is wholly misplaced
7  against moving defendant Deutsche Bank as Trustee and summary judgment is
8  accordingly appropriate. (*See* Opposition, Pgs. 17-27).

9  **2.      Plaintiff is Not Entitled to Any Relief Against Defendant**
10  **Deutsche Bank as Trustee Under the UCL and Her**
11  **"Damages" are Purely Conjectural and Hypothetical**

12  As discussed above, plaintiff has insufficient evidence to establish that
13  defendant Deutsche Bank as Trustee conspired to fix the LIBOR.  Further,
14  plaintiff is not entitled to any relief under the UCL for her LIBOR claim
15  regardless because the evidence shows she has not sustained any concrete
16  damages.  The standing requirements under the UCL were amended by
17  Proposition 64 in 2004, which limits standing to those who have actually been
18  injured by an alleged violation. *Cal. Bus. Prof. Code* §§ 17203, 17204; see also
19  *Harper v. 24 Hour Fitness, Inc.*, 167 Cal.App.4th 966, 975-77 (2d Dist. 2008).
20  To bring a claim, a private plaintiff must prove that she (1) sustained an injury-in-
21  fact and (2) lost money or property (3) as a result of the unfair competition. *Cal.*
22  *Bus. & Prof. Code* § 17204; see also *POM Wonderful LLC v. Coca-Cola Co.*, 679
23  F.3d 1170, 1178 (9th Cir. 2012).  To satisfy the injury-in-fact requirement, the
24  injury must be concrete and particularized, and actual or imminent, not
25  conjectural or hypothetical. *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 322
26  (2011).  The lost-money-or-property element requires the plaintiff have suffered

27
28  **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
5

1  some form of economic injury. *Id.* at 323.

2      In this case, plaintiff claims that she would not have refinanced her

3  mortgage loan in December 2006 had she known her interest rate was not based

4  on "independent market factors." (*See* Opposition, 6:1-3 & 8:22-25). However,

5  this "damage" is purely conjectural and hypothetical. Plaintiff has not established

6  a concrete and particularized economic injury-in-fact to sustain her UCL claim

7  premised on the LIBOR. Plaintiff's theory of what she might have done is too

8  disconnected from the conduct complained of and cannot be the basis for any

9  relief under the UCL.

10    **C.   Moving Defendants Are Entitled to Summary Judgment on**

11         **Plaintiff's Wrongful Foreclosure and UCL Claims Premised on**

12         **the Trustee's Sale**

13         **1.   Plaintiff Has No Evidence of Damages Under the Standard**

14              **For Damages in a California Wrongful Foreclosure Claim**

15      In the Opposition, plaintiff concedes that she must establish damages for

16  her wrongful foreclosure claim. (*See* Opposition, 12:12-17). However, as

17  articulated in the moving papers, the measure of damages in California when the

18  power of sale is invoked under a deed of trust is the "fair market value at the time

19  of sale less outstanding encumbrances and/or taxes due at such time." *Munger v.*

20  *Moore*, 11 Cal.App.3d 1, 7-8, n. 6 (1st Dist. 1970). Plaintiff provides no evidence

21  that establishes the property had equity at the time of the September 1, 2011

22  trustee's sale. (*See generally* Opposition). In contrast, defendants have

23  established in their moving papers that the property was under water by

24  $150,000.00 or more at the time of the trustee's sale. (*See* Decl. of Son, Para. 2,

25  Exh. 7, Pgs. 11 & 27 of 53; *see also* Decl. of Son, Para. 10, Exh. 18, Pgs. 12, 19,

26  & 24 of 45). Plaintiff contends that damages for a wrongful foreclosure claim can

27

28    **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO**
      **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

be measured in the form of "deprivation of title" and "costs and attorney's fees." (*See* Opposition, 13:1-2).   However, plaintiff provides no law that provides damages for a California wrongful foreclosure claim are measured in this manner. (*See generally* Opposition).

