Eric D. Houser (SBN 130079)
Steven S. Son (SBN 265921)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, CA 90806
Telephone: (562) 256-1675
Facsimile: (949) 679-1112
E-mail: sson@houser-law.com

Attorneys for Defendants,
Ocwen Loan Servicing, LLC, Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4, and Western Progressive, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN GALOPE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4; WESTERN PROGRESSIVE, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 12-cv-00323-CJC-RNB<br>Hon. Cormac J. Carney<br>Courtroom 9B<br><br>**RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE BY DEFENDANTS OCWEN, DEUTSCHE BANK AS TRUSTEE, AND WESTERN PROGRESSIVE**<br><br>**[Reply and Evidentiary Objections Filed Concurrently Herewith]**<br><br>**[Fed. R. Civ. P. 56 & L.R. 56]**<br><br>Date: Not Applicable<br>Time: Not Applicable<br>Courtroom: Not Applicable<br><br>Action Filed: March 1, 2012<br>Trial Date: June 18, 2013 |

///
///
///

---

**DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4 ("Deutsche Bank as Trustee"), and Western Progressive, LLC ("WPT") (collectively "defendants") submit their Responses and Objections to plaintiff's Request for Judicial Notice in support of plaintiff's Opposition to defendants' Motion for Summary Judgment.

## RESPONSES AND OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

**Defendants' Response/Objection No. 1 (To RJN, Para. 1):**

Objection. Defendants' Motion to Dismiss the Original Complaint, which was filed five months ago, is irrelevant for purposes of defendants' current pending Motion for Summary Judgment on the Third Amended Complaint. Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in the determination of the action. Fed. R. Evid. 401(a), (b). Here, defendants' Motion to Dismiss the Original Complaint, which relied on plaintiff's incomplete version of the April 2008 Modification Agreement attached to her pleading, has no bearing on the issues raised in defendants' pending Motion for Summary Judgment.

**Court's Ruling on Defendants' Response/Objection No. 1 to RJN:**

Sustained: _____

Overruled: _____

///

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
1

**Defendants' Response/Objection No. 2 (To RJN, Paras. 2-4, Exhs. 1-3):**

Plaintiff's evidentiary objections to the Declaration of Karen Stacy are meritless. The business records exception to the hearsay rule allows the record of an act or event if (1) the record was made at or near the time of the act or event, (2) the record was kept in the ordinary course of a regularly conducted activity of a business, (3) making the record was a regular practice of that activity, (4) these conditions are shown by the testimony of the custodian or another qualified witness, and (5) neither the source of information nor the method indicate a lack of trustworthiness. Fed. R. Evid. 803(6). Here, all five conditions are satisfied for the business records exception to apply. (*See* Decl. of Stacy, Paras. 1-2). Further, Ms. Stacy is an Agent and Attorney-in-Fact for Barclays Capital Real Estate, Inc. **dba** HomEq Servicing. (*See* Decl. of Stacy, Paras. 1-2). In sum, Ms. Stacy's statements confirm that she is a proper records custodian and has custody and control of the business records as they relate to plaintiff's loan. Plaintiff's attempt to distinguish the two to challenge Ms. Stacy's declaration lacks merit.

**Court's Ruling on Defendants' Response/Objection No. 2 to RJN:**

Sustained: \_\_\_\_

Overruled: \_\_\_\_

**Defendants' Response/Objection No. 3 (To RJN, Paras. 17-20, Exhs. 15-18):**

Objection. The press releases concerning Deutsche Bank are inadmissible hearsay as plaintiff lacks personal information of the contents therein. *See* Fed. R. Evid. 602. The press releases are also not suitable for judicial notice. Federal courts are permitted to take judicial notice of facts that are not subject to reasonable dispute in that they are generally known within the trial court's territorial jurisdiction and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid.

201(b)(2). If the contents within documents are subject to reasonable dispute, the courts may take judicial notice that the documents exist but not necessarily of the truth of the contents therein. *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003); see also *Troy Group, Inc. v. Tilson*, 364 F.Supp.2d 1149, 1152 (C.D. Cal. 2005). Here, the content within the press releases is not generally known and capable of accurate and ready determination. The scope of the information therein is subject to reasonable dispute, thus the fact that these press releases exist may be taken judicial notice of but not necessarily the truth of the contents therein.

**Court's Ruling on Defendants' Response/Objection No. 3 to RJN:**

    Sustained: \_\_\_\_

    Overruled: \_\_\_\_

///

///

///

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

3

**Defendants' Response/Objection No. 4 (To RJN, Para. 21, Exh. 19):**

Objection. The California Senate Bill approved on July 11, 2012 is irrelevant for purposes of defendants' current pending Motion for Summary Judgment on the Third Amended Complaint. Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in the determination of the action. Fed. R. Evid. 401(a), (b). Here, as plaintiff concedes, the law will not go into effect until January 1, 2013. As such, the subject bill has no bearing on the issues raised in defendants' pending Motion for Summary Judgment.

**Court's Ruling on Defendants' Response/Objection No. 4 to RJN:**

    Sustained: \_\_\_\_

    Overruled: \_\_\_\_

Dated: August 20, 2012

**HOUSER & ALLISON**
A Professional Corporation

/s/ Steven S. Son
Steven S. Son
Attorneys for Defendants,
Ocwen Loan Servicing, LLC, Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4, and Western Progressive, LLC

---

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
4

# **PROOF OF SERVICE**

STATE OF CALIFORNIA     )
                        ) ss
COUNTY OF LOS ANGELES )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3780 Kilroy Airport Way, Suite 130, Long Beach, California 90806.

      On August 20, 2012, I served the following document(s):

**RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE BY DEFENDANTS OCWEN, DEUTSCHE BANK AS TRUSTEE, AND WESTERN PROGRESSIVE**

      On the following interested parties in this action described as follows:

Lenore L. Albert, Esq.
Law Offices of Lenore Albert
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647
Tel.: 714-372-2264
Fax: 419-831-3376
Email: lenorealbert@msn.com
*Attorney for Plaintiff, Helen Galope*

[ ]   **VIA FIRST CLASS MAIL:** Pursuant to FRCP 5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Long Beach, California, with postage thereon fully prepaid that same day in the ordinary course of business.

[X]   **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mailor by electronic filing through the CM/ECF System to the e-mail addresses listed above. I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's

---
**PROOF OF SERVICE**
1

CM/ECF System, and the transmission was reported as complete without error.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on August 20, 2012, in Long Beach, California.


                                                 /s/ Richard Mendizábal
                                                 Richard Mendizábal