Eric D. Houser (SBN 130079)
Steven S. Son (SBN 265921)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, CA 90806
Telephone: (562) 256-1675
Facsimile: (949) 679-1112
E-mail: sson@houser-law.com

Attorneys for Defendants,
Ocwen Loan Servicing, LLC, Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4, and Western Progressive, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN GALOPE, an individual, | Case No. 12-cv-00323-CJC-RNB |
| Plaintiff, | Hon. Cormac J. Carney |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4; WESTERN PROGRESSIVE, LLC; and DOES 1 through 10, inclusive, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM LOCAL RULE 23-3; MEMORANDUM OF POINTS AND AUTHORITIES** |
| | Date: September 17, 2012
Time: 1:30 p.m.
Courtroom: 9B |
| Defendants. | Action Filed: March 1, 2012
Discovery Cutoff: March 8, 2013
Trial Date: June 18, 2013 |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Defendants Ocwen Loan Servicing, LLC, Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4, and Western Progressive, LLC (collectively "defendants") submit their Response to plaintiff's Motion for Relief From Local Rule 23-3.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR RELIEF FROM LOCAL RULE 23-3**

1

## MEMORANDUM OF POINTS AND AUTHORITIES

In the moving papers, plaintiff requests relief from the 90-day deadline to file a class certification motion pursuant to L.R. 23-3 on the grounds that (1) defendants' Motion for Summary Judgment is pending and (2) not all of the parties have appeared and/or answered. (*See* Plaintiff's Motion, ii:8-11). However, the Scheduling Order sets the discovery cutoff for March 8, 2013 and the trial date for June 18, 2013. (*See* Docket No. 61). In the event defendants' Motion for Summary Judgment is not granted in full, defendants believe an Amended Scheduling Order may be appropriate so that the parties may first conduct discovery and briefing limited to this matter's viability to be certified as a class under Rule 23.

However, in the event the Court is inclined to maintain the current Scheduling Order, plaintiff has not established good cause that warrants the relief requested. Under the federal rules, it must be determined whether a putative class action will be allowed to proceed as such "at an early practicable time after a person sues...as a class representative." Fed. R. Civ. P. 23(c)(1)(A). In the Central District of California, "[w]ithin 90 days after service of a pleading purporting to commence a class action...the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." L.R. 23-3. The purpose behind the "early practicable time" requirement is to have the court make the class determination early in the litigation in order to define its scope and effect. *Bertrand ex rel. Bertrand v. Maram*, 495 F.3d 452, 455 (7th Cir. 2007).

Here, the operative putative class action complaint was filed on July 20, 2012 and all of the named defendants were served by August 16, 2012. (*See* Docket Nos. 60, 65, 66, & 85). As such, plaintiff has until on or around

1  November 16, 2012 in which to file her motion for class certification pursuant to
2  L.R. 23-3.  Plaintiff has not established good cause why plaintiff should be
3  relieved from her duty to file the motion for class certification beyond an "early
4  practicable time."  The briefing for defendants' Motion for Summary Judgment
5  has been completed and plaintiff still has three months in which to bring the
6  motion for class certification. (*See* Docket Nos. 81-83).

7  If the operative Scheduling Order remains the status quo, defendants will
8  be prejudiced unless the motion for class certification is timely heard because
9  defendants should be afforded to have the scope of the case identified in order to
10 choose their litigation strategy accordingly.  Even if plaintiff timely **files** her
11 motion for class certification by November 2012 pursuant to L.R. 23-3, the said
12 motion will not be **heard** until late December 2012 or later, depending on the
13 Court's calendar availability.

14 Dated:  August 22, 2012            **HOUSER & ALLISON**
                                       A Professional Corporation

16                                     /s/ Steven S. Son
                                       _____
17                                     Steven S. Son
                                       Attorneys for Defendants,
18                                     Ocwen Loan Servicing, LLC, Deutsche
19                                     Bank National Trust Company, as trustee
                                       under Pooling and Servicing Agreement
20                                     Dated as of May 1, 2007 Securitized Asset
                                       Backed Receivables LLC Trust 2007-BR4,
21                                     and Western Progressive, LLC

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR RELIEF FROM LOCAL RULE 23-3**

3

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss
COUNTY OF LOS ANGELES )

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3780 Kilroy Airport Way, Suite 130, Long Beach, California 90806.

    On August 22, 2012, I served the following document(s):

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM LOCAL RULE 23-3; MEMORANDUM OF POINTS AND AUTHORITIES**

    On the following interested parties in this action described as follows:

Lenore L. Albert, Esq.
Law Offices of Lenore Albert
7755 Center Avenue, Suite 1100
Huntington Beach, CA  92647
Tel.:  714-372-2264
Fax:  419-831-3376
Email: lenorealbert@msn.com
*Attorney for Plaintiff, Helen Galope*

[ ]  **VIA FIRST CLASS MAIL:** Pursuant to FRCP 5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices.  I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Long Beach, California, with postage thereon fully prepaid that same day in the ordinary course of business.

[X]  **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF System to the e-mail addresses listed above.  I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's

---
**PROOF OF SERVICE**
1

1   CM/ECF System, and the transmission was reported as complete without error.

2   I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

3   Executed on August 22, 2012, in Long Beach, California.

/s/ Richard Mendizábal
Richard Mendizábal