Eric D. Houser (SBN 130079)
Steven S. Son (SBN 265921)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, CA 90806
Telephone: (562) 256-1675
Facsimile: (949) 679-1112
E-mail: sson@houser-law.com

Attorneys for Defendants,
Ocwen Loan Servicing, LLC, Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4, and Western Progressive, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN GALOPE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4; WESTERN PROGRESSIVE, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 12-cv-00323-CJC-RNB<br><br>Hon. Cormac J. Carney<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL AUTHORITY FILED IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: Not Applicable<br>Time: Not Applicable<br>Courtroom: Not Applicable<br><br>Action Filed: March 1, 2012<br>Trial Date: June 18, 2013 |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4 ("Deutsche Bank as Trustee"), and Western Progressive, LLC ("WPT")

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL AUTHORITY IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

1

(collectively "defendants") submit their Response to plaintiff's Supplemental Authority in Opposition to defendants' Motion for Summary Judgment. (*See* Docket No. 84).

## MEMORANDUM OF POINTS AND AUTHORITIES

In the supplemental filing, plaintiff claims that the recent *Barroso* decision supports her Opposition to defendants' Motion for Summary Judgment. (*See* Docket No. 84, 1:20-25). Specifically, plaintiff claims that the *Barroso* case "takes the borrower's position with regard to a breach of a modification agreement, breach of good faith and fair dealing, and that tender is not required to make such allegations." (*See* Docket No. 84, 1:26-27 & 2:1-2). However, plaintiff's reliance on the *Barroso* case is misplaced. As discussed below, the underlying facts and the court's holdings in the *Barroso* decision are inapplicable to the instant action and defendants' pending Motion for Summary Judgment.

In *Barroso*, the appellate court reversed the trial court's decision to sustain Ocwen's demurrer to the original complaint without leave to amend. As such, there were no findings of fact, in contrast to defendants' pending Motion for Summary Judgment in this action, which is evidentiary in nature. Further, the *Barroso* decision dealt with a very specific set of facts that are inapposite to the facts underlying plaintiff's lawsuit in the instant matter. In *Barroso*, the appellant entered into a modification and made reduced/modified mortgage payments on the belief that her loan had been modified. However, non-judicial foreclosure was later initiated and completed in April 2010. The *Barroso* court found that the appellant had alleged enough facts for a breach of contract case establishing her performance under the terms of the modification.

///

1  In contrast, the facts in our instant action are unrelated. Here, plaintiff is not claiming that moving defendants did not honor the terms of her April 2008 modification. Plaintiff is not seeking specific performance by defendants in the culmination of a permanent loan modification. It is undisputed that the terms of the April 2008 modification have been honored by defendants. The underlying facts and the holdings in the *Barroso* matter are inapplicable to the issues raised in this lawsuit. Further, plaintiff's assertion that "tender is not required" is unintelligible given that defendants' Motion for Summary Judgment does not rely on the tender rule. For these reasons, the *Barroso* opinion is not applicable or persuasive with respect to defendants' pending Motion for Summary Judgment.

Dated: August 22, 2012

**HOUSER & ALLISON**
A Professional Corporation

/s/ Steven S. Son
Steven S. Son
Attorneys for Defendants,
Ocwen Loan Servicing, LLC, Deutsche Bank National Trust Company, as trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4, and Western Progressive, LLC

## PROOF OF SERVICE

STATE OF CALIFORNIA  )
                     ) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3780 Kilroy Airport Way, Suite 130, Long Beach, California 90806.

On August 22, 2012, I served the following document(s):

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL AUTHORITY FILED IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

On the following interested parties in this action described as follows:

Lenore L. Albert, Esq.
Law Offices of Lenore Albert
7755 Center Avenue, Suite 1100
Huntington Beach, CA  92647
Tel.:  714-372-2264
Fax:  419-831-3376
Email: lenorealbert@msn.com
*Attorney for Plaintiff, Helen Galope*

[ ]  **VIA FIRST CLASS MAIL:** Pursuant to FRCP 5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Long Beach, California, with postage thereon fully prepaid that same day in the ordinary course of business.

[X]  **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF System to the e-mail addresses listed above. I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's

PROOF OF SERVICE
1

CM/ECF System, and the transmission was reported as complete without error.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on August 22, 2012, in Long Beach, California.

/s/ Richard Mendizábal
Richard Mendizábal