Scott H. Jacobs (SBN 81980)
shjacobs@reedsmith.com
Brandon W. Corbridge (SBN 244934)
bcorbridge@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  213.457.8000
Facsimile:   213.457.8080

Attorneys for Defendants
BARCLAYS BANK PLC and
BARCLAYS CAPITAL REAL
ESTATE INC. d/b/a HOMEQ
SERVICING

[*Additional counsel listed in the signature block*]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN GALOPE, an individual, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR4; WESTERN PROGRESSIVE, LLC; BARCLAYS BANK PLC; BARCLAYS CAPITAL REAL ESTATE INC. d/b/a HOMEQ SERVICING; OCWEN LOAN SERVICING, LLC; and DOES 4 through 10, inclusive,<br><br>Defendants. | Case No. CV 12-cv-00323-CJC-RNB<br>Hon. Cormac J. Carney<br>Courtroom 9B<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE THIRD AMENDED COMPLAINT BY DEFENDANTS BARCLAYS CAPITAL REAL ESTATE AND BARCLAYS BANK PLC**<br><br>Date:                  October 15, 2012<br>Time:                 1:30 p.m.<br>Court Room:    9B<br><br>Action Filed:    March 1, 2012<br>Trial Date:        June 13, 2013 |

US_ACTIVE-110679719.1-BWCORBRI
US_ACTIVE-110724396.1-BWCORBRI 10/01/2012

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................. 1

II. LEGAL ARGUMENT ..................................................................................... 2

    A. Plaintiff's Failure To Plead Injury In Fact And Establish Article III Standing Is Fatal To All Of Her Claims Against Barclays .............. 2

    B. Plaintiff Has Failed To Plead A Plausible Basis For Statutory Standing To Assert Her UCL Claims (Claims II and IV) And FAL Claim (Claim V) Because Her Loan Has Never Been Tied To LIBOR. ......................................................................................... 4

    C. Plaintiff's FAL Claim (Claim V) Based On The Alleged "Missing Fax Page Scheme" Is Barred By The Statute Of Limitations. ............................................................................................. 6

    D. Plaintiff Does Not Have Standing To Bring And Otherwise Fails To State A Claim For Breach Of The Implied Covenant Of Good Faith And Fair Dealing (Claim VIII). ..................................... 7

    E. Plaintiff's Derivative Aiding And Abetting Claim (Claim VI) Fails. ..................................................................................................... 8

III. CONCLUSION ............................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*,
   429 U.S. 477 (1977) ............................................................................................. 3

*Casey v. U.S. Bank Nat'l Assoc.*,
   127 Cal. App. 4th 1138 (2005) ............................................................................. 8

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006) .......................................................................................... 2-3

*Das v. WMC Mortg. Corp.*,
   831 F. Supp. 2d 1147 (N.D. Cal. 2011) ............................................................... 7

*Foley v. Interactive Data Corp.*,
   47 Cal. 3d 654 (1998) .......................................................................................... 8

*Fox v. Ethicon Endo-Surgery, Inc.*,
   35 Cal. 4th 797 (2005) ......................................................................................... 7

*Ingels v. Westwood One Broad. Servs., Inc.*,
   129 Cal. App. 4th 1050 (2005) ............................................................................. 5

*Krantz v. BT Visual Images, L.L.C.*,
   89 Cal. App. 4th 164 (2001) ................................................................................. 5

*Kwikset Corp. v. Super. Ct.*,
   51 Cal. 4th 310 (2011) ......................................................................................... 4

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) ............................................................................ 5-6

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) .......................................................................................... 2-3

*McClain v. Octagon Plaza, LLC*,
   159 Cal. App. 4th 784 (2008) ............................................................................... 8

*McQuillion v. Schwarzenegger*,
   369 F.3d 1091 (9th Cir. 2004) ............................................................................. 2

*Yumul v. Smart Balance, Inc.*,
   733 F. Supp. 2d 1117 (C.D. Cal. 2010) .............................................................. 6-7

*United States v. Corinthian Colls.*,
   655 F.3d 984 (9th Cir. 2011) ................................................................................ 5-6

*United States v. Lummi Indian Tribe*,
   235 F.3d 443 (9th Cir. 2000) ....................................................................................2

**STATUTES**

Cal. Bus. & Prof. Code § 17200 *et seq.* ...........................................................................4

