UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HELEN GALOPE, an individual,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee under Pooling and Servicing Agreement dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4; et al.,<br><br>        Defendants - Appellees. | No. 12-56892<br><br>D.C. No. 8:12-cv-00323-CJC-RNB<br>U.S. District Court for Central California, Santa Ana<br><br>**MANDATE** |



RECEIVED
CLERK, U.S. DISTRICT COURT
5/19/14
CENTRAL DISTRICT OF CALIFORNIA
BY: ___MAT___ DEPUTY

The judgment of this Court, entered March 27, 2014, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

                                    FOR THE COURT:
                                    Molly C. Dwyer
                                    Clerk of Court

                                    Margoth Turcios
                                    Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HELEN GALOPE, an individual, | No. 12-56892 |
| Plaintiff - Appellant, | D.C. No. 8:12-cv-00323-CJC-RNB |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee under Pooling and Servicing Agreement dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted February 11, 2014
Pasadena, California

Before: D.W. NELSON, PAEZ, and NGUYEN, Circuit Judges.

Helen Galope appeals the district court's grant of summary judgment in

favor of Deutsche Bank National Trust Company ("DBNTC"), Ocwen Loan

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Servicing, and Western Progressive, LLC ("WPT") (collectively, "DBNTC Defendants") and dismissal of her claims against Barclays Bank PLC and Barclays Capital Real Estate Inc. d/b/a HomEq Servicing (collectively, "Barclays Defendants"). We affirm in part, reverse in part, and remand for further proceedings.

**1.** We reverse the district court's ruling that Galope failed to establish injury-in-fact necessary for Article III standing on her LIBOR-based claims. Galope adequately alleged that she would not have purchased her loan had she known that the Defendants were manipulating the LIBOR rate. Article III standing exists when a plaintiff purchases a product she would not have otherwise purchased but for the alleged misconduct of the defendant. *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 n.3 (9th Cir. 2013) (citing *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 595 (9th Cir. 2012)); *Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011). Contrary to the dissent's assertion, Galope's standing does not turn on whether she actually made interest payments that were adjusted in response to the allegedly manipulated LIBOR rate. Galope's cognizable injury occurred when she

purchased the loan, not upon payment of LIBOR-affected interest.[1] *Maya*, 658 F.3d at 1069.

We therefore reverse and remand for further proceedings on Galope's LIBOR claims against the Barclays Defendants under the Sherman Antitrust Act, 15 U.S.C. §§ 1–2, and her state law claims for breach of the covenant of good faith and fair dealing, and fraud. However, we conclude that the district court properly granted summary judgment on all LIBOR-based claims against the DBNTC Defendants because Galope failed to present any evidence that DBNTC was involved in, or conspired in, the alleged LIBOR manipulation.

2.  We reverse the district court's ruling that Galope lacks statutory standing to pursue her LIBOR-based Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, and False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, claims against the Barclays Defendants and remand for further proceedings. Galope has statutory standing to pursue these claims because she alleged that she

---

[1] At oral argument, the Barclays Defendants argued for the first time that Galope's LIBOR-based claims were not traceable to their misconduct because they did not actually sell the loan to Galope. Galope, however, adequately alleged in her complaint that Barclays PLC simply contracted with another entity to sell the LIBOR-based loan product that is the subject of this litigation. At the motion-to-dismiss stage, Galope's allegations are sufficient to satisfy the traceability requirement of Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

purchased a loan that she would not have otherwise purchased but for the Barclays Defendants' alleged misconduct. *See Kwikset Corp. v. Superior Court*, 246 P.3d 877, 890 (Cal. 2011); Cal. Bus. & Prof. Code §§ 17204, 17535.

3.  We affirm the district court's rulings on all claims associated with the "missing-fax-page scheme." Galope stated in her Third Amended Complaint ("TAC") that the portions of the fax transmission that she received put her on notice that her payments would increase. This admission directly undermines her allegations that the Barclays Defendants and DBNTC deceived her into believing that the initial payment amounts were fixed throughout the term of the loan.

4.  We reverse the district court's rulings that Galope's wrongful foreclosure[2] and UCL claims based on the DBNTC Defendants' violation of the bankruptcy court's automatic stay are not justiciable. Although rescission of the sale—almost seven months after the violation—mooted Galope's claims for injunctive and declaratory relief, it did not affect her claim for damages. *See Wilson v. State of Nev.*, 666 F.2d 378, 380-81 (9th Cir. 1982). Further, regardless of whether Galope

---

[2] Although Galope's seventh claim in her TAC is styled as a "wrongful foreclosure" claim, the content of the claim is exclusively focused on violation of the automatic stay under 11 U.S.C. § 362. The panel thus construes this as a claim for damages under 11 U.S.C. § 362(k)(1).

has equity in the home, 11 U.S.C. § 362(k)(1) provides a statutory basis for damages.[3]

**5.** We reverse the district court's grant of summary judgment on Galope's claim for breach of the covenant of good faith and fair dealing associated with violation of the automatic stay. The covenant of good faith and fair dealing "finds particular application in situations where one party is invested with a discretionary power affecting the rights of another." *Hicks v. E.T. Legg & Associates*, 108 Cal. Rptr. 2d 10, 19 (Ct. App. 2001). Discretionary power of this kind "must be exercised in good faith." *Carma Developers (Cal.), Inc. v. Marathon Dev. California, Inc.*, 826 P.2d 710, 726 (Cal. 1992). The power of sale in the deed of trust provided the DBNTC Defendants with discretionary authority to foreclose upon Galope's home in the event of default. Contrary to the DBNTC Defendants' argument, there is sufficient evidence in the record to support a reasonable inference that the DBNTC Defendants had notice of the automatic stay when they

---

[3] The DBNTC Defendants' alternative argument that Galope released her right to pursue her UCL claim when she signed her loan modification agreement fails, in part, because the release only purports to apply to "claims, damages or liabilities . . . existing *on the date of this Agreement* . . . ." The loan modification agreement is dated April 17, 2008. The alleged violation of the automatic stay did not occur until September 1, 2011.

executed the trustee's sale, and that they refused to rescind it upon Galope's request.

6.      Galope argues on appeal that the district court erred because it did not provide her with leave to amend her complaint. On remand, Galope may seek further leave to amend at the district court's discretion. However, leave to amend is foreclosed on all claims associated with the alleged missing-fax-page scheme. No additional allegations will change the fact that the portion of the document Galope received and signed provided her with notice that her payments were subject to change after five years and would increase. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

7.      The parties shall bear their own costs on appeal.

**REVERSED, IN PART, AFFIRMED, IN PART, AND REMANDED.**