UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HELEN GALOPE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACK RECEIVABLES LLC. TRUST 2007-BR4, ET AL.,<br><br>　　　　Defendants. | Case No.: SACV 12-00323-CJC(RNBx)<br><br>**ORDER GRANTING DEFENDANT DEUTSCHE BANK AG'S MOTION TO DISMISS AND GRANTING DEFENDANTS DBNTC, OCWEN, AND WESTERN'S MOTION TO DISMISS** |

**INTRODUCTION**

Plaintiff Helen Galope filed this action on March 1, 2012, seeking to invalidate the trustee's sale of her home and asserting claims for wrongful foreclosure, rescission, and declaratory relief. Ms. Galope's initial Complaint named Defendants Deutsche Bank

-1-

National Trust Company, as Trustee under Pooling and Servicing Agreement Dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4 ("DBNTC"), and Western Progressive, LLC. ("Western").  (*See* Dkt. No. 1 ["Compl."].)  Ms. Galope's Third Amended Complaint ("TAC") added Defendants Barclays Bank, PLC, ("Barclays"), Barclays Capital Real Estate Inc., d/b/a HomEq Servicing ("HomEq Servicing") (together with Barclays, the "Barclays Defendants"), and Ocwen Loan Servicing, LLC ("Ocwen").  (Dkt. No. 60 [TAC].)  The operative Fourth Amended Complaint ("FAC") added Defendant Deutsche Bank Aktiengesellschaft ("Deutsche Bank AG").  (Dkt. No. 127 [FAC].)  Before the Court is Deutsche Bank AG's motion to dismiss the FAC, (Dkt. No. 152), DBNTC, Western, and Ocwen's (the "DBNTC Defendants") motion to dismiss the third and sixth causes of action of the FAC, (Dkt. No. 133), and the DBNTC Defendants' motion to strike the class allegations in the FAC, (Dkt. No. 133).  For the reasons discussed below, the Court GRANTS Deutsche Bank AG's and the DBNTC Defendants' motions to dismiss.[1]  The motion to strike the class allegations in the FAC is accordingly DENIED AS MOOT.

BACKGROUND

On December 16, 2006, Ms. Galope took out a $522,000 loan from New Century Mortgage Corporation, secured by a deed of trust recorded against her property located at 19117 Delano St., Tarzana CA 91335 (the "Subject Property").  (FAC ¶¶ 4, 16.)  HomEq Servicing was the designated loan servicer.  (FAC ¶ 19.) The loan carried a fixed interest rate of 8.775% until January 1, 2009, when it would become an adjustable rate linked to the London Interbank Offer Rate ("LIBOR").  (*See* FAC ¶¶ 42, 47.)  At some point after May 1, 2007, Ms. Galope's loan was placed in a mortgage backed securitized trust,

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for November 17, 2014 at 1:30 p.m. is hereby vacated and off calendar.

administered by DBNTC. (*See* FAC ¶¶ 5, 17–18, 84.) By April 2008, Ms. Galope had defaulted on her loan. (*See* FAC ¶ 97.) She was granted a loan modification that lowered her interest rate to 5.5% and locked it in as a fixed rate for an additional five years, until April 1, 2013. (*See* FAC ¶ 80; TAC, Exh. A.) On January 5, 2010, Ms. Galope filed a Chapter 7 voluntary bankruptcy petition in the United States Bankruptcy Court for the Central District of California. *See In re Galope*, 10-bk-10107-MT (Bankr. C.D. Cal. Jan. 5, 2010), Dkt. Nos. 1, 15–18. The bankruptcy proceeding terminated with a grant of discharge on April 28, 2010. On July 11, 2011, Ms. Galope again filed for bankruptcy protection, this time under Chapter 13. *See In re Galope*, 11-bk-18339-MT (Bankr. C.D. Cal. July 11, 2011), Dkt. Nos. 1, 11, 17. Ms. Galope's Chapter 13 bankruptcy proceeding was dismissed on August 17, 2011. However, on August 30, 2011, the bankruptcy court granted Ms. Galope's motion to vacate the dismissal and reinstate the proceeding. The scheduled trustee's sale of the Subject Property went forward on September 1, 2011. (FAC ¶ 89.)