To the extent plaintiff seeks costs, attorney's fees, and emotional distress damages solely under a technical violation of the automatic stay, plaintiff has insufficient evidence to obtain an award.  (*See* Opposition, 14:25-27 & 15:1-9). Actual damages for violation of the automatic stay may be awarded "only if there is concrete evidence supporting the award of a definite amount."   *In re Heghmann*, 316 B.R. 395, 405 (1st Cir. BAP 2004).   Damages cannot be based on speculation, guess, or conjecture, but must be established with reasonable certainty.  *Doe v. United States*, 976 F.2d 1071, 1085 (7th Cir. 1992).   Here, the automatic stay was reinstated on August 30, 2011 and then terminated on December 16, 2011, when the subject bankruptcy case was again dismissed. (*See* Decl. of Son, Paras. 8-9, Exhs. 16-17).   However, plaintiff has not provided any concrete evidence of the purported costs and/or fees incurred during this period. Plaintiff's self-serving and uncorroborated declaration stating that she "expended money" is speculative and does not establish the alleged damages with reasonable certainty.   (*See* Decl. of Galope, Para. 41).   Further, plaintiff has insufficient evidence for emotional distress damages because "[f]leeting or trivial anxiety or distress does not suffice to support an award [given the] individual must suffer significant emotional harm."  *In re Dawson*, 390 F.3d 1139, 1149 (9th Cir. 2004). Plaintiff's "evidence" of emotional distress does not come close to this standard, and defendants did not attempt to obtain possession post-sale and pre-rescission. (*See* Decl. of Galope, Paras. 1-42).

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## 2.   Plaintiff is Not Entitled to Any Relief For Her UCL Claim Premised on a Technical Violation of the Automatic Stay

In the Opposition, plaintiff erroneously contends she is entitled to "damages" under the UCL for a technical violation of the automatic stay. (*See* Opposition, 16:25-28 & 17:1-20). "While the scope of conduct covered by the UCL is broad, its remedies are limited." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003). "A UCL action is equitable in nature; damages cannot be recovered." *Id.* Under the UCL, "[p]revailing plaintiffs are generally limited to injunctive relief and restitution." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 179 (1999). An order for "restitution" is one "compelling a UCL defendant to return money obtained through an unfair business practice." *Kraus v. Trinity Management Services, Inc.*, 23 Cal.4th 116, 126-27 (2000).

Here, plaintiff's equitable remedies under the UCL for a technical automatic stay violation are limited to injunctive relief and restitution, thus her request for "damages" under the statute is prohibited as a matter of law. Also, plaintiff is not entitled to injunctive relief because defendants are entitled to pursue foreclosure post-rescission pursuant to the power of sale provision in the December 2006 Deed of Trust, as plaintiff's default since April 2009 is undisputed. (*See* Decl. of Stacy, Para. 4, Exh. 2 & Para. 8, Exh. 4). Finally, plaintiff is not entitled to restitution because plaintiff has no evidence how moving defendants "obtained money from plaintiff" via the technical violation, as the September 1, 2011 trustee's sale has been rescinded. (*See* Decl. of Spurlock, Para. 7, Exh. 13; *see also generally* Opposition and Plaintiff's Request for Judicial Notice). Plaintiff is not entitled to relief outside the scope of limited equitable remedies available under the UCL.

**D.     Plaintiff Has Abandoned Her Eighth Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Against Moving Defendants**

In the Opposition, plaintiff makes no attempt to counter defendants' Motion for Summary Judgment on plaintiff's breach of the implied covenant of good faith and fair dealing claim.   (*See generally* Opposition).    Summary judgment in favor of defendants on this claim is accordingly appropriate.

**III.     CONCLUSION**

Based on the moving papers and the foregoing, defendants respectfully request the Court to grant summary judgment in their favor and against plaintiff. Plaintiff has insufficient evidence to obtain any relief for her claims.

Dated: August 20, 2012

**HOUSER & ALLISON**
A Professional Corporation

/s/ Steven S. Son
Steven S. Son
Attorneys for Defendants,
Ocwen Loan Servicing, LLC, Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4, and Western Progressive, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss
COUNTY OF LOS ANGELES )

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3780 Kilroy Airport Way, Suite 130, Long Beach, California 90806.

    On August 20, 2012, I served the following document(s):

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS OCWEN, DEUTSCHE BANK AS TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES, EXHIBIT 20**

    On the following interested parties in this action described as follows:

Lenore L. Albert, Esq.
Law Offices of Lenore Albert
7755 Center Avenue, Suite 1100
Huntington Beach, CA  92647
Tel.:  714-372-2264
Fax:   419-831-3376
Email: lenorealbert@msn.com
*Attorney for Plaintiff, Helen Galope*

[ ]    **VIA FIRST CLASS MAIL:** Pursuant to FRCP 5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices.  I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Long Beach, California, with postage thereon fully prepaid that same day in the ordinary course of business.

[X]    **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF System to the e-mail addresses listed above.  I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's

1   CM/ECF System, and the transmission was reported as complete without
    error.

2

3       I declare under penalty of perjury, under the laws of the United States of
    America, that the foregoing is true and correct.

4       Executed on August 20, 2012, in Long Beach, California.

5

6

7                                          /s/ Richard Mendizábal
                                           Richard Mendizábal

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
2