Cal. Bus. & Prof. Code § 17500 *et seq.* .......................................................................4, 7

Code Civ. Proc. § 338(a) ...................................................................................................6

Sherman Antitrust Act ..............................................................................................2, 3, 5

Commodity Exchange Act .................................................................................................2

**RULE**

Fed. R. Civ. P. 12(b)(6) ......................................................................................................5

**OTHER AUTHORITIES**

Order Granting Defendants' Motion for Summary Judgment
   [Doc. No. 108] ................................................................................................passim

Order Granting in Part Plaintiff's Application for Leave to Amend and
   Extension of Time
   [Doc. No. 58] ............................................................................................................6

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Barclays Bank PLC and Barclays Capital Real Estate Inc. d/b/a HomEq Servicing (collectively, "Barclays") respectfully submit this reply memorandum of points and authorities in further support of their motion to dismiss with prejudice Plaintiff Helen Galope's ("Plaintiff") Third Amended Complaint (the "Complaint") as to Barclays.

## I. INTRODUCTION

Barclays' opening memorandum demonstrates that Plaintiff has not pled—and cannot plead—an injury in fact as a result of any alleged manipulation of LIBOR because the interest rate on Plaintiff's mortgage loan was never affected by LIBOR. This Court recently came to the same conclusion when it granted summary judgment in favor of Defendants Ocwen Loan Servicing, LLC, Deutsche Bank National Trust Company ("DBNTC"), and Western Progressive, LLC (collectively, the "DBNTC Defendants"), dismissing all claims against those Defendants, each of which was premised on precisely the same allegations of LIBOR manipulation that Plaintiff has asserted against Barclays.

Dismissal of all claims against Barclays is similarly warranted. Each of Plaintiff's claims—regardless of whether Plaintiff has styled the claim as an antitrust, fraud, unfair competition, false advertising, breach of good faith and fair dealing, or aiding and abetting claim—is based on the conclusory and demonstrably false allegation that Plaintiff suffered injury because her mortgage payments were tied to LIBOR. As the Court found in its September 26, 2012 order, "Ms. Galope could not have suffered harm based on LIBOR manipulation because her interest rate was never affected by the LIBOR." Order Granting Defendants' Motion for Summary Judgment [Doc. No. 108], at 6 (hereinafter the "SJ Order"). For this reason, as well as the additional reasons set forth in Barclays' opening memorandum, the Court's SJ Order,

and this reply memorandum, the Court should dismiss with prejudice all of Plaintiff's claims against Barclays.

## II. LEGAL ARGUMENT

### A. Plaintiff's Failure To Plead Injury In Fact And Establish Article III Standing Is Fatal To All Of Her Claims Against Barclays.

In granting summary judgment in favor of the DBNTC Defendants, this Court concluded that Plaintiff lacks Article III standing to bring claims based on the alleged manipulation of LIBOR because Plaintiff did not suffer any actual injury from that alleged conduct. *See* SJ Order at 6 (Plaintiff has failed "to demonstrate that she suffered actual injury as a result of the alleged conspiracy to manipulate the LIBOR."). Because each claim against Barclays relies on the same alleged manipulation of LIBOR,[1] those claims also must fail for lack of Article III standing.[2]

---

[1] *See* Compl. ¶¶ 120-34 (Cause of Action ("CA") 1: Barclays' manipulation of LIBOR constitutes Sherman Act violation, which harmed Plaintiff because her loan was tied to LIBOR); ¶¶ 135-42 (CA 2: Barclays' violation of Sherman Act, Commodity Exchange Act and Cartwright Act—premised on Barclays' LIBOR manipulation—serves as the basis for violation of Unfair Competition Law); ¶¶ 156-68 (CA 4: Barclays' practice of faxing loan documents in a misleading manner precluded Plaintiff from discerning that terms were linked to LIBOR, which had been manipulated); ¶¶ 169-84 (CA 5: Barclays' misleading faxing of documents and its publishing of false LIBOR rates each caused Plaintiff to sign a loan she would not have otherwise signed in violation of False Advertising Law); ¶¶ 185-88 (CA 6: Barclays aided and abetted DBNTC's violation of Unfair Competition Law through the above-described faxing of loan documents); ¶¶ 195-210 (CA 8: Barclays violated implied covenant of good faith and fair dealing by manipulating LIBOR and altering interest rates paid under Note and Modification Agreement); ¶¶ 211-26 (CA 9: Barclays committed fraud by manipulating published LIBOR rate causing Plaintiff to make loan payments she would not have otherwise made).