This action was filed on May 1, 2012, and on July 20, 2012, Ms. Galope filed her TAC. The TAC asserted various claims against the DBNTC Defendants alleging that the trustee's sale constituted a willful violation of the automatic stay. In addition, the TAC asserted claims against the Barclays Defendants and DBNTC for violations of the Sherman Act, California's Unfair Competition Law ("UCL"), and related claims, alleging that the Barclays Defendants manipulated the LIBOR from 2006 to 2009 and conspired with DBNTC to "fix, raise, and stabilize the prices at which they would sell LIBOR, Interest Only Adjustable Rate Mortgages." (*See* TAC ¶¶ 128, 130.) Ms. Galope also alleged that the copy of the Loan Modification Agreement faxed to her in 2008 was missing a page, purportedly depriving her of notice that her interest rate would again be adjustable in 2013. (*See* TAC ¶¶ 64–80, 127–28.) The Court granted the Barclays Defendants' motion to dismiss, finding that Ms. Galope failed to show Article III standing to pursue her claims based on alleged LIBOR manipulation because she

defaulted before her loan entered an adjustable rate and thus never made any interest payment linked to the LIBOR. (*See* Dkt. No. 111.) Further, the Court granted dismissal of Ms. Galope's claims based on the missing fax page because the pages she admittedly did receive put her on notice of the future rate adjustment. The Court also granted the motion for summary judgment brought by the DBNTC Defendants on, *inter alia*, the ground that Ms. Galope's claims arising from the trustee's sale that allegedly took place in violation of the automatic stay were moot because the trustee's sale was subsequently rescinded. (*See* Dkt. No. 108.)

Ms. Galope appealed, and the Court of Appeals for the Ninth Circuit reversed in part, affirmed in part, and remanded. *See Galope v. Deutsche Bank Nat'l Trust Co.*, 566 F. App'x 552 (9th Cir. 2014). The Ninth Circuit affirmed summary judgment on all of Ms. Galope's LIBOR-based claims against the DBNTC Defendants. *Id.* at 553. The Circuit, however, remanded Ms. Galope's LIBOR-based claims against the Barclays Defendants to the extent that she alleged "she would not have purchased her loan had she known that the Defendants were manipulating the LIBOR rate." *Id.* It held that Ms. Galope's "cognizable injury occurred when she purchased the loan." *Id.* at 552. Regarding Ms. Galope's claims arising from violation of the automatic stay, the Circuit further held that the rescission of the trustee's sale mooted such claims as to injunctive relief, but not as to damages.[2] *Id.* at 553. On remand, the Court permitted Ms. Galope leave to file the operative FAC, which, among other changes, added Deutsche Bank AG as a defendant to the LIBOR-based claims. (*See* FAC.)

//
//
//

---

[2] The Court's dismissal of Ms. Galope's claims associated with the "missing-fax-page scheme" was affirmed. *Galope*, 566 F. App'x at 553.

# ANALYSIS

## I. Deutsche Bank AG's Motion to Dismiss for Lack of Personal Jurisdiction

Deutsche Bank AG moves for dismissal under Federal Rule of Civil Procedure 12(b)(2) on the ground that it is not subject to personal jurisdiction in this Court. A plaintiff has the burden of establishing that personal jurisdiction exists over a defendant. *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128–29 (9th Cir. 2003) (citing *John Doe I v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)). When the plaintiff's version of the facts is not directly controverted, it is taken as true for the purposes of a Rule 12(b)(2) motion. *Id.* Conflicts between the facts in the parties' affidavits are resolved in the plaintiff's favor. *Id.* Where there is no federal statute controlling the exercise of personal jurisdiction, federal courts must look to the forum state's long-arm jurisdictional statute to determine whether it is proper to assert personal jurisdiction. *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608–09 (9th Cir. 2010). The California long-arm statute provides that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. Thus, the jurisdictional analysis under California law and federal due process is the same. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).

The Due Process Clause permits a court to exercise personal jurisdiction over a defendant only if the defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). A court may exercise general jurisdiction over a defendant whose contacts with the forum are so "continuous and systematic" that personal jurisdiction is proper in any action. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477–78 (1985).