[2] In fact, Plaintiff is collaterally estopped from continuing to assert that she suffered actual injury as a result of the alleged conspiracy to manipulate LIBOR because this Court necessarily decided that identical issue when it granted final, summary judgment to the DBNTC Defendants. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) (stating elements of collateral estoppel). Similarly, this Court's ruling that Plaintiff lacks Article III standing to bring claims based on the alleged LIBOR manipulation should apply with equal force here in accordance with the "law of the case" doctrine. *See United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (a "court is generally precluded from reconsidering an issue previously decided by the same court" where the issue in question was "'decided explicitly or by necessary implication in [the] previous disposition'") (citation omitted).

*See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (plaintiff must establish, among other elements, a "concrete and particularized injury" in order to establish Article III standing).

Specifically, this Court entered summary judgment in favor of the DBNTC Defendants on causes of action 1-5, 7 and 8 because Plaintiff "could not have suffered harm based on LIBOR manipulation because her interest rate was never affected by the LIBOR," and thus Plaintiff had "failed to demonstrate that she has standing to bring her claim . . . ." SJ Order at 6, 7, 11. Five of the seven claims dismissed as to the DBNTC Defendants, causes of action 1, 2, 4, 5 and 8, are also directed at Barclays and, with respect to them, Plaintiff did not allege that Barclays caused her any injuries that are different or distinct from those that were allegedly caused by the DBNTC Defendants and rejected by this Court as either impossible or "purely speculative." SJ Order at 6.[3] Accordingly, those claims should also be dismissed as to Barclays.[4]

---

[3] In granting summary judgment to the DBNTC Defendants, the Court noted that Plaintiff claimed that she had suffered three types of injury: (i) Plaintiff "would not [have] borrowed money from an entity that could fix the interest rate at which the borrower was required to pay in the future"; (ii) "Plaintiff suffered injury through payment of an interest rate that was substantially higher than what she would have paid had the alleged LIBOR manipulation not occurred"; and (iii) Plaintiff "asserts that 'she has lost/or is losing her property due to the effect of' the LIBOR manipulation on the value of the Subject Property." SJ Order at 6 (internal citations omitted). These are the same injuries that Plaintiff has claimed that she suffered as a result of Barclays' alleged conduct. Pl.'s Opp'n at 11 ("No one would knowingly enter into a loan in which they knew the lender could manipulate the rate."); Compl. ¶¶ 131-32.

[4] With regard to the First Cause of Action—the Sherman Act Claim—Plaintiff misstates the standard for antitrust standing, stating that she must have standing because she is a customer of Defendants. Pl.'s Opp'n at 5-6. Plaintiff's unsupported assertion is clearly wrong. Because Plaintiff has failed to establish an injury in fact, she has failed to establish an antitrust injury and thus antitrust standing. *See Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977) (requiring not just an injury in fact, but an "injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful"). Nonetheless, the Court need not reach this issue because Plaintiff has failed to and cannot allege Article III standing, which is alone fatal to her antitrust claim.

The two claims that are alleged against Barclays alone suffer from the same defect. First, Plaintiff's Sixth Cause of Action—that Barclays aided and abetted DBNTC's allegedly deceptive business practices—fails because, as this Court has held, Plaintiff does not have standing to assert the underlying claim against DBNTC. Finally, Plaintiff's Ninth Cause of Action—that Barclays committed fraud by manipulating LIBOR—similarly fails because, as this Court has already concluded, "her interest rate was never affected by the LIBOR." *Id*.

**B.  Plaintiff Has Failed To Plead A Plausible Basis For Statutory Standing To Assert Her UCL Claims (Claims II and IV) And FAL Claim (Claim V) Because Her Loan Has Never Been Tied To LIBOR.**

For the same reason that Plaintiff fails to establish Article III standing—*i.e.*, failure to plead injury in fact—she cannot establish statutory standing to assert her claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, and False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq*. As discussed in Barclays' opening memorandum, to have standing to bring an action under the UCL or FAL, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, *i.e.*, *economic injury*, and (2) show that the economic injury was the result of, *i.e.*, *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 322 (2011). Plaintiff has not adequately pled, and cannot properly plead, that she suffered any economic injury caused by the alleged LIBOR manipulation because (1) the first Interest Rate Change Date **never** occurred, and thus (2) the interest rate on her loan has **never** been based on LIBOR. *See* SJ Order at 6 ("her interest rate was never affected by the LIBOR").