Absent general jurisdiction, a court may also exercise specific jurisdiction over a defendant where "jurisdiction [is] based on the relationship between the defendant's forum contacts and the plaintiff's claim." *Yahoo!*, 433 F.3d at 1205.

### a. General Jurisdiction

Ms. Galope has not established that Deutsche Bank AG is subject to general jurisdiction in California.[3] Deutsche Bank AG's principal place of business and place of incorporation are both in Germany. (Dkt. No. 155 ["Van Dyk Decl."] Exh. 19.) Ms. Galope does not provide any evidence, or even allege, that Deutsche Bank AG's principal place of business or place of incorporation is in California. (*See* FAC ¶ 10.) Further, the FAC's bare allegation that Deutsche Bank AG "regularly conducts business in the State of California," (FAC ¶ 10), is insufficient to establish general jurisdiction. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (rejecting view that general jurisdiction exists in every state in which a corporation " 'engages in a substantial, continuous, and systematic course of business' ").

### b. Specific Jurisdiction

The Ninth Circuit has set out a three-prong test for analyzing specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of

---

[3] Ms. Galope apparently does not contend otherwise, as her opposition makes no argument for exercising general jurisdiction over Deutsche Bank AG.

> jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). If the plaintiff satisfies its burden of showing the first two prongs, the burden shifts to the defendant to show a "compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

Ms. Galope has not alleged or shown any activities undertaken by Deutsche Bank AG in California or directed at California. Ms. Galope contends that Deutsche Bank AG "combined, contracted, and conspired with [the Barclays Defendants and] other nondefendant co-conspirators to fix, raise, and stabilize the prices at which they would sell LIBOR, Interest Only Adjustable Rate Mortgages" and she "was harmed because she would have never purchased the LIBOR loan product if she had known that Barclays and [Deutsche Bank AG] were manipulating the LIBOR rate." (FAC ¶ 120; Dkt. No. 161 ["Pl.'s Opp'n to Deutsche Bank AG's Mot."] at 9.) She further contends that her harm "was one that was likely to occur from manipulating the LIBOR rate." (Pl.'s Opp'n to Deutsche Bank AG's Mot. at 9.) For the exercise of specific jurisdiction, however, allegations of acts "with a mere foreseeable effect" in the forum state are not sufficient. *See In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 744 (9th Cir. 2013) (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006)). More is required: there must be "express aiming" at the forum state. *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 675 (9th Cir. 2012); *see also id.* ("Express aiming" is satisfied "when 'the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.' " (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002))). The FAC contains no allegation that Deutsche Bank AG expressly aimed any of its alleged wrongful acts at

California or had any contact with Ms. Galope, much less knowledge that she was a resident of California.[4]

Nor does Ms. Galope's assertion that Deutsche Bank AG "purposefully availed itself to the forum" "by selling the LIBOR loan product" she purchased support personal jurisdiction over Deutsche Bank AG. (*See* Pl.'s Opp'n to Deutsche Bank AG's Mot. at 4.) The contention that Deutsche Bank AG sold Ms. Galope her loan is directly belied by the FAC, which alleges that Ms. Galope purchased her loan from New Century Mortgage Corporation. (FAC ¶ 16.) Although the FAC contains at least cursory allegations that New Century was affiliated with the Barclays Defendants, (*see* FAC ¶ 58 ("Barclay's [*sic*] agent and loan seller" participated in the loan transaction); FAC ¶ 122 ("Barclays would then contract with others to sell mortgage loans based on LIBOR including plaintiff's loan in this case")), it contains no similar allegation with regard to Deutsche Bank AG. Ms. Galope has not alleged or shown any purposeful direction or purposeful availment by Deutsche Bank AG in California relating to her claims in this matter.

## II. DBNTC Defendants' Motion to Dismiss

The three causes of action Ms. Galope asserts against the DBNTC Defendants are all based on the DBNTC Defendants' alleged violation of the automatic stay imposed by the Bankruptcy Code, 11 U.S.C. § 362, by carrying out the trustee's sale.[5] Ms. Galope's

---

[4] Deutsche Bank AG's activities are thus distinguishable from those of the defendants in *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 743 (9th Cir. 2013) ("*Western States*"). The complaint in *Western States* contained substantial allegations that the defendants expressly directed their wrongful conduct at the forum state, Wisconsin. Among numerous other allegations, the complaint alleged that the defendants "worked together to fraudulently increase the retail price of natural gas paid by commercial entities in Wisconsin," and that traders were instructed by superiors to adjust prices of trades and falsely report trades with the "purpose and effect" to "collusively and artificially inflate the price of natural gas paid by commercial entities in Wisconsin." *Id.* at 744.