Plaintiff contends that standing under the UCL can be premised entirely on the allegation that "defendants were price fixing which is a violation of Antitrust law" and that "[t]he entire market that created the rate for the interest only payments being paid by the borrowers like Galope was manipulated." Pl.'s Opp'n at 15. This contention is

-4-
REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT

fatally flawed for two reasons. First, because Plaintiff lacks Article III standing to assert her Sherman Act claim, her allegations that Barclays violated antitrust laws cannot form the basis of a derivative UCL claim. SJ Order at 7-8 ("As [Plaintiff] lacks the standing necessary to pursue her antitrust claim, it may not be utilized as the premise of her second cause of action for violation of California's UCL."); *see also Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) ("If the [underlying] claim is dismissed, then there is no unlawful act upon which to base the derivative Unfair Competition claim."); *Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 178 (2001) (the viability of unlawful UCL claims "stand or fall" with the underlying claims). Second, because the interest rate on Plaintiff's loan has never been tied to LIBOR, Plaintiff cannot demonstrate that she has suffered an economic injury caused by the alleged violation of Antitrust law. *See* SJ Order at 6.[5]

To the extent that the Complaint could be read to assert that Plaintiff suffered an injury unrelated to her allegations of LIBOR manipulation—namely, that Plaintiff was injured as a result of the so-called "missing fax page scheme"—her allegations of "injury" are plainly insufficient. In fact, Plaintiff's opposition entirely fails to address the fact, established by her Note and Modification Agreement, that she *benefitted* from the loan modification provided by Barclays. As explained in Barclays' opening memorandum, it is undisputed that the Modification Agreement reduced Plaintiff's interest rate from 8.775% to 5.500% and reduced her monthly mortgage payment by roughly $800 (from $3,817.13 to $3,027.02) through April 2013. Compl. ¶¶ 62-64, Ex. A.[6] The Complaint likewise concedes that the Modification Agreement cured

---

[5] Likewise, because Plaintiff cannot allege any cognizable injury resulting from Barclays' alleged conduct, Plaintiff's false contention that "Barclays manipulated the LIBOR rate and published it in the Wall Street Journal" is inadequate to confer standing under the FAL. Pl.'s Opp'n at 16. Indeed, the contention is entirely without merit because the editorial decisions of the *Wall Street Journal* and other publications to print LIBOR do not constitute acts of commercial speech *by Barclays*.

[6] As discussed in Barclays' opening memorandum, on a Rule 12(b)(6) motion the Court may rely on "materials that are submitted with and attached to the Complaint" as well as "unattached evidence on which the complaint 'necessarily relies.'" *United*


Plaintiff's then existing default under her original Note. *See id*. ¶ 54 ("To cure the default, plaintiff obtained a loan modification on April 7, 2008.").

Plaintiff's opposition also ignores the fact that the Modification Agreement provided notice that her monthly payments would change in April 2013. Contrary to Plaintiff's allegation that the purported "missing fax page scheme" deprived her of notice that the amount of her monthly payments would change in 2013 (*see* Compl. ¶ 165), the copy of the Modification Agreement she received clearly discloses that "[t]he date on which the New Monthly Payment change is next scheduled to occur is hereby changed to 05/1/2013." Compl., Ex. A § 1(b). In any event, even had this fact been concealed (which it was not), it is undisputed that Plaintiff defaulted on her modified mortgage and declared bankruptcy in January 2010—more than three years before the first New Monthly Payment change date under the Modification Agreement was to occur. In sum, the indisputable facts—ignored by Plaintiff—conclusively establish that she has suffered no harm as a result of the alleged missing fax page scheme.[7]

### C. Plaintiff's FAL Claim (Claim V) Based On The Alleged "Missing Fax Page Scheme" Is Barred By The Statute Of Limitations.

Apart from the fact that Plaintiff has failed to establish her standing under the FAL, she also fails to address the fact that her "missing fax page scheme" claim is barred by the FAL's three-year statute of limitations. Code Civ. Proc. § 338(a) (providing a default three-year statute of limitations for actions created by statute); *see*

---

*States v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 668 (9th Cir. 2001)).

[7] Although Plaintiff contends that her standing under the FAL is not at issue because this Court previously found that her "missing fax page" claim under the FAL had been adequately pled (*see* Pl.'s Opp'n at 16), that assertion is simply false. On the contrary, this Court stated that it "continues to have significant concerns about the viability of Ms. Galope's claims," and found only that she had met "the extremely liberal requirements for amendment." Order Granting in Part Plaintiff's Application for Leave to Amend and Extension of Time [Doc. No. 58]. This Court was not presented with and did not address Plaintiff's lack of standing in ruling that "the extremely liberal requirements for amendment" had been satisfied.

*Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1130 (C.D. Cal. 2010) (holding that FAL claims brought under Cal. Bus. & Prof. Code § 17500 are subject to a three-year statute of limitations).

As explained in Barclays' opening memorandum, Plaintiff alleges that Barclays faxed legal-sized pages of the Modification Agreement to her on April 10, 2008, (Compl. ¶ 63), and that she executed the agreement on April 17, 2008. Compl., Ex. A (Modification Agreement) at 5 (signature block).[8] At that time, Plaintiff had in her possession the purportedly incomplete Modification Agreement upon which her FAL claim is based, and thus had the means of discovering the alleged "missing fax page scheme." As such, the FAL cause of action accrued by no later than April 17, 2008. *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807-08 (2005) (the statute of limitations begins to run when "the plaintiff has, or should have, inquiry notice of the cause of action"); *Das v. WMC Mortg. Corp.*, 831 F. Supp. 2d 1147, 1159 (N.D. Cal. 2011). Plaintiff, however, did not initiate this action until March 1, 2012—more than three years later.

D. **Plaintiff Does Not Have Standing To Bring And Otherwise Fails To State A Claim For Breach Of The Implied Covenant Of Good Faith And Fair Dealing (Claim VIII).**

Plaintiff contends that her allegations that Barclays' (1) "failure to flag it was faxing over a modification on legal size paper sandwiched between two letter size pages and (2) market manipulation of the very market rate used in [her] loan" are sufficient to establish her standing to assert a claim for breach of the implied covenant. Pl.'s Opp'n at 18. They are not because, as discussed in Barclays' opening memorandum, (a) Plaintiff's loan has never been tied to LIBOR because the first Interest Rate Change Date has not occurred, and (b) the Modification Agreement that Plaintiff received and executed disclosed the Interest Rate Change Date of April 1, 2013 (which has yet to occur).

---

[8] Moreover, Plaintiff admits that she noticed that certain pages of her copy appeared incomplete. Compl. ¶¶ 71-79.

Further, as Barclays established in its opening memorandum (and Plaintiff fails to address in her opposition), an implied covenant claim cannot be based on the purported "missing fax page scheme" because the alleged conduct occurred before Plaintiff entered into the Modification Agreement. *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 799 (2008) (breach of implied covenant can arise only from "an existing contract"). Finally, as discussed in Barclays' opening memorandum, the implied covenant must rest upon the existence of some specific contractual obligation, not general public policy interests that are not directly tied to the contract's purpose. *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 683-84, 690 (1998). Plaintiff's conclusory contentions of market manipulation fail to demonstrate that Barclays unfairly frustrated her right to receive the benefits of her original Note or the Loan Modification Agreement.

**E.     Plaintiff's Derivative Aiding And Abetting Claim (Claim VI) Fails.**

As stated in Defendants' opening memoranda, "aiding and abetting" is not a cause of action, but is a derivative theory of liability dependent upon the existence of another tort committed by another party. *See Casey* v. *U.S. Bank Nat'l Assoc.*, 127 Cal. App. 4th 1138, 1144 (2005). The Court has dismissed all relevant claims against DBNTC. SJ Order at 11. As a result, Plaintiff's aiding and abetting claim fails.

### III. CONCLUSION

For the reasons set forth above and in Barclays' opening memorandum, all claims asserted by Plaintiff against Barclays should be dismissed with prejudice.

Dated: October 1, 2012

                */s/ Scott H. Jacobs*
Scott H. Jacobs (SBN 81980)
shjacobs@reedsmith.com
Brandon W. Corbridge (SBN 244934)
bcorbridge@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, California 90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080

Jonathan D. Schiller (*pro hac vice*)
jschiller@bsfllp.com
James Meadows (*pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

David L. Zifkin (SBN 232845)
BOIES, SCHILLER & FLEXNER LLP
225 Santa Monica Boulevard, 11th Floor
Santa Monica, California 90401
Telephone: (310) 395-5800
Facsimile: (310) 578-7898

David H. Braff (*pro hac vice*)
braffh@sullcrom.com
Yvonne S. Quinn (*pro hac vice*)
quinny@sullcrom.com
Jeffrey T. Scott (*pro hac vice*)
scottj@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Adam S. Paris (SBN 190963)
parisa@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

*Attorneys for Defendants*
*BARCLAYS BANK PLC and BARCLAYS*
*CAPITAL REAL ESTATE INC. d/b/a*
*HOMEQ SERVICING*

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On October 1, 2012, I served the following document(s) by the method indicated below:

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE THIRD AMENDED COMPLAINT BY DEFENDANTS BARCLAYS CAPITAL REAL ESTATE AND BARCLAYS BANK PLC**

☒ **BY CM/ECF ELECTRONIC DELIVERY:** In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cacd.uscourts.gov

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on October 1, 2012, at Los Angeles, California.

*/s/ Candice A. Spoon*
CANDICE A. SPOON

**SERVICE LIST**
*Galope v. Deutsche Bank National Trust Company, et al.*
*Case No.: 12-cv-00323-CJC-RNB*

| | |
|---|---|
| Lenore L. Albert, Esq.<br>Law Offices Of Lenore Albert<br>7755 Center Avenue, Suite 1100<br>Huntington Beach, CA   92647<br>T:  714-372-2264<br>F:  419-831-3376<br>Email:  lenorealbert@msn.com | Attorneys for Plaintiff<br>*Helen Galope* |
| Steven Saeyoung Son<br>Houser & Allison APC<br>3780 Kilroy Airport Way, Suite 130<br>Long Beach, CA   90806<br>T:  562-256-1675<br>F:  949-679-1112<br>Email:  sson@houser-law.com<br>Email:  rmendizabal@houser-law.com | Attorneys for Defendants<br>*Deutsche Bank National Trust Company and Western Progressive LLC* |
| Adam S. Paris (SBN 190963)<br>Sullivan & Cromwell LLP<br>1888 Century Park East<br>Los Angeles, CA  90067<br>T:  310-712-6600<br>F:  301-712-8800<br>Email:  parisa@sullcrom.com<br>Email:  s&cmanagingclerk@sullcrom.com | Attorneys for Defendant<br>*Barclays Bank PLC and Barclays Capital Real Estate Inc. d/b/a HomEq Servicing* |
| Matthew S. Fitzwater *(Pro Hac Vice)*<br>Jeffrey T. Scott *(Pro Hac Vice)*<br>Yvonne S. Quinn *(Pro Hac Vice)*<br>David H. Braff *(Pro Hac Vice)*<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY   10004<br>T:  212-558-4000/ F:  212-558-3588<br>Email:  fitzwatm@sullcrom.com<br>Email:  scottj@sullcrom.com<br>Email:  quinny@sullcrom.com<br>Email:  braffd@sullcrom.com | Attorneys for Defendant<br>*Barclays Bank PLC and Barclays Capital Real Estate Inc. d/b/a HomEq Servicing* |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | |
|---|---|
| David L. Zifkin (SBN 232845)<br>Boies, Schiller & Flexner LLP<br>225 Santa Monica Blvd., 11th Floor<br>Santa Monica, CA  90401<br>T:  310-393-9119<br>F:  310-578-7898<br>Email:  dzifkin@bsfllp.com | Attorneys for Defendant<br>*Barclays Bank PLC and Barclays Capital Real Estate Inc. d/b/a HomEq Servicing* |
| Jonathan D. Schiller *(Pro Hac Vice)*<br>James Meadows *(Pro Hac Vice)*<br>Boies, Schiller & Flexner LLP<br>575 Lexington Avenue, 7th Floor<br>New York, NY   10022<br>T:  212-446-2300<br>F:  212-446-2350<br>Email:  jschiller@bsfllp.com<br>Email:  jmeadows@bsfllp.com | Attorneys for Defendant<br>*Barclays Bank PLC and Barclays Capital Real Estate Inc. d/b/a HomEq Servicing* |

US_ACTIVE-110286079.1