[5] In addition to her direct claim for damages under 11 U.S.C. § 362(h), Ms. Galope asserts two claims under state law. Ms. Galope's third cause of action for violation of California's UCL is based on the

third and sixth causes of action, brought under state law, are preempted by the Bankruptcy Code. The Bankruptcy Code provides a comprehensive federal system for governing bankruptcy proceedings, including its own penalties and remedies. *See MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 914 (9th Cir. 1996) ("a mere browse through the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, demonstrates Congress's intent to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike." ). The Bankruptcy Code preempts state law claims for damages based on violation of the automatic stay provision and precludes jurisdiction in the district courts over such claims. *E. Equip. & Servs. Corp. v. Factory Point Nat'l Bank, Bennington*, 236 F.3d 117, 121 (2d Cir. 2001) ("District courts simply lack jurisdiction to hear claims asserting violations of the automatic stay that sound in state law") ("Any relief for a violation of the stay must be sought in the Bankruptcy Court."); *see also MSR Exploration*, 74 F.3d at 914 (state tort claim preempted because "the highly complex laws needed to constitute the bankruptcy courts and regulate the rights of debtors and creditors . . . underscore[s] the need to jealously guard the bankruptcy process from even slight incursions and disruptions.") Ms. Galope's third and sixth causes of action, which seek damages under state law for violation of the automatic stay, are therefore preempted by the Bankruptcy Code.

Ms. Galope's fifth cause of action asserts a direct federal claim for damages based on violation of the automatic stay under 11 U.S.C. § 362(h). Although Ms. Galope's direct claim is not preempted, it is not within the subject matter jurisdiction of this Court. A direct claim for damages under § 362(h) for violation of the automatic stay "must be

---

DBNTC Defendants' alleged "unlawful, unfair, and fraudulent business practices of transferring property in violation of 11 USC § 362." (FAC ¶ 151.) Ms. Galope's sixth cause of action for breach of the implied covenant of good faith and fair dealing is based on allegations that the DBNTC Defendants "breached that duty on September 1, 2011 by executing a trustee's deed upon sale in violation of the 11 USC § 362 automatic stay and thereafter refusing to rescind that sale for nine months." (FAC ¶¶ 185–87.)

brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases." *E. Equip. & Servs.*, 236 F.3d at 121; *see also MSR Exploration*, 74 F.3d at 916 (claim arising from bankruptcy proceeding must be "brought in the bankruptcy court itself, and not as a separate action in the district court"); *accord Massey v. Bank of Edmondson Cnty.*, 49 F. App'x 604, 606 (6th Cir. 2002); *Scott v. Wells Fargo Home Mortg. Inc.*, 326 F. Supp. 2d 709, 719 (E.D. Va. 2003) ("While § 362(h) arguably creates private right of action for willful violation of automatic stay, [it] does not create a private cause of action outside of the Bankruptcy Court for violations of automatic stay.") (internal citations omitted), *aff'd sub nom. Scott v. Wells Fargo & Co.*, 67 F. App'x 238 (4th Cir. 2003); *In re Startec Global Commc'ns Corp.*, 292 B.R. 246, 254, 164 (Bankr. D. Md. 2003) ("[E]nforcement of the automatic stay is generally held to be the exclusive jurisdiction of the Bankruptcy Court."). The Court lacks jurisdiction to hear Ms. Galope's direct claim for damages under 11 U.S.C. § 362(h).

**CONCLUSION**

For the foregoing reasons, Deutsche Bank AG's motion to dismiss is GRANTED for lack of personal jurisdiction. The DBNTC Defendants' motion to dismiss Ms. Galope's third and sixth causes of action is GRANTED. Ms. Galope's fifth cause of action is DISMISSED for lack of subject matter jurisdiction.

DATED: November 14, 2014

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE